FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -8 PM 4: 03

John B. Thorsness
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9273
jthorsness@cpsattorneys.com
Attorney for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | Case No. A04-0096 CV (JKS) |

**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Unocal Corporation (Unocal) moved for summary judgment on the narrow issue of Plaintiffs' product liability theory. Even if one assumes that Unocal installed the scaffolding/work platform on its own premises, Unocal is not a seller, manufacturer, wholesale or retail dealer, or a distributor, and therefore is not subject to strict products liability according to the definition under Restatement (Second) of Torts § 402A, cmt. f (1965).

Reply Unocal's Motion for Summary Judgment
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 1 of 4

In response to Plaintiffs unsupported claims of an issue of fact, Unocal attaches the affidavit of Kevin Tabler, which affirms that Unocal was not and has never been a seller, manufacturer, wholesale or retail dealer, or a distributor of the platform/scaffolding from which Lawrence Grove allegedly fell. See affidavit, attached.

Plaintiff cites to *Brokenshire v. Rivas and Rivas, Ltd.,* 922 P.2d 69 (Ore.App. 1996) to support his product liability claim. However, that case is distinguishable. The Plaintiff in that case was a bakery worker who slipped on a newly installed floor. The defendant was "a dealer in new flooring systems" and was paid money to install custom flooring in the bakery. *Id.* at 697. The court had no trouble identifying the defendant as an entity that supplied a "product" and subject to strict liability claims for that defective product, even though the product was permanently affixed to the building upon completion.

Plaintiff claims that the products liability claim turns on the question of whether the product is permanently affixed to the building. In support, Plaintiffs cite to *Messier v. Association of Apartment Owners of Mt. Terrace,* 735 P.2d 939 (Haw.App. 1987). In that case the injured worker sued the contractor who constructed the condominiums for strict products liability and negligence. The building itself was found not to be a product subject to strict liability. *Id.* at 946. The Hawaiian court found that "The policy considerations that form the basis for the strict products liability rule do not compel its application." *Id.* at 947. The

Reply Unocal's Motion for Summary Judgment
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 2 of 4

negligence claim went forward and the Hawaiian Court ruled it was a sufficient basis for the injured worker to recover under, so the court did not need to create a new product liability theory.

Plaintiffs' opposition also cites landlord-tenant cases outside the State of Alaska in order to uphold the products liability claim, cases that are inapposite because Plaintiffs have not alleged that Lawrence Grove was a "tenant" of the Unocal building. Plaintiffs acknowledge that there is no general consensus among states that a landlord/building owner can be held to standards created for a product manufacturer. There is certainly no law within Alaska. The case that Plaintiffs cite to is: *Boudreau v. General Elec. Co.,* 625 P.2d 384 (Hawaii App. 1981). Within that case, the Court stated: The law of strict liability requires that the lessor be <u>engaged in the business of supplying the goods claimed to be defective</u>. *Id.* at 390, citing *Stewart v. Budget Rent-A-Car Corp.*, 470 P.2d 240 (Haw. 1970). The holding in *Boudreau* turned on whether the landlord's business of leasing the residence was a part of its business and a commercial transaction, facts which are not in issue here, as demonstrated by the attached affidavit. There are no facts to establish that Lawrence Grove was a tenant or lessee in the instant case. In fact, Plaintiffs agree that Grove was inside Unocal's business as an employee of Siemens in order to perform maintenance work on the building. The analogy to landlord tenant law is not appropriate.

Reply Unocal's Motion for Summary Judgment
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 3 of 4

**CONCLUSION**

Alaska products liability law does not name a building owner as an entity which can be held strictly liable as a seller, manufacturer, wholesale or retail dealer, or a distributor. Plaintiffs' theory of liability sounds only as a negligence theory. There are no facts in dispute. Lawrence Grove claims he fell while working as a contractor on Unocal's premises, injuring his ankle. If true, this is a classic negligence scenario. There is no good reason for the District Court to create new law allowing Plaintiffs to sue Unocal for strict liability for a product or manufacturing defect. The strict liability claim should be dismissed.

DATED at Anchorage, Alaska, this ___ day of December, 2005.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

By_____
Linda J. Johnson / #8911070

Certificate of Service:
I certify that a copy of this
document was mailed _X_,
faxed ____, hand delivered____ on
December _8_, 2005, to the following:

Phillip P. Weidner Esq.
330 L Street, Suite 200
Anchorage AK 99501

By:_____

Reply Unocal's Motion for Summary Judgment
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 4 of 4