FILED

DEC 1 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deput

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA
GROVE, SARAH GROVE, and
MICHAEL GROVE (DOB 1/21/88) by
and through his father LAWRENCE H.
GROVE,

          Plaintiffs,

    vs.

UNOCAL CORPORATION,

          Defendant.

Case No. A04-0096 CV (JKS)


O R D E R

      Unocal Corporation moves for partial summary judgment against Lawrence Grove seeking a determination that a defective scaffold furnished to a contractor by a land owner cannot result in a claim for strict liability in tort where an employee of the contractor is injured due to the defect in the scaffold. Docket Nos. 22 (Mot.); 26 (Opp'n); 30 (Reply). It appears that the parties see this issue as governed by whether a party who furnishes scaffolding is treated as a supplier of chattels who may be strictly liable in tort, or the owner of land liable only for premises liability based upon negligence. Long experience with the Alaska Supreme Court whose decisions would govern this case leads the Court to conclude that the Supreme Court would not allow labels to govern liability. Whether to extend strict liability to defects in scaffolding would turn on the policies underlying strict liability in tort, which the Supreme Court sees as dynamic, i.e. evolving over time. If the Supreme Court has declined to hold owners of commercial property strictly liable to the employees of contractors and subcontractors working on the premises for defects in the premises, the Court would have to compare those situations with the current situation to see if they are analogous. The

1

32




parties will need to develop the facts and the law to a much greater extent than they have before the Court will decide whether to instruct on strict liability.

Alternatively, if Unocal is conceding that the scaffold was a chattel and simply arguing that the owner of premises who builds scaffolding and furnishes it to a contractor for use on the premises cannot be strictly liable for defects in the chattel unless it either manufactured the scaffold's components (as opposed to assembled them) or buys and sells scaffolds on a regular basis, the Court is not convinced.

**IT IS THEREFORE ORDERED:**

The motion for summary judgment at **Docket No. 22** is **DENIED.**

Dated at Anchorage, Alaska, this __16__ day of December 2005.

**JAMES K. SINGLETON, JR.**
United States District Judge

A04-0096--CV (JKS)      on 12-16-05
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
P. WEIDNER (WEIDNER)
J. THORSNESS

ORDER