FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 21 AM 11: 24

on

Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>v.<br><br>UNOCAL CORPORATION<br><br>Defendant | Case No. Case No. A04-0096 CV (JKS) |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT UNOCAL**

COME NOW plaintiffs, LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE, a minor (DOB 1-21-88), by and through his natural father, LAWRENCE H. GROVE, by and through counsel, Phillip Paul Weidner of Phillip Paul Weidner & Associates, Inc., a Professional Corporation; and hereby request that, pursuant to Federal Rule of Civil Procedure 37(c)(1), the defendant Unocal be compelled to answer completely and fully Interrogatory No. 1 to Plaintiffs' Fifth Discovery Requests. This Motion is supported by the accompanying Memorandum of Law.

33

RESPECTFULLY SUBMITTED this 20th day of December, 2005.

            WEIDNER & ASSOCIATES, INC.
            Attorneys for Plaintiffs

         By: *Michael W. for*
            Phillip Paul Weidner
            ABA # 7305032

THIS IS TO CERTIFY that on the 20th day of December, 2005, a true and correct copy of the foregoing document was served via (mail) / hand / fax on:

John B. Thorsness
Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK  99501-3454
*Fax 272-9586*

Plaintiffs' Motion to Compel Discovery                     Page 2

Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE, <br><br> Plaintiffs, <br><br> v. <br><br> UNOCAL CORPORATION <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. Case No. A04-0096 CV (JKS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT MOTION TO COMPEL DISCOVERY FROM DEFENDANT UNOCAL**

The plaintiffs sent defendant Unocal Fifth Discovery Requests dated May 19, 2005. On or about June 27, 2005 Unocal's counsel, without obtaining verification from Unocal, sent back a response to plaintiffs Fifth Discovery Requests. The requests and responses are set out fully herein.

**INTERROGATORY NO. 1**: Please explain what happened to the work platform in the mechanical room of the Unocal Building at 909 West 9th

Avenue, Anchorage, Alaska following the accident involving Larry Grove. Specifically, please explain:

1. Where is the work platform and its parts, including bolts;

2. Who took down and/or removed the work platform (identify the individual, his job title and employer at the time of disassembly/removal of the platform, last know address and telephone number);

3. What happened to the work platform and its parts after removal from the mechanical room, including where was it stored, who had custody, how long it was stored, and ultimately what happened to the work platform.

**ANSWER:** Unocal reserves the right to respond to this interrogatory when the court rules on the outstanding motions. (Emphasis added).

**REQUEST FOR PRODUCTION NO. 1:** Please provide any and all documents responsive to Interrogatory No. 1.

**RESPONSE:** See Answer to Interrogatory No. 1. (Emphasis added) See Exhibit 1.

The response to Interrogatory No. 1, as well as the response to Request for Production No. 1, is a complete evasion of discovery and bad faith under Federal Rule of Civil Procedure 37(c)(1). It appears that the only basis of the inadequate response is simply to claim that the response would not fall under Federal Rule of Civil Procedure 37(d) as there is a "response" even if the response is totally unjustified and contrary to the Federal Rules of Civil Procedure.

As the court is aware, this case arises out of an accident in which plaintiff Larry Grove, then an employee of Siemens Building Technologies, Inc., which had a contract with Unocal to service the mechanical room at the Unocal building in downtown Anchorage, including

Memorandum of Law in Support of Plaintiffs' Motion to Compel Discovery                Page 2

replacing air filters periodically, was injured when a work platform in the mechanical room collapsed. The work platform is thus evidence in this case, and the refusal of defendant Unocal to answer the interrogatory fully and completely, instead hiding behind a subterfuge that they don't have to respond until the court rules on outstanding motions is without merit and in bad faith, and simply evading the liberal rules of pretrial discovery.

Plaintiff Larry Grove had returned to the mechanical room the day after his accident and picked up some of the bolts and nuts and washers that were on the floor following the collapse of the work platform. The plaintiffs revealed that they had possession of the sheared bolts in Initial Disclosures, and in response to discovery requests. Defense counsel then misrepresented to this court that the plaintiffs had concealed possession of the bolts that had sheared off from the mechanical room. Despite plaintiffs informing the court of the blatant misrepresentation by defense in it's Motion to Compel that the bolts be turned over to defense counsel, the court allowed defense counsel to take possession of the bolts and ordered a <u>second</u> deposition of plaintiff Larry Grove, limited to the chain of custody. Despite this limitation as to chain of custody, defense counsel then proceeded to examine Mr. Grove on December 15, 2005 for a period of time that was longer than the initial deposition that was taken of Mr. Grove a year earlier, including minute detail as to the work platform which might have merely tangential relevance to the custody issue.

