John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>UNOCAL CORPORATION,<br><br>　　　　　　Defendant. | Case No. A04-0096 CV (JKS) |

## OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT UNOCAL

Unocal Corporation opposes the motion to compel it to answer Interrogatory No. 1. Unocal answered the Interrogatory prior to Plaintiffs filing their motion to compel. Despite this fact, Plaintiffs refuse to withdraw the motion to compel.

Plaintiffs initially propounded Interrogatory 1 to Unocal during the parties' dispute over who should possess the bolts and whether Lawrence Grove would be re-deposed over the issue. Unocal answered Interrogatory 1 with the anticipation

that Unocal would be granted the right to re-depose Lawrence Grove on the issue of his removal of the bolts and other items and determine whether he would admit he had removed the items when he removed the bolts. See Exhibit 1, at 2, to Plaintiffs' Motion. Although the Court granted the right to re-depose Lawrence Grove on July 5, 2005, his deposition did not take place until December 15, 2005. During his deposition, Mr. Grove was asked under oath whether he took "anything else" from the Unocal premises. See Second Grove Depo. at 37 and 111-112, attached as Ex. A.

From June 27, 2005 until December 9, 2005, Plaintiffs did not protest Unocal's answer. But in December, Plaintiffs suddenly demanded a one-day turn around amended response. Attached to Plaintiffs' motion at Exhibit 3 is a letter from Unocal's attorneys, dated December 12, 2005, acknowledging the request and promising to work on a response and try to have it to Plaintiffs by December 16, 2005, the day after Mr. Grove was scheduled to be deposed. Counsel was unable to arrange for a verification of the answer prior to her departure on vacation. Affidavit of counsel at ¶3. She believed that an answer provided quickly (to move discovery along) was more important to Plaintiffs than a delay in which to obtain the verification. *Id.*

Attached hereto as Exhibit B is a copy of Defendant's Supplemental Responses To Plaintiffs' Fifth Discovery Requests, signed and mailed on December 16, 2005 as promised in the December 12, 2005 letter. Plaintiffs did not

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

wait to receive a copy of the response prior to filing their motion to compel. Plaintiffs did not call Unocal's attorney's office to see if the answer had been sent. Unocal asserts that without at least one of these measures, the motion was premature and ultimately proved to be unnecessary.

Unocal's attorneys called Plaintiffs' attorneys asking that they withdraw their motion to compel since the Interrogatory had been answered and sent prior to the time Plaintiffs' filed the motion. Affidavit of counsel ¶5, attached. However, Plaintiffs have refused to do so, stating that the answer was not verified and the answer was "non-responsive." *Id*. The answer was thus:

> **ANSWER**: Unocal does not currently know the whereabouts of the work platform or the identity of the person or persons who removed it. Lawrence Grove has admitted that he returned to the room the day after his mishap and removed items that were not his property from the Unocal premises.

Unocal is still unclear as to what happened to the platform or who removed it. One possibility is still that Larry Grove removed the platform himself when he surreptitiously entered Unocal and took the "machine screws, washers and nuts." It is also possible he did so later. During the recent deposition it was revealed that Larry Grove still has a key to Unocal's building. Deposition at 30-31. Mr. Grove admitted he'd been back to the building after his first trip but was vague as to when or why, claiming he was fuzzy on the details because he was on "heavy duty pain medication." Deposition at 34-36. Based on these facts, it is entirely possible that Mr. Grove himself removed the very items Plaintiffs request.

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

1
2
3  Regardless, discovery is on-going and it is also possible that someone from either Unocal or Siemens will remember dismantling or removing the equipment. No Unocal or Siemens employee has yet been deposed.[1]

4
5
6  Unocal requests that the Court dismiss this motion. The answer was timely provided and on-going discovery may still produce more information. The motion to compel should be denied as prematurely filed.

7  DATED January 9, 2006, at Anchorage, Alaska.

8
9
10
           CLAPP, PETERSON, VAN FLEIN,
           TIEMESSEN & THORSNESS, LLC
           Attorneys for Defendant Unocal

11
12
13
14
15
16
           s/ Linda J. Johnson
           CLAPP, PETERSON, VAN FLEIN,
           TIEMESSEN & THORSNESS LLC
           711 H Street, Suite 620
           Anchorage, AK  99501-3454
           Phone:  (907) 272-9631
           Fax:  (907) 272-9586
           Direct email:  ljj@cplawak.com
           Alaska Bar No. 8911070

17  <u>Certificate of Service</u>

18
19
20  I hereby certify that on January 9, 2006, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq. and on Phillip P. Weidner, Esq. by regular mail.

           s/ Linda J. Johnson

21
22
23

---

24  [1] Unocal arranged for the Unocal employees to be deposed last summer. For many reasons, Plaintiffs did not depose any witnesses.

25
26  Opp. to Motion to Compel
<u>Grove v. Unocal</u>, Case No. A04-0096 CV (JKS)
Page 4 of 4

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586