Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>UNOCAL CORPORATION<br><br>　　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. Case No. A04-0096 CV (JKS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT UNOCAL**

Unocal has filed an Opposition that is deceptive in several crucial ways. First, Unocal claims it answered Interrogatory No. 1 to Plaintiffs' Fifth Discovery Requests before plaintiffs filed the Motion to Compel. The Motion to Compel is dated December 20, 2005. The "response" was received December 21, 2005. Linda Johnson's Affidavit, paragraph 2 is also in error in a significant way. When Ms. Johnson called plaintiffs' counsel's office on or about December 12, 2005, she requested additional time to file a responsive answer to plaintiffs' discovery request, telling counsel she was busy through December 15, 2005, but would be able to get to the response on December 16, 2005. See Affidavit of Michael Cohn. Counsel

subsequently learned that Ms. Johnson would be gone on vacation after December 16, 2005. See Affidavit of Michael Cohn. She did not say that she "hoped" to get responses to plaintiffs prior to the Christmas holidays as she now claims in her Affidavit. See Affidavit of Michael Cohn. She stated in a letter she would try to get us responses by the end of the week, i.e., December 16, 2005. See Exhibit 3 to Affidavit of Michael Cohn.

Plaintiffs did not receive responses on December 16, 2005. Plaintiffs did not receive responses on December 19, 2005. The responses were not faxed to plaintiffs on December 16, 2005. The responses were not received December 19 or 20, 2005. Having no response by the anticipated date, aware that Ms. Johnson was now gone, plaintiffs filed a Motion to Compel on December 20, 2005.

Unocal now claims that it could not answer the discovery request initially because plaintiff Larry Grove had not yet been re-deposed. It is still unclear why defendant could not properly answer the discovery request based on it's own knowledge, six months ago.

In any event, Unocal then sends an unverified supplemental answer and Ms. Johnson demands that the Motion to Compel be withdrawn, which plaintiffs refused. See Affidavit of Michael Cohn.

The question originally asked of Unocal stated:

> **INTERROGATORY NO. 1**: Please explain what happened to the work platform in the mechanical room of the Unocal Building at 909 West 9th Avenue, Anchorage, Alaska following the accident involving Larry Grove. Specifically, please explain:
> 1. Where is the work platform and its parts, including bolts;
> 2. Who took down and/or removed the work platform (identify the individual, his job title and employer at the time of disassembly/removal of the platform, last know address and telephone number);
> 3. What happened to the work platform and its parts after removal from the mechanical room, including where was it stored, who

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

had custody, how long it was stored, and ultimately what happened to the work platform.

Unocal's original response of June 27, 2005 stated:

> **ANSWER:** <u>Unocal reserves the right to respond to this interrogatory when the court rules on the outstanding motions</u>. (Emphasis added). See Exhibit 1 to Affidavit of Michael Cohn.

This answer was improper. The "outstanding" motions were irrelevant (to this issue). Now, Unocal has filed the following Supplemental Response:

> **ANSWER:** <u>Unocal does not currently know the whereabouts of the work platform or the identity of the person or persons who removed it.</u> Lawrence Grove has admitted that he returned to the room the day after his mishap and removed items that were not his property from the Unocal premises. (Emphasis added).

The response is inadequate, does not identify the source of this new answer, and is unverified. See Exhibit 4 to Affidavit of Michael Cohn.

What steps were taken to learn the whereabouts of the work platform, or identity of the person who removed it, remains unknown. Until the response is verified, plaintiffs do not even know who to question on these issues.

Plaintiffs respectfully request that Unocal be ordered to verify it's supplemental response, reveal what search/effort was made to respond to the discovery request, who provided the information that forms the response, and make available for deposition the person verifying the response and any and all individuals who conducted any search/effort to respond.

RESPECTFULLY SUBMITTED this 19th day of January, 2006.

> WEIDNER & ASSOCIATES, INC.
> Counsel for Glen Harper
>
> s/ Phillip Paul Weidner
> WEIDNER & ASSOCIATES, INC.
> 330 L Street, Suite 200
> Anchorage, AK  99501

Phone (907) 276-1200
Fax (907) 278-6571
E-mail: jgreene@weidner-justice.com
ABA 7305032

CERTIFICATE OF SERVICE
I hereby certify that on January 19, 2006 a copy of the foregoing Reply In Support Of Plaintiff's Motion To Compel Discovery From Defendant Unocal was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC

s/ Phillip Paul Weidner

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571