Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNOCAL CORPORATION<br><br>　　　　　　Defendant | Case No. Case No. A04-0096 CV (JKS) |

**AFFIDAVIT OF MICHAEL COHN IN SUPPORT OF
REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM
DEFENDANT UNOCAL**

STATE OF ALASKA　　　　　)
　　　　　　　　　　　　　) ss.
THIRD JUDICIAL DISTRICT　)

　　　　MICHAEL COHN, being first duly sworn under oath, deposes and states as follows:

1. I am an attorney employed by the law firm of Phillip Paul Weidner & Associates, Inc., since October 17, 2005, counsel for plaintiffs in this matter. I am licensed to practice law in the State of Alaska;

2. I had previously worked as a contract lawyer for Phillip Paul Weidner & Associates, but had performed no work for Phillip Paul Weidner & Associates for over three months before I returned as an employee;

3. Upon my return to Phillip Paul Weidner & Associates, I provided assistance to the firm in a major product liability wrongful death case, In Re: Dillingham Air Crash, that went to trial in Anchorage on about October 19, 2005. The trial lasted approximately one month;

4. Part of my duties upon becoming an employee was to assist on other matters that the trial attorneys were unable to devote time to while in trial;

5. I also needed to review and catch up on many cases which I had previously worked on, including the present case;

6. One of the first things I did in the Grove case was to oppose a Motion for Summary Judgment on products liability. When I called to request an extension of time to file an opposition, Linda Johnson, an attorney at Clapp, Peterson, van Flein, Tiemessen & Thorsness, responded by telling me the claim was frivolous. Later she informed me that Mr. Thorsness would not agree to an extension of time. I filed an Opposition and motion for extension. The extension was granted, and defendant's motion was denied;

7. After reviewing discovery responses in this case, I saw the inadequate response to the *Plaintiffs' Fifth Discovery Requests*, dated June 27, 2005. I had not reviewed the

Affidavit of Michael Cohn                                                                                           Page 2

responses before I stopped doing contract work for Phillip Paul Weidner & Associates. See Response, Exhibit 1;

8. It was obviously an inadequate/non-responsive answer, and I demanded a response by December 13, 2005 via a letter sent by facsimile on December 9, 2005 (see Exhibit 2). At that time, the deposition of Larry Grove had been set for December 15, 2005.

9. Ms. Johnson called me on or about December 12, 2005 requesting additional time to respond. My practice is to always allow a party additional time if requested;

10. Ms. Johnson told me she was working on other matters, but would be able to work on the response on December 16, 2005. I agreed to an extension for one week. Ms. Johnson subsequently sent a letter dated December 12, 2005 in which she stated that Unocal would "try" to get an answer to plaintiffs by the end of the week. See Exhibit 3.

11. I learned, in a letter faxed to our office on December 16, 2005, that Ms. Johnson would be gone after December 16, 2005 for two weeks. See Exhibit 3-A;

12. I did not receive an answer by the end of the week. I did not receive a response on December 19, 2005, the following Monday. I did not receive an answer by December 20, 2005. I then filed a Motion to Compel on December 20, 2005.

13. John Thorsness, an attorney at Clapp, Peterson, van Flein, Tiemessen & Thorsness, requested a 15 day extension to oppose the Motion to Compel, which I readily agreed to;

14. After Christmas, I finally saw the *Supplemental Response to Plaintiffs Fifth Discovery Requests*, stamped received on December 21, 2005, see Exhibit 4. Though it is dated as signed and mailed on December 16, 2005, there is no explanation by defense counsel as to why they failed to fax the response on that date as Ms. Johnson indicated she would try to get

Affidavit of Michael Cohn                                                                                                    Page 3

a response by the end of the week, i.e., December 16, 2005 to plaintiffs' counsel. Indeed, defense counsel faxed a letter on another matter in this case to plaintiffs' counsel on December 16, 2005. Interestingly, the letter from Ms. Johnson, faxed on December 16, 2005, and also mailed, was received via mail by this office on December 19, 2005. However, the Supplemental Response, allegedly mailed December 16, 2005, was not received until December 21, 2005. I also talked again to Ms. Johnson, who requested that I withdraw the Motion to Compel in light of the response. After getting off the phone, and again reviewing the response, I noted that not only was the answer (specifically sentence one) an answer that could easily have been done 6 months ago, but it was unverified. It also fails to identify source of the alleged information. I called Ms. Johnson back and left a voice mail telling her I would not withdraw the Motion to Compel;

15.    The response is non-responsive and unverified as set forth in my letter of January 5, 2006. See Exhibit 5.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Michael Cohn
ABA 8506049

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned, a Notary Public in and for the State of Alaska, duly commissioned as such, this __19th__ day of January, 2006.

_____
Notary Public in and for the State of Alaska
My Commission Expires: 7-25-09

Affidavit of Michael Cohn                                                                                         Page 4