

LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

January 5, 2006

John Thorsness
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586
& U.S. Mail*

Linda Johnson
Clapp Peterson Van Flein
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586
& U.S. Mail*

Re: Grove v. Unocal
Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness and Ms. Johnson:

In regard to the stated discovery in this matter, one of our experts, Sally Ann Carey, will be in town the week of January 23, 2006 and is available to conduct an inspection of the mechanical room at the Unocal Building in the afternoon of January 24, 2006. Please let us know if that will work as she is only going to be in town for a limited period of time on this visit.

In regard to the protocol for the testing of the bolts and nuts, as I informed Mr. Thorsness, there is a laboratory near Oakland airport, R.J. Lee Group, that was utilized in the Norton v. Nissan case that is apparently conveniently located, and would have the appropriate equipment to conduct such an inspection. Please let us know if the R.J. Lee Group is acceptable so that we can arrange between us the appropriate protocol for the testing.

Expert reports are presently due January 23, 2006. In light of the stated discovery, at this time I suggest that we work out an appropriate continuance that is mutually acceptable to conduct the necessary testing, and conduct further discovery, including depositions, before requiring the submittal of expert reports, which at this point would be preliminary reports. I suggest that we agree to an approximately 60 day continuance to enable us to complete discovery and, in addition, move the date for expert reports from January 23, 2006 to approximately March 23, 2006. Please let me know if that is acceptable to you.

EXHIBIT 5

John Thorsness
Linda Johnson
January 5, 2006
Page 2

In regard to depositions, we would like to take the depositions of Dr. Goetz and Dr. Chang who were the physicians who performed the ankle surgeries on Mr. Grove. We will attempt to find out available dates from said doctors, and arrange for depositions at a time that is mutually convenient for all concerned.

In regard to the deposition of individuals from Unocal, while I am still waiting to hear back from your office, Ms. Johnson has indicated that you are still working on arranging for the depositions of individuals. In that regard, we sent a letter on December 9, 2005 regarding depositions of certain individuals. Many of these individuals were specifically listed in defendant's responses to plaintiffs' Third Discovery Requests, Interrogatory No. 1 in regard to claims concerning who had the most knowledge concerning the subject work platform/scaffold, and allegations that Siemens Building Technology was the owner of the described platform/scaffold, and that on information and belief, Siemens Building Technology erected said work platform in conformance of HVAC Services. Thus, I reiterate again that all of these individuals that have been listed, including Roxanne Since, Paul Crapps, Archie Cook, Rick Kangail, Charles Arnett, Eddie Barratt, and Don Akers are on the list of individuals of whose depositions we would like to take in this matter. In addition, as was noted in our letter of December 20, 2005, you have identified a Mr. Kevin A. Tabler, who is claiming to have personal knowledge in regard to the work platform/scaffolding, and we would like to take his deposition as well. Furthermore, we would like to depose the individuals most knowledgeable from Unocal concerning the mechanical room and the work platform in the mechanical room of the Unocal building. Additionally, we want to take the deposition of the person or persons most knowledgeable concerning the Alaska OSHA investigation in regard to the accident involving Mr. Grove, as well as the person or persons most knowledgeable concerning the Siemens-Unocal contract. We also want to take the deposition of Harry A. Eaton, who is identified as a contract superintendent who signed certain contracts with Landis and Gyr Powers, Inc., and also with Siemens Building Technology, Inc. which were attached to the responses to Plaintiffs' Third Discovery Requests. We further want all interrogatory responses <u>verified</u> and want to depose all individuals verifying the discovery responses. I note that Marc Bond was listed as the person who would verify certain discovery responses, so please provide verification from Mr. Bond, or some other individual, who we will also depose. Finally, if you intend to make an issue as to the appropriate Unocal entity in this matter, whether it be Unocal, Unocal of Alaska, or Unocal of California, and are making any sort of claim that we have not sued the proper entity, we want to depose the person or persons most knowledgeable concerning the relationship between these entities.

In regard to the Motion to Compel which was filed by us due to the inadequate responses to Plaintiffs' Fifth Discovery Requests, I need to clarify certain points. First, you have provided a supplemental response to Plaintiffs' Fifth Discovery Requests. This supplemental response is not verified, so in effect, it is not an appropriate response that

EXHIBIT 5

John Thorsness
Linda Johnson
January 5, 2006
Page 3

would lead to the withdrawal of the Motion to Compel. Second, the carefully drafted answer to the Interrogatory No. 1, which claims that Unocal does not "currently" know the whereabouts of the work platform or the identity of the person or persons who removed it, does not adequately respond to said interrogatory. Thus, even if Unocal does not "currently" know where the work platform is, that still does not mean you cannot respond to the interrogatory specifically questions number 2 and number 3 to Interrogatory No. 1. In addition, though Ms. Johnson has provided an inadequate explanation as to why they could not answer Interrogatory No. 1 initially in this matter back in June of 2005, the new answer itself is inadequate and needs to be clarified. Furthermore, the response is inadequate because we do not know who provided the information that became the basis for the unverified response. We need to know <u>who</u> provided the information that became the basis of the supplemental responses. If said clarification is provided that is satisfactory, then if it is appropriate, the Motion to Compel will be withdrawn.

Thanking you in advance for your consideration and attention to this matter, I remain

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

*[signature]*

Phillip Paul Weidner
Attorney at Law

PPW/ngb

EXHIBIT 5

LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail: phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

## TELECOPIER COVER LETTER

Please deliver the following pages to:

NAME: John Thorsness & Linda Johnson
FIRM: Clapp Peterson, et al.
FAX NO.: 272-9586   TELEPHONE NO.: _____

\* \* \* \* \* \*

FROM: Phillip Weidner
DATE: 1-5-06   TIME: 1:10 pm
MATTER: Grove
FILE NO.: _____
COMMENTS: See attached letter of 1-5-06.

WE ARE TRANSMITTING __4__ PAGES (including this cover page). If you do not receive all the pages, please contact __NITA__ as soon as possible, at (907) 276-1200.

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. DISCLOSURE, REPUBLICATION, OR COPYING OF THIS INFORMATION IS PROHIBITED WITHOUT EXPRESS PERMISSION AND AUTHORIZATION OF WEIDNER & ASSOC., INC. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, DISTRIBUTION, OR COPYING OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE. DO NOT COPY, DISCLOSE OR REPUBLISH THIS INFORMATION. RETURN THE ORIGINAL DOCUMENTS TO US AT THE ABOVE ADDRESS VIA THE UNITED STATES POSTAL SERVICE.

NO LIMITED OR GENERAL WAIVER OF CONFIDENTIALITY IS INTENDED OR MADE AS TO THIS INFORMATION BY TRANSMITTING SAME VIA FACSIMILE OR OTHERWISE.

EXHIBIT 5