Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs


                IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF ALASKA


LAWRENCE H. GROVE, CYNTHIA      )
GROVE, SARAH GROVE, and,        )
MICHAEL GROVE (DOB 1/21/88)by   )
and through his father          )
LAWRENCE H. GROVE,              ) Case No. Case No.A04-0096 CV
                                )              (JKS)
            Plaintiffs,         )
      v.                        )  **MEMORANDUM OF LAW**
                                )  **IN SUPPORT OF PLAINTIFFS'**
UNOCAL CORPORATION,             )  **MOTION TO AMEND COMPLAINT**
                                )
            Defendant.          )
_____)

     Plaintiff Lawrence Grove was injured on September 9, 2002

when a work platform at the Unocal building at 909 West 9th

Avenue, Anchorage, Alaska collapsed.  As a result of that

accident, plaintiffs filed a lawsuit against Unocal Corporation.

Plaintiffs seek to amend the Complaint pursuant to Federal Rules

of Civil Procedure 15(a), (b), (c) and (d) to add/correct/more

specifically identify the named defendants in this action, and

to add a new claim for spoliation of evidence, as it has been

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

recently learned that Unocal had the work platform destroyed, thus eliminating crucial evidence in this case. Under Federal Rules of Civil Procedure 15 (a) leave shall be freely given when justice so requires. Liberty Mutual Ins. Co. v. Hurricane Logistics Co., 216 FRD 14 (D.C. Dist. Court 2003) Plaintiffs respectfully requests that the court allow plaintiffs to amend their Complaint for the reasons set forth below.

**A.  ADDITION OF NEW PARTIES/MORE SPECIFICITY AS TO NAMED DEFENDANTS**

Plaintiffs seek the addition of new parties/correction of parties/more specificity of named defendants, and that said addition/correction/ more specificity of named defendants relate back to the date of the initial Complaint pursuant to Federal Rules of Civil Procedure 15 (c).

As stated previously, under Federal Rule of Civil Procedure 15(a), and as interpreted by the case law, leave to amend is freely given when justice requires. See Liberty Mutual Ins. Co., supra, 216 FRD 14. When there is already a scheduling order and time for amending pleadings under the scheduling order has passed, then there is a two step approach that is taken by the courts, that is, first to find that there is good cause for allowing a party to amend a complaint, and then a determination as to whether amendment shall be allowed under Rule 15. See Colorado Visionary

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Academy v. Medtronic, Inc., et al., 194 FRD 684 (Dist. Court Colorado 2000). Thus, one looks to the impact of Rule 15 and its inter-reaction with other rules. The courts have held that there is good cause for extending the time of service under Federal Rule of Civil Procedure 4 if the motion to amend is granted under Federal Rule of Civil Procedure 15(c)(3). Motley v. Parks, 198 FRD 532 (CD Cal. 2000).

There are many cases that recognize that the new party can be added to the lawsuit and/or substituted in as a proper party, and that said claims will relate back to the time of the initial complaint if there has been no prejudice and/or the new entities have been on notice of the litigation. See Campbell v. Lockeed Martin Corporation, 282 F.Supp. 2d 1324 (MD. Fla. 2003); U.S. v. Davis, 261 F.3d 1 (1st Cir. 2001); Cunegin v. Zayre Department Store, 437 F.Supp. 100 (Eastern Dist. Wis. 1973) (when there is adequate notice amendment should be allowed as justice requires); In Re: Vitamins Anti-Trust Litigation, 217 FRD 34 (D.C. Dist. Court 2003); Parke v. District of Columbia, 216 FRD 128 (D.C. 2002). Amendment relates back under Rule 15 (c)(3) due to mistake if there has been no prejudice to the parties. Leonard v. Parry, 219 F.3d 25 (1st Cir. 2000); VKK Corp., et al., v. National Football League, et al., 244 F.3d 114 (2nd Cir. 2001).

