```
Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>                Plaintiffs,<br>     v.<br><br>UNOCAL CORPORATION; UNION OIL COMPANY OF CALIFORNIA; UNOCAL ALASKA; UNOCAL 76, INC; UNOCAL ALASKA RESOURCE, INC.; and CHEVRON CORPORATION,<br><br>                Defendants.<br>_____ | Case No. Case No.A04-0096 CV<br>              (JKS)<br><br>**FIRST AMENDED COMPLAINT** |

COME NOW plaintiffs, LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE, a minor (DOB 1-21-88), by and through his natural father, LAWRENCE H. GROVE, by and through counsel, Phillip Paul Weidner of Phillip Paul Weidner & Associates, Inc., a Professional Corporation; and hereby state,

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

claim, plead and allege as their causes of action in the instant matter, as follows:

    1. Plaintiff Lawrence H. Grove is and was at all relevant times herein a resident of the State of Alaska. He suffered a permanent and severe injury to his right ankle as a result of a dangerous condition that was allowed to remain un-remedied at the mechanical room of the Unocal Building in Anchorage, Alaska.

    2. Plaintiff Cynthia Grove is the wife of plaintiff Lawrence H. Grove and is and was at all times pertinent hereto a resident of the State of Alaska, and suffered loss of love, comfort and support of her husband due to the injuries he suffered.

    3. Plaintiff Sarah Grove is the daughter of plaintiff Lawrence H. Grove and plaintiff Cynthia Grove, and is and was a resident of the State of Alaska at all times pertinent hereto. She suffered loss of love, comfort, support of her father, as a result of his injuries.

    4. Plaintiff Michael Grove (DOB 1/21/88) is the son of plaintiff Lawrence H. Grove and plaintiff Cynthia Grove, and is and was a resident of the State of Alaska at all times pertinent hereto. He suffered loss of love, comfort, support of his father, as a result of his injuries.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

5. Defendant Unocal Corporation and/or defendant Union Oil Company of California ("Unocal") are the owners of the Unocal building in Anchorage, Alaska, responsible for the erection/maintenance of a dangerous scaffold/work platform that collapsed on September 9, 2002 injuring plaintiff Lawrence H. Grove.

6. Defendant Unocal Corporation is the sole shareholder and holding company for defendant Union Oil Company of California. On information and belief, Unocal Corporation is an indistinguishable/alter-ego of union Oil Company of California has no separate employees, has common officers, and boards of directors, and for all intents and purposes, runs its operations through Union Oil Company of California. On information and belief, both companies are known as "Unocal." Union Oil Company is an agent and/or joint venture with Unocal Corporation.

7. On information and belief, Unocal Corporation has no independent employees and operates its business ventures through Union Oil Company of California.

8. Defendant Union Oil Company of California has been participating in this lawsuit from its inception, and Union Oil Company of California employees or agents have been answering discovery. Furthermore, Unocal Corporation in response to plaintiffs' first discovery requests stated Unocal

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

has owned the building since it was built, and is estopped to claim it is not answerable for any negligence/defect in the premises or work platform.

9. Defendant Unocal Alaska, according to defendants, is not a separate entity, but a d/b/a for Union Oil Company of California in Alaska. Defendant Unocal 76, Inc., upon information and belief, is another d/b/a for Union Oil Company of California in Alaska, or a separate entity that is an alter ego/agent/joint venture of Unocal Corporation and/or Union Oil Company of California.

10. Defendant Unocal Alaska Resource, Inc., upon information and belief, is another d/b/a for Union Oil Company of California in Alaska, or a separate entity that is an alter ego/agent/joint venture of Unocal Corporation and/or Union Oil Company of California.

11. Unocal Corporation and/or Union Oil Company of California and/or Unocal Alaska and/or Unocal 76, Inc. and/or Unocal Alaska Resource, Inc. were doing business in Alaska at all times pertinent herein.

12. Defendant Chevron Corporation acquired Unocal in 2005, and is now the parent/controlling entity of the Unocal entities, is doing business in Alaska, and is answerable for any damages recovered against the Unocal entities. All defendants will be collectively referred to as "Unocal."

