Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) By and through his father LAWRENCE H. GROVE, <br><br> Plaintiffs, <br> v. <br><br> UNOCAL CORPORATION, <br><br> Defendant. | ) ) ) ) ) Case No. Case No.A04-0096 CV ) (JKS) ) ) ) ) ) ) ) |

**ORDER**

The Court having considered plaintiffs' **RULE 37 MOTION FOR DEFAULT AGAINST DEFENDANT AS SANCTION FOR WILLFUL BAD FAITH NON-COMPLIANCE WITH DISCOVERY AND/OR ORDER COMPELLING DISCLOSURE/DISCOVERY**, and any and all opposition thereto, it is hereby ORDERED:

    1.    The Court finds that defendant Unocal destroyed the work platform and component parts thereto following an OSHA investigation, when they knew, or should have

known, that the complaining witness to that OSHA investigation, plaintiff Larry Grove, could foreseeably file a lawsuit regarding the injuries he sustained when the work platform collapsed. Furthermore, Unocal knew, or should have known, that such a lawsuit was likely in light of the fact that OSHA was in the process of finding fault against Unocal for the work platform that was affixed to the filter room on the mechanical floor at the Unocal building at 909 West 9th Avenue, Anchorage, Alaska;

2. Additionally, the court finds that defendant Unocal has willfully and in bad faith been in non-compliance with legitimate discovery requests by the plaintiffs, and has failed time and again to respond to discovery, and it is proper to pose a sanction of default against defendant in conjunction with the spoliation of evidence. The court therefore finds that liability is established as against Unocal and the issues in this case to be resolved is that of the damages sustained by the plaintiffs;

3. In light of the failure of Unocal to cooperate in discovery, the destruction of critical evidence, the work platform, and the fact that Unocal has had a contractual relationship with Siemens Building

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Technologies, Inc. whereby Unocal could require Siemens to indemnify Unocal for Unocal's failure to adequately maintain a structure that employees of Siemens would be utilizing, the court hereby finds that, in light of the spoliation of evidence, and the evasion of discovery, and the contract that would allegedly pass the indemnification on to Siemens, that it is proper to find a default judgment as to punitive damages, with only the amount of damages to be determined at trial;

4. Defendant Unocal, in addition, will be required to comply with discovery, including the following:

   a. verify all discovery responses;
   b. provide for a search of all records in Unocal's possession concerning the work platform;
   c. immediately produce all documents that were required to be produced at the Siemens Building Technologies, Inc. Rule 30(b)(6) deposition;
   d. immediately verify all discovery responses that have not been verified;
   e. immediately supplement all discovery responses that are incorrect;
   f. immediately produce all documents that have not been produced in discovery, including any and all

records of safety meetings and any and all memos regarding the work platform and Larry Grove, and any and all correspondence and documents between Siemens and Unocal, and any and all documents regarding the OSHA investigation;

g.  defendant Unocal will immediately make available for deposition any and all Rule 30(b)(6) people most knowledgeable as set out in plaintiffs' Motion, Memorandum, Affidavit and attached exhibits;

h.  defendant will immediately clarify the extent of attorney/client privilege as to various witnesses;

i.  defendant will agree to a protocol for the inspection of the bolts, washers and nuts at an appropriate facility, preferably one near the location of plaintiffs' metallurgic expert. If defendant has no good faith basis for objecting to the use of the facility proposed by plaintiffs, then that facility shall be selected. Such a decision shall be made within the next 10 days;

j.  defendant shall answer all interrogatory requests that they have failed to answer under the claim

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

that plaintiffs have exceed 25 interrogatories. Instead of going through a debate as to whether or not each interrogatory includes subparts that should therefore exceed 25, plaintiffs will be allowed an additional \_\_\_\_, all plaintiffs' interrogatories presently outstanding shall be answered, but any future interrogatories, plaintiffs will first seek permission of the court to obtain any further interrogatory answers.

DATED:_____    _____
                            UNITED STATES DISTRICT COURT JUDGE

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2006 a copy of the foregoing Order Re: Plaintiff's **RULE 37 MOTION FOR DEFAULT AGAINST DEFENDANT AS SANCTION FOR WILLFUL BAD FAITH NON-COMPLIANCE WITH DISCOVERY AND/OR ORDER COMPELLING DISCLOSURE/DISCOVERY** was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC

s/ Phillip Paul Weidner

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571