Phillip Paul Weidner
Weidner & Associates, Inc.
     330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


LAWRENCE H. GROVE, CYNTHIA )
GROVE, SARAH GROVE, and,        )
MICHAEL GROVE (DOB 1/21/88) by)
and through his father          )
LAWRENCE H. GROVE,              ) Case No.A04-0096 CV (JKS)
                                )
          Plaintiffs,           )
     v.                         )
                                )
UNOCAL CORPORATION,             )
                                )
          Defendant.            )
_____)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF RULE 37 MOTION FOR DEFAULT AGAINST DEFENDANT AS SANCTION FOR WILLFUL BAD FAITH NON-COMPLIANCE WITH DISCOVERY AND/OR ORDER COMPELLING DISCLOSURE/DISCOVERY**

INTRODUCTION

          COME NOW plaintiffs, LAWRENCE H. GROVE, CYNTHIA GROVE,

SARAH GROVE, and MICHAEL GROVE, a minor (DOB 1-21-88), by and

through his natural father, LAWRENCE H. GROVE, by and through

counsel, Phillip Paul Weidner of Phillip Paul Weidner &

Associates, Inc., a Professional Corporation; and hereby move

*Weidner & Associates*
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

the court, pursuant to Federal Rules of Civil Procedure 37 for
an order to sanction defendant for massive, pervasive,
continuous, willful, bad faith, purposeful non-compliance with
discovery, and further for destruction and discarding of a work
platform that collapsed injuring plaintiff Larry Grove on
September 9, 2002 after defendant was aware of Mr. Grove's
injury, and after defendant was aware of safety violations that
resulted in an OSHA investigation, depriving plaintiffs of
critical evidence.

Furthermore, defendant, in addition alternatively should be
required to make full disclosures as required by Federal Rule of
Civil Procedure 26(a); to verify answers to interrogatories as
required under Federal Rules of Civil Procedure 33(b); to fully
identify and produce documents that are supposed to be produced,
but said documents were not disclosed or made available to
plaintiffs; to allow the plaintiffs to inspect records of
defendant as requested under Federal Rules of Civil Procedure
34; for failure to answer properly proposed interrogatories by
claiming, incorrectly and in bad faith, that the plaintiffs have
exceeded the number of interrogatories allowed under the rules
(or in the alternative, allow the plaintiffs to submit
additional interrogatories in excess of the allowed number
without motion), and for providing evasive, incomplete

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

disclosure, answers, or responses to plaintiffs' discovery
requests.

SUMMARY OF LAW

In Bratka v. Anheuser-Busch Co., 164 F.R.D. 448 (S.D.
Ohio 1995) the court noted that if litigants are to have
any faith in the discovery process, litigants must know
parties cannot fail to produce, cannot fail to disclose,
cannot fail to comply with discovery requests for relevant
information with impunity. "Parties cannot be permitted
to jeopardize integrity of discovery process by engaging
in halfhearted ineffective efforts to identify and produce
relevant documents." This is one of the many failures by
defendant in the discovery process herein. See Affidavit
of Michael Cohn attached hereto.

Plaintiffs are seeking sanctions of default and also
Order compelling discovery pursuant to Federal Rule of
Civil Procedure 37. The predominant purpose of Rule 37 is
to punish non-compliance with discovery and pretrial
orders. Resolution Trust Corporation v. Wilson M.
Williams, et al., 165 F.R.D. 639 (D.C. KN. 1996). A
direct order is not needed under Rule 37(a) or (b) for the
court to issue sanctions under subsection (d) for willful
failure to comply. Alexander v. FBI, 186 F.R.D. 200 (D.C.
Dist. Court). The court is not required to make specific

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

findings that counsel instructed the party to evade discovery before imposing sanctions.  The rule is sufficient to impose sanctions where the attorney advises and/or oversees the discovery responses.  <u>DeVaney v. Continental AM. Inc. Co.</u>, 989 F.2d 1154 (11th Cir. 1993).

A party is under an obligation to produce documents that have been wrongfully withheld or to supplement discovery once the party becomes aware that there were material false statements in response to discovery. <u>Schreiber Foods, Inc. v. Beatrice Cheese, Inc.</u>, 402 F.3d 1198 (5th Cir. 2005) includes an obligation by counsel to promptly correct misinformation provided in discovery responses.  Furthermore, belated compliance with discovery by a party does not preclude appropriate sanctions for non-compliance.  <u>Payne v. Exxon Corporation</u>, 121 F.3d 503 (9th Cir. 1997).

In this case there have been massive, willful, bad faith non-compliance with plaintiffs' discovery requests, which have vastly complicated this case, impeded plaintiffs' ability to pursue this action and/or has delayed resolution of this matter, and said impediments are continuing to the present date.

