FILE COPY

RECEIVED

OCT 0 4 2004

WEIDNER & ASSOCIATES

Brewster H. Jamieson, ASBA No. 8411122
Shannon W. Martin, ASBA 0105028
LANE POWELL SPEARS LUBERSKY LLP
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:  907-276-2631
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

LAWRENCE H. GROVE, CYNTHIA
GROVE, SARAH GROVE, and MICHAEL
GROVE (DOB 1/21/88) by and through his
father LAWRENCE H. GROVE,

　　　　　　　　　　　Plaintiffs,

v.

UNOCAL CORPORATION,

　　　　　　　　　　　Defendant.

Case No. A04-0096 CV (JKS)

**DEFENDANT'S RESPONSES
TO PLAINTIFFS FIRST
DISCOVERY REQUESTS**

COMES NOW defendant, by and through counsel, pursuant to Civil Rules 33, 34, and 36, and hereby responds to the following discovery requests:

### INTERROGATORIES

**INTERROGATORY NO. 1**: Please set out:

　　a.　If you own the building at 909 West 9th Avenue, set out how long you have owned the building (and if not the owner, identify all owners since the building was constructed, and years of ownership);

　　b.　when the building was constructed, and by whom;

　　c.　the person or persons most knowledgeable concerning the work platform/ scaffold involved in the accident in which Larry Grove was injured, including current or retired Unocal employees, and last known address and telephone number;

LANE
POWELL
SPEARS
LUBERSKY
LLP

*Law Offices*

*Suite 301
301 W. Northern
Lights Blvd.
Anchorage, AK
99503-2648*

*(907) 277-9511
Telephone*

*(907) 276-2631
Facsimile*

EXHIBIT 1

10.4.04

    d.    The location of building records for the building, including any and all archives wherein records concerning the procurement of materials and supplies for erecting the work platform/scaffold subject of this litigation may be located. If no such records exist, please explain.

ANSWER:

    a.    Unocal has been the sole owner of the described office building since approximately 1969.

    b.    Upon information and belief, M-B Contracting Company constructed the described office building in 1969.

    c.    Upon information and belief, plaintiff and his employer, Siemens Building Technologies, Inc., are the most knowledgeable concerning the subject work platform/scaffold.

    d.    Objection. Overly broad with respect to the term "building records." Without waving the foregoing objection, any and all records pertaining to the erection and construction of the Unocal office building are kept at the Unocal office building. However, because Unocal did not erect the subject platform/scaffold, questions pertaining to the location of records concerning procurement of materials and supplies in connection therewith should be directed to the parties most knowledgeable concerning the subject platform/scaffold as identified above.

INTERROGATORY NO. 2: Please identify the owner of the work platform/ scaffold involved in the accident.

ANSWER: Upon information and belief, Siemens Building Technologies, Inc. is the owner of the described platform/scaffold.

INTERROGATORY NO. 3: If your answer to any request for admission is not an unqualified admission, please explain.

ANSWER: See individual responses to requests for admissions.

### REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1: Please admit Unocal was the owner of the work platform/scaffold involved in the accident in which Larry Grove was injured as of the date of his injury.

RESPONSE: Denied. Please see response to Interrogatory No. 2.

LANE
POWELL
SPEARS
LUBERSKY
LLP

Law Offices

Suite 301
301 W. Northern
Lights Blvd.
Anchorage, AK
99503-2648

(907) 277-9511
Telephone

(907) 276-2631
Facsimile

**Defendant's Responses to Plaintiff's First Discovery Requests**
*Groves, et al., v. UNOCAL Corporation (Case No. A04-0098 CV (JKS)*


EXHIBIT ___

REQUEST FOR ADMISSION NO. 2: Please admit that Unocal had the authority to repair the work platform/scaffold involved in the accident in which Larry Grove was injured as of the date of his injury.

RESPONSE: Neither admitted nor denied. The request assumes that Unocal had an obligation to monitor, inspect and repair a piece of equipment used exclusively by its subcontractor, Siemens Building Technologies, Inc. in connection with HVAC services exclusively performed by Siemens.

REQUEST FOR ADMISSION NO. 3: Please admit that Unocal knew that workmen utilized the work platform/scaffold Larry Grove was utilizing at the time of his accident.

RESPONSE: Denied.

REQUEST FOR ADMISSION NO. 4: Please admit that the work platform/scaffold was in violation of OSHA regulations at the time of Larry Grove's accident.

RESPONSE: Admit only that the subject platform/scaffold was in violation of 29 CFR 1910.23(c)(1), which sets forth the requirements for standard railings and toeboards.

REQUEST FOR ADMISSION NO. 5: Please admit that the work platform/scaffold was defectively designed.

