John B. Thorsness
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9273
jthorsness@cpsattorneys.com
Attorney for Defendant Unocal Alaska

**RECEIVED**
JUN 2 8 2005
WEIDNER & ASSOCIATES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | Case No. A04-0096 CV (JKS) |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S THIRD (sic) DISCOVERY REQUESTS

Defendant, Unocal Corporation, by and through its counsel of record, Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC, submits its response to Plaintiffs Third (sic) Discovery Requests to Unocal Corporation Pursuant to Federal Rule of Civil Procedure 26, 33 and 36, dated May 10, 2005, as follows:

Defendant's Responses to Plaintiff's 3rd (sic) Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 1 of 12

EXHIBIT 4 

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska that collapsed while Larry Grove was on a business visit as an employee of Siemens Building Technologies on September 11, 2002, to replace air filters was a fixture to the building.

**RESPONSE:** Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while plaintiff was on a "business visit". Unocal also objects to the term "fixture". Without waiving the foregoing, the request is neither admitted nor denied. Unocal is not aware at this time of how the planks were attached to the metal frame.

**REQUEST FOR ADMISSION NO. 2:** Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska that collapsed while Larry Grove was on a business visit as an employee of Siemens Building Technologies on September 11, 2002 was in existence prior to the contract between Siemens and UNOCAL for HVAC services.

**RESPONSE:** Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while plaintiff was on a "business visit". Without waiving the foregoing, the request is neither admitted nor denied. Admit that Grove worked for Siemens. Upon information and belief, Unocal believes that the work platform was erected in some

Defendant's Responses to Plaintiff's 3rd (sic) Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 2 of 12

EXHIBIT 4

form prior to the Siemen's contract assumption, but is unable to confirm at this time when the platform was erected.

**REQUEST FOR ADMISSION NO. 3**: Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska that collapsed while Larry Grove was on a business visit as an employee of Siemens Building Technologies on September 11, 2002 was in existence prior to the contract between Landis & Gyr Powers, Inc. and UNOCAL for HVAC services.

**RESPONSE**: Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while plaintiff was on a "business visit". Without waiving the foregoing, the request is neither admitted nor denied. Unocal does not have knowledge and is unable at this time to confirm when the work platform was erected.

**REQUEST FOR ADMISSION NO. 4**: Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska that collapsed while Larry Grove was on a business visit as an employee of Siemens Building Technologies on September 11, 2002 was built with the authorization of UNOCAL.

**RESPONSE:** Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while plaintiff was on a "business visit". Without waiving the foregoing, the request is denied. Unocal does not have knowledge and is unable at this time to confirm when the work platform was erected.

Defendant's Responses to Plaintiff's 3rd (sic) Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 3 of 12

EXHIBIT 4

**REQUEST FOR ADMISSION NO. 5**: Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska that collapsed while Larry Grove was on a business visit as an employee of Siemens Building Technologies on September 11, 2002 was constructed by UNOCAL employees.

**RESPONSE:** Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while plaintiff was on a "business visit". Without waiving the foregoing, the request is denied.

**REQUEST FOR ADMISSION NO. 6**: Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska that collapsed while Larry Grove was on a business visit as an employee of Siemens Building Technologies on September 11, 2002 was known by UNOCAL management to be in existence prior to the accident.

**RESPONSE**: Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while plaintiff was on a "business visit". Without waiving the foregoing, the request is neither admitted nor denied. Unocal's building supervisor was aware of the existence of the work platform prior to the accident, but Unocal is unable at this time to confirm whether its management was aware of the existence of the work platform.

**REQUEST FOR ADMISSION NO. 7**: Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage,

Defendant's Responses to Plaintiff's 3rd (sic) Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 4 of 12


EXHIBIT 4

Alaska that collapsed while Larry Grove was on a business visit as an employee of Siemens Building Technologies on September 11, 2002 was known by UNOCAL management to be in existence and was inspected prior to the accident by UNOCAL employees.

