FILE COPY

John B. Thorsness
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9273
jthorsness@cpsattorneys.com
Attorney for Defendant Unocal Alaska

RECEIVED
DEC 21 2005
WEIDNER & ASSOCIATES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,

   Plaintiffs,

vs.

UNOCAL CORPORATION,

   Defendant.

Case No. A04-0096 CV (JKS)

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIFTH DISCOVERY REQUESTS

Defendant, Unocal Corporation, by and through its counsel of record, Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC, submits its response to Plaintiffs Fifth Discovery Requests to Unocal Corporation Pursuant to Federal Rule of Civil Procedure 26, 33 and 36, dated May 19, 2005, as follows:

Defendant's Supplemental Responses to Plaintiff's 5th Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 1 of 4

EXHIBIT 5

## INTERROGATORIES

**INTERROGATORY NO. 1:** : Please explain what happened to the work platform in the mechanical room of the Unocal Building at 909 West 9th Avenue, Anchorage, Alaska following the accident involving Larry Grove. Specifically, please explain:

1. Where is the work platform and its parts, including bolts;

2. Who took down and/or removed the work platform (identify the individual, his job title and employer at the time of disassembly/removal of the platform, last know address and telephone number);

3. What happened to the work platform and its parts after removal from the mechanical room, including where was it stored, who had custody, how long it was stored, and ultimately what happened to the work platform.

**ANSWER:** Unocal does not currently know the whereabouts of the work platform or the identity of the person or persons who removed it. Lawrence Grove has admitted that he returned to the room the day after his mishap and removed items that were not his property from the Unocal premises.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please provide any and all documents responsive to Interrogatory No. 1.

**RESPONSE:** See Answer to Interrogatory No. 1.

Defendant's Supplemental Responses to Plaintiff's 5th Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 2 of 4

EXHIBIT 5

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

DATED at Anchorage, Alaska, this 16th day of December, 2005.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

By_____
Linda J. Johnson  #8911070

## VERIFICATION

STATE OF ALASKA      )
                     ) ss.
THIRD JUDICIAL DISTRICT )

I, _____, the _____ of defendant Unocal Corporation, being first duly sworn upon oath, depose and state:

1. I have read the foregoing discovery requests propounded by plaintiff and understand the contents thereof;

2. I have responded to the foregoing discovery requests, and signed this Verification freely and voluntarily for the purposes set forth therein in my capacity as the _____ of Unocal Corporation.;

3. I verify that the information contained herein is true and to the best of my knowledge; and

4. I verify that I have provided all the information known to me at this time and that I am under an obligation to up-date and supplement my responses in

Defendant's Supplemental Responses to Plaintiff's 5th Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 3 of 4

EXHIBIT 5

the future if any answer is found to be incorrect or I gain additional information which would change any answer.

DATED at Anchorage, Alaska, this ___ day of December, 2005.

_____

SUBSCRIBED AND SWORN to before me this ____ day of _____ 2005.

_____
Notary Public in and for the State of Alaska
My Commission Expires:_____

Certificate of Service:

I certify that a copy of this document was mailed ✓, faxed ____, hand delivered ____ on December 16, 2005, to the following:

Phillip P. Weidner Esq.
330 L Street, Suite 200
Anchorage AK 99501

By: _____

Defendant's Supplemental Responses to Plaintiff's 5th Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 4 of 4

EXHIBIT 5

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

RECEIVED

MAR 0 1 2006

WEIDNER & ASSOCIATES

John B. Thorsness
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9273
jthorsness@cpsattorneys.com
Attorney for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,

Plaintiffs,

vs.

UNOCAL CORPORATION,

Defendant.

Case No. A04-0096 CV (JKS)

## DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIFTH DISCOVERY REQUESTS

Defendant, Unocal Corporation, by and through its counsel of record, Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC, submits its response to Plaintiffs Fifth Discovery Requests to Unocal Corporation Pursuant to Federal Rule of Civil Procedure 26, 33 and 36, dated May 19, 2005, as follows:

Defendant's Second Supplemental Responses to Plaintiff's 5th Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 1 of 5


EXHIBIT 5

## INTERROGATORIES

**INTERROGATORY NO. 1:** : Please explain what happened to the work platform in the mechanical room of the Unocal Building at 909 West 9th Avenue, Anchorage, Alaska following the accident involving Larry Grove. Specifically, please explain:

1. Where is the work platform and its parts, including bolts;

2. Who took down and/or removed the work platform (identify the individual, his job title and employer at the time of disassembly/removal of the platform, last know address and telephone number);

3. What happened to the work platform and its parts after removal from the mechanical room, including where was it stored, who had custody, how long it was stored, and ultimately what happened to the work platform.

**ANSWER:**

1. Defendant does not know the current location of the boards that once made up the platform that is the subject matter of this litigation ("platform"); plaintiff has given sworn testimony that he removed parts of the platform hardware subsequent to the alleged incident; counsel for plaintiff has turned over parts of the platform hardware to counsel for defendant that were purportedly part of the platform and removed by plaintiff; counsel for defendant has various parts that counsel for plaintiff and defendant collected and photographed during an

Defendant's Second Supplemental Responses to Plaintiff's 5th Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 2 of 5

EXHIBIT 5

inspection of the filter room on January 24, 2006, that may have once been a part or parts of the platform hardware; defendant believes that parts of the platform hardware were discarded.

2. Defendant believes that Paul Crapps removed the scaffolding from inside the filter room within a few days of the alleged incident. At that time, Paul Crapps' title was Building Services Coordinator and he provided services to Union Oil Company of California through Kelly Services. Mr. Crapps' contact information has been previously provided.

3. Upon information and belief, Paul Crapps placed metal pieces of the platform in a trash can located outside the filter room. Subsequent to removing the platform from the filter room, Mr. Crapps has attempted to locate boards that were part of the platform, but has been unable to do so. Defendant does not know the current location of the boards.

DATED at Anchorage, Alaska, this 1st day of March, 2006.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

By /s/ Linda J. Johnson
Linda J. Johnson #8911070

Defendant's Second Supplemental Responses to Plaintiff's 5th Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 3 of 5

EXHIBIT 5

1  Certificate of Service:

2  I certify that a copy of this document was mailed _____,
3  faxed _____, hand delivered _X_ on March _1_, 2006, to the following:

4  Phillip P. Weidner Esq.
   330 L Street, Suite 200
5  Anchorage AK 99501

6  By: /s/ [signature]

Defendant's Second Supplemental Responses to Plaintiff's 5th Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 4 of 5

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

# VERIFICATION

STATE OF ALASKA          )
                         ) ss.
THIRD JUDICIAL DISTRICT  )

I, _____, being first duly sworn upon oath, depose and state that I have reviewed the foregoing Answers to Interrogatories, and they are correct to the best of my knowledge and belief.

Union Oil Company of California

By:_____
Printed Name:_____
Title:_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2006.

_____
Notary Public in and for Alaska
My Commission Expires:_____

Certificate of Service:

I certify that a copy of this document was mailed _____, faxed _____, hand delivered _____ on March _____, 2006, to the following:

Phillip P. Weidner Esq.
330 L Street, Suite 200
Anchorage AK 99501

By:_____

Defendant's Second Supplemental Responses to Plaintiff's 5th Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 5 of 5

EXHIBIT 5

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586