CLAPP • PETERSON
VAN FLEIN • TIEMESSEN • THORSNESS
LLC

FILE COPY

ANCHORAGE

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

FAIRBANKS

John J. Tiemessen
David A. Carlson

Marcus R. Clapp, ret.

April 1, 2005

**VIA FAX**
278-6571

Michael Cohn
Weidener & Associates
330 L Street
Anchorage, AK 99501

RECEIVED
APR 04 2005
WEIDNER & ASSOCIATES

Re: *Grove v. Unocal*
Our File No. 5759-4

Dear Michael:

Thank you for your letter informing us that your office is in possession of the bolts at issue. It is highly unusual for the plaintiff to be in possession of materials which clearly do not belong to him. We wish to take possession of the bolts. If you wish to have an expert examine them, we can help arrange for their shipment. We will send a courier over for the bolts on Monday.

Sincerely,

Linda J. Johnson

EXHIBIT 13-A

711 H Street, Suite 620 • Anchorage, Alaska 99501-3454
phone • 907-272-9272 email • anch@cpsattorneys.com fax • 907-272-9586

FILE COPY

LAW OFFICES
PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

April 4, 2005

Linda J. Johnson
Clapp Peterson Van Flein
Tiemessen & Thorsness, LLC
711 H St., Ste. 620
Anchorage, AK 99501-3454

*Via fax to (907)272-9586*
*& U.S. Mail*

Re: Grove v. Unocal
Case No. A04-0096 CV (JKS)

Dear Ms. Johnson:

As you know, this firm represents Mr. Grove in the above-referenced matter. Michael Cohn and I are working as co-counsel for Mr. Grove in that regard.

I am writing in response to your letter of April 1, 2005 to Mr. Cohn.

In your letter you state in part, concerning the fact our "…office is in possession of the bolts at issue", you "wish to take possession of the bolts", and you will "…send a courier over for the bolts on Monday[sic]".

Without any limited or general waiver of the attorney/client privilege, we advise you, as we in turn were informed, the bolts were preserved shortly after the subject accident in order to insure their availability as crucial evidence in the case, and to avoid any potential or actual spoliation of evidence.

We have been maintaining possession of the bolts in an appropriate fashion to insure that there is no such spoliation, and intend to continue to maintain possession and/or an appropriate chain of custody.

We also intend to proceed in an appropriate fashion to have them examined and tested, in order to satisfy any evidence requirements as to the plaintiff's causes of action.

We are willing to cooperate with you in that regard, in terms of providing you with notice of any further examination or testing, as well as attempting to agree to a protocol for same, and allowing the appropriate representatives of your clients and/or experts to participate as necessary.

EXHIBIT 13-B

4-4-05

CLAPP • PETERSON
VAN FLEIN • TIEMESSEN • THORSNESS
LLC

FILE COPY

ANCHORAGE

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

FAIRBANKS

John J. Tiemessen
David A. Carlson

Marcus R. Clapp, ret.

RECEIVED
APR 06 2005
WEIDNER & ASSOCIATES

April 5, 2005

Phillip P. Weidner Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

Re: Grove v. Unocal
Our File No. 5759-4

Dear Mr. Weidner:

Thank you for your letter regarding possession of the bolts. I understand that it would be convenient for your firm to retain possession of the bolts. However, they do not belong to the plaintiff and do not belong in your case. We do require that they be returned. There is no credible evidence that spoliation will occur if the transfer of possession takes place so this is not a valid argument.

I did expect to pick up the bolts yesterday and I understand that you did not return my secretary's call.

Your letter states that you refuse to release the bolts without a "specific agreement" or a court order. Before I file a motion for a court order, please explain in writing what agreement you expect. If you give us possession of the bolts, we will of course cooperate with testing.

Sincerely,

Linda J. Johnson

EXHIBIT 13-C

711 H Street, Suite 620 • Anchorage, Alaska 99501-3454
phone • 907-272-9272 email • anch@cpsattorneys.com fax • 907-272-9586

4-5-05





LAW OFFICES
PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

May 5, 2005

Linda J. Johnson
Clapp Peterson Van Flein
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454

*Via fax to (907)272-9586*
*and via U.S. Mail*

Re: Grove v. Unocal, Case No. A04-0096 CV (JKS)

Dear Ms. Johnson:

I am writing you this letter in regard to the Notice of Deposition of 30(b)(6) Witness that you mailed to our office on April 18, 2005 to set a deposition for May 3, 2005 at 1:00 p.m.

