FILE COPY

LAW OFFICES
PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

January 4, 2006

John B. Thorsness
Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501-3454

*Via Fax to 272-9586
and Via U.S. Mail*

Re:  Grove v. Unocal
     Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness:

I am writing to you in regard to the testing of the bolts and nuts and washers in your possession that Mr. Grove retrieved from the mechanical room at the Unocal building. I suggest that we use RJ Lee Group, which was utilized for testing of the seatbelt components in the Norton case. The RJ Lee Group is located a few blocks from the Oakland airport, and thus is conveniently located for said testing. Their telephone number is: 510-567-0480. Ben Schiefelbein is the contact person. His e-mail address is: bschiefelbein@rjlg.com. Your co-counsel in the Norton case can fill you in on the laboratory in question. My recollection is that everyone was very satisfied with the laboratory, and it would be an appropriate place to conduct the testing in this case.

Please call me in regard to my proposal so that we can begin the process of arranging for the shipment of the evidence for testing. I will send you a proposed protocol for the inspection of the evidence shortly after the New Year.

Thank you for your attention to this matter. I hope you spent a wonderful Christmas and New Year with your family.

Sincerely yours,

WEIDNER & ASSOCIATES
*A Professional Corporation*

Phillip Paul Weidner

MC/ngb

EXHIBIT 13-J

1-4-06



LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

January 5, 2006

John Thorsness  
Clapp Peterson Van Flien  
Tiemessen & Thorsness, LLC  
711 H St., Suite. 620  
Anchorage, AK 99501-3454

*Via fax to 272-9586*  
*& U.S. Mail*

Linda Johnson  
Clapp Peterson Van Flien  
Tiemessen & Thorsness, LLC  
711 H St., Suite. 620  
Anchorage, AK 99501-3454

*Via fax to 272-9586*  
*& U.S. Mail*

Re:   Grove v. Unocal  
      Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness and Ms. Johnson:

In regard to the stated discovery in this matter, one of our experts, Sally Ann Carey, will be in town the week of January 23, 2006 and is available to conduct an inspection of the mechanical room at the Unocal Building in the afternoon of January 24, 2006. Please let us know if that will work as she is only going to be in town for a limited period of time on this visit.

In regard to the protocol for the testing of the bolts and nuts, as I informed Mr. Thorsness, there is a laboratory near Oakland airport, R.J. Lee Group, that was utilized in the Norton v. Nissan case that is apparently conveniently located, and would have the appropriate equipment to conduct such an inspection. Please let us know if the R.J. Lee Group is acceptable so that we can arrange between us the appropriate protocol for the testing.

Expert reports are presently due January 23, 2006. In light of the stated discovery, at this time I suggest that we work out an appropriate continuance that is mutually acceptable to conduct the necessary testing, and conduct further discovery, including depositions, before requiring the submittal of expert reports, which at this point would be preliminary reports. I suggest that we agree to an approximately 60 day continuance to enable us to complete discovery and, in addition, move the date for expert reports from January 23, 2006 to approximately March 23, 2006. Please let me know if that is acceptable to you.

EXHIBIT 13-K

John Thorsness
Linda Johnson
January 5, 2006
Page 2

In regard to depositions, we would like to take the depositions of Dr. Goetz and Dr. Chang who were the physicians who performed the ankle surgeries on Mr. Grove. We will attempt to find out available dates from said doctors, and arrange for depositions at a time that is mutually convenient for all concerned.

