John Thorsness
February 13, 2006
Page 2

Notice(s) of Video Deposition, however, in the interim, this letter constitutes further notice of our intent to depose them under Alaska Rules of Civil Procedure, by way of a video deposition.

Moreover, we do not in any way waive our right to insist on those depositions being conducted as soon as possible, given the importance of their testimony, and the right of our client to obtain such discovery.

Based on these discussions and understandings, I am notifying the court reporter, via copy of this letter, of the anticipated rescheduling.

Sincerely yours,

WEIDNER & ASSOCIATES
*A Professional Corporation*

Phillip Paul Weidner
Attorney at Law

PPW/ngb
cc:   Pacific Rim Reporting, LLC via fax to: 272-4384

P. S.   Given Mr. Cohen's anticipated absence from the State of Alaska, we would prefer to do these depositions on the 2nd or 3rd day of March, 2006.

EXHIBIT 13-Q


FILE COPY

LAW OFFICES
**PHILLIP PAUL WEIDNER AND ASSOCIATES**
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

February 14, 2006

John B. Thorsness
Clapp, Peterson, Van Flein,
    Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454

*Via Fax to 272-9586*
*and via U.S. Mail*

Re:    Grove v. Unocal
       Case No. A04-0096 CV (JKS);

Dear Mr. Thorsness:

The Federal Rules of Civil Procedure 30(b)(1) requires reasonable notice of a deposition. As the dates for the depositions of Kevin Tabler, Roxanne Sinz and Paul Crapps were provided in January by your office, and agreed upon by counsel, the fact that the technical procedural requirement of the notice did not get sent to your office until February 13, 2006 is irrelevant. Besides, you apparently were willing to go forth with the depositions, but only unwilling to allow the depositions to go forth as "video" depositions.

Federal Rule of Civil Procedure 30(b)(2) allows video depositions. Prior notice of methods not specified in 30(b)(2) is required under Federal Rule of Civil Procedure 30(b)(3). Thus, the rules allow for video depositions, provided reasonable notice is provided for the depositions under 30(b)(1), and you had more than reasonable notice of the depositions.

You refused to produce the witnesses because the depositions had not been "formally noticed" until February 13, 2006. Even if your procedural objection is correct (which it is not), I note that you do not adhere to the same requirements. We have sent you a number of discovery requests under Federal Rule of Civil Procedure 33. Despite the request in writing that all unverified responses be verified, you have not done so for many responses. Federal Rule of Civil Procedure 33(b)(1) requires that the interrogatories shall be answered separately and fully under oath. The interrogatories are to be signed by the person making them and objections by the attorney making them (FRCP 33(b)(2)) thereby recognizing also a distinction between the answer (by a representative of Unocal in this case) and objections (by counsel).

You have failed to verify a number of responses, including First, Third, Third (sic)[really Fourth as indicated in the footer, but titled Third], Fifth, and Supplement to Fifth. You must comply

EXHIBIT 13-R

John Thorsness
February 14, 2006
Page 2

with the rules. If said verifications are not received by March 1, 2006, a Motion to Compel shall be filed by March 2, 2006. You have been previously notified that verifications were required.

In addition, responses to Plaintiffs' Sixth requests, dated December 9, 2005, Plaintiffs' Eighth requests dated January 4, 2006, and Plaintiffs' Ninth requests dated January 13, 2006 have not been received as of this date. Vicki from your office indicated that we would receive responses to the Eighth and Ninth requests on March 1, 2006. She said she would also check on what happened to responses to the Sixth Discovery Requests.

Sincerely,

WEIDNER & ASSOCIATES
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT 13-R

# CLAPP · PETERSON
## VAN FLEIN · TIEMESSEN · THORSNESS
### LLC

ANCHORAGE

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

FAIRBANKS

John J. Tiemessen
David A. Carlson
Marcus R. Clapp, ret.

RECEIVED
FEB 1 6 2006
WEIDNER & ASSOCIATES

VIA FAX

February 15, 2006

Phillip P. Weidner Esq.
Mike Cohn, Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

Re:   *Grove v. Unocal Corporation*
      Our File No. 6200-1

Dear Phil and Mike,

Upon review of Federal Rule 33, Plaintiffs have requested Unocal to answer more than the allowable number of interrogatories. Federal Rule 33 limits the number of interrogatories to 25, including subparts. The limit has been reached after the first Interrogatory contained in Plaintiffs' 9th Discovery Requests to Unocal.

This letter serves as notice that we will object to answering more than the Plaintiffs' allowable 25 interrogatories. If necessary, we will move the court for a protective order.

