CLAPP · PETERSON
VAN FLEIN · TIEMESSEN · THORSNESS
─── LLC ───

ANCHORAGE

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

FAIRBANKS

John J. Tiemessen
David A. Carlson
Marcus R. Clapp, ret.

RECEIVED
MAR 0 7 2006
WEIDNER & ASSOCIATES

March 3, 2006

**By Facsimile**
**278-6571**

Michael Cohn, Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

    Re:   *Grove v. Unocal Corporation*
           Our File No. 6200-1

Dear Mike:

The events that unfolded during the Paul Craps affidavit were absolutely unacceptable and unprofessional. Intentionally withholding documents is a violation of the federal discovery rules. The affidavit Crapps created for OSHA was never produced to Unocal prior to the deposition. Your hand delivery to me tonight proves that you have had the entire OSHA file, including the Crapps affidavit, since January 2006. You have certainly had plenty of time in which to produce the records, since the Crapps deposition was originally scheduled for February 15, 2006. Between that date and this, you certainly had the opportunity to comply with your obligations under the discovery rules. You are well aware that you must produce any statement by any witness along with your initial disclosures.

We requested all records from OSHA itself and OSHA stated to us in a letter dated August 8, 2005 that it did not have any records of the Unocal investigation other than the complaint. Due to your failure to disclose the documents you received, Roxanne Sinz has not had the opportunity to review these files, we are <u>postponing</u> her deposition until she can review them.

Paul Crapps' testimony would obviously have been different if he had been able to refresh his recollection prior to you springing the affidavit upon him. Your conduct in attempting to trap him was exactly what the federal discovery rules are designed to prevent.

Per my telephone call to you this afternoon, we demand a copy of any document that you intend to use with Roxanne Sinz and Kevin Tabler that you have not already produced. Indeed, we demand that you produce any document relevant to this case that you have not yet produced or are intentionally withholding. Until we are satisfied that you have done so we are

CLAPP · PETERSON
VAN FLEIN · TIEMESSEN · THORSNESS
LLC

Page 2

postponing the Sinz deposition scheduled for Tuesday and we may also need to postpone Kevin Tabler's deposition as well until we can evaluate the documents to see whether you have withheld anything else.

We believe that your actions today are sanctionable and unethical. We will evaluate our options and decide next week if we will file with the Court or the Bar Association.

Very truly yours,

Linda J. Johnson

cc:   John Thorsness

EXHIBIT 13-W

# CLAPP · PETERSON
## VAN FLEIN · TIEMESSEN · THORSNESS
### LLC

ANCHORAGE
Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

FAIRBANKS
John J. Tiemessen
David A. Carlson
Marcus R. Clapp, ret.

RECEIVED
MAR 0 6 2006
WEIDNER & ASSOCIATES

March 6, 2006

By Facsimile
278-6571

Michael Cohn, Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

Re: *Grove v. Unocal Corporation*
Our File No. 6200-1

Dear Mike:

We need an extension of time until March 24, 2006, in which to answer the discovery requests in your Eleventh discovery request. We appreciate your patience in this matter.

Sincerely,

Linda J. Johnson

EXHIBIT 13-X

711 H Street, Suite 620 · Anchorage, Alaska 99501-3454
phone · 907-272-9272   email · anch@cpluwak.com   fax · 907-272-9586

3-6-06

FILE COPY

LAW OFFICES
# PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/276-6571

March 8, 2006

John Thorsness
Linda Johnson
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re:   Grove v. Unocal; Case No. A04-0096 CV (JKS); Inspection of Unocal Records

Dear Mr. Thorsness and Ms. Johnson:

Plaintiffs' First Discovery Requests, Interrogatory No. 1(d) requested the location of building records for the building, including any and all archives where records concerning the procurement of materials and supplies for erecting the work platform/scaffold subject to this litigation may be located. If no such records exist, please explain. The defendant's responses to Plaintiffs' First Discovery Requests stated as follows:

> (d) Objection. Overly broad with respect to the term "building records." Without waiving the foregoing objection, any and all records pertaining to the erection and construction of the Unocal office building are kept at the Unocal office building. However, because Unocal did not erect the subject platform/scaffold, questions pertaining to the location of records concerning procurement of materials and supplies in connection therewith should be directed to the parties most knowledgeable concerning the subject platform/scaffold as identified above.

