● **RECEIVED** ●

MAR 2 9 2006

RECEIVED

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

MAR 0 1 2006

WEIDNER & ASSOCIATES

John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA
GROVE, SARAH GROVE, and MICHAEL
GROVE (DOB 1/21/88) by and through his
father LAWRENCE H. GROVE,

Plaintiffs,

vs.

Case No. A04-0096 CV (TMB)

UNOCAL CORPORATION,

Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFFS' NINTH DISCOVERY REQUESTS

Defendant, Unocal Corporation, by and through its counsel of record, Clapp,

Peterson, Van Flein, Tiemessen & Thorsness, LLC, submits its response to

Plaintiffs Ninth Discovery Requests to Unocal Corporation Pursuant to Federal

Rule of Civil Procedure 26, 33 and 36, dated January 27, 2006, as follows:

Defendant's Responses to Plaintiffs' Ninth Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (TMB)
Page 1 of 12

EXHIBIT _9_

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

## INTERROGATORIES

**Interrogatory No. 1:**  Please identify any and all persons who provided information that became the basis of the defendant's Supplemental Responses to Plaintiffs' Fifth Discovery Requests, namely "Unocal does not currently know the whereabouts of the work platform or the identity of the person or persons who removed it."  In said answer, identify the person or persons, whether a current or former Unocal employee, job title now and in 2002, work location of said employee in September 2002 and to present date, address, telephone number, basis of knowledge (whether personal knowledge or having been provided information from somebody else, and if so, the name address, job title now and in 2002, work location of said other person in September 2002 to present), and what efforts, if any, were made to actually find individuals with knowledge of the work platform/scaffold, and what happened to it.

**Answer:**  Objection to the extent it calls for attorney client privileged information or for work product protected information.    Notwithstanding the objection, until Paul Crapps was interviewed, no current Unocal employee was identified as possessing the information requested.

**Interrogatory No. 2:**  Please identify all Unocal employees working at the Unocal building at 909 West 9th Avenue, Anchorage in September 2002, including length of time at building by September 2002, job title at the time, job title today, job

EXHIBIT 9

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

1    responsibilities in September 2002, job responsibilities today, last known address,

2    and telephone number.

3    **Answer:**   Objection overbroad, burdensome, not calculated to lead to the

4    discovery of admissible evidence.

5    Federal Rule 33(a) limits the number of interrogatories to "25 in number

6    including all discrete subparts." Plaintiffs have now exceeded that number and no

7    further interrogatories will be answered.

8    **Interrogatory No. 3:**   In plaintiff's First Discovery Requests, Interrogatory

9

10   No. 1(d) asked for "the location of building records for the building, including any

11   and all archives wherein records concerning the procurement of materials and

12   supplies for erecting the work platform/scaffold subject of this litigation may be

13   located. If no such records exist, please explain." In the response, it was stated:

14

15       any and all records pertaining to the erection and construction of the
    Unocal office building are kept at the Unocal office building. However,

16       because Unocal did not erect the subject platform/scaffold, questions
    pertaining to the location of records concerning procurement of

17       materials and supplies in connection therewith should be directed to
    the    parties    most    knowledgeable    concerning    the    subject

18       platform/scaffold as identified above.

19   **Answer:**   Objection, vague, overbroad, cumulative of other prior requests.

20   Federal Rule 33(a) limits the number of interrogatories to "25 in number

21   including all discrete subparts." Plaintiffs have now exceeded that number and no

22   further interrogatories will be answered.

23

24

25   Defendant's Responses to Plaintiffs' Ninth Discovery Requests

26   Grove v. Unocal, Case No. A04-0096 CV (TMB)
Page 3 of 12

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

EXHIBIT ___9___

**Interrogatory No. 4:** Please identify the Building Services Supervisor or Manager in charge of day to day operation in connection with building services at the Unocal Building at 909 West 9th Avenue, Anchorage, from the date the building was erected to the present date, including job title, responsibilities, years that the individual was the building services manager, and last known position with Unocal and last know address and telephone number.

**Answer:** Objection, vague, overbroad, cumulative of other prior requests.

Federal Rule 33(a) limits the number of interrogatories to "25 in number including all discrete subparts." Plaintiffs have now exceeded that number and no further interrogatories will be answered.

**Interrogatory No. 5:** Please identify any and all health, safety and environmental managers or supervisors for the Unocal building at 909 West 9th Avenue, Anchorage, form the time the building was built to the present time, including job title, responsibilities, years that the individual was the building services manager, and last known position with Unocal and last known address and telephone number.

