John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | Case No. 3:04-cv-0096-TMB |

**SURREPLY TO MOTION TO COMPEL AND
MEMORANDUM IN SUPPORT OF MOTION FOR RULE 37 SANCTIONS**

Defendant Union Corporation (Unocal) files a surreply to the Plaintiffs' motion to compel and moves the Court pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1 for an order sanctioning Plaintiffs for willful discovery violations.

Plaintiffs violated the discovery rules by willfully failing to disclose three files in their possession that were required to be disclosed by Fed. R. Civ. P. 26. The failure to disclose was not harmless and was prejudicial to Unocal. This discovery

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 1 of 19

disclosure directly affects the motion to compel filed by Plaintiffs, since they failed to supplement their motion to compel with documents in their possession that confirmed Unocal's assertion that it did not have the knowledge of the whereabouts of the platform. The knowledge was contained in the very documents Plaintiffs had willfully failed to produce.

The requested sanctions for failure to disclose the three OSHA files are: 1) preclude Plaintiffs from using or relying on the existing Paul Crapps deposition for any purpose, 2) allow Unocal to amend its interrogatory answers that were affected by the non-disclosure, 3) preclude Plaintiffs from relying or referring to the prior interrogatory answers, and 4) award Unocal attorney fees for the time spent defending the Crapps deposition and for the time spent bringing this motion. The sanctions requested are the least restrictive, and merely place Unocal back into the same position it would be in had Plaintiffs not willfully failed to disclose the OSHA documents.[1]

## I. CERTIFICATION OF ATTEMPT TO CONFER

As shown below, there was no time for Unocal to attempt to confer prior to Plaintiffs' use of the documents. For 15 months, Plaintiffs failed to produce the documents. Unocal was told by the agency that the files did not exist. Unocal's first indication that Plaintiffs possessed three undisclosed files was when Plaintiffs presented an affidavit from the files in an attempt to impeach Paul Crapps at his

---

[1] Unocal reserves the right to move in limine to exclude the use of the OSHA documents at trial on other grounds.

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 2 of 19

deposition. Plaintiffs had the affidavit in their possession long before the deposition but failed to produce it.

Unocal has since demanded and received a copy of the files, but is unsure whether those documents are the only documents not produced by Plaintiff.

## II. FACTUAL BACKGROUND

This case was filed on April 16, 2004. Initial disclosures were made July 2004. Plaintiff's Initial Disclosure said:

> Medical records; worker's compensation records; tax returns for years 1998-2002; Reemployment Benefits Plan; Alaska Pipe Trades Agreement, 2003-2006; **State OSHA records**; photographs of work platform and Mr. Grove's injuries; sheared/broken bolts are in the possession of plaintiff's counsel. See Bates Stamp Nos. LG 00001 to LG 00508. The broken bolts are available for inspection upon reasonable notice. Color copies of photographs are likewise available for copying or inspection upon reasonable notice.

Ex. 1, page 5, attached to affidavit of counsel, emphasis added. No OSHA records can be located in Plaintiff's original production.

After initial disclosures, Unocal sent its first set of discovery requests to Larry Grove, and they were answered August 30, 2004. Plaintiffs' discovery answers attached as Ex. 2. The request for production and response thereto said:

> **Request for Production No. 7:**
> Please produce all notes, memoranda, **COLOR photographs**, diagrams, drawings, or other tangibles which in any way relate to the accident or plaintiff's damage claims.
> **Response:** Objection. Vague. What are "tangibles"? See enclosed photographs. *See State OSHA records already produced*.

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 3 of 19

*Id.* at page 7, emphasis added and in original. No OSHA records can be located as promised in the RFP response.

It is now known that Plaintiffs submitted a Freedom of Information Act (FOIA) request to OSHA and received on December 22, 2004 a copy of an OSHA file directly related to Grove's injury. Letter from OSHA dated December 22, 2004, attached as Ex. 3. The OSHA file discusses OSHA's investigation efforts at Unocal of the platform and the file references statements allegedly made to OSHA investigators by Unocal witnesses. The file references measurements of the platform and photos taken by OSHA. Ex. 4, LG 808. Some copies of OSHA's photographs are included in the first file. This file was never produced to Unocal nor was its existence disclosed.

