John B. Thorsness
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9273
jthorsness@cpsattorneys.com
Attorney for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,

Plaintiffs,

vs.

UNOCAL CORPORATION,

Defendant.

Case No. A04-0096 CV (JKS)

### DEFENDANT'S RESPONSES TO PLAINTIFFS' SEVENTH DISCOVERY REQUESTS

Defendant, Unocal Corporation, by and through its counsel of record, Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC, submits its response to Plaintiffs Seventh Discovery Requests to Unocal Corporation Pursuant to Federal Rule of Civil Procedure 26, 33 and 36, dated December 15, 2005, as follows:

Defendant's Responses to Plaintiffs' Seventh Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 1 of 6



Exhibit 9
Page 1 of 6

## INTERROGATORIES

**INTERROGATORY NO. 1**: ✓ Please identify each and every Unocal employee and/or any other persons, who went into the mechanical room at the Unocal building where the accident, the subject of this litigation, occurred from the time of the accident on September 9, 2002 until the scaffolding/work platform was removed, and as to each Unocal employee or person, provide name, address, job position and responsibility at time of entry into the room, why they went into the room, what they did in the room, whether they recorded or documented the visit, if any photographs or videotaping was done, what they observed in the room in regard to the scaffolding/work platform, bolts or machine screws, nuts, washers, planks, vertical or horizontal supports, and whether they moved anything, and if so, what was moved and where was it moved to?

**ANSWER**:

Objection vague, burdensome, multi-part question, unclear as to term "mechanical room". Unocal will interpret "mechanical room" as the filter room in which the incident occurred. No single person can fully answer this multi-part question.

Plaintiff stated in his deposition, under oath, that he returned to Unocal and entered the filter room on one or more occasions after his accident. He testified he took photographs and removed parts of the scaffolding/work platform.

Defendant's Responses to Plaintiffs' Seventh Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 2 of 6

Exhibit 9
Page 2 of 6

Charles Arnett may have responded to a telephone call from Plaintiff requesting assistance. Mr. Arnett was the Building Manager in September 2002, and may have entered the mechanical room and/or the filter room in that capacity.

Defendant believes that Paul Crapps removed the scaffolding from inside the filter room several days after the incident. It is believed that the metal pieces were placed in a trash can located outside the filter room. On September 9, 2002, Paul Crapps was a contract employee, working for Kelly Services.

Defendant is not aware of any photographs, videotaping, or documentation during the specified time period, except for the photographs produced by Plaintiff.

**INTERROGATORY NO. 2**: Please explain the relationship between Unocal Corporation and Unocal Alaska at the time of the accident on September 9, 2002, today, and also explain the relationship of Unocal Corporation and/or Unocal Alaska to the Unocal building at 909 West 9th Avenue, Anchorage, Alaska, including which entity owns the building, operates the building, maintains the building since the building was built until the present date.

**ANSWER**:

Objection vague, calls for a legal conclusion. Notwithstanding the objections, on September 9, 2002, Unocal Corporation was the sole shareholder of Union Oil Company of California. Union Oil Company of California owned the building located on 909 West 9th Ave.

"Unocal" was an unofficial DBA for Union Oil Company of California. "Unocal Alaska" was used by Union Oil Company of California as an unofficial DBA. "Unocal Alaska" was not an incorporated entity but was used informally to refer to the business conducted by Union Oil Company of California in Alaska.

**INTERROGATORY NO. 3**: Please explain the relationship between Union Oil Company of California, Unocal and/or Unocal Alaska, including but not limited to, ownership, maintenance, control, operation of the Unocal building at 909 West 9th Avenue, Anchorage, Alaska since the building was erected.

**ANSWER**:

Objection vague, calls for a legal conclusion. See answer to Interrogatory No. 2.

**INTERROGATORY NO. 4**: If you claim that plaintiffs have named the wrong Unocal entity in the Complaint, please explain.

**ANSWER**:

Objection vague, calls for a legal conclusion. See answer to Interrogatory No. 2.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: Please produce any and all color and/or black and white photographs of the bolts, washers, and nuts picked up by Larry Grove (see Exhibits 13, 14, and 15 to the second deposition of Larry Grove).

**RESPONSE**:

Produced herewith is a CD containing 12 photographs which were taken on September 15, 2005, at the offices of plaintiffs' counsel. (DEF 01071).

DATED at Anchorage, Alaska, this 26 day of January, 2006.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

By: _____
John B. Thorsness, #8211154

Certificate of Service:

I certify that a copy of this document was mailed _____, faxed _____, hand delivered  X  on January 27, 2006, to the following:

Phillip P. Weidner Esq.
330 L Street, Suite 200
Anchorage AK 99501

By: _____

Defendant's Responses to Plaintiffs' Seventh Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 5 of 6

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Exhibit 9
Page 5 of 6

# VERIFICATION

STATE OF ALASKA          )
                         ) ss.
THIRD JUDICIAL DISTRICT  )

I, Kevin A. Tabler, the Land Manager of defendant Union Oil Company of California, being first duly sworn upon oath, depose and state:

1. I have read the foregoing answers to interrogatories propounded by plaintiff and understand the contents thereof;

2. I have responded to the foregoing interrogatories and signed this Verification freely and voluntarily for the purposes set forth therein in my capacity as the Land Manager of Union Oil Company of California;

3. I verify that the information contained herein is true and to the best of my knowledge; and

4. I verify that I have provided all the information known to me at this time and that I am under an obligation to up-date and supplement my responses in the future if any answer is found to be incorrect or I gain additional information which would change any answer.

DATED at Anchorage, Alaska, this 26th day of January, 2006.

_____
Kevin A. Tabler

SUBSCRIBED AND SWORN to before me this 26th day of January, 2006.



_____
Notary Public in and for the State of Alaska
My Commission Expires: 8·29·06

Defendant's Responses to Plaintiffs' Seventh Discovery Requests
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 6 of 6

Exhibit 9
Page 6 of 6

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586