16. Exhibit 21 does not contain anything new. The Xerox copies of photographs in Exhibit 21 are the same Xerox copies produced in Exhibit 20;

17. There appears to be little, if anything, of significance in Exhibits 20 and 21. There is a reference to dismantling the platform and photographs of the platform before dismantling. Unocal already knew what the platform looked like, and knew OSHA took photographs, and Unocal already knew it had dismantled the platform. Thus, this is hardly new or surprising evidence. It is also unknown whether Unocal in fact has these photographs already, perhaps in a file separate from the Unocal main file;

18. At the end of January 2006, plaintiffs received additional documents from OSHA, this time pertaining to Unocal (Exhibit 12). These documents contain no witness statements, but contain summaries by OSHA inspectors based on information provided by Unocal people. The OSHA records are thus secondhand reporting of information that has always been in the possession and/or knowledge of Unocal. Among the Unocal individuals identified by OSHA that they interviewed

Affidavit of Michael Cohn                                    Page 8

are Paul Crapps and Archie Cook. Charles Arnett, a contractor for Unocal, was also identified. Among the people that the OSHA records reveal the information came from is Roxanne Sinz and Ken Burns. See LG00749 in Exhibit 12. Roxanne Sinz and Ken Burns met and talked with OSHA inspectors. An opening conference was conducted with Roxanne Sinz. Roxanne Sinz and Ken Burns attended a closing conference. See LG00759. An informal conference regarding the OSHA investigation was attended by Ken Burns, Roxanne Sinz and Marc Bond, Assistant Counsel for Unocal. A fine was paid by Kevin T. Tabler. The claim by defendant that the alleged concealment by plaintiffs of information <u>already known or in possession</u> of defendant would have affected their own discovery or revealed witnesses unknown to Unocal is patently ridiculous;

19. In the Response to Plaintiffs' Third Discovery Requests (Exhibit 3), defense counsel claims that among the individuals conferred with in answering the first three discovery requests were Roxanne Sinz, Paul Crapps, Archie Cook and Charles Arnett. In addition, the few discovery responses verified are by Marc Bond and Kevin Tabler. Mr. Tabler also submitted an

Affidavit of Michael Cohn                                    Page 9

affidavit in support of summary judgment claiming knowledge regarding the work platform;

20. Furthermore, defendant submitted DEF00027 (Exhibit 15), are notes compiled by Ken Burns. Thus, Ken Burns is clearly identified. Defendant has had first hand knowledge of all the information in the OSHA records, but said information was concealed from plaintiffs;

21. Defendant admits on page 9 of its Surreply that it had possession of a Paul Crapps affidavit [which was concealed from plaintiffs]. Defendant claims (incorrectly) that I had the affidavit to use to trick Mr. Crapps. The affidavit simply indicated he had personal knowledge of the dismantling of the work platform after the OSHA investigation and the posting of citations. It has been known by Unocal, including Ken Burns, Roxanne Sinz, Paul Crapps, and DEF00027, that the work platform was removed after the OSHA inspection. Mr. Crapps had plenty of sources, including DEF00027, which could have "refreshed" his memory. Any alleged failure to turn over a document that plaintiffs received at the end of January 2006,

Affidavit of Michael Cohn                                    Page 10

which was <u>already in the possession of defendant</u> but concealed from plaintiffs for years, is harmless error;

22. Defendant admits at page 9 of its Surreply that it had possession of the Crapps affidavit, that there is a Unocal main file, and that the Crapps affidavit was "separated" from the main file. Plaintiffs request that the court order disclosure of the Unocal main file, and any subsidiary files with documents separated from the main file;

23. Unanswered questions remain, including (a) who put the Unocal main file together; (b) who separated the Crapps affidavit; (c) who "found" the Crapps affidavit. Why is it that only after I wrote a letter asking defendant to provide an affidavit stating it did not have the Crapps affidavit, that defendant found the Crapps affidavit. How did they know where to find the affidavit?

24. In over 20 years of practice, this is probably the most egregious discovery obstructionist tactics I have encountered. It is three years since litigation has commenced, and defendant has still not produced <u>any</u>

Affidavit of Michael Cohn                                         Page 11

records concerning the authorization, approval, requisition, and inspection of the work platform. Defendant has failed to produce safety records, minutes of meetings, e-mails or virtually any records of substance (other than DEF00027);

25. The responses to all of plaintiffs' discovery requests appear to contain numerous inaccurate statements/deceptive answers, despite the fact that Unocal management, including Ken Burns, Roxanne Sinz, and others, apparently knew Siemens did not build/own the platform, and Unocal possessed information responsive to plaintiffs' discovery requests, but simply failed to either search for said records or refuse to produce said records;

26. Defense counsel makes numerous misstatements and presumptions, including a claim that I knew that Unocal did not have OSHA records because of a request from defense counsel to OSHA dated July 8, 2005 (LG00727); Exhibit 12) and the response by OSHA dated August 8, 2005 (LG00726);

Affidavit of Michael Cohn                                    Page 12

27. Besides presuming to know what was in my head, and besides presuming that I examined in minute detail these two documents at the time of receipt, the allegation by defense counsel is absolutely false;

28. In further examination, the letter by OSHA does not indicate that the OSHA records were not sent to defense counsel. It merely clarifies that other than Larry Grove's Complaint, there are no witness statements. That appears to be true. Furthermore, as defendant was aware of OSHA records, either defendant got additional records at the time of the return letter from the records custodian in August 2005, or called up afterwards to get the records. The third and final possibility is that defendant <u>already possessed</u> the records and therefore did not need to get new records (other than non-existent witness statements);

29. Defendant has still not produced all the Siemens documents that were supposed to be produced at the 30(b)(6) deposition of Siemens Building Technologies, Inc. At the same time, apparently defense counsel has been able to review any and all Siemens records;

30. Defendant refuses to reveal the relationship between Siemens/Unocal/defense counsel. This is relevant to credibility and bias, among other things;

31. I stand by everything I stated in my previous affidavit (Exhibit A) and herein;

32. As a result of the conduct of defendant and defense counsel, elementary evidence that should have been produced has still not been given to plaintiffs. This has caused an enormous amount of extra wasteful work, including two motions to compel, and this reply, as well as numerous follow-up discovery requests. I have over 20 years of experience and I estimate that I have spent an extra 100 hours of time due to the defense tactics. Two Hundred Dollars per hour is a reasonable hourly rate for my services, and accordingly, I request an imposition of $20,000 as monetary sanctions against defendant and defense counsel jointly.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Michael Cohn
ABA 8506049

    SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned, a Notary Public in and for the State of Alaska, duly commissioned as such, this \_6th\_ day of April, 2006.

_____
Notary Public
in and for the State of Alaska

My Commission Expires: 7-25-09

