

FILE COPY
RECEIVED
MAR 28 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNOCAL CORPORATION<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>) Case No. A04-0096 CV (JKS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF MICHAEL COHN IN SUPPORT OF
PLAINTIFFS' MEMORANDUM IN SUPPORT OF RULE 37 MOTION FOR DEFAULT
AGAINST DEFENDANT AS SANCTION FOR WILLFUL BAD FAITH NON-
COMPLIANCE WITH DISCOVERY AND/OR ORDER COMPELLING
DISCLOSURE/DISCOVERY**

STATE OF ALASKA    )
           ) ss.
THIRD JUDICIAL DISTRICT )

   MICHAEL COHN, being first duly sworn under oath, deposes and states as follows:

**Exhibit A, pg. 1**

1.  I am an associate attorney with the law firm of Phillip Paul Weidner & Associates, Inc., attorneys of record for plaintiffs in this matter. I am licensed to practice law in the State of Alaska. The following information I give is to the best of my personal knowledge and recollection;

2.  Attached hereto as Exhibit 1 is defendant's Response to plaintiffs' First Discovery Requests;

3.  Attached hereto as Exhibit 2 is defendant's Response to plaintiffs' Second Discovery Requests;

4.  Attached hereto as Exhibit 3 is defendant's Response to plaintiffs' Third Discovery Requests;

5.  Attached hereto as Exhibit 4 is defendant's Response to plaintiffs' Third (sic) Discovery Requests;

6.  Attached hereto as Exhibit 5 is defendant's Response to plaintiffs' Fifth Discovery Requests;

7.  Attached hereto as Exhibit 5-A is defendant's Supplemental Response to plaintiffs' Fifth Discovery Requests;

8.  Attached hereto as Exhibit 5-B is defendant's Second Supplemental Response to plaintiffs' Fifth Discovery Requests;

9.  Attached hereto as Exhibit 6 is defendant's Response to plaintiffs' Sixth Discovery Requests;

10. Attached hereto as Exhibit 7 is defendant's Response to plaintiffs' Seventh Discovery Requests;

11. Attached hereto as Exhibit 8 is defendant's Response to plaintiffs' Eighth Discovery Requests;

12. Attached hereto as Exhibit 9 is defendant's Response to plaintiffs' Ninth Discovery Requests;

13. Attached hereto as Exhibit 10 is defendant's Response to plaintiffs' Tenth Discovery Requests;

14. Attached hereto as Exhibit 11 is the deposition of Doug Schutte, who was designated on behalf of Siemens Building Technologies, Inc. to be the individual deposed for a records deposition of Siemens business records;

15. A review of the records that I have been able to locate in this office indicates that defendant has verified the Second, Sixth and the Seventh Discovery Requests. I have been unable to locate verifications for any other discovery responses (note that as the Eighth Discovery Requests contained no interrogatories, no verification is required under the rules);

16. Defendant Unocal, in its Responses to First, Second and Third Discovery Requests, incorrectly and apparently falsely claim that Siemens Building Technologies, Inc. was the owner and/or constructed the

Affidavit of Michael Cohn                Page 3                Exhibit A, pg. 3

work platform that was erected in the Unocal building at 909 West 9th Avenue, which collapsed while Larry Grove, an employee of Siemens Building Technologies, Inc. was performing services in the building pursuant to a Siemens/Unocal contract. In fact, the OSHA records recently received by undersigned counsel (Exhibit 12) verify that Unocal management was well aware that the work platform was in existence well before the Siemens contract, and there is no indication in these records that Siemens had any involvement in the building/construction of the work platform;

17. Furthermore, plaintiffs' Third Discovery Requests to defendant asked defendant Unocal to identify the individuals who provided the information which formed the alleged basis for the information and belief that Siemens Building Technologies, Inc. was the owner of the work platform, or constructed it. Unocal provided a list of names. Mr. Paul Crapps, who was listed in Unocal's response as having knowledge, has been deposed, and he does not have any knowledge as to Siemens' involvement in the building or construction or ownership of this work platform. Many of the other individuals on this list have been contacted by representatives of plaintiffs, and likewise have no

knowledge of Siemens' involvement in the building or construction or ownership of the work platform. Other individuals, including present and former employees of Siemens, with knowledge of same, who have been contacted, likewise have no knowledge of Siemens having any involvement in the building or construction or ownership of the work platform. It is apparent from the OSHA records, and the information deduced to date, that Unocal management, including individuals who are referenced in the OSHA records, which are attached hereto as Exhibit 12, knew, or should have known, that Siemens Building Technologies, Inc. had no involvement in the building, construction or erection of this work platform. To date, no records have been produced by Siemens or Unocal that would show otherwise;

