Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA )
GROVE, SARAH GROVE, and, )
MICHAEL GROVE (DOB 1/21/88) by )
and through his father LAWRENCE H. )
GROVE, )
                                       ) Case No. A04-0096 CV (TMB)
        Plaintiffs, )
                                       )
   v. )
                                       )
UNOCAL CORPORATION )
                                       )
        Defendant )
_____)

**AFFIDAVIT OF MICHAEL COHN IN SUPPORT OF
PLAINTIFFS' REPLY IN SUPPORT OF RULE 37 MOTION FOR DEFAULT
AGAINST DEFENDANT AS SANCTION FOR WILLFUL BAD FAITH NON-
COMPLIANCE WITH DISCOVERY AND/OR ORDER COMPELLING
DISCLOSURE/DISCOVERY, AND OPPOSITION TO DEFENDANT'S SURREPLY TO
MOTION TO COMPEL AND DEFENDANT'S MOTION FOR RULE 37 SANCTIONS**

STATE OF ALASKA        )
                           ) ss.
THIRD JUDICIAL DISTRICT )

       MICHAEL COHN, being first duly sworn under oath, deposes and states as follows:

1. I am an associate attorney with the law firm of Phillip Paul Weidner & Associates, Inc., attorneys of record for plaintiffs in this matter. I am licensed to practice law in the State of Alaska;

2. Attached hereto as Exhibit A is my previous Affidavit (without Exhibits 1-14), which is attached to the Motion for Sanctions. Accordingly, this Affidavit will start with Exhibit 15 for new exhibits;

3. Attached hereto as Exhibit 15 is DEF00027, a document produced by defendant in its initial disclosures. This document clearly shows that the work platform was still in the filter room (chamber) at the Unocal building in March 2003. Mr. Crapps admitted at his deposition that he reviewed Exhibit 15 (DEF00027) before his deposition. I also observed a highlighted copy of DEF00027 in front of defense counsel, John Thorsness during the deposition. This document is entitled "*Notes concerning visit by State of Alaska OSHA Inspector as compiled by Ken Burns, Drilling Safety Advisor;*"

Affidavit of Michael Cohn                                                Page 2

4.   Exhibit 15 (DEF00027) reveals that not only Ken Burns, but also other Unocal personnel, including building manager Roxanne Sinz, Paul Crapps, and the Unocal Law Department, were aware of the OSHA inspection, and apparently aware that the platform was still in place in March 2003. Mr. Burns also was aware that OSHA took photographs and measurements;

5.   Mr. Burns has been identified in the deposition of former Unocal Human Resources Manager, Archie Cook, as a safety technician that had conducted at least one inspection of the Unocal building. Mr. Cook testified that the purpose of these safety inspections and reports was as follows:

> Well, I can tell what we wanted from the report was an indication of any violations of standards, or an indication of any hazards, actual or potential. That's what we would expect from a report (Deposition of Archie Cook at pg. 35-36).

(Deposition of Archie Cook is attached hereto as Exhibit 16).

6.   Mr. Cook also testified as follows:

> Q. Were these periodic safety inspections?
> A. Yes.
> Q. Of the building from the time you arrived in 1999 through 2002?
> A. Yes.

Affidavit of Michael Cohn                                                   Page 3

> Q. What did these periodic safety inspections entail?
> A. Involved one of our safety technicians going around the office looking for safety hazards.

Deposition of Archie Cook at pg. 32;

7. Safety inspections have apparently not been produced;

8. Plaintiff Lawrence H. Grove, in his first deposition on November 12, 2004 testified at pg. 130 as follows:

> A. . . . After OSHA inspected it [the work platform] it all disappeared.
> Q. After they inspected it?
> A. Well, after OSHA showed up, it was all gone after that.

Excerpts of the Deposition of Lawrence H. Grove of November 12, 2004 are attached hereto as Exhibit 17;

9. It is apparent from the absence of the work platform and DEF00027, that (a) the work platform was still in the filter room until the OSHA inspection, and (b) it obviously was removed after the OSHA inspection;

10. In defendant's Surreply, defense counsel claims, incorrectly, that though plaintiffs listed State OSHA records in the initial disclosures, that no State OSHA

Affidavit of Michael Cohn                                      Page 4

records were provided in plaintiffs' initial disclosures. Attached hereto as Exhibit 18 are LG000025 – LG000030 and LG000073 – LG000079, which are State OSHA records that plaintiffs possessed and produced on July 20, 2004;

11. In defendant's Surreply defendant claims, incorrectly, that plaintiffs had the Paul Crapps Affidavit since December 2004. In fact, said affidavit, which was concealed from plaintiffs, was not discovered by plaintiffs until the receipt of OSHA records pertaining to Unocal at the end of January 2006;

12. In defendant's Surreply defendant claims that plaintiffs already possessed the information that was requested in plaintiffs' Fifth Discovery Requests (see Exhibit 5). Defense counsel seeks to mislead the court. The interrogatory and response in defendant's response are as follows:

> **INTERROGATORY NO. 1:** Please explain what happened to the work platform in the mechanical room of the Unocal Building at 909 West 9th Avenue, Anchorage, Alaska following the accident involving Larry Grove. Specifically, please explain:

Affidavit of Michael Cohn                                    Page 5

> 1. <u>Where is the work platform and its parts, including bolts;</u>
> 2. Who took down and/or removed the work platform (identify the individual, his job title and employer at the time of disassembly/removal of the platform, last know address and telephone number);
> 3. <u>What</u> happened to the work platform and its parts <u>after removal</u> from the mechanical room, including <u>where was it stored, who had custody, how long it was stored, and ultimately what happened to the work platform</u>. (Emphasis added).
>
> **ANSWER:** Unocal reserves the right to respond to this interrogatory when the court rules on the outstanding motions.

It was known, even without any OSHA records, that the platform was dismantled. Plaintiffs' receipt of OSHA records pertaining to Siemens Building Technologies, Inc. on December 30, 2004 only had a single reference to the dismantling of the platform. There is nothing in <u>any</u> of the OSHA records that reveals the critical information that plaintiffs requested, and which was evaded by defendant, that is, what happened to the work platform and its component parts after dismantling;

13. Exhibit 9, pg. 2 to the Affidavit of Linda Johnson reveals that as to Interrogatory No. 1 to Plaintiffs' Fifth Discovery Requests (see check marks) she counted the interrogatory as 6 separate questions by claiming that plaintiffs asking who went into the

Affidavit of Michael Cohn                                    Page 6

mechanical [filter] room, why they went in, what they did, whether they recorded the visit, what they observed, and whether they moved anything, as six separate questions;

14.   Attached hereto as Exhibit 19 is a letter I wrote to defense counsel as a result of my search of correspondence files following the deposition of Paul Crapps.  The search was prompted by my effort to ascertain if there were any verification of discovery requests by defendant which were filed away in the correspondence files, and not placed in the discovery files.  My search revealed defendant's Response to Sixth Discovery Requests, and OSHA records apparently from a Siemens file received December 30, 2004 and early January 2005.  These files are attached hereto as Exhibits 20 and 21;

15.   At no time did plaintiffs get actual color photographs or actual photographs from OSHA.  All we received was Xerox copies of apparently Xerox copies of photographs that OSHA has not located;

Affidavit of Michael Cohn                                Page 7