witnesses to be deposed.  I set forth a list of people, including Rule 30(b)(6) individuals that would need to be deposed in this matter.  See Exhibit 13-BB.  Instead of actually setting dates for any of these depositions, what I received was a letter from Ms. Johnson demanding that I verify that we are not withholding any more documents.  This from a defendant and defendant's counsel that has apparently withheld relevant information from plaintiffs since the beginning of this litigation.  In fact, plaintiffs have apparently fully complied with every discovery request made to them by defendants.

51.  On March 17, 2006 in Exhibit 13-DD, I again wrote to Ms. Johnson and Mr. Thorsness, which letter has not been responded to.  In that letter I again reiterated the following:

> It is apparent that many of the discovery responses by Unocal are inaccurate, misleading, or deceptive.  Furthermore, all of the information is or should be in possession of Unocal.  Please provide immediately all statements of Unocal employees and/or contractors withheld from plaintiffs.  Please provide an affidavit from Unocal that Unocal did not possess or have knowledge of the Paul Crapps affidavit.  It appears unlikely that Mr. Crapps would have signed any affidavit concerning the OSHA investigation without Unocal management and/or counsel reviewing the affidavit, and have retained a copy of the affidavit, and indeed, already had possession of the entire OSHA file.  Please also provide all documents not previously provided to plaintiffs related to the work platform, the Grove accident, the OSHA investigation, and the likelihood Grove would take legal action.

**Exhibit A, pg. 28**

TEL. 907/276-1200 ● FAX 907/276-6571    LAW OFFICES OF PHILLIP PAUL WEIDNER AND ASSOCIATES, APC    330 L STREET, SUITE 200 ● ANCHORAGE, ALASKA 99501

In regard to records concerning the work platform, it is unlikely the structure was erected without the authorization, approval and/or payment by Unocal. It also appears that absolutely no effort was made to search for such records (see response to First Discovery Requests.)

We will also seek to depose the person or persons from Unocal most knowledgeable concerning each of Unocal's discovery responses, including but not limited to efforts to search for documents, or ascertain the facts before compiling each of the discovery responses.

52.  More information was revealed at the deposition

of Archie Cook, a former Unocal Human Resources Manager

at the Unocal building, taken on March 15, 2006.  After

his deposition, I wrote the following.  See Exhibit 13-

EE;

In light of the recent discovery in this case, including, the deposition of Archie Cook, in which he revealed that Harry Eaton was the Health and Safety Environmental Manager, (the department responsible for safety), and that Mr. Eaton participated in management meetings, including apparently, meetings regarding the Larry Grove accident (Mr. Cook mentioned a meeting with the Operations Manager (Roxanne Sinz), the Asset Manager, the Safety Manager (Harry Eaton), the Business Development Manager, and the legal counsel), and given the absence of production from Unocal to the present date as to such meetings, safety records, the work platform, and the periodic safety inspections, we would like to have full and candid disclosure before we take Mr. Eaton's deposition.

We trust that you shall cooperate in the effort to provide full discovery, supplement previous discovery responses and to reschedule the Eaton deposition.

53.  Defense counsel has written a letter claiming

that Mr. Grove has not given a full account of certain

of his activities following his September 9, 2006

**Exhibit A, pg. 29**

accident, which defendants want to have in detail at the same time as they withhold much relevant evidence in this case. My response is in a letter dated March 21, 2006, attached hereto as Exhibit 13-FF. In addition, I wrote another letter to John Thorsness of March 21, 2006, Exhibit 13-GG in which I asked him to explain the basis for him claiming attorney/client privilege. Particularly, he claimed attorney/client privilege as to Archie Cook, and it is my assumption that he may attempt to claim attorney/client privilege to a number of individuals, including former employees of Unocal who apparently should not be subject to attorney/client privilege in this case. A number of the individuals that Mr. Thorsness may seek to claim attorney/client privilege were not even designated subject to attorney/client privilege in defendant's initial disclosures and in defendant's responses to plaintiffs' Third Discovery Requests;

54. Attached hereto as Exhibit 14 are excerpts from the deposition of Paul Crapps, taken March 3, 2006. See pages 43-71, 88-89 wherein he acknowledges no knowledge of Siemens Building Technologies, Inc. having any role as the builder/owner of the work platform and acknowledges that he destroyed, dismantled and

discarded portions of the work platform, only storing a

plank, which later disappeared.


FURTHER AFFIANT SAYETH NAUGHT.

_____
Michael Cohn
ABA  8506049


        SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned, a
Notary Public in and for the State of Alaska, duly commissioned
as such, this __27th__ day of March, 2006.

_____
Notary Public in and for the

State of Alaska

My Commission Expires: 7-25-09


**Exhibit A, pg. 31**

Affidavit of Michael Cohn                      Page 31