John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | Case No. 3:04-cv-0096-TMB |

**OPPOSITION TO MOTION TO AMEND COMPLAINT**

Plaintiffs moved to amend their complaint to change the name of the defendant, add a spoliation claim, place a name on their other claims, and add new facts and damages.  All but one of the amendments fails to meet the requirements of Fed. Rule 15 and should be denied.  The only amendment that has merit is the request to amend the identity of the defendant to substitute Union Oil Company of

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 1 of 17

California, which is the entity that owns the building sited at 909 W. 9th Ave. in Anchorage, for Unocal Corporation.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The original complaint in this case was filed April 16, 2004 against Unocal Corporation. The original complaint was only 4 pages long and did not set forth plaintiffs' claims with specificity.

Almost 2 years later, plaintiffs ask to amend their complaint in three distinct ways: new defendant, new claim, specify other claims. However, the proposed complaint goes farther than these three distinct categories. The amended complaint adds 19 new paragraphs, numbered 6-12 and 23-36. Additionally, plaintiffs add language to paragraphs 5, 17, and 20. The amendments add new parties, add new claims, expand old claims, add new facts and add new damages.

## II.  ONLY THE CAPTION SHOULD BE AMENDED, THE REST OF THE AMENDMENT REQUESTS SHOULD BE DENIED.

Of the amendments requested by plaintiffs, only the substitution of the captioned defendant from Unocal Corporation to Union Oil Company of California has any merit. All the other requested amendments are either prejudicial, futile, barred by laches or otherwise inappropriate. *Loehr v. Ventura County Community College Dist.,* 743 F.2d 1310, 1319 (9th Cir.1984) (Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.). In

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 2 of 17

**Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

order to receive permission to amend their complaint, plaintiffs must meet the requirements set out in Fed. R. Civ. P. 15.

**Rule 15. Amended and Supplemental Pleadings**

(a) Amendments. . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In order to sustain a request to amend a complaint, plaintiffs should make some evidentiary showing that the proposed amendment has merit. An amendment plainly lacking in merit should not be permitted.[1]

---

[1] If a district court believes the plaintiff is not able to state a claim, it should provide written findings explaining this. Such action is advisable because, in the absence of written findings or a record which clearly indicates reasons for the district court's denial, this court will reverse a denial of leave to amend. *Klamath,* 701 F.2d at 1292; *Hurn,* 648 F.2d at 1254.

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 3 of 17

### A. The Caption Should Only Reflect Union Oil Company of California.

#### 1. Union Oil Company of California is the Proper Party.

Plaintiffs ask to amend the complaint's caption to add multiple parties as defendants. Rule 15(c)(3) says that an amendment that changes the party must not prejudice the defense of the party and the court must find that the new party "knew or should have known" that but for the mistake, the correct party would have been identified.

Union Oil Company of California agrees that it has known from early in this case that plaintiffs inadvertently named the wrong, but related, party. It has not sought to spend time fighting with plaintiffs over an issue that it deems trivial. Therefore, Union Oil Company of California will not protest if its name is <u>substituted</u> into the caption. Unocal Corporation should be deleted from the caption since it is only the parent company and does not actually own the building at issue. Only the name Union Oil Company of California should appear in the caption.

#### 2. Unocal Corporation Should Be Dismissed From the Case.

The Court should not endorse plaintiffs' quest to keep Unocal Corporation's name in the caption when everyone agrees that Unocal Corporation is not the appropriate defendant. Plaintiffs have put forth no reason to keep Unocal Corporation in the litigation other than the fact that defendant mirrored the name in

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 4 of 17

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

its own pleadings because that was the name used in the caption.[2] The name of the entity that owns the building sited at 909 W. 9th Ave. in Anchorage was conveyed to plaintiffs via an Interrogatory Response. See Plaintiff's Exhibit 5 at 1-2, Response to Interrogatory No. 2 in <u>Responses to Seventh Set of Discovery</u>. The information given was accurate and complete. There has been no dispute over the information provided and the Interrogatory response should be relied upon when amending the caption. Unocal Corporation is improperly named and should be dismissed.

