```
Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
LAWRENCE H. GROVE, CYNTHIA    )
GROVE, SARAH GROVE, and,      )
MICHAEL GROVE (DOB 1/21/88)   )
By and through his father     )
LAWRENCE H. GROVE,            ) Case No. Case No.A04-0096 CV
                              )            (JKS)
            Plaintiffs,       )
      v.                      )
                              )
UNOCAL CORPORATION,           )
                              )
            Defendant.        )
_____)
```

**REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT**

Plaintiffs and defendant have agreed on a number of issues that were formerly in dispute as to plaintiffs' *Motion to Amend Complaint* and raised in defendant Unocal Corporation's *Opposition to Motion to Amend Complaint.* The parties have agreed that Union Oil Company of California shall be substituted

in as defendant instead of Unocal Corporation, and that all the other entities so named by the plaintiffs shall be dropped.[1]

A second issue, which is no longer in dispute, is the plaintiffs' claims for damages as to loss of subsistence. While technically plaintiffs' claims regarding subsistence does not add a new claim, as the loss of subsistence is merely a sub-element of damages, the defendant, in it's Opposition, has made an issue of the plaintiffs' Amended Complaint, which specifically identifies loss of subsistence. Mr. Larry Grove was an avid hunter his whole life, and his ability to hunt has been drastically curtailed. It is not necessary to be an Alaska Native in order to have suffered a loss of subsistence lifestyle. Mr. Grove hunted and obtained much wild meat for his family.

Plaintiffs are claiming a quality of life loss in regard to the change in Larry Grove's lifestyle and his inability to engage in all aspects of hunting as he did prior to his injury of September 9, 2002 in which he was permanently maimed. It is the intent of plaintiffs to seek non-economic damages for loss of quality of life as a result of the deprivation by plaintiff Larry Grove of an activity which he had loved and engaged in throughout his entire life.

---

[1] This is based on the assurance of defendant and defense counsel that Union Oil Company of California is the proper defendant, and defendant will not claim another Unocal entity or Chevron is the proper defendant, and that Union Oil Company of California is able to fund any settlement or judgment in this matter.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

2

The first actual point of contention in Unocal's Opposition to Plaintiffs' Amended Complaint articulating with specificity a number of claims that are contained within the original Complaint, but now specifically set out in greater detail in the Amended Complaint, including premises liability, negligence, negligent maintenance of room, strict liability and punitive damages.  The defendant acknowledges that, though the original Complaint did not specify the plaintiffs' claims in the detail set out in the Amended Complaint, the use of words like negligence, defect and properly designed, erected, installed, and maintained encompasses the specifically enumerated claims in the Amended Complaint.  See Opposition to Motion to Amend Complaint at pgs. 14-15.

It is erroneous for defendant to claim that plaintiffs are attempting to slip in new claims such as negligent maintenance, when defendant itself acknowledges at pg. 15 of it's Opposition that the original Complaint used words such as "improperly designed, erected, installed and maintained."  Thus, an allegation that the room in which the work platform was utilized was improperly maintained is sufficient to encompass the improper maintenance of the work platform, and other items within the room itself.  Therefore, it is not a "new" claim as alleged by defendant, but merely a greater specificity of a claim that was plead under broad pleading rules in Alaska.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

3

The plaintiffs' Complaint was initially filed in Alaska State Court, and removed to Federal Court on the basis of jurisdiction. Under Alaska law, broad pleading rules apply, and since the allegations of the Complaint are sufficient to notify defendant of the plaintiffs' causes of action, said Complaint is sufficient. See <u>Linck v. Barokas & Martin</u>, 667 P.2d 171 (Alaska 1983); and <u>Kollodge v. State</u>, 757 P.2d 1024 (Alaska 1988). Accordingly, the Amendment of the Complaint is sufficient, not only under the broad pleading rules, (and providing greater specificity of the actual claims already plead), but also greater specificity to conform to the state of the evidence that has been learned in the past three years of litigation. Accordingly, plaintiffs respectfully request that the court allow the specific claims to be articulated in plaintiffs' Amended Complaint. There is no prejudice to the defendant for allowing plaintiffs to do so.

