MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

LAWRENCE GROVE vs. UNOCAL CORPORATION

BEFORE THE HONORABLE JAMES K. SINGLETON   CASE NO. A04-0096 CV (JKS)

DEPUTY CLERK/RECORDER: LINDA CHRISTENSEN

APPEARANCES:   PLAINTIFF: MICHAEL COHN*

DEFENDANT: SCOTT HENDRICKS LEUNING

*Present telephonically

PROCEEDINGS: ORAL ARGUMENT ON MOTION FOR RULE 37 SANCTIONS (13-1)
& MOTION FOR STAY AND DETERMINE PROPER POSSESSION OF
BOLTS (13-2) Held 7/5/05:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

At 9:12 a.m. court convened.

Court and counsel heard.

Court ruled: except to the extent granted in the order at docket 18 the motion at docket 13 is **DENIED**; counsel are directed to make sure that a responsible attorney representing Mr. Grove and UNOCAL meet and confer and report to the court in writing on an acceptable protocol for the handling of the bolts and the deposition of Mr. Grove. The parties will have a stipulated protocol to the court no later than **Monday, July 11, 2005 at 1:30 p.m.**

At 9:26 a.m. court adjourned.


DATE:   JULY 6, 2005            DEPUTY CLERK'S INITIALS:   lc

Exhibit A
Page 1 of 5

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 JUL 11 AM 11: 33

John B. Thorsness
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9273
jthorsness@cpsattorneys.com
Attorney for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | Case No. A04-0096 CV (JKS) |

## JOINT REPORT OF THE PARTIES

Defendant Unocal Corporation, by and through its attorneys Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC, pursuant to this Court's Order of July 5, 2005, following Oral Argument on Unocal's "Motion for Rule 37 Sanctions and Motion for Stay and to Determine Proper Possession of Bolts," counsel for the parties were ordered to "confer and report to the Court in writing on an acceptable protocol for the handling of the bolts and the deposition of Mr. Grove." The

Joint Report of Parties
Grove v. Unocal, Case No. A04-0096 CV (JKS)
Page 1 of 4

Exhibit A
Page 2 of 5

following is the report of the parties, following their telephonic meeting on Friday, July 8, 2005, and follow-up phone conference on Monday, July 11, 2005.

## I. Custody of the Bolts

Unocal will take possession of the bolts. Under observation of both counsel, the bolts will be placed into a suitable cardboard container, the container will be sealed, and initials inscribed by witnessing counsel across the seal. The box will then be stored, in a safe and secure location at the offices of counsel for Unocal, Clapp, Peterson, Van Flein, Tiemessen & Thorsness. The box containing the bolts will be opened only after reasonable notice given by one or all counsel of their desire to inspect the bolts.

## II. Non-Destructive Testing Protocol

After reasonable notice given to all parties by one of the parties, the bolts shall be made available for non-destructive testing. This will include inspection, physical handling, photography, microscopic inspection and photography, and other non-destructive testing. In order for this to occur, the bolts may be transported to the facility designated by one or all of the parties, via Federal Express, or other suitable means agreed upon by the parties. All parties shall have an opportunity to attend and observe this testing, or send their representatives to do so. This shall include the opportunity to: (1) observe unsealing of the box containing the bolts; (2) observe all examination of the bolts; (3) observe reboxing

and resealing of the bolts prior to shipment back to the offices of Clapp, Peterson, Van Flein, Tiemessen & Thorsness.

### III. Protocol for Destructive Testing

Destructive testing of the bolts is not anticipated by either party at this time. If, at some point, either party desires it to occur, that party shall, in writing, present a detailed protocol, including detailed reasons why destructive testing is necessary. The party opposing any destructive testing, shall have the burden, if they disagree with the destructive testing protocol, to bring a motion for protective order to the Court within fourteen (14) days of the date of the written notice. No destructive testing shall occur until such time as the Court rules on the Motion for Protective Order, if such a motion is filed.

### IV. Deposition of Plaintiff Lawrence Grove Regarding Custody of the Bolts

Upon reasonable notice by Unocal, and after coordination with all counsel concerning scheduling of counsel and the witness, Plaintiff Grove shall be deposed concerning his knowledge of the removal of the bolts from Unocal premises, any and all examinations or analysis of the bolts, and the chain of custody of the bolts.

DATED at Anchorage, Alaska, this 11th day of July, 2005.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

By_____
John B. Thorsness, #8211154

**Certificate of Service:**

I certify that a copy of this document was mailed _X_, faxed ____, hand delivered ____ on July _11_, 2005, to the following:

Phillip P. Weidner Esq.
330 L Street, Suite 200
Anchorage AK 99501

By: _____

Joint Report of Parties
<u>Grove v. Unocal</u>, Case No. A04-0096 CV (JKS)
Page 4 of 4

Exhibit __A__
Page __5__ of __5__