This background information is provided to the court merely to point out that after the defense has stridently insisted that plaintiffs produce the bolts, which they claim were improperly seized from Unocal property, Unocal has still refused to provide plaintiffs with the remainder of the work platform, and the remainder of the bolts, washers and nuts to that work platform. In fact, it may very well be that if Mr. Grove had not taken possession of the sheared bolts, that the

evidence would have been destroyed by Unocal. However, Unocal has failed to answer the Interrogatory and the Request for Production, which is an impermissible violation of it's duty under pretrial procedure.

On December 9, 2005 plaintiffs' counsel sent defense counsel a letter asking them to actually answer plaintiffs' Fifth Discovery Requests (see Exhibit 2 to attached Affidavit of Michael Cohn). Subsequent to that letter, in a conversation between Michael Cohn, an associate of the Law Offices of Phillip Paul Weidner & Associates, counsel for plaintiffs, and Linda Johnson, an associate with the Law Offices of Clapp Peterson Van Flien Tiemessen & Thorsness, the attorneys for Unocal, Ms. Johnson indicated that she was busy on December 16, 2005, but she would get back to answering that interrogatory that had not been answered previously. In fact, defense counsel sent back a letter requesting one week (see Exhibit 3 to attached Affidavit of Michael Cohn). Now it is past the date in which defense counsel was to respond to the letter by plaintiffs' counsel, and therefore this Motion to Compel is filed.

The plaintiffs thus request the following relief:

1. Defendant be compelled to answer completely and forthrightly Plaintiffs' Fifth Discovery Requests;

2. That if the work platform and it's components are still in existence, that the evidence be produced at once for inspection and photographing by plaintiffs;

3. That defendant answers completely what it did to the work platform, and make available each and every individual who had some role of the disassembly and destruction of the work platform;

4. An appropriate sanction against defendant for failing to comply with the discovery rules, that is failing to answer fully and completely the discovery requests, failing to

verify the answers, and to hide behind the sham rationale for failing to answer discovery when it is clear from the context that the interrogatory, though relevant to this case, was simply not answered by defendant or defense counsel because they chose not to answer it, and not for any valid reason.

RESPECTFULLY SUBMITTED this 20th day of December, 2005.

WEIDNER & ASSOCIATES, INC.
Attorneys for Plaintiffs

By: _____
Phillip Paul Weidner
ABA # 7305032

THIS IS TO CERTIFY that on the 20th day of December, 2005, a true and correct copy of the foregoing document was served via mail / hand / fax on:

John B. Thorsness
Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
*Fax 272-9586*

_____

Memorandum of Law in Support of Plaintiffs' Motion to Compel Discovery           Page 5

Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE, <br><br>  Plaintiffs, <br><br> v. <br><br> UNOCAL CORPORATION <br><br>  Defendant | Case No. Case No. A04-0096 CV (JKS) |

**AFFIDAVIT OF MICHAEL COHN IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT UNOCAL**

STATE OF ALASKA           )
                          )  ss.
THIRD JUDICIAL DISTRICT   )

MICHAEL COHN, being first duly sworn under oath, deposes and states as follows:

1. I am an associate attorney with Phillip Paul Weidner & Associates, Inc., counsel for plaintiffs in this matter;

2.     Attached hereto as Exhibit 1 is a true and accurate copy of Unocal's Response to Plaintiffs' Fifth Discovery Requests;

3.     Attached as Exhibit 2 is a letter I sent to defense counsel;

4.     Attached as Exhibit 3 is a letter that appears to be from defense counsel.

FURTHER AFFIANT SAYETH NAUGHT.

                                                        */s/ Michael C.*
                                                   Michael Cohn
                                                   ABA 8506049

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned, a Notary Public in and for the State of Alaska, duly commissioned as such, this _20th_ day of December, 2005.

                                                            */s/ Notary*
                                                   Notary Public in and for the State of Alaska
                                                   My Commission Expires: _7-25-09_



Affidavit of Michael Cohn                                                                         Page 2