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

The courts have noted that an amended complaint is proper and that the new party/claims relate back even if it is outside the time limits of the scheduling order, as long as there has been no prejudice.  See Outlook Windows Partnership v. York International Corporation, 112 F.Supp.2d 877 (D.C. Neb. 2000).

Plaintiffs sued Unocal Corporation.  In defendant's response to plaintiffs' Seventh Discovery Requests, received on or about January 27, 2006, the following Interrogatory and Answer was provided:

> **INTERROGATORY NO. 2**:    Please explain the relationship between Unocal Corporation and Unocal Alaska at the time of the accident on September 9, 2002, today, and also explain the relationship of Unocal Corporation and/or Unocal Alaska to the Unocal building at 909 West 9th Avenue, Anchorage, Alaska, including which entity owns the building, operates the building, maintains the building since the building was built until the present date.

> **ANSWER**:  Objection vague, calls for a legal conclusion.  Notwithstanding the objections, on September 9, 2002, Unocal Corporation was the sole shareholder of Union Oil Company of California. Union Oil Company of California owned the building located on 909 West 9th Ave.  "Unocal" was an unofficial DBA for Union Oil Company of California. "Unocal Alaska" was used by Union Oil Company of California as an unofficial DBA.  "Unocal Alaska" was not an incorporated entity but was used informally to refer to the business conducted by Union Oil Company of California in Alaska.

Furthermore, in defendant's responses to plaintiffs' First

Discovery Requests, Interrogatory No. 1 stated:

> …
> a.  If you own the building at 909 West 9[th]
> Avenue, set out how long you have owned the
> building (and if not the owner, identify all
> owners since the building was constructed, and
> years of ownership);  …
>
> **ANSWER:**  Unocal has been the <u>sole</u> owner of the
> described office building since approximately
> 1969.

(Emphasis added).

Plaintiffs seek to amend the Complaint pursuant to

Federal Rules of Civil Procedure 15(a),(b) and (c), to

ensure that Unocal does not claim that the plaintiffs

have sued the wrong entity, and are pursuing an action

against the wrong Unocal entity and/or have not been

specific enough in naming the culpable defendants.  The

Unocal entities apparently claim that the building at

909 West 9th Avenue is owned by Union Oil Company of

California, which they now claim is a DBA for Unocal,

and also a DBA for Unocal Alaska.  There has been

sufficient confusion of the identity of the different

entities, and confusion generated by responses such as

the response to plaintiffs' First Discovery Requests to

create justification for plaintiffs to amend their

Complaint to add and/or specify as a defendant Union Oil

Company of California, as well as Unocal Alaska, and in

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

addition, Unocal 76, Inc., and Unocal Alaska Resources, Inc., other entities which may be DBA for certain of the Unocal entities.

That is, defendants have been aware of the fact that the intent of the plaintiffs was to pursue an action against the entity or entities who own the building and the fixture to the building, the work platform that collapsed and injured Larry Grove. The letters and pleadings by the defendants reflect their understanding that the plaintiffs' intent has been to pursue an action against the owner of the building at 909 West 9th Avenue, and that the defendants have been proceeding in this action through Unocal Corporation and/or Union Oil Company of California.

Employees of Union Oil Company of California have been participating in this litigation from the outset, and have been answering interrogatories and verifying discovery requests. In certain pleadings that have been filed by defendants, the defendants have even referred to themselves as "defendant Unocal Alaska" which they now admit to be a DBA for Union Oil Company of California. Furthermore, in response to discovery requests, such as the response to the Sixth Discovery Requests, the Unocal representative is verifying

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

responses on behalf of <u>defendant</u> Union Oil Company of California.  In the deposition of retired Unocal employee, Archie Cook, taken March 15, 2006, he referred to Unocal Alaska as a DBA for Unocal Corporation and that he had worked for Unocal Alaska.