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

13. Plaintiff Lawrence H. Grove was employed by Siemen's Building Technologies, Inc. ("Siemen's"). Siemen's had a contract with Unocal for maintenance of the Unocal main office building located at 909 W. 9th Avenue, Anchorage, Alaska.

14. Every three or four months, as part of the building maintenance contract, an employee of Siemen's would change the air filter in the dimly lit filter room of the mechanical floor at the Unocal building.

15. Lawrence H. Grove often was assigned by Siemen's to change the air filter. In order to change the air filter to the ventilation system for the building, plaintiff Lawrence H. Grove would utilize a stepladder to gain access to a scaffold/work platform bolted to the wall. The scaffold/work platform preceded the contract between Unocal/Siemen's. The scaffold/work platform, on information and belief, was designed, erected and/or maintained by Unocal.

16. On September 9, 2002, plaintiff Lawrence H. Grove was on the scaffold/work platform to change the air filter when the scaffold/work platform collapsed. He fell 8 or 9 feet to the concrete ground severely injuring his right ankle.

17. The scaffold/work platform was improperly constructed and created by Unocal or its agents. It was also inadequately maintained and/or inspected. The bolts to the scaffold/work platform sheared off during the accident. The

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

bolts were of inferior machine screws, soft metal, rather than hardened steel.

18. The scaffold/work platform was improperly constructed and maintained in violation of OSHA regulations and in violation of the common law. The scaffold/work platform was in a dangerous condition for users utilizing it in a foreseeable manner. Unocal was negligent as the land owner, and/or owner and/or supplier of the dangerous, defective, improperly installed and maintained scaffold/work platform.

19. The action of Unocal in improperly installing, and/or maintaining and/or utilizing inferior materials and/or violating proper scaffold requirements under OSHA and the common law was in reckless indifference to the safety of others and calls for the imposition of punitive damages in an amount sufficient to punish Unocal and similar conduct in the future.

20. Plaintiff Lawrence H. Grove suffered a fracture to the talus bone of his right ankle, ruptured tendons, sustained permanent impairment to his ankle, is unable to return to his profession as a pipe fitter/welder, had two separate ankle surgeries, and extensive physical therapy, was confined to crutches after his surgeries, will likely need future surgery, will need to undergo a fusion of the ankle bone, endured pain and suffering, and still has pain and suffering, including the necessity of cortisone shots to function. He has suffered a

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

permanent loss, including severe curtailment of activities that he has loved his whole life, including hunting and fishing, suffered loss of subsistence lifestyle, loss of ability to fully participate in outdoor activities to the extent he had done his whole life, loss of mobility and loss of ability to participate in everyday activities. He has suffered past and future permanent impairment, disfigurement to his leg/ankle, loss of enjoyment, pain and suffering, and loss of earning capacity. He has pain and suffering every day as a result of his ankle injuries, and lost the life and lifestyle he had before the injuries.

21. Plaintiff Cynthia Grove sustained a loss of love, comfort, support and intimacy of her husband as a result of his injuries.

22. Plaintiffs Sarah Grove and Michael Grove suffered a loss of love, comfort and support with their father including loss of family activities as a result of the injuries to their father.

FIRST CAUSE OF ACTION – PREMISES LIABILITY

23. Plaintiffs restate, reclaim, replead and reallege paragraphs 1 through 22, and are incorporated herein by reference.

24. The defendants are negligent and liable as landowners/building owners for failure to ensure that the work

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

platform was adequately and safely constructed and maintained. Unocal conducted periodic safety inspections to identify and correct hazards, yet failed to correct the dangerous, recklessly and/or negligently built and maintained work platform.  Despite periodic safety reviews to check hazards in the building, defendants failed to take any necessary corrective action. Contractor and their employees, such as Larry Grove, reasonably expected that Unocal would maintain its premises in a reasonably safe condition, and Unocal failed to do so.

### SECOND CAUSE OF ACTION – NEGLIGENCE

25.   Plaintiffs restate, reclaim, replead and reallege paragraphs 1 through 24, and are incorporated herein by reference.

26.   The defendants are negligent and liable under common law for constructing an unsafe work platform and failing to maintain said work platform, failure to maintain the room in a safe condition, and failing to warn foreseeable users of the unsafe construction and maintenance.