A.   <u>HISTORY OF DEFENDANT'S WILFUL BAD FAITH, NON-COMPLIANCE AND FAILURE TO MAKE DISCOVERY</u>

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

1.    **DEFENDANT HAS FAILED TO VERIFY DISCOVERY ANSWERS CONTRARY TO THE REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiffs have promulgated a number of discovery requests to defendant during the course of this litigation.  Despite repeated requests to do so, it appears defendant has apparently failed to verify its Response to Plaintiffs' First Discovery Request, its Response to Plaintiffs' Third Discovery Requests, its Response to Plaintiffs' Third (sic) Discovery Requests, its Response to Plaintiffs' Fifth Discovery Requests, Defendants Supplemental Response to Plaintiffs' Fifth Discovery Requests, Defendants Second Supplemental Response to Plaintiffs' Fifth Discovery Requests (and indeed the defense has indicated that it will file a Third Supplemental Response to Plaintiffs' Fifth Discovery Request, and this motion encompasses the request that the defendant verify any third supplemental response to Plaintiffs' Fifth Discovery Requests), Response to Plaintiffs' Ninth Discovery Requests, and defendant's Response to Plaintiffs' Tenth Discovery Requests.  Defendant has verified its Response to Plaintiffs' Second Discovery Requests, Plaintiffs' Sixth Discovery Requests and Plaintiffs' Seventh Discovery Requests.[1]

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

---

[1] Plaintiffs' Eighth Discovery Requests were only Requests for Production, hence no verification is required.

The Federal Rules of Civil Procedure require that the answers to interrogatories be verified by the party.  See Federal Rule of Civil Procedure 33(b).  See also <u>Monroe v. Ridley</u>, 135 F.R.D. 1 (D.C. Dist. Court 1990).  Plaintiffs respectfully request that the court order defendant to verify all responses to plaintiffs' interrogatory requests at once, that have not been verified to date, and order that, in regard to any future discovery responses to plaintiffs' interrogatories, that any such answers will be verified as required by the law.  Defendant continues to flaunt the requirements of the rule by ignoring plaintiffs repeated requests that these discovery responses be verified.  See Affidavit of Michael Cohn.

      2. **FAILURE TO COMPLY WITH PLAINTIFFS' NOTICE OF FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) DEPOSITION DUCES TECUM OF SIEMENS BUILDING TECHNOLIGIES, INC. AND SUBPOENA**

Plaintiffs' counsel contacted Siemens Building Technologies, Inc. to obtain certain documents relevant to the issues in this litigation including, but not limited to, the work platform, which collapsed on September 9, 2002 causing the serious and permanent ankle injuries sustained by plaintiff Larry Grove.  Namely, defendant has repeatedly (and as it turns out due to receipt of OSHA records, falsely) claimed in numerous discovery responses that on information and belief, the work

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

platform which was affixed to the Unocal building at 909 West 9th
Avenue, Anchorage, Alaska, had been built and/or erected by
Siemens Building Technologies, Inc.  Plaintiff, Larry Grove, was
an employee of Siemens Building Technologies, Inc.  Siemens
Building Technologies, Inc. had a contract with defendant Unocal
to service the filter room and change the air filters on the
penthouse floor of said building.  Plaintiff attempted to obtain
all such records in the possession of Siemens Building
Technologies, Inc. that would show whether or not Siemens
Building Technologies, Inc. had any involvement in the
construction or maintenance of the work platform fixed to the
structure in the filter room at the Unocal building.

Plaintiffs' counsel contacted Siemens Building
Technologies, Inc. to obtain the records that are pertinent in
this litigation in regard to the Siemens/Unocal contract, and in
response received a letter back from Unocal counsel indicating
that all such requests for documents from Siemens Building
Technologies, Inc. should be funneled through counsel for
Unocal.  Though repeated efforts were made to have counsel for
Unocal explain their relationship with Siemens Building
Technologies, Inc., defense counsel has not been forthcoming.
In any event, in light of the representation by Unocal,
plaintiffs set the records deposition for Siemens Building
Technologies, Inc.  Defense counsel for Unocal then indicated

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

that for purposes of that deposition that defense counsel for Unocal would be representing Siemens Building Technologies, Inc.

Doug Schutte, a Service Manager with Siemens Building Technologies, Inc., was assigned the task of complying with the plaintiffs' Re-notice of Records Deposition and Subpoena. See 30(b)(6) Siemens Building Technologies, Inc. deposition of February 3, 2006 at page 5. Mr. Schutte produced, pursuant to the deposition, a copy of work orders that Siemens Building Technologies, Inc. had on file for the service contract between Siemens Building Technologies, Inc. and Unocal for the contract of May, 2000. See deposition at page 15. On page 27 of said deposition was the following question and answer:

> **QUESTION:** If Siemens had any involvement in construction, the maintenance, or tearing down that platform, would you expect that those records would be part of the service work orders that are part of Exhibit 5, provided it was for the particular year involved?
>
> **ANSWER:** Yes.
>
> **QUESTION:** I would ask again that all the previous contracts, that we get the same records for those, including the service work orders, and that would be for the previous contracts in effect. And I think this question would cover it too but is Siemens the successor of Gyr & Landis? Is that the name of the company?
>
> **ANSWER:** Landis & Gyr. Siemens is the successor.
>
> **QUESTION:** So if Landis & Gyr, for example, had the contract with Unocal before, would those records also be stored up in the archives.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

**ANSWER:** Yes.

Id. At 27.