RESPONSE: Objection. Vague and ambiguous with respect to the term "defectively designed." Calls for a legal conclusion. Without waving the foregoing, the request is neither admitted nor denied because it assumes that Unocal played a role in designing, erecting, or constructing the subject platform/scaffold.

REQUEST FOR ADMISSION NO. 6: Please admit that the work platform/scaffold was defectively constructed.

RESPONSE: Objection. Vague and ambiguous with respect to the term "defectively designed." Calls for a legal conclusion. Without waving the foregoing, the request is neither admitted nor denied because it assumes that Unocal played a role in designing, erecting, or constructing the subject platform/scaffold.

REQUEST FOR ADMISSION NO. 7: Please admit that the work platform/scaffold was not maintained.

LANE
POWELL
SPEARS
LUBERSKY
LLP

Law Offices

Suite 301
301 W. Northern
Lights Blvd.
Anchorage, AK
99503-2648

(907) 277-9511
Telephone

(907) 276-2631
Facsimile

Defendant's Responses to Plaintiff's First Discovery Requests
*Groves, et al., v. UNOCAL Corporation* (Case No. A04-0098 CV (JKS))

EXHIBIT 

Page 3 of 5

RESPONSE: Neither admitted nor denied. The request assumes that Unocal had an obligation to monitor, inspect and repair a piece of equipment used exclusively by its subcontractor, Siemens Building Technologies, Inc. in connection with HVAC services exclusively performed by Siemens.

### REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 41(sic): Please produce any documents that support your answers to Interrogatories No. 1-3 and/or Requests for Admission No. 1-7.

RESPONSE: Objections noted above are incorporated by reference herein. Without waving the foregoing, enclosed please find DEF No. 00064 through 00151

DATED this 4th day of October, 2004.

LANE POWELL SPEARS LUBERSKY LLP
Attorneys for Defendant

By [signature]
Shannon W. Martin, ASBA 0105028

I certify that on October 4, 2004, a copy of the foregoing was served by hand on:

Phillip Paul Weidner, Esq.
Law Offices of Phillip Paul Weidner
330 L Street, Suite 200
Anchorage, Alaska 99501-5916

Nanci L. Biggerstaff, CPS, PLS
017351.0039/143937.1

LANE POWELL SPEARS LUBERSKY LLP

*Law Offices*

*Suite 301*
*301 W. Northern Lights Blvd.*
*Anchorage, AK 99503-2648*

*(907) 277-9511 Telephone*

*(907) 276-2631 Facsimile*

EXHIBIT 1

**Defendant's Responses to Plaintiff's First Discovery Requests**
*Groves, et al., v. UNOCAL Corporation (Case No. A04-0098 CV (JKS)*

## VERIFICATION CERTIFICATE

STATE OF ALASKA

THIRD JUDICIAL DISTRICT  } ss.

I, Marc Bond, being first duly sworn upon oath, deposes and states that I am the Assistant Counsel at Unocal Corp. in Anchorage, Alaska. I have reviewed the answers to interrogatories contained in Plaintiffs' First Discovery Requests to Unocal Corporation, dated August 30, 2004 (hand delivered August 31, 2004), and to the best of my knowledge and belief, the answers are true and complete.

By: Marc Bond
Its: Assistant Counsel

SUBSCRIBED AND SWORN TO THIS ____ day of October, 2004, at Anchorage, Alaska.

_____
Notary in and for the State of Alaska
My commission expires:_____

EXHIBIT ____

Defendant's Responses to Plaintiff's First Discovery Requests
Groves, et al., v. UNOCAL Corporation (Case No. A04-0098 CV (JKS)

Page 5

INVITATION LIST
UNION OIL COMPANY OF CALIFORN[IA]
DEDICATION
OFFICE BUILDING 9TH & I STREET

AIRLINES AND AIRCRAFT CHARTER (10)

Alaska Airlines, Inc.
International Airport
Seattle, Washington 98158

    Bladder, Preston L.
    President

P. O. Box 6143
Anchorage, Alaska 99502

    Skousen, John
    Station Manager - Anchorage

ERA Helicopters
P. O. Box 762
Anchorage, Alaska 99501

✓     Brady, Carl F.
    President

Northwest Airlines, Inc.
P. O. Box 6007
Anchorage, Alaska 99502

    Chernich, Robert B.
    District Sales Manager

Pan American World Airways Inc.
P. O. Box 6228 Annex
Anchorage, Alaska 99501

    Hartje, Leroy
    Manager of Operations

Reeve Aleutian Airways
P. O. Box 559
Anchorage, Alaska 99501

    Reeve, Robert C.
    President

EXHIBIT