**RESPONSE:** Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while plaintiff was on a "business visit". Without waiving the foregoing, the request is denied.

**REQUEST FOR ADMISSION NO. 8**: Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W 9th Avenue, Anchorage, Alaska that collapsed while Larry Grove was on a business visit as an employee of Siemens Building Technologies on September 11, 2002 was maintained by UNOCAL.

**RESPONSE:** Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while plaintiff was on a "business visit". Without waiving the foregoing, the request is denied.

**REQUEST FOR ADMISSION NO. 9**: Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska that collapsed while Larry Grove was on a business visit as an employee of

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Defendant's Responses to Plaintiff's 3rd (sic) Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 5 of 12

EXHIBIT 4

Siemens Building Technologies on September 11, 2002 was a structure that UNOCAL had the right to remove.

**RESPONSE:** Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while plaintiff was on a "business visit". Calls for legal conclusion. Without waiving the foregoing, the request is denied.

**REQUEST FOR ADMISSION NO. 10:** Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska that collapsed while Larry Grove was on a business visit as an employee of Siemens Building Technologies on September 11, 2002 was a structure that UNOCAL had the right to inspect.

**RESPONSE:** Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while plaintiff was on a "business visit". Calls for legal conclusion. Without waiving the foregoing, the request is denied.

**REQUEST FOR ADMISSION NO. 11:** Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska that collapsed while Larry Grove was on a business visit as an employee of Siemens Building Technologies on September 11, 2002 was a structure that UNOCAL had the right to maintain.

**RESPONSE:** Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while

Defendant's Responses to Plaintiff's 3rd (sic) Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 6 of 12

EXHIBIT 4

plaintiff was on a "business visit". Calls for legal conclusion. Without waiving the foregoing, the request is denied.

**REQUEST FOR ADMISSION NO. 12**: Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska that collapsed while Larry Grove was on a business visit as an employee of Siemens Building Technologies on September 11, 2002 was a structure that did not comply with OSHA standards.

**RESPONSE**: Objection. Vague and assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed" while plaintiff was on a "business visit". Without waiving the foregoing, Unocal admits only that the subject work platform was in violation of 29 CFR 1910.23(c)(1), which sets forth the requirements for standard railings and toeboards.

**REQUEST FOR ADMISSION NO. 13**: Please admit that UNOCAL had the duty to maintain the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska in a reasonably safe condition for visitors.

**RESPONSE**: Objection. Vague. Relevance. "Visitors" is not defined. The entire Unocal Building is not at issue. Calls for legal conclusion. Without waiving the foregoing, the request is admitted.

**REQUEST FOR ADMISSION NO. 14**: Please admit that the work platform in the mechanical room at the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska was not in a reasonably safe condition for its intended function at the time that Larry Grove was injured.

Defendant's Responses to Plaintiff's 3rd (sic) Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 7 of 12

EXHIBIT 4

**RESPONSE**: Objection. The request assumes that Unocal had an obligation to monitor, inspect and repair a piece of equipment used exclusively by its subcontractor, Siemens Building Technologies, Inc., in connection with HVAC services exclusively performed by Siemens. Denied.

**REQUEST FOR ADMISSION NO. 15**: Please admit the contract between UNOCAL and Landis & Gyr Powers, Inc. for the provision of HVAC services by Landis to the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska provided that the Client, i.e., UNOCAL, "shall provide reasonable means of access to the equipment being serviced." (DEF 01037).

**RESPONSE**: Objection. The contract speaks for itself.

**REQUEST FOR ADMISSION NO. 16**: Please admit the contract between UNOCAL and Landis & Gyr Powers, Inc. for the provision of HVAC services by Landis to the UNOCAL Building at 909 W. 9th Avenue, Anchorage, Alaska provided that Landis & Gyr "shall not be responsible for any removal, replacement or refinishing of the building structure." (DEF 01037).