In regard to the deposition notice, as I told you on the phone, apparently the deposition was unilaterally set by your office for May 3rd without the courtesy of contacting our office to determine whether we were available on that date or whether we could comply, by that date, with the subject of your deposition notice. In the future, I would appreciate the courtesy of being notified before depositions are set so that we can arrange a mutually convenient time for the parties. In that regard, I note that we will shortly be contacting your office to schedule the depositions of a number of individuals, including but not limited to Eddie Barratt, Archie Cook, Roxanne Sinz, Paul Crapps, Rick Kangail, Charles Arnett, Robert Sprinkle and Don Akers.

As to the actual Notice of Deposition, I note that you requested the deponent to produce evidence at said deposition pursuant to the Alaska Rules of Procedure. Though the case is pending in federal court, the notice references Alaska Rule of Civil Procedure 30(b)(6). When such a request is made under Federal Rule of Civil Procedure 30(b)(6), a request for the production of things falls within the ambit of Rule 34 which provides a minimum of 30 days for a response. The notice given was only 15 days (from date of mailing, not receipt).

In regard to the actual bolts involved, I understand that you are new counsel, having replaced previous counsel in this litigation which has been ongoing for some time. The deposition of plaintiff Larry Grove was taken by previous counsel and, at that time, if counsel wished to inquire of Mr. Grove as to the bolts, they could have done so. Notwithstanding, if you wish either to send an interrogatory or request for production, or simply come and inspect the bolts, that can be arranged. As to the actual sheared bolts, and without the waiving any attorney-client

EXHIBIT 13-D

4-5-05

FILE COPY

LAW OFFICES
PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

907/276-1200
FAX 907/278-6571

E-Mail:
phillipweidner@weidner-justice.com

May 16, 2005

*Via fax to (907)272-9586*
*& U.S. Mail*

John Thorsness
Clapp Peterson Van Flein
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

Re: Grove v. Unocal
Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness:

In regard to the work platform that collapsed in the Unocal building resulting in injuries to Larry Grove, you have made an issue as to the possession of sheared bolts by plaintiffs. Have you preserved the work platform? If so, where is it? It should be made available for inspection by plaintiffs. Where are the bolts or bolt fragments that remained? Do you have them in your possession? If so, why was this evidence not disclosed to plaintiffs?

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT 13-E

Exhibit 6
page 1 of 1

FILE COPY

LAW OFFICES
PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

August 5, 2005

Linda Johnson
Clapp Peterson Van Flein
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to (907)272-9586*
*& U.S. Mail*

Re: Grove v. Unocal
Case No. A04-0096 CV (JKS)

Dear Ms. Johnson:

I am in receipt of your letter of August 4, 2005, following up your letter of July 18, 2005 requesting deposition dates for Larry Grove's bolt custody deposition and depositions of Mr. Grove's children who have consortium claims in the case.

As you know, I and Mr. Weidner have been occupied preparing for trial in In re Dillingham Air crash Litigation, a complex air crash and products liability action scheduled for a three to five month trial in Dillingham beginning in mid September. I also will be out of the state beginning August 9, 2005 for approximately ten days. Mr. Grove, Cynthia Grove and Michael Grove (who is 17 years old) will be available for a deposition anytime after August 23, 2005, provided that the proposed time does not interfere with trial preparation. I am willing to be flexible on the time scheduling.

I was somewhat surprised to see your demand that the deposition of Sara Grove, regarding her consortium claims, take place prior to the time that she leaves for college on August 20, 2005, or that you would seek an order for sanctions. This is especially surprising since the first notice we received of your desire to depose Sara was your letter of July 18, 2005, (Exhibit 1) and the first notice that you desired to depose Sara in person (as opposed to telephonically) and before she flew to college was on August 4, 2005 (Exhibit 2). We are willing to make arrangements for Sara to be deposed telephonically at a mutually agreeable time. Your demands are also surprising considering that we have been attempting to obtain dates and deposition schedules from your office of Unocal

EXHIBIT 13-F





employees since May. (Exhibit 3). We have been flexible in working with John Thorsness' schedule and your requests in that regard. (Exhibit 4). Your latest correspondence on the issue indicated that you have not yet been able to coordinate, or even find, all of your witnesses. (Exhibit 5).