In regard to the deposition of individuals from Unocal, while I am still waiting to hear back from your office, Ms. Johnson has indicated that you are still working on arranging for the depositions of individuals. In that regard, we sent a letter on December 9, 2005 regarding depositions of certain individuals. Many of these individuals were specifically listed in defendant's responses to plaintiffs' Third Discovery Requests, Interrogatory No. 1 in regard to claims concerning who had the most knowledge concerning the subject work platform/scaffold, and allegations that Siemens Building Technology was the owner of the described platform/scaffold, and that on information and belief, Siemens Building Technology erected said work platform in conformance of HVAC Services. Thus, I reiterate again that all of these individuals that have been listed, including Roxanne Since, Paul Crapps, Archie Cook, Rick Kangail, Charles Arnett, Eddie Barratt, and Don Akers are on the list of individuals of whose depositions we would like to take in this matter. In addition, as was noted in our letter of December 20, 2005, you have identified a Mr. Kevin A. Tabler, who is claiming to have personal knowledge in regard to the work platform/scaffolding, and we would like to take his deposition as well. Furthermore, we would like to depose the individuals most knowledgeable from Unocal concerning the mechanical room and the work platform in the mechanical room of the Unocal building. Additionally, we want to take the deposition of the person or persons most knowledgeable concerning the Alaska OSHA investigation in regard to the accident involving Mr. Grove, as well as the person or persons most knowledgeable concerning the Siemens-Unocal contract. We also want to take the deposition of Harry A. Eaton, who is identified as a contract superintendent who signed certain contracts with Landis and Gyr Powers, Inc., and also with Siemens Building Technology, Inc. which were attached to the responses to Plaintiffs' Third Discovery Requests. We further want all interrogatory responses verified and want to depose all individuals verifying the discovery responses. I note that Marc Bond was listed as the person who would verify certain discovery responses, so please provide verification from Mr. Bond, or some other individual, who we will also depose. Finally, if you intend to make an issue as to the appropriate Unocal entity in this matter, whether it be Unocal, Unocal of Alaska, or Unocal of California, and are making any sort of claim that we have not sued the proper entity, we want to depose the person or persons most knowledgeable concerning the relationship between these entities.

In regard to the Motion to Compel which was filed by us due to the inadequate responses to Plaintiffs' Fifth Discovery Requests, I need to clarify certain points. First, you have provided a supplemental response to Plaintiffs' Fifth Discovery Requests. This supplemental response is not verified, so in effect, it is not an appropriate response that

EXHIBIT 13-K

John Thorsness
Linda Johnson
January 5, 2006
Page 3

would lead to the withdrawal of the Motion to Compel. Second, the carefully drafted answer to the Interrogatory No. 1, which claims that Unocal does not "currently" know the whereabouts of the work platform or the identity of the person or persons who removed it, does not adequately respond to said interrogatory. Thus, even if Unocal does not "currently" know where the work platform is, that still does not mean you cannot respond to the interrogatory specifically questions number 2 and number 3 to Interrogatory No. 1. In addition, though Ms. Johnson has provided an inadequate explanation as to why they could not answer Interrogatory No. 1 initially in this matter back in June of 2005, the new answer itself is inadequate and needs to be clarified. Furthermore, the response is inadequate because we do not know who provided the information that became the basis for the unverified response. We need to know <u>who</u> provided the information that became the basis of the supplemental responses. If said clarification is provided that is satisfactory, then if it is appropriate, the Motion to Compel will be withdrawn.

Thanking you in advance for your consideration and attention to this matter, I remain

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

*[signature]*

Phillip Paul Weidner
Attorney at Law

PPW/ngb

EXHIBIT 13 K

# CLAPP · PETERSON
## VAN FLEIN · TIEMESSEN · THORSNESS
### LLC

ANCHORAGE

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

FAIRBANKS

John J. Tiemessen
David A. Carlson

Marcus R. Clapp, ret.

January 10, 2006

VIA FAX

Michael Cohn, Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

     Re:    *Grove v. Unocal Corporation*
              Our File No. 6200-1

Dear Mike,

Siemens Building Technologies contacted us today and said that you contacted them directly to obtain discovery in this matter. They have asked that all your discovery requests be routed through our firm. We will work with you on any discovery you need to obtain.

Sincerely,

Linda J. Johnson

cc:    John Thorsness
        Marc Bond

LAW OFFICES
**PHILLIP PAUL WEIDNER AND ASSOCIATES**
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

FILE COPY

January 20, 2006

John Thorsness
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Linda Johnson
Clapp Peterson Van Flein
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re:   Grove v. Unocal
      Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness and Ms. Johnson:

In light of the outstanding discovery requests that I have recently sent to you, which information I would like to have before the depositions, other than the two depositions I have agreed to on February 14, 2006 of Ms. Sims and Mr. Taber, and the one deposition on February 15, 2006 of Mr. Krapps, and a records deposition of Siemens, I would like to schedule all remaining depositions of Unocal personnel (past and present) in March and April, 2006.

Thanking you in advance for your consideration and attention to this matter, I remain

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT 13-M

1-20-06

FILE COPY

LAW OFFICES
# PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

January 25, 2006

Linda Johnson
Clapp Peterson Van Flein
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re:   Grove v. Unocal; Case No. A04-0096 CV (JKS)

Dear Ms. Johnson:

In response to your letter of January 19, 2006 regarding the records deposition for Siemens building Technologies, Inc., while most of your concerns have since been addressed in a telephone conversation with me wherein I clarified that the deposition is a Records Deposition, and I have agreed to put said deposition off until Siemens can gather the requested documents, I am still unclear on the following:

    1.    Why does Siemens Building Technologies, Inc. need to clear informal requests to it from plaintiffs' counsel through you? and

    2.    Do you represent Siemens?

Furthermore, if there are any agreements between Siemens/Unocal, such as indemnity agreements, cooperation agreements and/or information sharing, such as Siemens providing to Unocal it's records pertinent to this matter, please advise and provide. If a formal discovery request is needed, please advise.