We look forward to working with you on this matter.

Sincerely,

*[signature]*
Linda J. Johnson

cc:   John Thorsness
      Mark Bond

EXHIBIT B-5

2-15-06

LAW OFFICES
# PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

## TELECOPIER COVER LETTER

Please deliver the following pages to:

NAME: _John Thorsness_

FIRM: ____

FAX NO.: _272-9586_      TELEPHONE NO.: ____

* * * * * *

FROM: _Phillip Weidner_

DATE: _2-17-06_      TIME: ____

MATTER: _Grove_

FILE NO.: ____

COMMENTS: _See attached letter w/ enclosed testing protocol._

WE ARE TRANSMITTING __4__ PAGES (including this cover page). If you do not receive all the pages, please contact __Nita__ as soon as possible, at (907) 276-1200.

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. DISCLOSURE, REPUBLICATION, OR COPYING OF THIS INFORMATION IS PROHIBITED WITHOUT EXPRESS PERMISSION AND AUTHORIZATION OF WEIDNER & ASSOC., INC. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, DISTRIBUTION, OR COPYING OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE. DO NOT COPY, DISCLOSE OR REPUBLISH THIS INFORMATION. RETURN THE ORIGINAL DOCUMENTS TO US AT THE ABOVE ADDRESS VIA THE UNITED STATES POSTAL SERVICE.

NO LIMITED OR GENERAL WAIVER OF CONFIDENTIALITY IS INTENDED OR MADE AS TO THIS INFORMATION BY TRANSMITTING SAME VIA FACSIMILE OR OTHERWISE.

EXHIBIT _13-T_

```
***********************
*** TX REPORT      ***
***********************

TRANSMISSION OK

TX/RX NO                1087
CONNECTION TEL                    2729586
SUBADDRESS
CONNECTION ID
ST. TIME                02/17 16:47
USAGE T                 00'53
PGS. SENT               4
RESULT                  OK
```

LAW OFFICES

# PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail: phillipweidner@weidner-justice.com

907/276-1200
FAX 907/276-6571

## TELECOPIER COVER LETTER

Please deliver the following pages to:

NAME: _JOHN THORSNESS_

FIRM: _____

FAX NO.: _272-9586_   TELEPHONE NO.: _____

* * * * * *

FROM: _PHILLIP WEIDNER_

DATE: _2-17-06_   TIME: _____

MATTER: _GROVE_

FILE NO.: _____

COMMENTS: _See attached letter w/ enclosed testing protocol._

EXHIBIT _13_

WE ARE TRANSMITTING _4_ PAGES (including this cover page). If you do not receive all the pages, please contact _NITA_ as soon as possible, at (907) 276-1200.

LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

February 17, 2006

John B. Thorsness
Clapp, Peterson, Van Flein,
    Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454

*Via Fax to 272-9586
and via U.S. Mail*

Re:   Grove v. Unocal
      Case No. A04-0096 CV (JKS);

Dear Mr. Thorsness:

Enclosed please find the proposed Metallurgical Protocol by Dr. Joseph Balser for testing at R.J. Lee Group Laboratories in San Leandro, California. Please advise if said protocol is acceptable. If so, please make the necessary arrangements for shipping the evidence to the lab, maintaining change of custody and integrity of the evidence which is presently in your possession. Thus, the evidence packages should not be opened until both parties are present at R.J. Lee Group Laboratories.

Given our expert/discovery deadlines, an evaluation of the evidence in March, 2006 at an agreed upon, mutually convenient date, should be arranged between the parties.

Sincerely,

WEIDNER & ASSOCIATES
*A Professional Corporation*

Phillip Paul Weidner
Attorney at Law

PPW/ngb
Enclosure

EXHIBIT 13-I

<div style="text-align:center">

**Joseph d. Balser, PH. D.**
**Mechanical Engineer/Metallurgist**
**510 Escondido Circle**
**Livermore, CA. 94550**
**(925) 455-0418**        (phone & fax)

</div>

February 16, 2006

Michael Cohn, Esq
Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501

Re: Grove, et al., v. UNOCAL
Case # A04-0096 CV (JKS)
Metallurgical Protocol – Bolt Analyses

Dear Mr. Cohn,

We propose to examine the subject bolts – particularly those exhibiting fractures – to examination in a Scanning Electron Microscope (SEM) to determine the fracture mode of the bolts. In order to observe the true fracture textures, the fractured ends of the bolts must be free of any post fracture oxides (rust) that may have formed in the interim since the accident.