As should be apparent by now, this answer is at best evasive and non-responsive. In regard to the erection of anything within the Unocal building, whether it was done by a contractor or Unocal itself, there should be a record trail showing authorization or approval by Unocal for any such work in the building and some record of payments to venders if said venders actually constructed this work platform/scaffold. As is apparent from most of the discovery answers in this case, there is no indication of what effort, if any, were made to locate any records, who was talked to who had any knowledge of the work platform/scaffold, and as is seen through the OSHA records, much of the information that you have conveyed in your discovery responses, is simply false. Nevertheless, plaintiffs submitted their request for inspection in light of the non-responsiveness of this answer, to review the archives to see whether or not any such

EXHIBIT 13-4

John Thorsness, et al.
March 8, 2006
Page 2

documents exist pertaining to the approval, authorization or construction, maintenance, inspection, etc., of the subject work platform. Thus, the request for inspection pertaining to the building records set out by defendant in response to Plaintiffs' First Discovery Requests set out in Plaintiffs' Ninth Discovery Requests was not limited as you seek to do in your response to only those records which have been produced so far in this case, which obviously is a ridiculous offer that was made to you when you say "the original documents produced in this case are available for inspection." I am not interested in re-examining the documents that you have already produced in this case. I am interested in searching through the archives for the records which somebody unknown has either searched for, or failed to search for, and simply, without much research, claimed, as you have in many discovery requests, that the platform was built by Siemens, which we all know is untrue, and has been untrue, and has been known by Unocal to be untrue from day one in this case.

I am seeking your permission to conduct an inspection, and that includes reviewing archives with a sufficient identification so that we can locate any records pertaining to activities including the erection of the work platform from the time the building was constructed through the time of Mr. Grove's accident. I recognize that this is broad, but at the present time no one has pinpointed the time frame or years in which the work platform was constructed, other than that it appears that this work platform was in existence as far back as the 80's or maybe even the 70's. It is necessary to go and see if there are any work orders, invoices, or any documents which could identify the erection of this work platform/scaffold. It is simply unacceptable for you to blithely claim that we should look to other parties for such records, when you know full well, and Unocal knows full well that any work done in their building, including any work such as a fixture affixed to their building in the penthouse filter room would have some written trail and written documentation, and we have the right to find out what has happened to the history of this work platform.

In addition, in a separate letter we were going to make a Rule 30(b)(6) request for the people most knowledgeable concerning these so called answers to discovery requests, and what efforts were made to actually search records. It is apparent that little or no effort was made to search the records of Unocal to determine if it authorized or approved or constructed this work platform.

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT 13-Y

FILE COPY

LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

March 8 2006

John Thorsness
Linda Johnson
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586
& U.S. Mail*

Re:   Grove v. Unocal; Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness and Ms. Johnson:

Following the deposition of Mr. Crapps, a review was undertaken of correspondence files to locate any verifications received from Unocal as to Unocal discovery responses. Defendant's responses to Plaintiffs' Sixth Discovery Requests, along with a verification from Kevin Tabler, was located. Please disregard previous correspondence indicating that we had not received responses to our Sixth Discovery Requests.

In addition, we located in correspondence files previous FOIA requests to AOSHA. Only the Siemens citation number was used. Apparently, there were two separate files kept by OSHA, one for Siemens and one for Unocal. These documents are being disclosed today.

There appears to be in the files black and white photographs of OSHA inspections of the filter room and work platform that were received as part of these earlier requests and filed away inadvertently in the correspondence files.

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT 13-2

3-8-06

# CLAPP · PETERSON
# VAN FLEIN · TIEMESSEN · THORSNESS
### LLC

ANCHORAGE
Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

FAIRBANKS
John J. Tiemessen
David A. Carlson
Marcus R. Clapp, ret.