**Answer:** Objection, vague, overbroad, cumulative of other prior requests, unclear as to "for the Unocal building."

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

EXHIBIT 9

Federal Rule 33(a) limits the number of interrogatories to "25 in number including all discrete subparts." Plaintiffs have now exceeded that number and no further interrogatories will be answered.

**Interrogatory No. 6:** Please identify any and all Human Resource Managers or Supervisors for the Unocal building at 909 West 9th Avenue, Anchorage, form the time the building was built to the present time, including job title, responsibilities, years that the individual was the building services manager, and last known position with Unocal and last known address and telephone number.

**Answer:** Objection, vague, overbroad, cumulative of other prior requests, unclear as to "for the Unocal building."

Federal Rule 33(a) limits the number of interrogatories to "25 in number including all discrete subparts." Plaintiffs have now exceeded that number and no further interrogatories will be answered.

**Interrogatory No. 7:** Please identify any and all associate coordinator building services managers or supervisors for the Unocal building at 909 West 9th Avenue, Anchorage, from the time the building was built to the present time, including job title, responsibilities, years that the individual was the building services manager, and last known position with Unocal and last known address and telephone number.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

EXHIBIT 9

**Answer:**  Objection, vague, overbroad, cumulative of other prior requests, unclear as to "for the Unocal building."

Federal Rule 33(a) limits the number of interrogatories to "25 in number including all discrete subparts."  Plaintiffs have now exceeded that number and no further interrogatories will be answered.

## REQUESTS FOR PRODUCTION

**Request For Production No. 1**: Please   provide   any   and   all   records supporting Answer to Interrogatory No. 3.

**Response**: Objection, Interrogatory No. 3 was not answered since Plaintiffs have exceeded Federal Rule 33(a) limits.  Therefore, since no answer was made, no documents are relevant.

**Request For Production No. 2**: Please    provide    all    safety    related documents, including notices, manuals, practices, procedures, bulletins, and safety presentations for Unocal building from inception to present time.

**Response**: Objection to the use of the term "inception" since it is vague and unclear.  Objection, the request is cumulative of prior requests for production. See responses to prior production requests for safety related documents.

**Request For Production No. 3**: Please   provide   a   list   of   all   safety presentations and the actual safety presentation your own personnel gave to contractors and vendors doing business in the building, or tenants in regard to the Unocal building from the opening of the building to the present.  This request also

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

EXHIBIT___9___

specifically includes all contractors servicing the mechanical room where the air filters are located.

**Response**: Objection, overbroad, irrelevant, not calculated to lead to the discovery of admissible evidence, and this request is actually a mis-labeled interrogatory, since it requests that Unocal create documents in order to respond i.e. "please provide a list." No such list exists. Federal Rule 33(a) limits the number of interrogatories to "25 in number including all discrete subparts." Plaintiffs have now exceeded that number and no further interrogatories will be answered

**Request For Production No. 4**: Please   provide   the   emergency   exit protocols/information for each floor which Unocal has and/or refers to for building operations from the opening of the building to the present.

**Response**: Objection, overbroad, irrelevant, not calculated to lead to the discovery of admissible evidence. Without waiver of the objections, Defendant previously produced the emergency office procedures (DEF 01043 – DEF 01059).

**Request For Production No. 5**:       Please      provide      any      and      all documents, including orientation materials, protocols, rules and procedures, safety manuals  or  requirements  provided  or  made  available  to  contractors,  vendors and/or tenants of the Unocal building, including, but not limited to, Siemens Building Technologies, and Landis & Gyr (Siemens' predecessor) from the opening of the building to the present time.

EXHIBIT_____

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

**Response**: Objection, overbroad, irrelevant, not calculated to lead to the discovery of admissible evidence. Without waiver of the objections, Defendant has not been able to locate or determine whether any of the requested documents have been provided or made available to contractors, vendors and/or tenants of the Unocal building. Defendant is continuing its search for these materials and will supplement if any materials are located.

**Request For Production No. 6**: Please provide copies of any and all contracts, indemnity agreements, cooperation agreements, between Siemens Building Technologies and Unocal.

**Response**: Objection, overbroad, irrelevant, not calculated to lead to the discovery of admissible evidence. The request is cumulative of other requests. (DEF 00001 – DEF 00017; DEF 01032 – DEF 01040; DEF 01074 – DEF 01078; DEF 01106 – DEF 01107).