It is now known that January 7, 2005, Plaintiff received a copy of photographs from OSHA. Letter from OSHA dated January 7, 2005, attached as Ex. 5. The photos show the alleged platform at issue in this case, as OSHA allegedly found it. The letter from OSHA states that it has no negatives of the photos but that it is producing black and white copies of the photos. *Id.* These photographs were never produced and their existence was never disclosed.

July 8, 2005, Unocal submitted its own FOIA request to OSHA requesting the entire OSHA file, including witness statements and photographs. Ex. 6, LG 727. OSHA responded on August 8, 2005 to Unocal's FOIA request by stating that

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 4 of 19

only a copy of the complaint existed in the file and they did not have any photos or witness statements. Ex. 7 , LG 726.

Plaintiff sent their Fifth Set of Discovery to Unocal on March 21, 2006. Unocal responded several times, but each time Interrogatory #1 was answered by Unocal, it was without the benefit of the information contained in the OSHA files. Unocal's answers to the discovery request may have been materially different if Unocal had the benefit of reviewing the OSHA documents that Plaintiffs had in their possession.

On December 21, 2005, Plaintiff filed a motion to compel an answer to its Fifth Set of Discovery, Interrogatory #1. Without disclosing that they already had the answer to this Interrogatory in the form of OSHA documents, Plaintiffs filed a motion to compel claiming that Unocal knew the answer but had failed to timely provide it.

It is now known that on January 19, 2006, Plaintiffs received a copy of a third OSHA file. Ex. 8, letter from OSHA. The new file contained a copy of Paul Crapps' March 8, 2003 affidavit, and OSHA notes regarding its alleged conversations with Unocal employees. This file was even more material than the first.

Contained within the new file were copies of the Unocal request to OSHA and the response back to Unocal indicating that OSHA had no documents or photographs. See Exs. 6 and 7, LG 726-727. Therefore, Plaintiffs <u>knew</u> that Unocal did not have the OSHA documents and did not have the knowledge about

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 5 of 19

the platform Plaintiffs requested. Plaintiffs did not amend their motion to compel after they received this information.

Plaintiffs' Seventh Set of Discovery was propounded on December 15, 2005, and answered on January 26, 2006. Ex. 9. Interrogatory #1 was answered by Unocal, again without the benefit of the OSHA files. Again, the answer may have been materially different if Unocal had the benefit of reviewing the OSHA files that were already in Plaintiffs possession.

Paul Crapps' deposition was noticed for February 15, 2006. Ex. 10. Due to notice deficiencies, Mr. Crapps' deposition was postponed and rescheduled for March 3, 2006. On March 3, 2006, Mr. Crapps testified under oath at a videotaped deposition consistent with the earlier answers provided by Unocal, which were based upon Mr. Crapps' recollection of events that had occurred more than three years prior to the deposition. Ex 11 Crapps' deposition.

Prior to disclosing the affidavit or the OSHA documents during the deposition, Plaintiffs questioned Mr. Crapps about his memory of events. Mr. Crapps stated that he dismantled the platform at issue about "a couple of days" after Grove reported that he had fallen. *Id.* at 29. Mr. Crapps testified that his supervisor, Charles Arnett, had instructed him to dismantle the platform. *Id.* He confirmed he had provided the answer for the last supplement to Plaintiff's Fifth Discovery Request and to the Seventh Discovery request. *Id.* at 58-59, 61. Plaintiff's counsel asked Mr. Crapps if he had taken the platform down after OSHA

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 6 of 19

came in, and Mr. Crapps answered no. *Id*. at 36. No affidavit or OSHA photographs were offered to refresh Mr. Crapps memory. Plaintiffs asked if the platform was present when OSHA inspected Unocal. *Id*. at 38. Mr. Crapps responded no without the benefit of seeing the OSHA investigator's statements in the OSHA files. Again, Plaintiff asked a question that could only have come from the OSHA documents: Did Roxanne Sinz direct you to do anything in the filter room? *Id*. at 39. Mr. Crapps responded no. *Id.*

At each of these points, Plaintiffs knew that the OSHA files containing the investigator statements, the photographs and the Crapps affidavit were different from Mr. Crapps' recollection. However, instead of providing Mr. Crapps a copy of the OSHA files and photographs, Plaintiffs' waited for that "ah-ha, gotcha" moment. Plaintiffs knowingly withheld the documents and photographs that might have allowed Mr. Crapps the ability to recall the incidents contained within.