18. In defendants supplemental responses to plaintiffs' Fifth Discovery Requests, and in response to subsequent discovery requests, including Sixth Discovery Requests and Seventh Discovery Requests and defendant has made apparently false assertions that the work platform, which collapsed causing the severe and permanent ankle injuries to Larry Grove on September 9, 2002, was removed shortly after the accident. This assertion is ridiculous, as Unocal management knew,

Affidavit of Michael Cohn                                    Page 5

Exhibit A, pg. 5

including individuals such as Building Manager Roxanne Sinz, Unocal Safety Advisor Ken Burns, that OSHA came out and inspected the platform in March of 2003. Paul Crapps testified at his deposition that he threw the brackets and nuts and bolts in the garbage shortly after the accident involving Mr. Grove, which is contrary to the OSHA records. Furthermore, since OSHA's records, and Unocal's own records, clearly indicate that OSHA inspected the platform, such an inspection could not have occurred in March 2003 if the work platform was destroyed in September 2002. These assertions by Unocal are ridiculous on their face;

19. Unocal has consistently failed to produce records and failed to respond to plaintiffs request for inspection of records that could show what happened, who constructed the work platform, who authorized or approved the construction;

20. Unocal counsel refuse to provide information regarding whether or not Siemens has accepted the tender of defense by Unocal;

21. Mr. Thorsness, prior to the Paul Crapps deposition on March 3, 2006, requested that plaintiffs send discovery requests as to whether Siemens has accepted the tender of defense. This document should

Affidavit of Michael Cohn                                Page 6

**Exhibit A, pg. 6**

have been produced pursuant to discovery requests No. 9, where a letter from Unocal to Siemens requesting that Siemens accept the tender of defense was attached. The response from Siemens is missing;

22. At the records deposition of Siemens Building Technologies, Inc., Mr. Doug Schutte acknowledged that there were contracts preexisting the May, 2000 contract. Only May 2000 documents onward were produced therein. The other pre-May 2000 records, which he indicated would be easily locatable, and would include any and all work orders. Thus, if Siemens had anything to do with the construction or maintenance of the work platform, these documents should be included in such work orders. Likewise, such documents, if same exist, should be in the Unocal records. None of these documents have been produced or made accessible to plaintiffs, despite requests for same;

23. Plaintiffs, in their First Discovery Requests asked for records pertaining to the work platform at issue in this case. Defendant's response was simply to claim that "all records pertaining to the erection and construction at the Unocal office building are kept at the Unocal office building. However, because Unocal did not erect the subject platform/scaffold, questions

pertaining to the location of records concerning procurement of materials and supplies in connection therewith should be directed to the parties most knowledgeable concerning the subject platform/scaffold as identified above." See Exhibit 1 to this Affidavit. It appears from the answer that defendant did not conduct any search for said records, and failed to fulfill their discovery obligations. In fact, the discovery efforts by Unocal more closely resemble the admonishment in Bratka v. Anheuser-Busch Company, 164 F.R.D. 448 (S.D. Ohio 1995) which indicated that it was contrary to the integrity of the discovery process "engaging in halfhearted ineffective efforts to identify and produce relevant documents." In my own investigations in this matter, including talking to numerous individuals, I have come to the realization that it appears Unocal has simply failed to comply, and to apparently take seriously their requirements with discovery and locate documents. Thus, in Plaintiffs' Ninth Discovery Requests seeking to inspect the Unocal building records to attempt to locate and identify any records in regard to the building maintenance inspection of the work platform, the defendant only offered to make available only the documents they have

already produced in this case. See Exhibit 9, Response to Plaintiffs' Ninth Discovery Requests attached hereto, specifically, Response to Request for Inspection at pages 11-12;

24. In fact, through the depositions of a number of individuals, including that of Archie Cook, and in conversations with other individuals, it appears that a structure built within the Unocal building would need the authorization and approval of Unocal. Indeed, Mr. Cook indicated that a requisition form translated into a requisition order would ordinarily be involved in regard to any such construction within the Unocal building. Other witnesses have informed plaintiffs' counsel that even something as simple as replacing a chair would require approval of Unocal. Thus, the answer by Unocal appears to be an evasion of discovery as these records, if they have not been destroyed by Unocal, apparently exist as to a structure that has been built within the Unocal building. Years after this litigation has commenced, plaintiffs still do not have access to these documents which are under the control of Unocal, unless they have been destroyed as was the work platform in this matter;

**Exhibit A, pg. 9**