### 3. No Other Entity Should Be Added As A Defendant.

This Court should not allow Plaintiffs to amend the caption to include "other entities" either. Those entities include: Unocal Alaska,[3] Unocal 76, Inc., Unocal Alaska Resources, Inc., and Chevron Corporation. Plaintiffs state that they ask for

---

[2] In a footnote, plaintiffs raise "piercing the corporate veil". Plaintiffs have failed to establish the test required in *Uchitel Co. v. Telephone Co.,* 646 P.2d 229, 234-35 (Alaska 1982) ("We held that it was appropriate to pierce the corporate veil and hold a dominant shareholder personally liable for a corporation's wrongdoing if the corporation functioned as the "mere instrumentality" of the dominant shareholder. To determine when a corporation functioned as the mere instrumentality of its dominant shareholder, we adopted a six-part test adapted from the eleven-part test announced in *Jackson v. General Electric Co.,* 514 P.2d 1170 (Alaska 1973), for piercing the corporate veil in the context of a parent corporation's liability for its subsidiary."); cited in *Casciola v. F.S. Air Service, Inc.,* 120 P.3d 1059, 1064, n. 12 (Alaska 2005). There are no facts alleged to establish that Union Oil Company of California is a mere instrumentality of Unocal Corp.

[3] Unocal Alaska is a DBA and has no assets. It is used, as plaintiffs acknowledge, as an informal name to distinguish Union Oil Company of California activity in Alaska from other activity. See Ex. 5 at 2, attached to Plaintiff's Motion to Amend Complaint.

Opposition to Motion to Amend Complaint
<u>Grove v. Unocal</u>, Case No. 3:04-cv-0096-TMB
Page 5 of 17

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

these other entities to be named in an abundance of caution. This rationale is not permitted by Rule 15.

### a) DBAs Have No Legal Entity, No Assets Adding Them Would Be Futile.

Unocal Alaska should not be added to the case as a party. Unocal's Interrogatory Response informed plaintiffs that "Unocal" and "Unocal Alaska" are unofficial DBAs for the owner of the building, Union Oil Company of California. See Ex. 5 at 2 to Plaintiff's motion. Adding Unocal Alaska or any DBA would be futile since it would be subject to a motion to dismiss. The request to add DBA's should be denied.

### b) Adding Non-Existent Entities Is Improper.

Unocal 76, Inc. and Unocal Alaska Resources Inc are non-existent. These are not entities who "but for" a mistake were not named. The Court should not permit fictional entities to be added to the caption.

Plaintiffs petition to add the names Unocal 76, Inc. and Unocal Alaska Resources, Inc. because Plaintiffs saw these names in OSHA's files. OSHA's use of a DBA, an incorrect name or a fictional entity, in its own internal documents does not contain any legal significance and does not place the entities on notice that

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 6 of 17

they could be named in this lawsuit.[4]  Therefore, the entity names proposed should not be added.

The motion to add Unocal 76, Inc. and Unocal Alaska Resources Inc. should be denied.

### c)      Chevron Corporation Should Not Be Named.

Chevron Corporation has no relationship to the facts underlying plaintiffs' claim.  The incident took place many years prior to Chevron's acquisition of Union Oil Company of California.  There has been no allegation that Chevron is anything more than a parent company to Union Oil Company of California.  Without proof that the owner of the building is unable or unwilling to cover its own alleged debts, Chevron should not be named.

Additionally, Chevron does not do business in Alaska.  There is no jurisdiction over Chevron in Alaska.  Adding Chevron to the complaint would be futile since a motion to dismiss on Rule 12(b) grounds will be filed and ultimately granted.  The Court should deny the motion to name Chevron.

---

[4] Likewise, even if these entities existed and were relevant, there has been no notice of a lawsuit.  Plaintiffs state they found the names in the OSHA files.  Defendant did not have a copy of the OSHA file, despite its own request to OSHA, until March 2006, which was after the statute of limitations expired.  Plaintiffs, however, have had the OSHA files for 15 months. Plaintiffs failure to disclose the OSHA documents or move to amend their complaint based upon the documents constitutes laches.