The only other issue, which actually encompasses the bulk of the defendant's Opposition, regards the claim of spoliation of evidence. See defendant's Opposition at pgs. 8-14. The defendant makes a number of arguments in regard to plaintiffs' spoliation claim, which arises out of the dismantling and destruction of the work platform, which collapsed on September 9, 2002, causing the injuries sustained by plaintiff Larry Grove. It is apparent that for the most part, the arguments

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

4

raised by defendant against plaintiffs' spoliation claim are based on making assumptions or conclusory statements about the evidence, when all of these are issues of fact, or still issues to be developed in discovery. Initially it should be noted that defendant admits that in the event the evidence supports a claim for negligent spoliation that the plaintiffs could be entitled to an adverse inference/burden shifting instruction citing to <u>Sweet v. Sisters of Providence</u>, 895 P.2d 484 (Alaska 1995). As to a burden shifting for spoliation, the plaintiffs agree that such a result can be appropriate if the evidence warrants such an instruction.

However, the defendant does not stop it's argument with the first point raised, that is that if there is a negligent spoliation that an adverse inference or burden shifting instruction is appropriate, but then goes on to make the conclusory argument that indeed there was no intentional spoliation. The defendant claims that there is no evidence of intentional spoliation. In fact, as indicated in previous memoranda filed by plaintiffs, including the Memorandum in Support of Motion for Default as a Sanction, and the Reply Memorandum in regard to the Motion for Sanctions, Unocal had in its possession the knowledge of what had happened to the work platform for over three years of litigation, and did not reveal that it indeed had destroyed the work platform until the end of

5

January 2006, despite repeated requests for said information. Ironically, now Unocal seeks to rely on an Affidavit of Paul Crapps, in which he indicated that he dismantled the work platform in response to an OSHA citation, where at his deposition on March 3, 2006, Mr. Crapps claimed to have dismantled and destroyed the platform a few days after the September 9, 2002 accident, whereas in his Affidavit in May 2003, he stated that he had personal knowledge of the dismantling of the platform shortly after the OSHA inspection in March of 2003.

Mr. Crapps has made a number of statements in regard to his Affidavit and in his deposition that are subject to credibility determinations by the court. Insofar as defendant seeks to rely upon Mr. Crapps' Affidavit to defeat any claim that there was intentional spoliation, that is a factual issue, and is not well taken. Furthermore, this is an amendment of the Complaint, and not the determination after all the evidence is in and after trial. Defendant is seeking to have this court make a determination as to the intentional spoliation before such evidence has even been presented to the court.

Next, the defendant claims that the plaintiffs have not proven that spoliation has hindered plaintiffs' ability to establish their case. Defendant claims "plaintiffs do not state in their motion how the loss of a platform has hindered them in

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

6

establishing a prima face case on their claim of negligence. In fact, plaintiffs declared that Mr. Grove preserved the bolts that they claim 'sheared off.'" What the defendant fails to mention in this simplistic analysis is that a lot depends on the defense that is raised by the defendant. While it is true that Mr. Grove fortuitously came back to the filter room where the work platform collapsed on September 9, 2002 causing his permanent disability and maiming, and retrieved certain bolts, nuts and washers (otherwise all of this evidence would have been destroyed by defendant, along with the rest of the brackets, metal components, and bolts, washers and nuts, and the wooden planks) that does not foreclose the possibility that defendant <u>may</u> claim that these are not the actual bolts that were affixed to the work platform. Indeed, in some questioning by defense counsel at a recent deposition, there was an implication that perhaps the plaintiff had set up the claim, and that there was no actual collapse and that it was a prefabricated claim. Comparing the bolts retained by the plaintiffs with the other bolts that have now been destroyed, could have shown that they are not planted bolts, but identical to the bolts that were not sheared off. Furthermore, the other destroyed evidence could have helped in showing the age and wear, tear, lack of maintenance of the platform and the component parts. The ability to prove same has now been hindered because the evidence

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

7

has been destroyed.  Therefore, the disingenuous argument that "plaintiffs have failed to prove that they would be unable to prove negligence, and therefore cannot sustain a spoliation claim" (defendant's Opposition at pg. 11), is not the standard of proof.  The defendant would have the plaintiffs allegedly admit that they cannot prove negligence without the evidence that it destroyed.  While it may make it more difficult to prove same, that is not the standard by which a spoliation claim is appropriate.  It doesn't require that you actually be unable to prevail, all that is required is that the destroyed evidence <u>hinders</u> the ability to prevail.