The defendants have been pursuing this action as if they understand the plaintiffs are pursuing the owner of the building, which is Unocal Corporation and/or Union Oil Company of California.[1]  It is uncertain at this point whether or not defendants will claim that the plaintiffs have not and/or cannot pursue an action against Union Oil Company of California or any of the other entities added in their Amended Complaint. However, under Federal Rules of Civil Procedure 15 (c) it is stated:

(c) Relation Back of Amendments.
An amendment of a pleading relates back to the date of the original pleading when
 (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
 (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
 (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A)

---

[1] It is unclear the exact relationship between the entities.  It appears that Union Oil Company of California was the original entity since the founding of the company over 100 years ago, but that in 1983 Unocal Corporation became a holding company that was formed and was the sole owner of Union Oil Company of California.  On information and belief, Unocal Corporation is an alter ego for Union Oil Company of California and merely a corporate artifice that was constructed for tax and other legal purposes, but that in substance, there is little, if any, distinction between Unocal Corporation and Union Oil Company of California.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

has received such notice of the institution of the action that the party
will not be prejudiced in maintaining a defense on the merits, and (B)
knew or should have known that, but for a mistake concerning the
identity of the proper party, the action would have been brought against
the party.
The delivery or mailing of process to the United States Attorney, or
United States Attorney's designee, or the Attorney General of the
United States, or an agency or officer who would have been a proper
defendant if named, satisfies the requirement of subparagraphs (A) and
(B) of this paragraph (3) with respect to the United States or any
agency or officer thereof to be brought into the action as a defendant.

There appears to be a myriad of entities that are Unocal
engendering confusion even among Unocal personnel.  Thus, the
OSHA records regarding the investigation of the work platform
collapse at the Unocal building reference at different times
Unocal, Unocal 76, Inc., Unocal Alaska Resources, Inc., Union
Oil Company of California and Unocal Alaska, Inc.  A check
was made payable from Union Oil Company of California,
Accounts Payable Field Disbursing, for $787.50 dated June 17,
2003 to State of Alaska Department of Labor for disposition
of OSHA citations.  The check also shows the logo Unocal 76.
The receipt by the State dated June 18, 2003, shows "Received
from Unocal 76, Inc."  Other documents show the name Unocal
Alaska.  A freedom of information request from defendant's
counsel listed "Company Name" as "Unocal 76 Incorporated" and
stated "we represent Unocal."  Marc Bond, who took part in
the OSHA process was identified as Assistant Counsel for
Unocal.  In verification certificates to discovery responses,
he is identified as Assistant Counsel at Unocal Corp. in
Anchorage Alaska.  He verified the responses to the Second

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Discovery Requests with that title.  Defendant identified itself as Unocal Alaska in a Stipulation of Extension of Time to prepare expert reports, a stipulation to extend deadlines by 90 days, in a Motion for Rule 37 Sanctions, and in a Reply to Opposition to Motion for Rule 37 Sanctions.  The verification by Kevin A. Tabler to the responses to plaintiffs' Sixth Discovery Requests referred to defendant Union Oil Company of California.  Archie Cook, former Unocal employee testified at his deposition of March 15, 2006 that he worked for Unocal Alaska, which he testified was a DBA for Unocal Corporation.  In numerous pleadings the defendant simply refers to itself as Unocal and refers to "Unocal's premises."  The defendants interchangeably refer to Unocal Alaska, Unocal, and Unocal Corporation.

Defendants have been proceeding as if they were aware that it has been the intent of the plaintiffs to pursue the owner of the building, which they claim is Union Oil Company of California, and in fact, Union Oil Company of California through its employees, and through its representatives have been proceeding in this action, thus there has been no prejudice, and relation back is appropriate in this action.

The plaintiffs are also adding and/or specifying various other Unocal entities as additional/more specific defendants, which the defendants claim are DBA's for Union Oil Company of

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

California or otherwise due to their connection to the building which caused the injuries to plaintiff Larry Grove. Reviewing pleadings and discovery in this file and the manner in which Unocal has responded to pleadings and discovery, makes it clear that they have continually referred to themselves as "Unocal" and not as "Union Oil Company of California" and the implication of the answers in pleadings and discovery was that Unocal was the party that had contracted with Larry Grove's employer, that Unocal was the party that owned the building, and that Unocal was involved in aspects of the OSHA investigation, etc. Thus, if the defendants now claim that when they referred to "Unocal" they meant "Union Oil Company of California" and not "Unocal Corporation" that would be a disingenuous position to take at the present time, and it would be clear that such mingling of the terms could engender confusion and result in naming of an allegedly wrong defendant in this action. Furthermore, in light of their responses to discovery, including the response to plaintiffs' First Discovery Request that Unocal was the owner of the building, defendants should be estopped from denying that plaintiffs have named the wrong defendant, or that the Amended Complaint cannot relate back to the initial Complaint in this matter.