### THIRD CAUSE OF ACTION – NEGLIGENT MAINTENANCE/PREMISES LIABILITY OF ROOM

27.   Plaintiffs restate, reclaim, replead and reallege paragraphs 1 through 26, and are incorporated herein by reference.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

28.   Defendants failed to adequately maintain the premises.  The filter room was poorly lit and the poor lighting prevented users of the platform from observing the unsafe condition of the components of the work platform.

FOURTH CAUSE OF ACTION – STRICT LIABILITY

29.   Plaintiffs restate, reclaim, replead and reallege paragraphs 1 through 28, and are incorporated herein by reference.

30.   The defendants are liable for the dangerous and/or defective work platform, which would foreseeably be used by contractors to Unocal in performing their work.

FIFTH CAUSE OF ACTION – SPOILATION OF EVIDENCE

31.   Plaintiffs restate, reclaim, replead and reallege paragraphs 1 through 30, and are incorporated herein by reference.

32.   Defendants, through its employees and/or agents, destroyed the work platform and its components, and threw the parts away, when defendants knew, or reasonably should have known, that the plaintiffs would file personal injury claims arising from the accident of September 9, 2002. The defendants have destroyed crucial evidence many months after the accident, and a finding of liability or an adverse inference that the work platform was dangerous, defective, negligently build and maintained, recklessly built and

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

maintained, inadequately maintained and inspected, and that the collapse was caused by the inadequate construction, maintenance or inspection is appropriate.  Plaintiffs are entitled to damages for the destruction of evidence that could establish defendants' liability.

### SIXTH CAUSE OF ACTION – PUNITIVE DAMAGES

33.  Plaintiffs restate, reclaim, replead and reallege paragraphs 1 through 32, and are incorporated herein by reference.

34.  Defendants are liable for punitive damages for defendants' reckless indifference to the safety of others in constructing, and allowing unwary visitors to use a dangerous, defectively constructed and inadequately maintained/inspected scaffold in an amount sufficient to punish and deter such action in the future, taking into account the culpability of the conduct and the financial worth of the defendants, and their risks of harm to users of the work platform.

35.  Defendant Unocal's conduct was outrageous, calling for the imposition of punitive damages to be borne by defendants due to contractual arrangements whereby Unocal attempted to require contractors to indemnify Unocal for injuries to contractor's employees caused by defendants' defective, dangerous, negligently constructed, maintained and

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Page 10

inspected platform, and thus defendants showed callous/reckless disregard for injuries to contractors/employees such as Larry Grove by allowing contractors and employees to needlessly be exposed to hazards it was Unocal's responsibility to prevent/eliminate.

36.  Additionally, punitive damages are warranted due to the bad faith vexatious conduct of the defendants in removing/destroying the evidence to the detriment of the plaintiffs, and in attempting to cover up the spoliation of evidence by attempting to claim the date of destruction was shortly after the accident, contrary to the evidence, destroying the evidence with knowledge of a potential personal injury action and covering up Unocal's own responsibility for the construction, maintenance and destruction of the work platform, in an appropriate amount to punish and deter such conduct.

**WHEREFORE**, the plaintiffs pray for the following relief:

a.   Compensatory damages against defendant Unocal as to plaintiff Lawrence H. Grove in excess of $2,000,000;

b.   Compensatory damages against defendant Unocal as to plaintiff Cynthia Grove in excess of $500,000;

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

   c. Compensatory damages against defendant Unocal as to plaintiffs Sarah Grove and Michael Grove in excess of $250,000 each;

   d. Punitive damages against defendant Unocal in excess of $1,000,000; and

   e. Costs, interest and attorney's fees. RESPECTFULLY SUBMITTED this 27th day of March, 2006.

        WEIDNER & ASSOCIATES, INC.
        Counsel for Plaintiffs

        s/ Phillip Paul Weidner
        WEIDNER & ASSOCIATES, INC.
        330 L Street, Suite 200
        Anchorage, AK  99501
        Phone (907) 276-1200
        Fax (907) 278-6571
        E-mail: jgreene@weidner-justice.com
        ABA 7305032

CERTIFICATE OF SERVICE
I hereby certify that on March 27, 2006 a copy of the foregoing Plaintiff's Motion to Amend Complaint was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC

s/ Phillip Paul Weidner