Mr. Schutte also acknowledged that the previous records would have been retained for contracts prior to 2000, and stored in the archives, and that they had a records index system whereby the records could be located. Id. at 9-11. These records should have been produced at the records deposition, and to this date plaintiff has not received these records, despite a written request. See Affidavit of Michael Cohn. As defense counsel for Unocal also purports to be representing Siemens Building Technologies, Inc. at the deposition, it was incumbent upon them to comply with the discovery and produce the records to plaintiffs.

The court is requested to order immediate production of the records that were wrongfully withheld at the 30(b)(6) records deposition of Siemens Building Technologies, Inc., which despite requests by plaintiffs' counsel, have been ignored. See Affidavit of Michael Cohn.

Furthermore, there was a box of documents that Mr. Schutte found on his desk, and after several questions, it was revealed that this box of documents had been returned to Siemens by defendant Unocal's counsel. Mr. Schutte appeared to have no knowledge as to how that box got there, but went through the documents and it contained payroll records, including payroll

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

records for Mr. Grove.  Defense has declined to provide the payroll records of Mr. Grove to this present date, which are records properly discoverable.  Defense counsel Liam Moran, who was there on behalf of defense counsel for Unocal and also representing Mr. Schutte and Siemens, claimed the information was not discoverable because it contained undeleted payroll information on individuals other than Mr. Grove.  The records have not been produced to the present date as far as plaintiffs know.  Furthermore, when Mr. Schutte was asked that if the information was private as to all these other individuals, why all these documents were turned over to the Clapp Peterson law firm, he did not know.  All payroll records regarding Mr. Grove should be turned over to plaintiffs' counsel immediately as required under the civil rules.

3.    **FAILURE TO TURN OVER DOCUMENTS OR EXPLAIN RELATIONSHIP BETWEEN UNOCAL/SIEMENS**

In plaintiffs' Eighth Discovery Requests, plaintiffs asked for any and all correspondence and documents between Unocal and Siemens Building Technologies, Inc. in regard to the accident involving Larry Grove and/or the contract between Siemens and Unocal, and any proceeding subsequent contracts and documents concerning performance by Siemens and/or responsibilities under the contract, etc.  Unocal responded by producing a September 17, 2004 letter in which it tendered the defense and indemnity of Mr. Grove's claims to Siemens, pursuant to Section 6 of the

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Siemens/Unocal Contract.  The letter was signed by Assistant Counsel for Unocal, Marc D. Bond.  The documents are identified as DEF01106-01107.  Defendant has failed to produce any response from Siemens to this letter, and any other correspondence regarding same.  When counsel for defendant Unocal, John Thorsness, was asked about the tender of defense on March 3, 2006, he responded by stating that plaintiffs should send discovery requests.

Plaintiffs do not believe an additional discovery request is required to produce the documents which are encompassed by plaintiffs Eighth Discovery Requests, and which are properly discoverable and relevant on issues pertaining to Siemens Building Technologies, Inc. or Siemens' employee's credibility, bias, or pecuniary interests.  Therefore, plaintiffs respectfully request that the court order Unocal to produce any and all documents responsive to the tender offer made by Unocal to Siemens Building Technologies, Inc. to plaintiffs at once.

**4.    FAILURE BY UNOCAL TO ALLOW INSPECTION OF UNOCAL RECORDS BY PLAINTIFFS**

In plaintiffs' First Discovery Requests to defendant, Interrogatory No. 1 (d) requested the following:

> The location of building records for the building, including any and all archives wherein records concerning the procurement of materials and supplies for erecting the work platform/scaffold subject of this litigation may be located.  If no such records exist, please explain.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

In defendant's (unverified) responses to plaintiffs' First Discovery Requests, answer to that question contained the following response:

> … because Unocal did not erect the subject platform/scaffold, questions pertaining to the location of records concerning procurement of materials and supplies in connection therewith should be directed to the parties most knowledgeable concerning the subject platform/scaffold as identified above.

The parties Unocal indicated were most knowledgeable was Siemens, a claim which has been repeated in numerous discovery responses, which is simply untrue.  Unocal also claimed that Siemens would be most knowledgeable concerning the subject work platform/scaffold.  However, regardless of whether that was true or not, which it most decidedly is not based on the state of the evidence that plaintiffs have been able to discover to date, it is apparent that the erection of a work platform within a building affixed to the structure, would require authorization by Unocal supervisors or management and/or authorization to venders to do so, as well as payment to venders for materials and labor in erecting the fixture to the Unocal building, as well as inspection/approval of the finished structure by Unocal.  The answer by Unocal is evasive/deceptive and non-responsive.  Such a structure would either be designed/built by Unocal or even if contracted out, would be subject to approval and inspection by Unocal.  NONE of these

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

records have been produced, or even searched for by Unocal.  See

<u>Bratka</u>, supra, 164 F.R.D. 448 (halfhearted and ineffective efforts

to identify and produce relevant documents undermines integrity of

discovery process).