**RESPONSE**: Objection. The contract speaks for itself.

**REQUEST FOR ADMISSION NO. 17**: Please admit that Siemens Building Technologies, Inc. became the assignee of the contract for HVAC services between Landis & Gyr Powers, Inc. and UNOCAL as set out in DEF 01040.

**RESPONSE**: Objection, no date or contract is specified in this request. Assuming Plaintiff is referring to the Master Service Contract #3282-ONS dated

Defendant's Responses to Plaintiff's 3rd (sic) Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 8 of 12

EXHIBIT 4

April 18, 1994, and the Assignment of Contract #2382-ONS (transposed on the Assignment), dated June 27, 2000, admitted.

**REQUEST FOR ADMISSION NO. 18:** Please admit UNOCAL owned the work platform that collapsed on September 11, 2002 in the mechanical room at the UNOCAL building at 909 W. 9th Avenue, Anchorage, Alaska.

**RESPONSE:** Objection. Assumes facts not in evidence. Discovery is ongoing and there is no objective evidence to show that the subject platform "collapsed". Without waiving the foregoing, the request is denied. Unocal does not have knowledge and is unable at this time to confirm who owned the work platform.

### INTERROGATORIES

**INTERROGATORY NO. 1:** If your answers to any Requests for Admission are other than an unqualified admission, please explain the basis for said response.

**ANSWER:** See individual Responses.

**INTERROGATORY NO. 2:** Please describe the full dimensional structure of the work platform involved in the accident on September 11, 2002 in which Larry Grove was injured, including length, width, thickness, height, as well as materials used (type of wood, bolts) and how it was affixed to wall.

**ANSWER:** Unocal does not have knowledge and is unable at this time to describe the full dimensional structure of the work platform. This request

Defendant's Responses to Plaintiff's 3rd (sic) Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 9 of 12

EXHIBIT 4

assumes that Unocal played a role in designing, erecting, or construction of the subject work platform, which it denies.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please provide any documents responsive to Interrogatory No. 1.

**RESPONSE:** No additional documents at this time.

**REQUEST FOR PRODUCTION NO. 2:** Please provide drawings detailing the work platform referenced in Interrogatory No. 2 and any and all documents supporting your Answer to Interrogatory No. 2.

**RESPONSE:** No known documents.

DATED at Anchorage, Alaska, this 27th day of June, 2005.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

By _____
John B. Thorsness, #8211154

Defendant's Responses to Plaintiff's 3rd (sic) Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 10 of 12

EXHIBIT 4

# VERIFICATION

STATE OF ALASKA            )
                           ) ss.
THIRD JUDICIAL DISTRICT    )

I, _____, the _____ of defendant Unocal Corporation, being first duly sworn upon oath, depose and state:

1. I have read the foregoing discovery requests propounded by plaintiff and understand the contents thereof;

2. I have responded to the foregoing discovery requests, and signed this Verification freely and voluntarily for the purposes set forth therein in my capacity as the _____ of Unocal Corporation.;

3. I verify that the information contained herein is true and to the best of my knowledge; and

4. I verify that I have provided all the information known to me at this time and that I am under an obligation to up-date and supplement my responses in the future if any answer is found to be incorrect or I gain additional information



EXHIBIT 4

which would change any answer.

DATED at Anchorage, Alaska, this ___ day of June, 2005.

_____

SUBSCRIBED AND SWORN to before me this ___ day of _____ 2005.

_____
Notary Public in and for the State of Alaska
My Commission Expires:_____

Certificate of Service:

I certify that a copy of this document was mailed _X_, faxed ___, hand delivered ___ on June 27, 2005, to the following:

Phillip P. Weidner Esq.
330 L Street, Suite 200
Anchorage AK 99501

By: _____

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Defendant's Responses to Plaintiff's 3rd (sic) Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 12 of 12

EXHIBIT 4