In addition, your office has been hindering the discovery process in this case by not adequately responding to discovery requests relevant to the depositions we are attempting to schedule. For example, your response to our inquiry as to the present location of the work platform and debris from the accident, which is directly relevant to the liability issues, was "Unocal reserves the right to respond to this interrogatory when the court rules on the outstanding motions." Under the rules, you have no such rights, and a complete and forthright answer was due not only under Rules 33 and 34, but also should have been disclosed as part of your initial disclosures. We also requested information regarding the location of the work platform and the debris from the accident on May 10, 2005 (Exhibit 6) and have not received a response. If you do not fully respond to Plaintiff's 5th Discovery Requests by August 26, 2005, we will file a motion to compel.

Likewise, your responses to Plaintiff's Third (sic) discovery requests are evasive and incomplete. Those requests were propounded in an attempt to narrow issues for trial, and to narrow issues for the depositions of Unocal employees, regarding the nature and existence of the work platform. As to each such request, rather than conduct the investigation required by Rule 34, and provide a forthright response, you indicated that you could not determine if your client owned the platform in its own building as discovery is ongoing. You have now had adequate time to fully investigate the circumstances surrounding the existence of the work platform, and you also have had adequate time to discover evidence tending to show that the platform collapsed while Mr. Grove was on a business visit. This letter is a formal request that you supplement your responses to Plaintiff's Third (sic) Discovery Requests dated May 10, 2005.

With respect to possession of the bolts, I agreed with Mr. Thorsness, upon certain conditions and understandings, that your office could take possession of the bolts. Part of that protocol included taping up the bolt box, and both myself and Mr. Thorsness signing across the tape. We have not been able to complete this transfer due to the scheduling difficulties caused by the Dillingham Air crash Litigation case. I am willing to work with your and Mr. Thorsness' schedule in that regard. However, I request the same courtesy. Therefore, as I informed you above, I will be out of the office beginning on August 9, 2005 for approximately 10 days. Jury instructions and exhibits are due in the Dillingham Air crash case on August 8, 2005. Therefore, I will not "be ready next week for [you] and [your] paralegal to come to [my] office and obtain the bolts." You can rest assured that the bolts are locked in my evidence locker and will not be moved prior to my return on August 18, 2005. I will be available to make the transfer, pursuant to the terms of our previous agreement on either August 18th or 19th, or during the week of August 22, 2005, pending a specific agreement as to the time, again, given trial preparation.

EXHIBIT 13-F

Finally, as you know, I, Mr. Weidner and Mr. Thorsness (along with approximately 7 other counsel) are preparing for a long and complex trial in Dillingham scheduled to begin on September 19, 2005. The month prior to trial is expected to be monopolized by trial preparation. Moreover, in this case, neither side's metallurgical, safety or engineering experts have examined the scene, the broken bolts, the work platform, the mounting surfaces, the remaining bolts, or other physical evidence, nor undertaken any testing in that regard. Essential Unocal witnesses have not yet been produced for deposition. You desire additional damages depositions. Therefore, given the trial schedule in the Dillingham Air Crash Litigation, and the above concerns, I am also writing to suggest that all dates in the pre-trial order be extended by a period of four months. To that end, enclosed please find a draft Stipulation and Proposed Pre-Trial Order.

Thank you for your attention to this matter.

Sincerely,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Wayne D. Hawn
Attorney at Law

cc: Dr. Joseph Balser
Francis Gallela

EXHIBIT 13-F

CLAPP • PETERSON
VAN FLEIN • TIEMESSEN • THORSNESS
LLC

ANCHORAGE
Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

FAIRBANKS
John J. Tiemessen
David A. Carlson
Marcus R. Clapp, ret.