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT 13-N

FILE COPY

LAW OFFICES
# PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

January 25, 2006

John B. Thorsness
Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454

*Via Fax to 272-9586*
*and Via U.S. Mail*

Re: <u>Grove v. Unocal</u>
    Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness:

Thank you for allowing the preliminary inspection of the filter room of the mechanical floor of the Unocal building. It would be appropriate to arrange for a more thorough inspection of the room. At this inspection, we would need to bring better lighting, as one dim bulb did not provide adequate lighting. It will also be appropriate to take additional photographs and videotape the area. Our expert, Sally Ann Carey anticipates she will be back in Anchorage in March. If it is acceptable to you, as soon as I get dates from our expert, I would like to coordinate said inspection with you.

In addition, our expert, as well as Ms. Johnson and/or a Unocal employee, took photographs during the preliminary inspection, and we like to arrange informally for an exchange of all photographs taken on January 24, 2006.

Finally, I am seeking a protocol from our metallurgist, Joseph Balser, regarding inspection of the bolts/washers/nuts. It may also be appropriate to send the additional bolts/washers/nuts removed from the floor of the filter room by Ms. Johnson[1] and the upper deck by Ms. Carey, which were sealed in envelopes and signed/dated by Ms. Johnson and myself, to be examined by our experts.

Sincerely yours,

WEIDNER & ASSOCIATES
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

---

[1] Ms. Johnson apparently picked up the nuts/bolts/washers off the floor before they could be photographed/documented as to location and despite Ms. Carey's request that she not do so.

EXHIBIT 13-D



LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

February 8, 2006

John Thorsness
Linda Johnson
Liam J. Moran
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re:  Grove v. Unocal; Case No. A04-0096 CV (JKS)

Dear Addressees:

On February 3, 2006 I took the deposition of Doug Schutte, a Service Manager of Siemen's Building Technologies, Inc., who was being put forth in regard to our Subpoena and Notice of Records Deposition as to the person most knowledgeable concerning their records involving Larry Grove and the Unocal Building at 909 West 9th Avenue. Prior to said deposition, as I had still been confused about the actual relationship between counsel for Unocal and Siemens, in a conversation with Mr. Thorsness, he informed me that for purposes of that records deposition, that Clapp Peterson, et al. would be representing Siemens. I have also been told in previous correspondence from your office that to obtain records from Siemens, I was requested by Siemens to go through your office. In regard to any representation by Clapp Peterson, et al. of Siemens, I find this inappropriate in light of the fact that Siemens, as the employer, has a lien over any third party recovery of Mr. Grove against Unocal. Therefore, for Clapp Peterson, et al. to represent both the tort feasor Unocal, and the lienholder Siemens, who would gain from any recovery in a law suit against Unocal, is a conflict of interest. Furthermore, it is inappropriate to represent Larry Grove's employer at the same time as you may be attempting to claim Mr. Grove's employer is at fault for this accident, at the same time as you are representing Unocal. Third, it is inappropriate for you to represent Siemens when Siemens, it's records, and it's employees are part of the evidence/testimony in this matter. It would be simply inappropriate in any case for defense counsel or plaintiffs' counsel to preempt witnesses by signing up as clients witnesses in an action in which counsel is representing either a defendant or plaintiff, and that is what you have done in this case apparently.

As to the substance of the records deposition, Mr. Schutte when I asked about the last set of documents, which appeared to include some payroll records, he informed me that it

EXHIBIT 13-P

John Thorsness, et al.
February 8, 2006
Page 2

was in a box on his desk, and after a series of questions about how the box got on his desk, it came out that the box came from Clapp Peterson, et al. Thus, you have had access to the records that Siemens has not provided to us for a period of time, and at this point I don't know how long. How these records got to your office, and what records have been presented to your office at this point remains unknown. However, I did find it interesting that Mr. Moran insisted that I not be allowed to copy these payroll records, claiming that they contained information on other employees of Siemens besides Larry Grove, though he did acknowledge that the records regarding Larry Grove were relevant and discoverable. The irony is that apparently Siemens had no problem with disbursing confidential personnel records to your firm, while at the same time your firm is now claiming that the plaintiffs are not entitled to these records. While I acknowledge that for the most part only Larry Grove's information is relevant, this should be provided to plaintiffs at once, at no cost to the plaintiffs. That is, Mr. Moran indicated who was going to pay for redacting the other information, and that is your problem. You can either produce the entire records and we will agree to an appropriate protective order as to the release of information regarding these other employees, or at your own expense you can redact the information as to the other employees, and provide us all the records as to Larry Grove.