At the onset of the inspection, all parties should expect to have the opportunity to examine and photograph the bolts and nuts in their current condition and to examine the fractures and thread profiles under a low power optical microscope (stereomicroscope) using typical bright field illumination as required as long as the examination is totally non-destructive. Any of the subject bolt fractures that appear to not be obscured by rust can be evaluated directly in the SEM and photographed, but those fractures obscured by rust should be cleaned for subsequent SEM examination.

The accepted means of cleaning these fractures would be to brush the fracture surface with a solution of warm water and an alkaline cleaner such as ALCONOX using only a nylon bristle brush, followed by a warm water rinse and an acetone rinse and forced air drying to expel liquids from the surface immediately following the final rinse. Extraction replicas should be used if any fracture surfaces retain a stubborn film that is not easily removed by detergent cleaning. Strict adherence to these cleaning procedures will prevent any damage to the underlying fracture surfaces for characterization in the SEM.

The SEM analysis will not require any conductive coating of the surfaces to be examined. Each fracture surface will be examined for fracture morphology, fracture origin(s), and thread profiles should be inspected for evidence of band type delamination of the metal structure.

Data recording varies in different SEM instruments and laboratories, and the following description pertains to the analysis being conducted at R J Lee Group Laboratories in San Leandro, CA. All SEM data will be stored on computer disks, and

EXHIBIT 13-T

complete data copies will be produced for all parties as desired. Thermal prints will be generated for each photograph recorded in the SEM and multiple copies can be produced for all parties as the live inspection proceeds.

    Following the inspection, each sample fracture will be coated with a light oil to prevent the surfaces from re-oxidizing and could subsequently be re-cleaned easily with only a solvent rinse. Samples will then be returned to plaintiff for chain of custody.

    Respectfully Submitted,

_____
Joseph d. Balser, PH. D.

EXHIBIT 13-T



LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

March 2, 2006

Linda Johnson
Clapp Peterson Van Flein
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re:   Grove v. Unocal: Case No. A04-0096 CV (JKS)

Dear Ms. Johnson:

I have received your February 15, 2006 letter claiming we have exceeded the interrogatory number allowed under FRCP, which is an inappropriate evasion of discovery.

Your response is inaccurate. I have received the interrogatory requests one thru nine (eight has no interrogatories) and I note that the total interrogatories are far short of 25. While the first discovery request has interrogatories (one has four subparts) the second request has one interrogatory and the third discovery request has two interrogatories. The third (which should be fourth) has one interrogatory. The fifth discovery request has one interrogatory with three related subparts. The sixth discovery request has one interrogatory. The seventh discovery request has three interrogatories for a total of 11 interrogatories (if you include the subparts in the first discovery request and fifth discovery request – 16 interrogatories). The ninth discovery request has six interrogatories for a total of 17 interrogatories or depending on interpretation of "subparts". I also note that interrogatory one to the third discovery request sought clarification of the response to interrogatory one from the first discovery request. Interrogatory one of the seventh discovery request follows the fabricated misrepresentation or response to the fifth discovery request and interrogatories one and three in the ninth discovery request seek clarification of previous responses.

Please explain your calculations. If your response is inadequate a motion to compel shall be filed by March 13, 2006.

I also remind you that you have not yet answered certain outstanding discovery requests and verified all interrogatories as required under FRCP 33.

EXHIBIT 13-U

FILE COPY

LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail: phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

March 2, 2006

John Thorsness
Linda Johnson
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re: <u>Grove v. Unocal</u>: Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness and Ms. Johnson:

The practice has continued of providing <u>discovery responses without verification</u> by Unocal. Please provide all missing verifications at once, or we will be forced to file a motion to compel.

Additional individuals that we wish to depose include Ken Burns, Drilling Safety Advisor for Unocal, and Marc Bond who may have verified certain discovery responses from defendant.

Review of defendant's Initial Disclosures (DEF 00027) are labeled "Notes concerning visit by State of Alaska OSHA Inspector as compiled by Ken Burns, Drilling Safety Advisor." We want the hand written and/or electronic notes that are the basis for DEF 00027. In addition, an unknown quantity of Mr. Burns' notes are redacted. Please produce said notes or we will move to compel.

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT 1B-V

Linda Johnson
March 2, 2006
Page 2

Furthermore, in your letter regarding the plaintiff's ninth discovery responses follows a conversation I had with a paralegal at your office wherein I agreed to extend the deadline for response to our outstanding discovery requests until March 1, 2006. When I was told you needed more time answer I was not told that you would make an inaccurate claim that plaintiffs had exceeded the number of interrogatories allowed under the Civil Rules.

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT 13-V