RECEIVED
MAR 0 9 2006
WEIDNER & ASSOCIATES

FILE COPY

March 8, 2006

By Facsimile
278-6571

Michael Cohn, Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

Re: *Grove v. Unocal Corporation*
Our File No. 6200-1

Dear Mike:

Your letter of March 2, 2006 states that you do not agree that you have exceeded the number of interrogatories allowed under the federal rule. My letter to you of February 15, 2006 was written to give you plenty of notice prior to the agreed upon due date for our client to respond to your new interrogatory requests. There should have been no surprise.

Your letter challenges our math. Here's the breakdown:

| Discovery Set | Number of Interrogatories | Total requests |
|---|---|---|
| First | Three:<br>1: 4 subparts<br>2:<br>3: | 6 |
| Second | One | 1 |
| Third | One | 1 |
| Fourth (mis-labeled third) | Two | 2 |
| Fifth | One<br>    Three subparts | 3 |
| Sixth | One | 1 |
| Seventh | Four<br>1: 6 subparts<br>2: 2 subparts<br>3:<br>4: | 10 |
| Eighth | None | |
| | | **TOTAL 24** |

711 H Street, Suite 620 · Anchorage, Alaska 99501-3454
phone · 907-272-9272    email · anch@cplawak.com    fax · 907-272-9586

EXHIBIT 13-A

CLAPP • PETERSON
VAN FLEIN • TIEMESSEN • THORSNESS
LLC

Page 2

Given that the count after our client answered your Eighth request was 24 interrogatories, we answered one question in the Ninth discovery request.

Although you did not label the interrogatories in the Seventh request as having subparts, clearly they do have subparts. Your requests in both interrogatories number one and two request multiple answers in one interrogatory and read like a run-on sentence. We believe that we conservatively drew the line where 25 stopped and have fully complied with the federal rules.

We believe that you have received most verifications for interrogatories. However, we are in the process of reviewing and updating any interrogatory responses that might have been overlooked.

Finally, the deposition of Kevin Tabler was cancelled Monday for the same reason that Roxanne Sinz's deposition was cancelled Tuesday. Please confirm that you are not withholding any further discovery from us and we will discuss re-scheduling these depositions.

Sincerely,

Linda J. Johnson

cc:   John Thorsness

EXHIBIT 13-AA

FILE COPY

LAW OFFICES
# PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

March 9, 2006

John Thorsness
Linda Johnson
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re:   Grove v. Unocal; Case No. A04-0096 CV (JKS); Inspection of Unocal Records

Dear Mr. Thorsness and Ms. Johnson:

At some point it will be necessary to resume the depositions of Unocal present and/or former employees. In that regard, please provide us dates for the depositions of Kevin Tabler, Roxanne Sinz, Ken Burns, Marc Bond, Eddie Barrett, and Don Acres. In regard to any other individuals from Unocal, as I am not interested in playing a game of "go fish" to ascertain the people most knowledgeable, so therefore I will seek to have you produce the 30(b)(6) people most knowledgeable concerning the following areas:

1. Number 20 in our Second Supplement to Plaintiffs' Preliminary Witness List, i.e., Federal Rule of Civil Procedure 30(b)(6) individual most knowledgeable from Unocal regarding: (a) the ownership/maintenance of the work platform; (b) the construction/inspection of the work platform; (c) the dismantling and destruction of the work platform, including but not limited to all individuals who had a role in the decision to destroy the work platform following the OSHA investigation; (d) regarding the contracts between Siemens Building Technologies, Inc./Unocal; (e) regarding the tender of defense and/or acceptance of tender by Unocal to Siemens and any and all indemnification agreements between Siemens and Unocal; (f) the exact attorney/client relationship between Siemens and defense counsel for Unocal; (g) the individuals most knowledgeable concerning the records retained and received by Unocal in regard to the OSHA investigation, including all records in the possession of Unocal regarding the OSHA investigation, and, where said records are kept, and the date said records were received by Unocal; (h) the person or persons most knowledgeable regarding the system by

EXHIBIT 13-BB

3-9-06

John Thorsness, et al.
March 9, 2006
Page 2

        which records in the archives of Unocal are kept so that records that pertain to erection of the work platform in the Unocal building can be located in the archives, this includes any and all work orders/payment records, etc.; (i) person or persons most knowledgeable regarding the notice to Unocal of the injuries sustained by Larry Grove, the cause of the initiation of the OSHA investigation; (j) any and all persons most knowledgeable concerning the potential of a civil action by Mr. Grove arising out of the accident of September 9, 2002 at the Unocal building; (k) most knowledgeable concerning the discovery answers by Unocal as to our discovery requests; and (l) most knowledgeable concerning the relationship of Unocal Corporation, Union Oil Company of California and Unocal Alaska.