**Request For Production No. 7**: Please provide copies of any and all correspondence, memoranda, e-mails, electronic communications or other documents exchanged between Siemens Building Technologies and Unocal.

**Response**: Objection to the extent it is protected by the attorney client privilege and work product doctrine. The request does not specify a date range, subject matter or any other indicia of relevance. Therefore the request is too vague and burdensome to answer.

EXHIBIT 9

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

**Request For Production No. 8**: Please provide any and all documents regarding facility inspection of the Unocal building from the opening of the building to the present time. This request includes all inspection reports and all procedures for conducting inspections.

**Response**: Objection to use of the term "opening of the building" as vague and unclear. Objection to broad-based time frame of the request. It is cumulative of other requests already responded to. Notwithstanding the objections, herewith produced is a Safety Inspection dated March 5, 2003. (DEF 01108 – DEF 01111).

**Request For Production No. 9**: Please provide any and all documents from Unocal concerning the procedures, requirements, control and standards for construction, erection, inspection, safety and maintenance of scaffolding or work platforms, from opening of Unocal building to present time, by (a) it's own employees; (b) by contractors for Unocal (not linked to only Unocal building) and/or (c) in the Unocal building.

**Response**: Objection, overbroad, vague, irrelevant, not calculated to lead to the discovery of admissible evidence.

**Request For Production No. 10**: Please produce any and all documents regarding requirements, standards for the safe utilization of contractors from opening of the Unocal building to the present time.

EXHIBIT 9

Clapp. Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

**Response**: Objection the phrase "for the safe utilization of contractors from opening of the Unocal building" is so vague that Unocal is unable to discern its meaning or intent and is therefore unable to respond to this request.

**Request For Production No. 11**: Please produce any and all documents regarding guidelines, permits, standards, requirements, control, or authorization over any work done in Unocal building by employees, and contractors. This includes any structures/modifications to the building from opening of the Unocal building to the present time.

**Response**: Objection, this request is vague and is a multi-part question. Further, a request to produce any document related to "any work done in [sic] Unocal building by employees and contractors" is so vague that it would entail ANY work performed by any employee on any matter. The request is simply too vague and/or too burdensome and therefore Unocal is unable to respond to this request.

**Request For Production No. 12**: Please provide any and all documents regarding practices, procedures, guidelines, requirements for reporting hazardous, dangerous, unsafe conditions in the Unocal building from opening of building to the present time.

**Response**: Objection to use of the term "opening of the building" as vague and unclear. Objection to broad-based time frame of the request and it is cumulative of other requests already responded to. Notwithstanding the objection,

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

EXHIBIT ___9___

Defendant herewith produces a copy of a STOP card and SPS-1.3 Alternative Conditions Reporting (DEF 01112; DEF 01113 – DEF 01117).

**Request For Production No. 13**:  Please produce any and all training material, curriculum, booklets, manuals, policies, procedures for supervisors/managers regarding safety, safety management, building safety provided or given to personnel who supervised/managed at the Unocal building from the opening of the building until the present time.

**Response**: Objection, burdensome, overbroad.  Objection to use of the term "opening of the building" as vague and unclear.  Objection to broad-based time frame of the request and it is cumulative of other requests already responded to.  Objection to lack of subject matter of "safety," since that term covers a broad spectrum of topics, many of which would not be relevant to this lawsuit.

## REQUEST FOR INSPECTION

Please provide entry to the Unocal Building by plaintiffs to inspect the building records set out by defendant in response to plaintiff's Fist Discovery Requests, Interrogatory No. 1(d) for all records pertaining to the work platform/scaffold, subject of this litigation, including, but not limited to, erection, procurement, authorization, approval, maintenance, repair, removal, AK OSHA investigation, correspondence between Unocal and contractor regarding the mechanical room where the air filters are located, and where Larry Grove was injured and further, policies and procedures including construction of

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

EXHIBIT 9

additions/fixtures/scaffolding in building, safety rules, authorization to construct/build/alter/maintain/repair the building. In addition, any and all records of safety or maintenance inspections of the building are included in this request.

**Response:** With prior appointment, the original documents produced in this case are available for inspection. The location of the inspection will be determined.