It was only after Plaintiffs forced Mr. Crapps to testify as to his best memory regarding an event that occurred more than three years earlier, that Plaintiffs revealed for the first time that they had an affidavit wherein Paul Crapps stated that he had dismantled the platform as an abatement action in response to the OSHA investigation. *Id*. at 68 and 69.

On the record, when asked if the affidavit had been disclosed to Unocal, Plaintiffs' attorney admitted he had not yet done so.

```
 5   Q. Mr. Crapps, I want to show you what's been marked
 6   as Exhibit No. 9. And, first, do you recognize that
```

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 7 of 19

```
 7   document?
 8   A.  I must have.  I signed it, but not off the top of
 9   my head, but yeah.
10   Q.  So that is your signature on the document?
11   A.  Yes.
12        MR. THORSNESS:  What's the Bates number at
13   the bottom here?
14        MR. COHN:  It's LG00739.  That's Larry
15   Grove.  That will be supplemental --
16        MR. THORSNESS:  Has been this been produced
17   yet?
18        MR. COHN:  It is going to be produced, but
19   this is a document that I would assume that Unocal would
20   have possession of.
21        MR. THORSNESS:  Right, but you have not
22   produced it yet?
23        MR. COHN:  No, but it is coming.
```

Deposition of Paul Crapps, at 68, emphasis added.  Plaintiffs were fully aware that the affidavit and OSHA documents had not been produced.  Plaintiffs had possession of the affidavit since December 2004.

After the deposition, Unocal sent a letter to Plaintiffs demanding:

> a copy of any document that you intend to use with [deponents scheduled for the next week] that you have not already produced.  Indeed, we demand that you produce any document relevant to this case that you have not yet produced or are intentionally withholding.

Letter dated March 3, 2006, attached as Ex. 12.  In response to the letter, Plaintiff produced the OSHA files (see Exhibits 3, 4 and 8), which included the affidavit used at the deposition.

Plaintiffs amended their witness list on March 8, 2006 and added descriptions of witnesses they expect to call, finally disclosing that Plaintiffs intend

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 8 of 19

to rely upon the OSHA investigation documents.  Ex. 13, noted in the Court files as Document #41.  The rationale for the Plaintiffs amended witness list is:

> In light of the state of discovery at the present time, including the responses to discovery requests of plaintiffs, and information revealed in State of Alaska OSHA records, plaintiffs herein, by and through counsel, Phillip Paul Weidner & Associates, APC, hereby supplement their preliminary witness [sic] with the following individuals, including any and all individuals listed in the State of Alaska OSHA investigative reports, including State of Alaska OSHA investigators, and any and all individuals from defendant Unocal and Siemens Building Technologies, Inc., who are listed in the OSHA records as having participated in the investigation and/or were interviewed as well as other individuals revealed during discovery . . .

See Ex. 12.

Finally, when Unocal was provided with a copy of Paul Crapps' affidavit, it was able to locate a copy of the affidavit that had been separated from the Unocal's main file.  However, Unocal did not have the OSHA photographs or the OSHA investigator statements all of which were critical to Unocal's ability to respond to Plaintiffs' motion to compel and otherwise properly defend against this litigation.

### III.  SURREPLY: PLAINTIFFS HAD A DUTY TO SUPPLEMENT THEIR MOTION WITH DOCUMENTS THAT INDICATED UNOCAL'S RESPONSE WAS CORRECT AS STATED.

Unocal requested in its opposition that the Court dismiss Plaintiffs' motion to compel because further discovery in the case may disclose the identity of who dismantled the platform.  In fact, at the time that Plaintiffs moved to compel, they had a copy of the first two OSHA files, but had not produced them.  Although the

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 9 of 19

OSHA files may not be admissible as evidence at trial, they contained investigator statements, photographs and at least one affidavit and were material that needed to be produced, as shown below.

Plaintiffs accused Unocal of failing to provide a "proper" answer[2] and asked the court to compel Unocal to: 1) "forthrightly" answer the discovery, 2) produce the work platform and its parts for inspection, and 3) make available each person who had a role in the disassembly of the platform. Plaintiffs already had the OSHA files from December 2004 and January 2005, so they believed they already had the answer to this, but did not share those files with Unocal or the Court.

When Plaintiffs received the January 19, 2006 copy of the OSHA file, it contained the letter from OSHA to Unocal stating that no OSHA files or photos existed. Plaintiffs had an obligation to correct their assertions to this Court.