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 7 of 17

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

### d) Only Union Oil Company Of California Should Be Substituted Into the Case.

Plaintiffs admit that they do not know the relationship to some of the entities they want named, but nonetheless they want to include them all. The only entity which needs to be named is the owner of the building in 2002, Union Oil Company of California. The motion should be granted to the extent that it asks to <u>substitute</u> Union Oil Company of California into the case as a defendant, but Unocal Corporation should be dismissed and the motion to add other parties should be denied.

### B. Amendment To Add Spoliation Claim Is Futile And Should Be Denied.

The motion to add a spoliation claim should be denied as futile or barred by laches.

#### 1. There Is No Independent Cause Of Action For Negligent Spoliation and the Amendment Would Be Futile.

The Alaska Supreme Court held in *Sweet v. Sisters of Providence*, 895 P.2d 484 (Alaska 1995) and again in *Nichols v. State Farm Fire and Casualty*, 6 P.3d 300 (Alaska 2000) that there is no independent cause of action for negligent spoliation. Plaintiffs should not be able to add a cause of action alleging spoliation because to do so would be futile.

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 8 of 17

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

### a. Negligent Spoliation Is Remedied By A Jury Instruction.

In this case, **if** any spoliation occurred it was merely negligent and should be remedied with a jury instruction, not a tort claim. Unocal disputes that any spoliation occurred, and preserves its rights to argue such at any other time.

To establish negligent spoliation, *Sweet v. Sisters of Providence*, 895 P.2d 484 (Alaska 1995) requires: a) "a plaintiff must first establish to the satisfaction of the court that the absence of [the evidence] hinders his ability to establish a prima facie case" and b) the essential evidence is missing through the negligence of the defendant. Then, a burden shifting remedy is applied. The relief for a plaintiff is provided in the form of a rebuttable presumption, imposed by shifting the burden of the negligence cause of action to the defendant to prove the non-existence of the fact presumed. This is done via a jury instruction.

No independent cause of action should be added for spoliation. Alaska state law applies to the issue and it has specifically addressed this issue, finding that no action will lie. As a matter of law, the Court should find that no spoliation claim may be brought and should deny the addition of a spoliation claim.

### b. There is no Intentional Spoliation.

Intentional spoliation is an independent action. However, there is **no** evidence of intentional spoliation in this case. Liability for intentional spoliation is "predicated upon an intent to disrupt the underlying litigation." *Hibbits v. Sides*, 34 P.3d 327, 329 (Alaska 2001). If "the missing evidence simply has been discarded

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 9 of 17

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

or misplaced in the ordinary course of events", or as here the evidence was discarded after being taken down pursuant to an OSHA abatement, there is no "intent".

*Nichols v. State Farm Fire and Casualty*, 6 P.3d 300 (Alaska 2000) had facts similar to Unocal's. In *Nichols*, State Farm failed to locate and secure a ladder that allegedly collapsed when an insured's contract employee was repairing a roof. The court did not allow an independent tort action against State Farm because the claim was only for negligent spoliation.

No independent claim for spoliation exists because there is no evidence upon which the Court can find intent to disrupt the litigation. The facts as stated by Mr. Crapps in his OSHA affidavit indicate that he dismantled and disposed of the platform in response to the OSHA citation, not to prevent Grove from relying on or testing the building material. The plaintiffs' request to amend their complaint should be denied.

### c.   Plaintiffs have Not Proven Spoliation.

To establish negligent spoliation, *Sweet* requires: a) "a plaintiff must first establish to the satisfaction of the court that the absence of [the evidence] hinders his ability to establish a prima facie case" and b) the essential evidence is missing through the negligence of the defendant.

Plaintiffs do not state in their motion how the loss of the platform has hindered them in establishing a prima facie case on their claim of negligence. In

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 10 of 17

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

fact, plaintiffs declare that Mr. Grove preserved the bolts that they claim "sheared off." Plaintiffs have failed to prove that they will be unable to prove negligence and therefore, cannot sustain a spoliation claim.