The defendant makes an additional argument at pgs. 11-13 of its Opposition that taking the platform down and disposing of it was not spoliation.  However, again the thrust of the argument is to tell the court what the evidence will reveal (even though not all the evidence has been revealed to date) and make factual and legal conclusions.  There are a multitude of arguments that Unocal makes in this sub-section.  First, Unocal claims that removing the platform was an appropriate response to an OSHA citation.  Plaintiffs are not questioning the propriety of removing he platform, simply that of destroying it.  Second, the defendant claims that it had no notice that the plaintiffs would file a lawsuit.  That itself is a factual issue, but insofar as Unocal at some point became aware that Larry Grove had

8

complained to OSHA about the sheared bolts, and that Unocal and Siemens was well aware, or the evidence may well reveal they were aware that Larry Grove was on worker's compensation and had not been able to return to work for some 7 months before the platform was dismantled and destroyed, (and further has not returned to work since then), either provided notice or reasonably should have provided knowledge to Unocal of the likelihood of a lawsuit.  Unocal is a large sophisticated business entity and had lawyers involved in the OSHA investigation.  Unocal was aware that the bolts had sheared off and the platform had collapsed injuring Larry Grove.  Unocal was aware that it was being cited by OSHA for having a defective platform.[2]

   Unocal raises a red herring that Larry Grove had had other workers' compensation injuries and had not filed a lawsuit before.  It is ironic that Unocal seeks to use the failure of Larry Grove to file lawsuits for previous work related injuries. There was no effort made by Unocal to show that (1) they even had knowledge of these other work related injuries for purposes of them claiming any reliance on Larry Grove's history when Unocal makes this argument, and therefore it is essentially

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

---

[2] While at the deposition of the OSHA inspector, Tom Scanlan, Mr. Scanlan indicated that he did not examine the bolts on the platform some 7 months later, and cited Unocal as the creating employer for a workplace hazard in regard to the failure to have toe boards or rails, and did not personally inspect the bolts, that does not absolve Unocal from responsibility for destroying the platform and all the evidence that it contained. Furthermore, Unocal <u>was aware</u> that the work platform failed due to sheared bolts.

9

irrelevant and meaningless. Furthermore, Unocal does not indicate how other alleged work related injuries have any bearing on the claim herein, which involves the most serious injury that Mr. Grove has incurred, and which clearly is related to liability of a third party non-employer (defendant) who had the right and means to control the access to the equipment, and thus is liable. There is no indication by Unocal that there would have been any other liable party in any of the other alleged worker's compensation claims, other than the employer, which of course has the exclusive remedy bar, and thus there would be no possibility of any lawsuit in any event in most or all of Mr. Grove's previous work related injuries.

Defendant, while citing to a New York case, <u>Montiero v. R.D. Werner Company, Inc.</u>, 754 N.Y. S.2d 328 (2003) acknowledges that it is not binding in this matter. It is a lower court decision, not even a decision of the Court of Appeals of the State of New York. Furthermore, that action did not involve the actual tort feasor who had the control and possession of the negligently constructed and maintained collapsed work platform, destroying the evidence. The City of New York in the <u>Montiero</u> case was merely a third party that would not be involved in the lawsuit. It might be one thing for a party that was not liable in the first instance to not realize the need to preserve the evidence, as opposed to the actual tort feasor. The facts in

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

10

this case show that Unocal is the creator of the dangerous apparatus which injured Larry Grove.

The bottom line is that, while referring to the <u>Montiero</u> case, again Unocal continues to harp back to the alleged lack of notice, which itself is an issue of fact to be determined once all the evidence is in. Unocal continues to misstate the filing of a claim under the broad notice rules in Alaska, and to conform to the evidence once the plaintiffs learned that the platform had actually been destroyed with the quantum of evidence that is needed to prevail at trial. It is clearly not the same standard, though defendant is seeking to use the latter to defeat an effort to amend the Complaint to simply allege the spoliation claim. Thus, when Unocal makes it's conclusory statements that Unocal had no notice, and therefore no duty to preserve the platform/scaffolding, that is not evidence but mere argument which is entitled to zero evidentiary value by the court.

Finally, the defendant argues that laches should apply to prevent the addition of the spoliation claim. First, the defendant's argument on this point is completely erroneous. Defendant argues that as Larry Grove testified, he knew the platform/scaffolding had been removed in his deposition of November 12, 2004, that the plaintiffs had plenty of time to add a spoliation claim in 2004, but that the failure to do so

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

11

constitutes laches. Furthermore, the defendant continues to assert that plaintiff had been in "sole" possession of OSHA files for quite some time. While plaintiffs dispute this contention, none of the OSHA files indicate that Unocal destroyed the platform. Not even the Crapps Affidavit regarding his dismantling of the platform in March of 2003 discusses the destruction of the platform. Indeed, the Crapps Affidavit was always in possession of defendant, but **not** revealed to plaintiffs by defendant. Plaintiffs only learned of the Crapps Affidavit from OSHA at the end of January 2006.