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

An additional defendant has been added that plaintiffs seek to add pursuant to Federal Rule of Civil Procedure 15, and specifically 15(d), and that is Chevron Corporation.  It has been learned by the plaintiffs that apparently Chevron Corporation has merged and/or acquired the Unocal entities, and thus, Chevron is now the owner of the Unocal entities. The plaintiffs are seeking to add Chevron Corporation as a defendant in this action.

Accordingly, plaintiffs respectfully request the court allow plaintiffs to amend their Complaint to add Union Oil Company of California, Unocal Alaska, Unocal 76, Inc., Unocal Alaska Resources, Inc., and Chevron Corporation as defendants in this action pursuant to Federal Rules of Civil Procedure 15 (a), (b), (c) and (d).

**B.   PLAINTIFFS HAVE RECENTLY DISCOVERED THAT UNOCAL HAS DESTROYED THE WORK PLATFORM, AND THUS A CLAIM FOR SPOILATION OF EVIDENCE IS APPROPRIATE.**

In 2006 plaintiffs received a copy of OSHA records, now Bates Stamped LG00683 through LG00773.  These documents reflect that the work platform, which collapsed while Mr. Grove was standing on it, and causing his injuries, was removed by Unocal following an OSHA inspection in early March, 2003.  LG00755 states:

> After the OSHA inspection on March 3, 2003 Ms. Sinz [Building Manager] and Mr. Burns [Unocal Drilling Safety Advisor] directed the Unocal building Maintenance

Technician to remove the platform and a stepladder that was being used to access the platform.

In addition, LG00749 Safety Narrative states:

The day after the inspection Ms. Sinz directed Paul Crabbe [sic] to dismantle the work platform and to remove the stepladder that was used to access the platform.

Mr. Paul Crapps' deposition was taken on March 3, 2006. At that deposition Mr. Crapps admitted that he had dismantled the platform and thrown into the garbage the brackets and the nuts and bolts that he retrieved, and that the actual planks were stored, but somehow disappeared from the Unocal building at a later date. The main discrepancy in the deposition of Mr. Crapps is that he claims that the work platform was dismantled and destroyed shortly after the accident involving Larry Grove, which would be in September 2002, which is contrary to all the evidence, including the OSHA reports that show that the work platform was inspected by OSHA in March 2003 before it was destroyed. Now that the plaintiffs have clear knowledge that the evidence has been destroyed, and this was done after defendant Unocal was aware of the OSHA complaint related to Larry Grove, and knew or should have known that Mr. Grove would be pursuing legal action against Unocal. There is a claim for spoliation of evidence, and thus the plaintiffs are amending their Complaint to add a claim for spoliation of evidence. It is permissible to add a

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

new claim that relates to the original lawsuit.  See <u>Outlook Windows Partnership</u>, <u>supra</u>, 112 F.Supp. 2d 877; <u>Broudo v. Dura Pharms, Inc.</u>, 9th Cir. 2003; <u>Hampton Bays Connectors, Inc. v. Duffey</u>, 212 frd 119 (E.D.N.Y. 2003).  Furthermore, amendments are allowed to conform to the evidence under Federal Rule of Civil Procedure 15(b).  <u>U.S. v. 2001 Honda Accord GX, etc.</u>, 245 F.Supp 2d 602 (M.D. PA 2003).