        In plaintiffs' Ninth Discovery Requests to defendant,

plaintiffs referenced the answer to the response to Interrogatory

No. 1 (d) quoted above, and asked for the right to inspect the

building records of Unocal "for all records pertaining to the work

platform/scaffold, subject to this litigation, including, but not

limited to, erection, procurement, authorization, approval,

maintenance, repair, removal, AK OSHA investigation, correspondence

between Unocal and contractor regarding the mechanical room where

the air filters are located, and where Larry Grove was injured, and

further, policies and procedures including construction of

additions/fixtures/scaffolding in building, safety rules,

authorization to construct/build/alter/maintain/repair of the

building.  In addition, any and all records of safety or

maintenance inspections of the building are included in this

request."  The response by defense was:

        With prior appointment, the <u>original documents</u>
        <u>produced in this case</u> are available for inspection.
        The location of the inspection will be determined.
        (Emphasis added).

    This answer is in bad faith, willful evasion and non-

compliance with discovery.  The answer simply states that the

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

plaintiffs will be allowed to review the documents that have already been produced to plaintiffs in this case.  There is no mention in there of allowing the plaintiffs to inspect the archives and discover the documents in this matter that are requested in the requests for inspection.  As noted previously, it is the belief of plaintiffs that defendant Unocal failed to make any inspection for any of the records requested in regard to the work platform/scaffold, which should exist, unless the records have been destroyed in regard to the building.

If the records in regard to the building since its erection/construction have not been destroyed, then they are stored in archives where documents should exist concerning the work platform, which was affixed to the filter room on the penthouse mechanical floor at the Unocal building.  Such an answer is a complete evasion of the request in discovery, and makes a mockery of litigation.  Plaintiffs respectfully request that the court order defendant Unocal to allow an inspection of said records, but not simply allow defendant to give plaintiff access to archives or storage which may contain hundreds of thousands or millions of documents, but to make a good faith effort to indicate how the records are stored and cataloged so that the pertinent records can be inspected to determine whether any such documents are available and have not been destroyed in this matter.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

5.    **DEFENDANT HAS FAILED TO DISCLOSE RELEVANT DOCUMENTS PURSUANT TO RULE 26(a) RELEVANT DOCUMENTS IN INITIAL DISCLOSURES AND RELEVANT DOCUMENTS RESPONSIVE TO PLAINTIFFS' DISCOVERY REQUESTS**

In regard to the records in this case, OSHA records that have recently been received by plaintiffs' counsel identify a number of documents, including a March 7, 2003 memorandum by Building Manager Roxanne Sinz, that for some reason has never been produced to plaintiffs' counsel.  Furthermore, none of the Siemens OSHA records have been produced to plaintiffs' counsel, and indeed at the deposition of Mr. Schutte he indicated that he could not locate said records.  Plaintiffs are aware that said documents had been in existence, and they must be somewhere.  Equally unbelievable is the failure of Unocal to have records regarding the investigation conducted by OSHA, and it is submitted that the defendant has simply not turned over the documents that they have had in their possession from the beginning of this litigation.

Defendant has failed to diligently search through their records to find any records regarding the work platform, and likewise failed to produce records regarding the Unocal/Siemens correspondence and work orders that would not only be in the possession of Siemens, but such work orders would have been in the Unocal records.  Thus, when Siemens has turned over work orders for the most recent Siemens/Unocal contract, it is simply not to be believed that Unocal would not have copies of work orders and

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

authorizations given to Siemens for work that Siemens performed at the Unocal building pursuant to their contracts.  None of these documents apparently have been located, or even searched for by Unocal or turned over to plaintiffs' counsel.

At the telephonic deposition of Archie Cook, former Human Resources Manager at the Unocal building, taken on March 15, 2006, Mr. Cook acknowledged that there have been management meetings every week, and that every incident, no matter how minor, would be discussed.  He also indicated that there had been follow-ups in regard to the OSHA investigation/Larry Grove accident, and that they had meetings which were attended by Roxanne Sinz, the Operations Manager, legal counsel, Asset Manager, Safety Manager (Harry Eaton), and Business Development Manager.  None of these records concerning any management meeting have been turned over to the plaintiffs.  He also acknowledged that there had been safety inspections conducted periodically on the building by safety technicians pursuant to the Health and Safety Environmental Manager, who happened to be Harry Eaton.  At least one of these safety inspections had been conducted by Safety Technician Ken Burns.  The purpose of said inspections was to find out what was hazardous in the building.  Plaintiffs have not received the safety inspections for the building from the defendants.

In regard to the objects such as a work platform, Mr. Cook indicated that the Engineering Department, whose head was

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Scott Hansen, would determine appropriate design and "that sort of stuff" for Unocal.  Yet, there are no records that have been obtained, though requested from Unocal pertaining to the work platform, including any documentation regarding the design for the platform, whether or not said design was approved, whether or not said platform was authorized by Unocal, and whether or not said platform was inspected by Unocal, etc.  Unocal has simply failed to produce virtually any documentation.