VIA FAX
278-6571

August 12, 2005

Phillip P. Weidner Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

Re: Grove v. Unocal
Our File No. 5759-4

Dear Mr. Weidner:

I have spoken with our client and as promised I am prepared to respond to your request to extend deadlines in this case. We are willing to stipulate to extend deadlines, however, we want it clearly stated that it is not reasonable to place a complete stop on this case during the Dillingham trial. To this end, we want a commitment from you that you will agree to move the case forward during the Dillingham trial by associating another attorney if necessary.

To that end, we believe that the expert deadline should be moved to January and the close of discovery to February. That will accommodate any issues you have to wrap up upon your return.

Next, your office's allegations in the August 5, 2005 letter regarding our discovery efforts to date are incorrect.

First, we have worked hard to find and make available to you the Unocal witnesses you requested. Many of these people are former employees and reaching them has been difficult. It is clear from Victoria Homan's latter of July 13, 2005, addressed to Michael Cohn that she has already made available 4 of the 8 witnesses you asked to depose on the dates you requested. If you do not depose Don Akers prior to October, please note that per Ms. Homan's letter, he will be out of the state until April 2006.

Second, we demand immediate possession of the bolts as required by the Court. The absence of Wayne Hawn is of no consequence to this transfer. Contrary to Hawn's assertion,



EXHIBIT 13-G

8-12-05

CLAPP • PETERSON
VAN FLEIN • TIEMESSEN • THORSNESS
LLC

Phillip P. Weidner, Esq.
August 12, 2005
Page 2

the stipulation does not require John Thorsness to sign for possession of the bolts himself. However, John is ready to take possession, as am I.

We are unable to fully respond to your discovery request regarding the various components of the work platform in issue until we have deposed Mr. Grove. We are at this time unaware of what exactly he removed from the scene or where he placed it. I have continually demanded to depose Mr. Grove and your office's unwillingness to work with us on this is in violation of the Court's order. We expect you to provide dates of his availability prior to the Dillingham trial.

It was no surprise to you that I wished to depose the Grove children, since I first asked by letter on July 18, 2005. Your office utterly failed to respond to that letter. The Grove children are not merely "damages witnesses," they are plaintiffs in this matter. I will not take these depositions by telephone. Your failure to respond to my initial letter has placed an unreasonable deadline in which to depose Sara Grove. I do expect you to produce her in Anchorage for a deposition. I am willing to work with her school deadlines, but I expect to have her deposed soon.

Please contact John about this immediately.

Sincerely,

Linda J. Johnson

cc: John B. Thorsness, Esq.
Victoria Homan

EXHIBIT 13-G



LAW OFFICES
PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

December 9, 2005

John Thorsness
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Linda Johnson
Clapp Peterson Van Flein
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re: Grove v. Unocal
Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness and Ms. Johnson:

Your answer (dated June 27, 2005) to Interrogatory No. 1 and Request for Production No. 1 to *Plaintiffs' Fifth Discovery Requests* was improper and non-responsive. The information requested is highly relevant to this litigation. Please answer the requests by December 13, 2005, or I will be forced to file a Motion to Compel.

Sincerely,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT 13-H

FILE COPY

LAW OFFICES
PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

December 20, 2005

John Thorsness
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re: Grove v. Unocal
Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness:

I recently sent a letter requesting to depose a number of individuals from Unocal, and also including individuals most knowledgeable concerning certain aspects of building maintenance and building management at the Unocal Building on 9th Avenue. In addition, we would like to depose the individual or individuals most knowledgeable from Unocal concerning (1) the mechanical room; and (2) the work platform in the mechanical room at said Unocal Building.

Furthermore, in light of the Affidavit of Kevin A. Tabler that you filed as a attachment to your Reply to the Opposition to Motion for Summary Judgment, which identifies Mr. Tabler as the Manager of Land and Government Affairs of the Alaska business unit, and that he is making his affidavit upon personal knowledge in regard to the scaffolding and work platform at issue, we would like to take the deposition of Mr. Tabler also. We would like to start arranging the depositions of the Unocal personnel for the week of January 16, 2006 through the week of February 13, 2006. I will be out of the office from February 20, 2006 through the end of February.

Sincerely,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT 13-I

12.2005