It was interesting that at the records deposition, Mr. Schutte was unable to locate any of the OSHA records regarding the investigation into the accident involving Larry Grove. It is simply unbelievable that Siemens would simply have discarded the records of the OSHA investigation, and the fact that Mr. Schutte has not been able to locate them is not indicative of their absence in Siemens' records, but is indicative that Mr. Schutte is obviously not the person most qualified to respond to the Notice of Records Deposition and Subpoena. Siemens OSHA records should be produced at once, as these records are covered under the Notice of Records Deposition and Subpoena.

Mr. Schutte was supposed to bring information regarding contracts, correspondence, invoices, and a whole host of other documents regarding the contractual relationship between Siemens and Unocal regarding the Unocal Building at 909 West 9th Avenue. Mr. Schutte brought current contract documents. After going round about for a while, Mr. Schutte admitted that previous records that would be responsive to this request were kept in archives at the Siemens Building Technologies, Inc. location. He also indicated that these records are easily locatable as they would be stored by job number/numerical system. As Mr. Thorsness had requested that the deposition take place at your office, and thus we were not at the Siemens building, it was not simply a matter of Mr. Schutte going up to the archives and locating the records responsive to the Notice of Records Deposition and Subpoena. Mr. Moran indicated that we could simply make another discovery request which I shall do, though I don't believe that is necessary, as this information is covered under the Notice of Records Deposition/Subpoena.

I request that these records be produced at once without further delay.

EXHIBIT B

John Thorsness, et al.
February 8, 2006
Page 3

I also request copies of all documents produced by Siemens Building Technologies, Inc. to the law firm of Clapp Peterson Van Flien Tiemessen & Thorsness, LLC.

At the referenced records deposition I asked Mr. Schutte about electronic documentation, including e-mails, and Mr. Schutte indicated he would search for said documentation. I am hereby requesting any and all e-mails. In regard to said e-mails, these include not only internal e-mails of Siemens Building Technologies, Inc. regarding Larry Grove, the OSHA investigation, the work platform, the contracts, but also documents between Siemens Building Technologies, Inc. and Unocal.

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb
cc:   Siemens Building Technologies, Inc.

EXHIBIT 13-P

LAW OFFICES
# PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

FILE COPY

February 13, 2006

John B. Thorsness
Clapp, Peterson, Van Flein,
   Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454

*Via Fax to 272-9586
and via Hand Delivery on 2/14/06*

Re:   Grove v. Unocal
      Case No. A04-0096 CV (JKS);
      Video Depositions of Kevin Tabler; Roxanne Sinz and Paul Crapps

Dear Mr. Thorsness:

I am writing to confirm our phone conversation of today's date concerning our request, and right, to conduct the video deposition of Kevin Tabler; Roxanne Sinz and Paul Crapps.

As you know, you and Mr. Cohn had previously arranged for those witnesses' depositions to be conducted at our offices on February 14, 2006 at 10:00 a.m. for Kevin Tabler, February 14, 2006 at 2:00 p.m. for Roxanne Sinz, and February 15, 2006 at 1:00 p.m. for Paul Crapps.

It was our understanding that those witnesses would be produced by your client for their depositions at those times and places.

However, today we were informed that you were taking the position that, since they had not been formally noticed as a video deposition until February 13, 2006, you would not produce them for a video deposition.

While I am confident that your position is unreasonable, and we could in all likelihood obtain an order on shortened time compelling them to appear for their video depositions, as you and I further discussed, I do not wish or choose to resort to motion practice at this juncture as to that issue.

Accordingly, I understand that we will cancel the present scheduling of the depositions, subject to the further understanding and representation by you that, in all likelihood, your client will produce such persons for video depositions during the week of February 27, 2006, and that you will confirm in one or two days if in fact they will appear, and provide more specificity as to when and where (preferably our office). Upon such confirmation by you, we will provide formal

EXHIBIT 13-Q