Some of the individuals listed above may comply with the categories that I have set out here, but there may be other individuals presently unknown or unrevealed to us that may be the most knowledgeable person from Unocal to answer the areas that are set out.

In regard to the depositions that are presently scheduled, please let us know at once whether or not you will seek to cancel the deposition of Archie Cook. I will let you know shortly whether or not we will still wish to do the deposition of Mr. Eaton. At this time, we may continue his deposition to another date, unless he falls within one of the categories set out as the person most knowledgeable concerning any of the categories herein.

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT 13-BB

## CLAPP · PETERSON
## VAN FLEIN · TIEMESSEN · THORSNESS
### LLC


FILE COPY
FAIRBANKS

ANCHORAGE

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
Linda J. Johnson
Liam J. Moran, Of Counsel

John J. Tiemessen
David A. Carison
Marcus R. Clapp, ret.

RECEIVED
MAR 10 2006
WEIDNER & ASSOCIATES

March 10, 2006

By Facsimile
278-6571

Michael Cohn, Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

Re: *Grove v. Unocal Corporation*
Our File No. 6200-1

Dear Mike:

There are several discovery matters that need to be addressed.

First, you request in your letter of March 8, 2006 come to Unocal and rifle through Unocal documents that have not been produced in this case hoping that you can discover documents that my client cannot. The request is denied.

Second, you have made a series of allegations about no verifications to discovery requests. Then, recently you sent a partial retraction. Please concisely and without rancor set forth the discovery requests that you believe are unverified rather than making a blanket request.

Third, you request today to re-set the depositions of Sinz and Tabler, debate whether to take Eaton and debate whether Cook should be postponed. These decisions depend you're your actions. You need to verify that you are not withholding any more documents. When you do so, we will be more able to determine what depositions should be set.

Sincerely,

Linda J. Johnson

711 H Street, Suite 620 · Anchorage, Alaska 99501-3454
phone · 907-272-9272   email · anch@cplawak.com   fax · 907-272-9586

EXHIBIT 13-CC
3-10-06

FILE COPY

LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

March 17, 2006

John Thorsness
Linda Johnson
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re:   <u>Grove v. Unocal</u>; Case No. A04-0096 CV (JKS)

Dear Counsel:

Ms. Johnson has recently written a letter in which she asked for correspondence without "rancor." Yet, you have threatened to file a grievance against me to the Alaska Bar Association, and in one of Ms. Johnson's most recent letters she threatens to seek sanctions and claims that I was withholding evidence and insultingly insists that I provide additional assurances that I am not withholding evidence. I categorically deny withholding evidence. In fact, the issue is what information has Unocal withheld, and continues to withhold. It is also apparent that this alleged information you claim has been withheld has been in the possession and/or knowledge of Unocal management and counsel, but never provided to plaintiffs by Unocal.

It is apparent that many of the discovery responses by Unocal are inaccurate, misleading, or deceptive. Furthermore, all of the information is or should be in possession of Unocal. Please provide immediately all statements of Unocal employees and/or contractors withheld from plaintiffs. Please provide an affidavit from Unocal that Unocal did not possess or have knowledge of the Paul Crapps affidavit. It appears unlikely that Mr. Crapps would have signed any affidavit concerning the OSHA investigation without Unocal management and/or counsel reviewing the affidavit, and have retained a copy of the affidavit, and indeed, already had possession of the entire OSHA file. Please also provide all documents not previously provided to plaintiffs related to the work platform, the Grove accident, the OSHA investigation, and the likelihood Grove would take legal action.

In regard to records concerning the work platform, it is unlikely the structure was erected without the authorization, approval and/or payment by Unocal. It also appears that absolutely no effort was made to search for such records (see response to First Discovery Requests.)

EXHIBIT 13-DD