DATED at Anchorage, Alaska, this ___ day of March, 2006.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

By _____
John B. Thorsness, #8211154

Certificate of Service:

I certify that a copy of this
document was mailed _____,
faxed _____, hand delivered ___ on
March ___, 2006, to the following:

Phillip P. Weidner Esq.
330 L Street, Suite 200
Anchorage AK 99501

By: _____

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Defendant's Responses to Plaintiffs' Ninth Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (TMB)
Page 12 of 12

EXHIBIT ___


Safety Inspection
**Facility: Anchorage Office**

Date of Inspection: March 5, 2003

Inspector: Ken Burns & Paul Crapps

| Item Number | Substandard Condition | Physical Location | Class | Completion Date | Person(s) Responsible |
|---|---|---|---|---|---|
| 1. | Signage is required for high noise level. Area should be restricted to authorized personnel/maintenance only. | Basement – Air Fan Room | C | | |
| 2. | All doors leading to an exit need to be properly label as "Exit" | Basement – Most Doors | C | | |
| 3. | Electrical outlet blocked by file cabinets with Extension cord attached for use. | Basement – SE Storage Room | C | | |
| 4. | Housekeeping needs improvement | Basement – All storage areas and hallways. | C | | |
| 5. | Combustibles (wood) stored between file cabinets. (Fire hazard) | Basement -SE Storage Room | C | | |
| 6. | Monthly fire extinguisher inspections not being completed. | Basement -All floors – all fire extinguishers | C | | |
| 7. | Fire extinguisher locations need appropriate signage. | Basement -All floors – all fire extinguisher locations. | C | | |
| 8. | No faceplate on electrical outlet | Basement -East Supplies and File Room | C | | |
| 9. | PCB's (Hazardous Material) being stored inside flammable storage locker. Needs MSDS | Basement -Hallway – South Storage Area | C | | |
| 10. | Aisles and hallways need to be clear of debris and storage. | Basement -All areas - Basement | C | | |
| 11. | No Emergency lighting in storage rooms. | Basement – All storage rooms Note: Emergency lighting is available in hallways. | C | | |
| 12. | No guard on table saw. | Basement – Maintenance Room | B | | |

Class A – IMMEDIATE ACTION: LIKELIHOOD OF DEATH, LOSS OF BODY PART; PERMANENT LOSS OF MAJOR STRUCTURE OR ITEM
Class B – 30 DAYS: LIKELIHOOD OF SERIOUS INTERRUPTIVE INJURY
Class C – 60 DAYS: LIKELIHOOD OF MINOR LOSS

DEF 01108

EXHIBIT 9

Page 2 – Anchorage Office Inspection – March 3, 2003

| Item Number | Substandard Condition | Physical location | Class | Completion Date | Person(s) Responsible |
|---|---|---|---|---|---|
| 13. | Belts and Pulley exposed on tables saw | Basement – Maintenance Shop | B | | |
| 14. | Line containing unknown liquid has valve without end cap. | Basement – Maintenance Shop | C | | |
| 15. | Excess Combustible materials and poor housekeeping in area and workbench | Basement – Maintenance Shop | C | | |
| 16. | Eye Wash Station needs mounting. Located on work bench which provides poor access. | Basement – Maintenance Shop | C | | |
| 17. | ANSI approved electrical matting is required in front of Main Distribution Panel 277/480 V | Basement – Generator Room | B | | |
| 18. | Broken closet rod | Basement – Communications Closet | C | | |
| 19. | Remove Eye Wash Station or replace. | Basement – Telephone Room | C | | |
| 20. | Various chemicals located throughout basement with no Material Safety Data Sheets. | Basement – All areas | C | | |
| 21. | Excess storage of files. Indication that files must be retained until 12/15/02. Excess files creates tripping hazards, poor housekeeping and restricted aisle and hallway access and egress. | Basement – Maintenance Room | C | | |
| 22. | Restricted Access | Storage Area across from elevator. Area assigned to Dan Thomas | C | | |
| 23. | No Halon signage on door | First Floor - Computer Room | C | | |
| 24. | Floor tile is broken in areas causing tripping hazard. | First Floor – Computer Room | C | | |
| 25. | Carpet needs repairing or replacing | Second Floor areas | C | | |