Even if Plaintiffs original assertion to the Court in the motion to compel were not false, after receiving the OSHA file, Plaintiffs had a duty to disclose to this Court no later than January 2006 that they had documents from OSHA indicating that Unocal in fact did not have the knowledge that Plaintiffs asserted it did. Plaintiffs knew from the January 19, 2006 receipt of the OSHA file that Unocal did not have copies of the OSHA files. Plaintiffs knew Unocal could not answer the

---

[2] The motion to compel was also untimely, since Unocal had answered the discovery before the motion to compel was filed, but Plaintiffs refused to withdraw the motion. The "certificate of attempt to confer" was incomplete, since Plaintiffs had not checked with Unocal to see if the answer had been sent prior to moving to compel.

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 10 of 19

interrogatory question they had propounded because Unocal did not have all the information. Plaintiffs remained silent.

The Court should deny Plaintiffs' motion to compel. Unocal's prediction did come true: further discovery in the case disclosed OSHA files that purport to answer the question of who allegedly dismantled the platform, and why. However, the "discovery" was in the possession of Plaintiffs all along. Such disingenuousness should not be rewarded. The motion to compel should be denied.

## IV. SANCTIONS ARE APPROPRIATE FOR FAILURE TO SUPPLEMENT THEIR INITIAL DISCLOSURES AND PRODUCE OSHA FILES FOR 15 MONTHS.

Plaintiff had in their possession three OSHA files. According to Fed. R. Civ. P. 26(a)(1) these files were discoverable documents that the Plaintiffs "may use to support its claims or defenses." Plaintiffs were under a duty to supplement their initial disclosures under Rule 26(e). Fed. R. Civ. P. 37(a)(2) states:

> A) If a party <u>fails to make a disclosure</u> required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

Plaintiffs were required to supplement their initial disclosures and produce the OSHA files but failed to do so. Plaintiffs willful violation of Rule 26 should be sanctioned. When considering the appropriateness of a discovery motion, the District Court looks to Local Rule 37.1(b), which states:

> (b) **Standard for Imposition of Sanctions**. Prior to entering an order under Rule 37, Federal Rules of Civil Procedure, the court will consider:

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 11 of 19

> [1] the nature of the violation, including the willfulness of the conduct and the materiality of the information the party refused to disclose;
> [2] the prejudice to the opposing party;
> [3] the relationship between the information the party refused to disclose and the proposed sanction;
> [4] whether a lesser sanction would adequately protect the opposing party and deter other discovery violations; and
> [5] other factors deemed appropriate by the court or required by law.

Plaintiffs' conduct requires discovery sanctions. Unocal has not asked for default, dismissal or the total exclusion of witnesses. What Unocal asks is that it be placed back into the position it would have been had Plaintiffs not willfully failed to disclose the OSHA documents. Based on Plaintiffs actions, Unocal believes that its sanctions request is reasonable.

**A. The Nature Of The Violation Is Sanctionable.**

Plaintiffs possessed documents from OSHA <u>for over a year</u> which they should have produced to Unocal. The Unocal witness statements allegedly made to OSHA investigators, the affidavit of Paul Crapps, and the OSHA photographs were absolutely discoverable under Rule 26(a)(1)(A) and 26(a)(1)(B) as names of persons and documents that "the disclosing party may use to support its claims or defenses."[3] Failure to produce these OSHA documents to Unocal was a violation of Rule 26.

Plaintiffs were under a duty to supplement their disclosures "at appropriate intervals", especially when they learned in January 2006 that the OSHA files had

---

[3] There is no discovery exception for documents that Plaintiffs' counsel "assumes" the Defendant already has possession of. See Crapps' Deposition at 68.

Surreply and Memo in Support of Motion For Sanctions
<u>Grove v. Unocal</u>, Case No. 3:04-cv-0096-TMB
Page 12 of 19

"not otherwise been made known to the other parties during the discovery process or in writing." Rule 26(e)(1). Plaintiffs were aware that Unocal had asked OSHA for its files and had been told that no documents or photographs existed in the OSHA file. Although Plaintiffs should have disclosed the OSHA files when the received them, when Plaintiffs knew in January 2006 that Unocal did not have a copy of the OSHA files, Plaintiffs were absolutely required to produce their copies of the OSHA files. Their failure to do so is a violation of the discovery rule and is sanctionable.