### 2. Taking The Platform Down And Disposing Of It Was Not Spoliation.

Taking the platform apart and disposing of it did not constitute spoliation for several reasons.

First, the platform was abated as part of the response to an OSHA citation, and Unocal's actions should have immunity as a result. Unocal was cited for not having a "toe board" on the platform. Rather than trying to "fix" the problem underlying the citation, Unocal simply removed the platform, an appropriate action in response to an OSHA citation. See generally, 29 CFR §1903.19, as adopted by 08 AAC 61.142(a). Removal and disposal of the pieces of the platform/scaffolding was not spoliation but a reasonable action in response to the OSHA citation.

Second, defendant had no notice that plaintiff would file a lawsuit. Grove came back to "visit" Unocal and its contract workers at least one time. Ex. A, Grove First Deposition at 128, Grove Second Deposition at 114. However, he never mentioned, not even to the maintenance contractors, that he was contemplating a lawsuit. There was no demand from a plaintiff's lawyer to Unocal. There was no hint while Grove was working on his Workers Compensation issues,

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 11 of 17

that he would sue.[5]

At the heart of any spoliation of evidence claim, is the need to establish a legal or contractual duty to preserve evidence in a civil action. In the absence of a contract or agreement between the parties to preserve evidence, or a special relationship recognized by law which would require one of the parties to do so, there can be no claim for spoliation of evidence without creating a common-law duty on the part of the defendant to preserve that evidence.

A New York state case, *Montiero v. R.D. Werner Co., Inc.*, 754 N.Y.S.2d 328, 301 A.D.2d 636 (2003), has addressed this very issue. Even though the case is not binding, it sets out an example of how this issue has been applied elsewhere. In *Montiero*, a municipal employee sued the city for failing to preserve a scaffold involved in an accident on city property. The New York court found that the city had no duty to preserve the scaffold and that the city was not on notice that the scaffold might be needed for future litigation. New York found that Montiero did not ask the city to preserve the scaffolding nor did he tell the city that he intended to sue the scaffold manufacturer. Most persuasively, the court found that neither the plaintiff's injury nor the OSHA investigation conducted at the work site put the city on notice of future litigation or a need to preserve the scaffold.

---

[5] There is not even anything in Grove's history that would have led someone to warn Unocal that Grove was litigious. The fall at Unocal appears to constitute Grove's <u>eighth</u> workers compensation complaint. It does not appear that Grove sued the premises owner of any of the other accidents. Since Mr. Grove worked on contract to other company on behalf of Siemens, his prior work and claim history is relevant.

Opposition to Motion to Amend Complaint
<u>Grove v. Unocal</u>, Case No. 3:04-cv-0096-TMB
Page 12 of 17

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

The New York case is instructive in determining the issues in this case. Unocal was not on notice that it should preserve the platform/scaffolding just because Grove was injured. Grove did not tell anyone at Unocal or even any Unocal contractor that he intended to file a lawsuit against Unocal. Grove did not even disclose that he had re-entered the Unocal building and appropriated Unocal property, which he ultimately used as a basis to sue Unocal.

The OSHA investigation did not place Unocal on notice of a potential lawsuit either. The OSHA investigation was conducted for a completely different purpose than private litigation. Additionally, the citation by OSHA was for no "toe board", not for any failure to construct or maintain the platform/scaffolding properly, as is alleged by plaintiffs. The OSHA investigation was not a herald of future litigation.

Unocal had no notice and therefore had no duty to preserve the platform/scaffolding. The request to amend the complaint to add a spoliation claim should be denied.

### 3. Laches Prevents The Addition Of the Spoliation Claim.

The spoliation claim is premised upon the evidence that Unocal dismantled the platform at issue in response to an OSHA citation and disposed of the parts. Plaintiffs claim that they just recently were made aware of the facts underlying a spoliation claim. However, that is not correct. First: Plaintiffs have been in sole possession of the OSHA files for quite sometime. One of the OSHA files contained Paul Crapps' affidavit dated March 8, 2003 in which he verifies that he has

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 13 of 17

removed the platform as part of the OSHA abatement order. But even prior to that, Larry Grove testified that he "knew" that the platform/scaffolding had been removed. Ex. A at 129, deposition taken Nov. 12, 2004. Plaintiffs had plenty of knowledge to add this claim in 2004, and their failure to amend earlier constitutes laches.