It has always been known that the platform was dismantled. However, what the defendant fails to reveal, even though it was within their knowledge for three years of this litigation, is that it in fact had destroyed the platform. Defendant fails to make the distinction between dismantling and destroying, treating dismantling as the same as the destruction of the evidence. That is absurd.

The absurdity is compounded when the defendant then claims that, since the plaintiffs were finally told, almost three years after the onset of this litigation at the end of January 2006, "it is believed that the metal pieces were placed in a trash can…" (See defendant's Opposition at pg. 14) that the plaintiffs failed to act on this information when they filed their Motion to Amend Complaint within approximately 6 to 7 weeks after

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

12

receiving that information.  Actual confirmation is in fact the sworn testimony at the deposition of Paul Crapps on March 3, 2006.  Plaintiffs' Amended Complaint was filed in March 2006.  It is absurd again to suggest that even if we take the date of the response to plaintiffs' Seventh Set of Discovery on or about January 26, 2006 as the date the plaintiffs should have obtained knowledge, that laches should apply for the alleged failure to file an Amended Complaint until March 2006.

Finally, defendant makes an additional absurd claim, again raising the spurious and scandalous claim that there is "prejudice to the defendants" due to alleged lack of knowledge based upon the plaintiff allegedly withholding the OSHA files.  See defendant's Opposition at pg. 14.  This is another absurd argument.  The OSHA files did not reveal that defendant and it's agents had destroyed the work platform.  Thus, any alleged withholding of the OSHA files is meaningless to information that was already in the possession of the defendant.  The defendant and it's agents provided the information that was incorporated into the OSHA records.  The defendant <u>withheld</u> the information, including the Crapps Affidavit (and <u>still</u> withhold evidence to this date).  The primary source of all the information is the Unocal personnel, including Paul Crapps, Ken Burns, Roxanne Sinz, and others.  Defendant fails to state what in the OSHA investigation results would have been relevant to the spoliation

claim.  Defendant fails to state what alleged statements would be relevant to the spoliation claim.  Defendant fails to state why the OSHA photographs are relevant to the spoliation claim.  The photographs themselves do not reveal anything that defendant did not view is acknowledged by defendant personnel, who viewed the platform, including Paul Crapps and Ken Burns and others.  Thus, what information was in the OSHA records that is supposedly necessary for Unocal's defense on any spoliation claim?  There isn't anything.  It is just a red herring raised by defendant that should be rejected by this court.

   In conclusion, the spoliation claim should be allowed to be raised by the plaintiffs.  Plaintiffs should, at a minimum, be allowed an opportunity to seek an adverse inference/shifting of the burden of proof against defendant.  Defendant should not be allowed to raise any alleged claim that the bolts retrieved by Larry Grove are not the actual bolts that came from the collapsed work platform.  Defendant should not be allowed to claim some kind of prejudice due to OSHA files, which did not reveal that the platform had been destroyed by defendant.  This is, as stated previously, an erroneous position taken by defendant.  Finally, the vexatious conduct of the defendant in withholding evidence for almost three years, including the destruction of the platform, and their bad faith activity in not only destroying the platform, but also in withholding that

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

14

information, and misleading and misdirecting plaintiffs regarding same for three years, should be relevant as to punitive damages.

## SUMMARY AND CONCLUSION

Accordingly, plaintiffs respectfully request that the court allow plaintiffs to substitute Union Oil Company of California as a defendant, raise quality of life loss regarding activities such as hunting, allege with greater specificity grounds of liability as to Unocal, and allow plaintiffs to allege a spoliation claim against defendant.

RESPECTFULLY SUBMITTED this 27th day of April 2006.

                WEIDNER & ASSOCIATES, INC.
                Counsel for Plaintiffs

                s/ Phillip Paul Weidner
                WEIDNER & ASSOCIATES, INC.
                330 L Street, Suite 200
                Anchorage, AK  99501
                Phone (907) 276-1200
                Fax (907) 278-6571
                E-mail: jgreene@weidner-justice.com
                ABA 7305032

CERTIFICATE OF SERVICE
I hereby certify that on April 27, 2006 a copy of the foregoing **Reply in Support of Motion to Amend Complaint** was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC

s/ Phillip Paul Weidner

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571