The irony of the spoliation of evidence claim is as follows.  The plaintiffs had been seeking for quite a long period of time, almost a year, to find out what had happened to the work platform.  The genesis of plaintiffs' request is that shortly after the accident Mr. Grove returned to the site of the accident and retrieved some of the sheared bolts that had failed, causing the work platform to collapse. These nuts, bolts and washers had remained in the possession of plaintiff and/or plaintiffs' counsel since the accident of September, 2002.  The possession of this material had been disclosed to defendants in plaintiffs' initial disclosures, and in addition, in response to discovery requests.  In early 2005 plaintiffs' counsel wrote to defendant Unocal's counsel indicating that the plaintiffs' counsel wished to send the bolts and nuts down to plaintiffs' expert metallurgist for examination and testing to determine the cause of failure. This ignited a flurry of activity, including accusations that

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

plaintiff Larry Grove had stolen Unocal property, and a motion to compel the return of the property to defendant Unocal, and a claim that plaintiffs had concealed possession of this evidence (which was blatantly incorrect as explained in plaintiffs' Opposition to the Motion for Rule 37 Sanctions).  Subsequently, the plaintiffs were required to "return" the evidence to defense counsel for safekeeping.

However, the indignation of the defense counsel to plaintiffs having possession of evidence is ironic, when it appeared that if the plaintiff had not actually taken possession of this evidence, no such evidence would have been in existence.  Plaintiffs' counsel inquired of defendant what happened to the remainder of the work platform, including the brackets, the planks and the other nuts and bolts.  Without getting any satisfactory answer, plaintiffs sent a Fifth Discovery Requests to defendant, which was answered on or about June 27, 2005, with a bad faith answer, indicating that defendant did not have to answer that question because there were motions pending.  In fact, in a telephone conversation with defense counsel to plaintiffs' counsel, defense counsel Linda Johnson inferred to plaintiffs' counsel that Unocal did not know what had happened to the work platform, and implied that Larry Grove could have come back and actually taken the remainder of the platform.  As is now known from the OSHA

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

records and Mr. Crapps deposition, this appears to be untrue. When plaintiffs' counsel indicated that defendant's answer was totally unacceptable, and that plaintiffs would file a motion to compel, defendant submitted a supplemental discovery response, which was a misrepresentation of the true state of the facts, and implied that Unocal had no knowledge of what happened to the work platform.

Subsequent to the defendant's Response to plaintiffs' Fifth Discovery Requests and the Supplemental Response to plaintiffs' Fifth Discovery Requests dated December 18, 2005, defendant submitted a <u>second</u> supplemental response to plaintiffs' discovery requests, finally conceding/admitting that the work platform had been dismantled by Unocal and/or by its employees/agents.  This Second Supplemental Response is dated March 1, 2006.  However, in that Second Supplemental Response and other responses to plaintiffs' discovery requests, the defendant Unocal claimed incorrectly and contrary to the evidence of this case, that the platform had been destroyed in September of 2002, when the facts show it was destroyed in March of 2003 (information which was all along within the knowledge of the Unocal employees, including Unocal management that participated in the OSHA investigation).  That is the present state of affairs at this time.

The defendants have submitted numerous discovery responses that are inaccurate and misleading, at best, and blatantly false at worst.  In any event, in light of the evidence that has come to light, plaintiffs respectfully request that they be allowed to amend their Complaint to assert a new cause of action under Federal Rules of Civil Procedure 15, and specifically 15(b) to conform to the evidence and allow this claim for spoliation of evidence to relate back to the date of the initial Complaint as it arises out of the same events and transactions and occurrences out of which the lawsuit brought by plaintiffs against Unocal has arisen.  See also Affidavit of Michael Cohn.

RESPECTFULLY SUBMITTED this 27th day of March 2006.

WEIDNER & ASSOCIATES, INC.
Counsel for Plaintiffs

s/ Phillip Paul Weidner
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail: jgreene@weidner-justice.com
ABA 7305032

CERTIFICATE OF SERVICE
I hereby certify that on March 27, 2006 a copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion to Amend Complaint was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC

s/ Phillip Paul Weidner