Mr. Cook indicated that in regard to any activities such as building a work platform within the building would be subject to a purchase requisition, which would be translated into a purchase order, and then as the Human Resources Manager he would have to sign a purchase requisition.  Whether it was done on Mr. Cook's tenure, or the tenure of the previous manager at the Unocal building, Unocal has failed to turn over any purchase requisition/purchase order forms, or any other documentation regarding the work platform.  All they have done is belatedly, and recently at the deposition of Paul Crapps, admitted that the work platform was destroyed, and the evidence in this case discarded. Luckily for plaintiffs, Mr. Grove had returned to the site of the accident the day after his accident, and retrieved some of the broken sheared bolts.  Defendant in fact filed a Motion for Sanctions compelling plaintiffs to return the bolts to custody of defendant, while at the same time defendants have previously

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

destroyed all the other evidence in this case.  If plaintiff had

not retrieved some of this evidence, all of the evidence pertaining

to the work platform would have been destroyed and discarded by

defendant.

The defendant's actions in regard to discovery in this

matter have been an overwhelming failure to comply, and shows a

pervasive willfulness and bad faith conduct in the discovery

process.

6.    **FAILURE TO ANSWER INTERROGATORIES**

Plaintiffs have submitted a number of interrogatory

requests and in fact, the failure of defendant to fully answer

previous interrogatories has led plaintiffs to ask for additional

interrogatories to explain the answers given previously.  For

example, in defendant's response to plaintiffs' First Discovery

Requests and Second Discovery Requests, they repeatedly referred to

on information and belief that Siemens Building Technologies, Inc.

constructed the work platform and/or owned the work platform,

without revealing where this information and belief was derived

from.  Thus, this led to subsequent questions asking where this

information or belief was derived upon, upon which, in response to

plaintiffs' Third Discovery Requests a list of names were provided,

many of whom have been contacted by plaintiffs' counsel, and in

fact have no knowledge of the allegations that were made as to

Siemens Building Technologies, Inc.'s relationship to the work

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

platform that had been mentioned in numerous discovery responses of defendant, including responses to the First, Second, and Third Discovery Requests of plaintiffs.  In addition, two of the seven individuals listed, Paul Crapps and Archie Cook, were deposed and have no knowledge of the owner/builder of the work platform.

Plaintiffs sent out additional discovery requests this year, and counsel for Unocal has now claimed that plaintiffs have exceeded the number of interrogatories allowed.  Plaintiffs' counsel sent a letter disputing that plaintiffs have exceeded the number of interrogatories, and the counsel for Unocal has recently sent back a letter in which she explains how they derived their number.  For example, in plaintiffs' Seventh Discovery Requests to defendant, counsel indicates that Interrogatory No. 1 should be counted as six separate interrogatory requests.  This request, which asks Unocal to identify the person or persons who have entered the filter room since the accident involving Larry Grove, and to also explain when they came in, what they did there, and why they did what they did, and whether they took any videos, etc., defendant has taken the bad faith position that asking who, what, where, why, when are separate questions, even though they all relate to the same question, so that she could then come up with a total number that will exceed the 25 permitted under the rules by the time we get to the Ninth Discovery Requests.  Not only is this in bad faith, but the specificity that the plaintiffs have set out

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

in certain discovery requests was necessitated by the evasiveness of the defendant's answers to previous discovery requests. Plaintiffs respectfully request that the court order defendant to answer all interrogatory requests that defendants have refused to answer in the Ninth, Tenth, and onward interrogatory requests on the basis of fallacious claim that plaintiffs have exceed the interrogatory numbers allowed. Alternatively, plaintiffs respectfully request that, in light of the circumstances, the court permit plaintiffs to exceed any alleged interrogatories over 25 and require defendant to answer the interrogatories that they have refused to even provide any response to at the present date.

> 7. **UNOCAL HAS FAILED TO COMPY WITH DISCOVERY AS TO PLAINTIFFS' FIFTH DISCOVERY REQUESTS DESPITE A MOTION TO COMPEL**

At the present time there is still outstanding a Motion to Compel in regard to the failure of Unocal to answer plaintiffs' Fifth Discovery Requests, and despite the answers that have been given in the Supplement to Fifth Discovery Requests and the Second Supplement to Fifth Discovery Requests are deficient. That is, the initial response and the two subsequent supplements are all unverified, and therefore are not in compliance with the civil rules. Furthermore, the first response was totally non-responsive, and the first and second supplements are false and therefore are evasion of the discovery rules. Plaintiffs respectfully request

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

that the court grant the motions, and order compliance under the Federal rules.