DEF 01109

EXHIBIT ___9___

Page 3 – Anchorage Office Inspection    March 3, 2005

| Item Number | Substandard Condition | Physical location | Class | Completion Date | Person(s) Responsible |
|---|---|---|---|---|---|
| 26. | Electrical closets needs to be identified (signage) to indicated restricted access. | 2nd Floor – Electrical closet | C | | |
| 27. | Housekeeping needs improvement | 3rd Floor Electrical closet. | C | | |
| 28 | Book shelves with books within 18" of ceiling blocking affect sprinkler coverage. | 4th Floor – Dwight Johnson and Lois Born's Offices | C | | |
| 29. | Housekeeping needs improvement. | Communication closet – Floors 1 through 6. | C | | |
| 30. | Restricted Area signage required in entry into penthouse. | Penthouse Floor | C | | |
| 31. | Inadequate lighting | Throughout "Penthouse" area. | C | | |
| 32. | Wooden ladders should be replaced with fiberglass ladders. | Penthouse area | C | | |
| 33. | Roofing cement needs to be removed from building. (No MSDS) | Penthouse | C | | |
| 34. | Trash needs to be emptied daily. | Penthouse | C | | |
| 35. | Housekeeping needs improvement | Penthouse | C | | |
| 36. | Signage required indicating overhead hazard. | Penthouse | C | | |
| 37. | Belt/Pulleys exposed on Intake Fan | Penthouse | B | | |
| 38. | Confined Space and Restricted Area signage required on doors leading to Pre Filter Replacement Chamber | Penthouse | C | | |
| 39. | Door leading to Elevator Control Room needs to be secured/locked. | Penthouse | C | | |

DEF 01110

EXHIBIT ___9___

Page 4 – Anchorage Office Inspection – March 3, 2005

| Item Number | Substandard Condition | Physical location | Class | Completion Date | Person(s) Responsible |
|---|---|---|---|---|---|
| 40. | Ladder blocking access | Penthouse - HEPA Filter Room | C | | |
| 41. | Fire extinguisher needs mounting and signage | Penthouse - Roof Access Room | C | | |
| | /////////////////////Last Item///////////////////// | | | | |

DEF 01111

EXHIBIT 9

**STOP** OBSERVATION REPORT

- SAFE ACTS OBSERVED
- ACTIONS TAKEN TO ENCOURAGE
  CONTINUED SAFE PERFORMANCE

- UNSAFE ACTS OBSERVED
- IMMEDIATE CORRECTIVE ACTION
- ACTION TO PREVENT RECURRENCE

Observer's
Signature _____

Area/Dept. _____ Date _____

©1995 DuPont Company

MS-6472f

THE STOP SAFETY OBSERVATION CYCLE

DECIDE — REPORT — ACT — OBSERVE — STOP

IF ANY DOUBT — WORK FULLY SAFE

OBSERVATION CHECKLIST

**REACTIONS OF PEOPLE**
- ☐ Adjusting Personal Protective Equipment
- ☐ Changing Position
- ☐ Rearranging Job
- ☐ Stopping Job
- ☐ Attaching Grounds
- ☐ Performing Lockouts

**PERSONAL PROTECTIVE EQUIPMENT**
- ☐ Head
- ☐ Eyes and Face
- ☐ Ears
- ☐ Respiratory System
- ☐ Arms and Hands
- ☐ Trunk
- ☐ Legs and Feet

**POSITIONS OF PEOPLE (Injury Causes)**
- ☐ Striking Against Objects
- ☐ Struck By Objects
- ☐ Caught In, On, or Between Objects
- ☐ Falling
- ☐ Contacting Temperature Extremes
- ☐ Contacting Electric Current
- ☐ Inhaling ┐
- ☐ Absorbing ├ A Hazardous
- ☐ Swallowing ┘ Substance
- ☐ Overexertion
- ☐ Repetitive Motions
- ☐ Awkward Positions/Static Postures

**TOOLS AND EQUIPMENT**
- ☐ Wrong for the Job
- ☐ Used Incorrectly
- ☐ In Unsafe Condition

**PROCEDURES AND ORDERLINESS**
- ☐ Procedures Inadequate
- ☐ Procedures Not Known/Understood
- ☐ Procedures Not Followed
- ☐ Orderliness Standards Inadequate
- ☐ Orderliness Standards Not Known/Understood
- ☐ Orderliness Standards Not Followed

DEF 01112

EXHIBIT ___9___



**UNOCAL⑦**
ALASKA RESOURCES

**SPS–1.3**
**Alternative Conditions Reporting**

*Safety Procedures and Practices Manual*

## I.  PURPOSE

The primary purpose of this procedure is the **identification, recording** and **follow up** of unsafe or substandard conditions which might not be detected during the planned inspection process or addressed adequately elsewhere. This procedure is a way of encouraging employees to report in writing unsafe or substandard conditions when other methods of addressing the problem have failed.

## II.  SUBMIT CONDITION REPORT TO YOUR SUPERVISOR

If an employee notices a situation in their work place that they believe to be unsafe or substandard, the **first step** is to verbally report it to their supervisor. The **next step** is to complete the **Condition Report**.