**B. Plaintiffs' Conduct Was Willful.**

Plaintiffs' conduct was certainly willful. Plaintiff had multiple opportunities to disclose these documents, but failed to do so at each turn.

- Plaintiffs should have disclosed the OSHA files when they were first received in 2004, 2005 and in 2006, respectively. See Ex. 3 and 5 and 8.
- Plaintiffs had the duty to amend their court pleadings in January 2006, to inform the Court that they knew Unocal did not have the OSHA documents.
- When Paul Crapps' deposition was noticed Plaintiffs should have supplemented their disclosures.
- Again, when the Crapps' deposition was re-noticed, Plaintiffs had ample opportunity to disclose the OSHA files.

Time after time, Plaintiffs willfully failed to disclose their possession of the OSHA documents and photographs. Plaintiffs held the OSHA files without disclosure for 15 months.

At the Paul Crapps deposition, Plaintiffs' counsel admitted on the record that he <u>knew</u> the OSHA records that he was relying upon had not been produced to

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 13 of 19

Unocal.[4] Plaintiffs had ample opportunity to produce the OSHA documents and photographs, any of which may have jogged Paul Crapps' memory or would have alerted Unocal to the possibility that OSHA had failed to properly produce its case file and that there were documents missing from its own records.

It was only after the OSHA files were used in deposition that Plaintiffs' amended their witness list to include the witnesses named in the OSHA files. This action also demonstrates willful failure to disclose. If Plaintiffs had supplemented their witness list when they received the OSHA files they would have alerted Unocal to the existence of the files in Plaintiffs' possession. Instead, Plaintiffs appear to have intentionally delayed amendment of their witness list until after Unocal was prejudiced by the delay.

Plaintiffs' failure to supplement their initial disclosures was, as they admitted on the deposition record, intentional and willful.

**C. The OSHA Files Are Material To the Claims and Defenses In This Case.**

The OSHA documents were material to the defense of Unocal's case, since they contain witness statements, impressions from OSHA investigators of the platform at the heart of this case, photographs of the platform and other

---

[4] Plaintiffs engaged an expert to examine the room in which the platform existed. Unocal has serious questions about whether the OSHA documents were produced to that expert for her use in her calculations. If so, Plaintiffs' actions are just that much more egregious. The expert's report has not been produced, so no deposition has been taken.

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 14 of 19

information. Although the OSHA documents themselves may not be admissible into evidence, they were they type of document that is calculated to lead to the discovery of admissible evidence, which is all that is required by the discovery rules.

Likewise, the files are material to Plaintiffs' prosecution of their claims. Plaintiffs demonstrated that materiality when they used the OSHA documents in the Crapps deposition and used them to amend their witness list.

**D. There Was Significant Prejudice To Unocal.**

Plaintiffs have the burden to prove that their actions were harmless. *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir. 2001) stated:

> Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness. At least one other circuit court has so held. *Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 21 (1st Cir.2001) ("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 26] was either justified or harmless····").

Failure to produce the OSHA documents has materially prejudiced Unocal. Unocal's own discovery efforts as to liability and cause would have been aided by the investigator statements in the OSHA files and the OSHA photographs. For 15 months, Unocal has not been able to pursue or investigate the statements in the OSHA documents, the names of witnesses listed by OSHA, or use the OSHA photographs. This delay has caused Unocal to focus its discovery efforts in directions other than those that might have come about from the use of the OSHA statements and photos.

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 15 of 19

Discovery closes May 26, 2006 and expert reports are due April 28, 2006. The recent disclosure of the OSHA files places Unocal in a position where it may be required to apply to the Court for another extension of time for discovery purposes. Delay in this case is not ideal, since so many witness memories have already failed. Further delay will only add to the prejudice to Unocal.

**E. There Is A Direct Relationship Between The Information Plaintiffs Failed To Disclose And The Proposed Sanction, and No Lesser Sanction Is Appropriate.**

The sanctions are directly related to the Plaintiffs' failure to produce the OSHA documents that they had in their possession for 15 months. Unocal has not asked for litigation ending sanctions. Instead, Unocal has asked for sanctions that place it back into the same position it would have been in 15 months ago, had Unocal had the use of the OSHA files.