Second: Plaintiffs were told that the pieces of the platform had been disposed of when they responded to Plaintiffs' Seventh Set of Discovery, answered on January 26, 2006. See Ex. 5 at 1, Answer to Interrogatory No. 1: "it is believed that the metal pieces were placed in a trash can . . ." plaintiffs again failed to act on the information.

Laches arises when a party neglects to assert a right or claim, which together with lapse of time and other circumstances prejudices an adverse party. The prejudice to defendant is the lack of notice based upon the plaintiffs' withholding the OSHA files. Defendant has not had access to the OSHA investigation results, the alleged statements and the OSHA photographs. Defendant has been unable to develop a defense to the alleged spoliation claim. Plaintiffs' failure to act before now constitutes laches. The amendment should be denied.

### C. Amendment to Name Claims.

For the first time, the plaintiffs articulate with specificity in the amended complaint what claims they are bringing: 1) premises liability, 2) negligence, 3)

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 14 of 17

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

negligent maintenance of room, 4) strict liability, 5) spoliation of evidence, and 6) punitive damages.  The original complaint never specified plaintiffs' claims but used words like "negligence", "defect", "improperly designed, erected, installed and maintained".  *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau,* 701 F.2d 1276, 1293 (9th Cir. 1983) (Futile amendments should not be permitted and mere clarification of a "point" that does not affecting the outcome of the lawsuit may be denied.), citing *Wakeen v. Hoffman House, Inc.,* 724 F.2d 1238, 1244 (7th Cir.1983) ("It is not an abuse of discretion to refuse a request to amend when the proffered amendment merely restates the same facts using different language, or reasserts a claim previously determined.").  Plaintiffs have no need to "name" their claims, and intend instead not only to refine their claims but to slip in such claims as "negligent maintenance".  This was not adequately pled in the original complaint.  Inclusion of the new claim at this late date should be rejected.

### D. Amendments To Factual Sections Is Unwarranted and Improper.

Just as plaintiffs slip in new causes of action, they also slip in new facts to support new damages.

For example, plaintiffs have included a new section on "loss of subsistence lifestyle."  Loss of a subsistence lifestyle is normally claimed by Alaska Natives who live in outlying areas.  Native Alaskans often hunt, gather and rely upon fish, game, birds and shellfish during the year rather than on store-bought food.  Natives also often claim that there is non-economic damage for a cultural loss commensurate

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 15 of 17

**Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

with the loss of the "lifestyle". Normally, urban residents of Anchorage, like Larry Grove, do not claim this loss.

Plaintiffs originally claimed "compensatory damages" without specifying what type of damages there were. Unocal has had no prior notice that plaintiffs would assert the claim of subsistence lifestyle loss. To add the claim of loss of subsistence lifestyle now, after the statute of limitations is run, long after the entire Grove family has been deposed, and at the end of the discovery process, would severely prejudice the defendant. Unocal would be prejudiced because it has not had the opportunity to develop evidence to disprove the "subsistence lifestyle" claim. The addition of new facts and damages claims should be denied.

## III   CONCLUSION

For all the above named reasons, the Court should amend the caption to reflect Union Oil Company of California as the correct defendant, and all other

///
///
///
///
///
///
///
///

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 16 of 17

amendments should be denied.

DATED at Anchorage, Alaska, this 12th day of April, 2006.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

s/ Linda J. Johnson

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
Phone: (907) 272-9631
Fax: (907) 272-9586
Direct email: ljj@cplawak.com
Alaska Bar No. 8911070

## Certificate of Service

I hereby certify that on April 12, 2006, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

s/ Linda J. Johnson

**Clapp, Peterson, Van Flein,**
**Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Opposition to Motion to Amend Complaint
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 17 of 17