8.   **DEFENDANT HAS FAILED TO RESPOND TO REQUESTS FOR TESTING OF EVIDENCE**

Following the Motion for Sanctions, and the requirement pursuant to Court Order that the plaintiffs turn over the sheared bolts that were in the safekeeping of plaintiffs' counsel to defense counsel, plaintiffs therefore were not in a position to be able to send the bolts to their metallurgist for inspection and testing. Subsequently, plaintiffs have been attempting to reach accommodation with defense counsel in regard to the testing of the only bits of evidence that remain as to the platform (as noted previously, defendants destroyed the rest of the evidence) for testing in a laboratory near Oakland Airport. See correspondence attached to the Affidavit of Michael Cohn. Defense counsel has failed to respond to plaintiffs' counsel's requests for inspection and testing. Plaintiffs' counsel had their expert, Dr. Balser, even submit a protocol for the inspection, which has been submitted twice to defense counsel, and defense counsel has not responded. One of the problems is that expert deadlines are rapidly approaching, and there still has been no commitment by defense counsel to allow for the inspection and testing of the bolts and other material retrieved by plaintiff Larry Grove following his accident of September 9, 2002 when the work platform collapsed.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Accordingly, plaintiffs respectfully request that the court order the defendant to cooperate in discovery and allow for the inspection and testing as set out by plaintiffs' expert, which would be equally accessible and open to defense counsel.[2]

### 9.  FAILURE TO MAKE GOOD FAITH EFFORTS TO ANSWER DISCOVERY/PROVIDING FALSE INFORMATION

As previously noted, the defendant, through its agents, has consistently failed to answer discovery.  In the first three discovery responses, defendant falsely claimed that they have no records of the work platform (without actually looking for said records), and attempted to misdirect plaintiffs' attention by claiming that the platform was owned or created by Mr. Grove's employer, Siemens Building Technologies, Inc.  Defendant did so despite the knowledge, which has been learned by plaintiffs through the OSHA records and contact with witnesses, that Unocal had admitted that the platform in question had been in existence well before Siemens had even began operating as a contractor for Unocal in the building servicing the heating and ventilation and air conditioning systems in the building.  Furthermore, defendant has failed to answer discovery, has falsely claimed that the work

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

---

[2] Note that the laboratory in question was utilized in a previous case (<u>Keisha Norton, et al. v. Nissan/Takata, et al.</u>, Case No. 3AN-97-8297 CI) involving a quadriplegic child resulting from an automobile accident in which a co-counsel to defense counsel herein, expressed satisfaction with the testing facility that was utilized in that case.

platform was destroyed a few days after the accident, which would

then mean that the OSHA inspectors had an imaginary platform that

they inspected and photographed in March of 2003, which is so

ludicrous as to be not worthy of additional comment.  Despite

plaintiffs repeated requests for relevant information, defendant

has stonewalled and willfully and comprehensively and virtually

completely failed to respond to discovery requests, failed to

adequately respond to requests for information in letters sent by

plaintiffs' counsel, and has just thoroughly and completely and

comprehensively decided to obstruct the litigation process.  See

Affidavit of Michael Cohn.  Defendants should be required to comply

with discovery.

> ### 10.  FAILURE TO TURN OVER WORK PLATFORM/COMPONENT PARTS/SPOILATION OF EVIDENCE

As was revealed during the deposition of Paul Crapps,

taken on March 3, 2006, the work platform at issue in this case was

destroyed by defendant.  Though Mr. Crapps has claimed

incredulously that he destroyed the platform in September of 2002

following the accident involving Mr. Grove, in point of fact, the

OSHA investigators came out and inspected the platform in March of

2003, and there are records from OSHA that reveal that Mr. Crapps

destroyed the platform under the advice of Roxanne Sinz and Ken

Burns, Unocal Management, following the OSHA inspection of March

2003.  What is insidious about the destruction of the platform is

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

that at the time the parties were well aware that Mr. Grove had
been injured, and that Mr. Grove had initiated the OSHA complaint.
Unocal knew, or reasonably should have known, that Mr. Grove may
take further legal action.

In addition, what make it ironic and equally shocking is
that, as the court may recall, approximately one year ago following
a letter by plaintiffs' counsel that the hardware, that is bolts
and other pieces that Mr. Grove had retrieved from the filter room
following the collapse of the work platform, was in the possession
of plaintiffs' counsel and was to be sent to plaintiffs'
metallurgist for inspection to determine the cause for the failure
of the bolts, defendant Unocal demanded that its property be
returned at once, and also in letters and in subsequent verbal
communications defense counsel claimed that Mr. Grove had stolen
Unocal property.  In point of fact, as plaintiffs set out in
Opposition to a Motion for Sanctions, though defendant claims this
information had been concealed by plaintiffs, in fact possession of
the bolts had been revealed in plaintiffs' Initial Disclosures and
in response to discovery requests.  In any event, the bolts were
ordered returned to the possession of Unocal, subject to further
testing, which as noted above, has not occurred because defendant
has been unwilling to respond or agree to a protocol in regard to
the testing of the bolts.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

As noted previously, following the big uproar unnecessarily created by defense counsel as to the bolts, plaintiffs conducted discovery to find out what had happened to the rest of the work platform, including the remaining bolts and hardware, the brackets and the planks, and it was only at the deposition of Mr. Crapps that it was finally revealed that all of this evidence had been destroyed by defendant.  As shall be set out in the following subsection, plaintiffs herein are seeking a motion for Default Order on the basis of (1) the destruction of crucial evidence; and (2) the subversion of the discovery process.