This report provides employees, supervisors and the Safety and Health Committee with an effective way to report conditions which maybe unsafe or substandard and ensuring that if there is a problem it is corrected. This report can also be used to report non-hazardous substandard conditions which cause loss such as inefficiency or waste.

After the employee has completed the form, he gives it to his supervisor.

## III.  SUPERVISOR SENDS CONDITION REPORT TO SAFETY SUPERVISOR

The supervisor will record on the form the hazard class of the reported condition (A, B, C or O) according to the degree of danger to employees, the loss of equipment or property, production loss, etc.

| | Class | Corrective Action Time Period |
|---|---|---|
| CLASS A – | Likelihood of death, loss of body part; permanent loss of major structure or item. | Immediate |
| CLASS B – | Likelihood of serious interruptive injury. Serious reparative damage. | 30 days |
| CLASS C – | Likelihood of minor loss. | 60 days |
| CLASS O – | Likelihood of loss such as production loss or inefficiency. | Varies |

The supervisor will also record on the Conditions Report the remedial action he plans to take to resolve the problem. After signing the report, a copy is sent to the Safety Supervisor.

DEF 01113

EXHIBIT __9__



## UNOCAL⑦⑥
ALASKA RESOURCES

**SPS–1.3**
**Alternative Conditions Reporting**

*Safety Procedures and Practices Manual*

---

### I.   PURPOSE

The primary purpose of this procedure is the **identification**, **recording** and **follow up** of unsafe or substandard conditions which might not be detected during the planned inspection process or addressed adequately elsewhere. This procedure is a way of encouraging employees to report in writing unsafe or substandard conditions when other methods of addressing the problem have failed.

### II.   SUBMIT CONDITION REPORT TO YOUR SUPERVISOR

If an employee notices a situation in their work place that they believe to be unsafe or substandard, the **first step** is to verbally report it to their supervisor. The **next step** is to complete the **Condition Report**.

This report provides employees, supervisors and the Safety and Health Committee with an effective way to report conditions which maybe unsafe or substandard and ensuring that if there is a problem it is corrected. This report can also be used to report non-hazardous substandard conditions which cause loss such as inefficiency or waste.

After the employee has completed the form, he gives it to his supervisor.

### III.   SUPERVISOR SENDS CONDITION REPORT TO SAFETY SUPERVISOR

The supervisor will record on the form the hazard class of the reported condition (A, B, C or O) according to the degree of danger to employees, the loss of equipment or property, production loss, etc.

|  | Class | Corrective Action Time Period |
|---|---|---|
| CLASS A – | Likelihood of death, loss of body part; permanent loss of major structure or item. | Immediate |
| CLASS B – | Likelihood of serious interruptive injury. Serious reparative damage. | 30 days |
| CLASS C – | Likelihood of minor loss. | 60 days |
| CLASS O – | Likelihood of loss such as production loss or inefficiency. | Varies |

The supervisor will also record on the Conditions Report the remedial action he plans to take to resolve the problem. After signing the report, a copy is sent to the Safety Supervisor.

---

SIGNATURE ON FILE _____    SPS–1.3

DEF 01114

EXHIBIT___9___



**SPS–1.3      Alternative Conditions Reporting**

The employee reporting the condition will be kept informed by his supervisor as to when and what action is taken.

## IV.   FINAL REPORTING CYCLE

Once the condition has been corrected or properly addressed the supervisor will sign the report and send it to the Safety Supervisor for his file.

DEF 01115

EXHIBIT____9


**SPS–1.3      Alternative Conditions Reporting**

The employee reporting the condition will be kept informed by his supervisor as to when and what action is taken.

## IV.   FINAL REPORTING CYCLE

Once the condition has been corrected or properly addressed the supervisor will sign the report and send it to the Safety Supervisor for his file.

DEF 01116

EXHIBIT____9____

# ALASKA REGION
## CONDITION REPORT

Date:_____

Person Initiating Report: _____     Facility: _____

Description of Condition and/or Procedures:

_____

_____

_____

_____

_____

_____

Condition Discussed With Supervisor: _____

Condition Classification – A, B, C, O _____

Signed – Supervisor _____

Remedial Action: _____

_____

_____

_____

Condition Corrected as Follows: _____

_____

_____

Signed Supervisor _____

Copy –   Safety Supervisor after initial report completed by employee and signed by the Supervisor.
         Safety Supervisor after condition corrected and signed by the Supervisor.

Issued May 6, 1991

DEF 01117

SPS–1.3

EXHIBIT_____9____