Rule 37(c)(1) states that a party that, without substantial justification, fails to disclose information required under Rule 26(a), is not permitted to use that same evidence "at trial, at a hearing, or on a motion" unless the failure to disclose is "harmless." Therefore, the requested sanction conforms to the requirements of Rule 37. The requested sanction is that the old interrogatory answers and the Crapps deposition should not be used or referred to for any purpose. Unocal asks that the deposition and the interrogatory answers be stricken and that Unocal be allowed to re-answer the interrogatories based upon the information in the OSHA records. Additionally, Unocal requests its attorney fees for the time spent at the

Surreply and Memo in Support of Motion For Sanctions
<u>Grove v. Unocal</u>, Case No. 3:04-cv-0096-TMB
Page 16 of 19

Crapps deposition and in bringing this motion. Each of these sanction requests is designed to place Unocal into the position it would have been in 15 months ago.

No lesser sanction is appropriate. Unocal has not demanded litigation ending sanctions. The proposed sanctions are designed to deter Plaintiffs from willfully withholding documents in the future, but are not so serious that they will jeopardize Plaintiffs' case.

**F. Other Factors Require Sanctions.**

Surprise is not supposed to be a discovery tool any more. Regardless, Plaintiffs have capitalized upon surprise in order to gain advantage in this case. This tactic should be soundly sanctioned so that their willful actions will not be repeated.

The nature of the deposition questioning was itself sanctionable. The deposition questioning demonstrates Plaintiffs intent to use surprise as a discovery tool. Mr. Crapps was asked numerous questions by Plaintiffs at the deposition that he answered from his memory. Those questions could only have been asked by Plaintiffs by virtue of their exclusive knowledge of the contents of the OSHA files. Mr. Crapps was not afforded the opportunity to review the OSHA files that included the OSHA inspector statements, his affidavit and the OSHA photographs, before Plaintiffs had first asked every question related to those documents. Mr. Crapps was subjected to an "ah-ha, gotcha" technique that should not be condoned.

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 17 of 19

The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001). This Court should impose the requested sanctions upon Plaintiffs for their willful failure to supplement their initial disclosures.

**G. The Attorney Fees Requested Are Reasonable.**

Unocal asks that the Plaintiffs reimburse them pursuant to Fed. R. Civ. P. 37(a)(4)(A) for the legal work expended in defending the deposition of Paul Crapps and for the legal work expended in bringing this motion. Unocal asks the Court to award its full attorney fees based upon the willful failure to produce documents and the deceitful manner in which the Plaintiffs have acted.

Unocal's counsel spent 4.5 hours defending the deposition of Paul Crapps. Affidavit of Linda J. Johnson at ¶4. John Thorsness' hourly rate is $205. Unocal's counsel spent 18.7 hours preparing this motion. *Id.* at ¶3. Linda Johnson's hourly rate charged for this matter is $150. *Id.* The total amount of attorney fees requested in this matter are $3,727.50.

**V.  CONCLUSION**

Unocal requests that it be placed back into the same position it would have been in had Plaintiffs not willfully withheld production of the OSHA files. Because Plaintiffs had OSHA files for more than a year, their conduct was willful. Plaintiffs' own reliance upon the documents proves they knew the documents were material.

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 18 of 19

Plaintiffs' intended to prejudice Unocal in this matter by not disclosing what it knew about the OSHA investigation, photos, witness statements and the like.

The sanctions appropriate are: 1) preclude Plaintiffs from using or relying on the Paul Crapps deposition for any purpose, 2) allow Unocal to amend its interrogatory answers that were affected by the non-disclosure, 3) preclude Plaintiffs from relying or referring to the prior interrogatory answers, and 4) award Unocal $3,727.50 in attorney fees for the time spent defending the Crapps deposition and for the time spent bringing this motion.

DATED at Anchorage, Alaska, this ___ day of March, 2006.

         CLAPP, PETERSON, VAN FLEIN,
         TIEMESSEN & THORSNESS, LLC
         Attorneys for Defendant Unocal


         s/ Linda J. Johnson
         CLAPP, PETERSON, VAN FLEIN,
         TIEMESSEN & THORSNESS LLC
         711 H Street, Suite 620
         Anchorage, AK  99501-3454
         Phone:  (907) 272-9631
         Fax:  (907) 272-9586
         Direct email:  ljj@cplawak.com
         Alaska Bar No. 8911070

### Certificate of Service

I hereby certify that on March 29, 2006, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

         s/ Linda J. Johnson

Surreply and Memo in Support of Motion For Sanctions
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 19 of 19