In regard to spoliation of evidence, it is recognized that it is the inherent power of the Federal Courts to issue whatever sanctions is felt appropriate, including default judgment, or an inference of liability for the destruction of evidence.  See Medical Laboratory Management Consultants v. American Broadcasting Company, Inc., 306 F.3d 806 (9th Cir. 2002).  Default judgment can be appropriate when a party destroys evidence that would be discoverable, and the party knew or should have known, that the evidence was relevant to pending, imminent, or reasonably foreseeable litigation.  See Gates Rubber Company v. Embardo Chemical Industries, 167 F.R.D. 90, 101 (D.C. Colo. 1996). Plaintiffs seek as a sanction a default judgment for the spoliation of evidence and the evasion of discovery, however, for purposes of any disclosure that must be made, plaintiffs request the court

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

order the defendant to turn over any relevant documents, including memos, correspondence, and other documentation as to the decision to destroy the platform and its component parts made by defendant, including but not limited to, management meetings, safety meetings, etc.

### 11.  **FAILURE TO APPEAR/ATTEND DEPOSITIONS**

Plaintiffs had scheduled the depositions of Unocal management employees, Kevin Tabler and Roxanne Sinz, for March 6, 2006 and March 7, 2006 respectively.  Defendant's counsel failed to move to quash said depositions, and simply refused to have deponents show up for said depositions.  Defendant should be compelled to have said deponents attend depositions.  Sanctions are proper for failure to appear at depositions.  <u>Provision Flow Techs. v. CVD Equip. Corp.,</u> 198 F.R.D. 33 N.Y. N.D. 2000) and 140 F. Supp.2nd 195 N.D. NY 2001).

### 12.  **FAILURE TO SCHEDULE DEPOSITIONS**

Plaintiffs have been seeking to depose a number of Unocal employees for quite a period of time, and the defendant has been tardy in arranging for said depositions.  While defendant has unilaterally cancelled or failed to have Mr. Tabler and Ms. Sinz appear for depositions in the beginning of March 2006, defendants have failed to provide alternate dates for said deponents.  In addition, there are a number of other witnesses that plaintiffs have requested be deposed, and have heard nothing back from

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

defendant, these include Unocal management employees such as Ken Burns, who was a participant in the OSHA investigation, and also apparently conducted safety inspections of the building on behalf of Unocal; Mark Bond, who participated in the OSHA investigation on behalf of Unocal, and also has allegedly verified certain discovery responses, (plaintiffs also seek to depose Mr. Bond as to his knowledge of the information that he was allegedly verifying in response to discovery requests).  In addition, plaintiffs seek to do Rule 30(b)(6) depositions of people most knowledgeable concerning certain issues in regard to this litigation, including the following:

(a) the ownership/maintenance of the work platform;

(b) the construction/inspection of the work platform;

(c) the dismantling and destruction of the work platform, including but not limited to all individuals who had a role in the decision to destroy the work platform following the OSHA investigation;

(d) regarding the contracts between Siemens Building Technologies, Inc./Unocal;

(e) regarding the tender of defense and/or acceptance of tender by Unocal to Siemens and any and all indemnification agreements between Siemens and Unocal;

(f) the exact attorney/client relationship between Siemens and defense counsel for Unocal;

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

(g) the individuals most knowledgeable concerning the records retained and received by Unocal in regard to the OSHA investigation, including all records in the possession of Unocal regarding the OSHA investigation, and, where said records are kept, and the date said records were received by Unocal;

(h) the person or persons most knowledgeable regarding the system by which records in the archives of Unocal are kept so that records that pertain to erection of the work platform in the Unocal building can be located in the archives, this includes any and all work orders/payment records, etc.;

(i) person or persons most knowledgeable regarding the notice to Unocal of the injuries sustained by Larry Grove, the cause of the initiation of the OSHA investigation;

(j) any and all persons most knowledgeable concerning the potential of a civil action by Mr. Grove arising out of the accident of September 9, 2002 at the Unocal building; and

(k) most knowledgeable concerning the discovery answers by Unocal as to our discovery requests.

That is, plaintiffs are not interested in playing find the pebble under the right shell by simply deposing one Unocal employee

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

after another, only to learn that said individual has no knowledge or information of any importance. Thus, it is incumbent upon defendant to produce the people or persons most knowledgeable concerning issues in litigation, including the work platform, the discovery responses that were provided by Unocal in this matter, the contract between Unocal and Siemens, the record keeping policy of Unocal, safety inspections by Unocal of the building, and also several of the different grounds raised above. Plaintiffs respectfully request that the court compel defendant to set up times for said depositions, following full disclosure by defendant, or else allow plaintiffs to unilaterally set the depositions, or if defendant is unwilling to make individuals available, to simply enter a default judgment against defendant.[3]

### 13.  INAPPROPRIATE INVOCATION OF ATTORNEY/CLIENT PRIVILEGE

At the two depositions that have gone forward as to Unocal employees, counsel for defendant has invoked attorney/client privilege. That is, it has invoked attorney/client privilege as to Paul Crapps, presently a Unocal employee who actually dismantled and destroyed the work platform at the request of Unocal management. Mr. Crapps was allegedly not a direct employee of

---

[3] Note that, for example, a deponent that the defendant claims they could not locate to determine whether or not he could attend deposition, was easily found by plaintiffs' counsel by simply calling a telephone number that had been provided by defense counsel in response to Plaintiffs' Third Discovery Requests.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Unocal at the time of the destruction of the platform, and Mr.

Crapps is not a management personnel.  Thus, it is unclear the

basis upon which the defendant can claim attorney/client privilege

as to Mr. Crapps.

At the recent deposition of <u>retired</u> Unocal manager,

Archie Cook, defense counsel invoked attorney/client privilege.

Mr. Cook was not designated as subject to attorney/client privilege

in previous responses to plaintiffs' discovery requests, and

apparently defense counsel seeks to broaden the range of

attorney/client privilege to cover a former Unocal employee, and

indeed perhaps all Unocal employees, past, present and future.

Plaintiffs assert this is an inappropriate invocation of

attorney/client privilege, and the plaintiffs request guidance from

the court as to the limitation of the attorney/client privilege

that can be raised and invoked by defense counsel in this case as

to fact witnesses.

B.    <u>PLAINTIFFS REQUEST THAT THE COURT ENTER A DEFAULT
      JUDGMENT FOR THE SPOILATION OF EVIDENCE/WILLFUL BAD FAITH
      NON-COMPLIANCE WITH DISCOVERY.</u>

As noted previously, defendant destroyed the work

platform and its components, which are crucial evidence in this

case.  In addition, defendant has been obstruction discovery from

the outset, and has either willfully and in bad faith failed to

respond and/or provided untruthful information in response to

discovery, which has greatly increased the complexity of this

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

litigation, has undermined the discovery process, and is deserving
of sanctions under the law.  The courts note that preservation of
documents and availability of same is essential to the orderly and
expeditious disposition of litigation, and that document
destruction impedes the litigation process and merits sanctions.
In Re: Prudential Insurance Company of AM. Sales, Practices
Litigation, 169 F.R.D. 598 (D.C. N.J. 1997).  A proper sanction is
preclusion of the defense for failure to comply with discovery,
Oklahoma Federated Gold and Numismatics v. Blodgett, 24 F.3d 136
(10th Cir. Okla. 1994); Millsap v. McDonald Douglas Corp., 162 F.
Supp.2d 1262 (N.D. Okla. 2001).  When there has been bad faith and
callous disregard of discovery, default is appropriate.  Winters v.
Textron, Inc., 187 F.R.D. 518 (M.B. Pa. 1999).  Default is
appropriate for delayed and essentially inadequate responses, FDIC
v. Daily, 973 F.2d 1525 (10th Cir. 1992).  Repeated and inexcusable
obstruction amounts to willfulness and makes default judgment
appropriate as a sanction under Rule 37.  Wanderer v. Johnson, 910
F.2d 652 (9th Cir. 1990).  When a plaintiff submitted false and
misleading answers throughout discovery, dismissal was a proper
sanction.  Archibeque v. Atchison, J. & S.F. Ry 70 F.3d 1172 (10th
Cir. 1995).  Default is proper for flaunting basic discovery
obligations.  Fair Housing of Marin v. Combs, 285 F.3d 899 (9th Cir.
2002).  Failure to submit complete responses supported dismissal as
a sanction.  Henry v. Gill Industries, Inc., 983 F.2d 943 (9th Cir.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

1993).  Furthermore, even if the defendant in this case belatedly complies with discovery, the court is not precluded from default judgment as a sanction under its inherent power.  <u>Payne v. Exxon Corporation</u>, 121 F.3d 503 (9th Cir. 1997).

For all the cases cited throughout this pleading, including this additional authority, and in light of the massive, unrelenting and continuous willful and bad faith evasion, obstruction, and non-compliance with discovery, plaintiffs respectfully submit that a default order on liability is warranted in this case.  However, defendant should still be required to comply with discovery, as it is still relevant to other issues, including that of the amount for recklessness by defense.  If in fact the defendant fails to comply then plaintiffs would also request that a default order be entered, not just as to liability, but also as to punitive conduct, and that the only issue that remains to be resolved in this litigation is the extent of the damages sustained by the plaintiffs herein.

<u>CONCLUSION</u>

For the reasons set forth above, and for the reasons which are supported by the accompanying Affidavit of Counsel, and exhibits attached hereto, it is hereby requested that the court enter a default judgment against Unocal, and further require defendant Unocal to fully comply with discovery.

RESPECTFULLY SUBMITTED this 28th day of March 2006.

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

WEIDNER & ASSOCIATES, INC.
Counsel for Plaintiffs

s/ Phillip Paul Weidner
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail: jgreene@weidner-justice.com
ABA 7305032

CERTIFICATE OF SERVICE
I hereby certify that on March 28th, 2006 a copy of the
foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF RULE 37 MOTION
FOR DEFAULT AGAINST DEFENDANT AS SANCTION FOR WILLFUL BAD FAITH
NON-COMPLIANCE WITH DISCOVERY AND/OR ORDER COMPELLING
DISCLOSURE/DISCOVERY** was served electronically on John B.
Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness,
LLC
s/ Phillip Paul Weidner

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200 Fax (907) 278-6571