# CLAPP • PETERSON
# VAN FLEIN • TIEMESSEN • THORSNESS
### LLC

ANCHORAGE

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

FAIRBANKS

John J. Tiemessen
David A. Carlson

Marcus R. Clapp, ret.

February 25, 2006

**By Facsimile**
**278-6571**

Michael Cohn, Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

    Re:    *Grove v. Unocal Corporation*
            Our File No. 6200-1

Dear Mike:

In looking over your client's responses to our Third Discovery Requests, only one photo was produced of your client hunting. Given the volume of hunting and fishing trips he has taken since 2002, and the number of cameras he said he owned, we do not believe that this one photo is all that he has. Please ask your client to supplement this response.

Likewise, your client failed to account for all of his hunting and fishing trips taken since 2002. For example, he failed to account for any time between "the summer of 2003" and his fishing trips in 2004. Likewise, your client states that he cancelled his moose hunting trip and fall bird hunt in South Dakota, but fails to affirmatively state that he made no hunting or fishing trips between his injury and December 31, 2002. Please have your client draft a more thorough accounting of his hunting and fishing activities. Also please have him provide evidence of the scheduled but cancelled trips in 2002.

We do not wish to move to compel. However, his handwritten responses and the production of photos is simply inadequate. Your client's poor attitude toward production in this litigation is apparent in his handwritten statement that the discovery is a "useless incursion into my life." We look forward to working with you on this matter.

Very truly yours,

Linda J. Johnson

Exhibit H
Page 1 of 6

711 H Street, Suite 620 • Anchorage, Alaska 99501-3454
phone • 907-272-9272   email • anch@cplawak.com   fax • 907-272-9586

LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

March 21, 2006

Linda Johnson                               *Via fax to 272-9586*
Clapp Peterson, et al.                      *& U.S. Mail*
711 H St., Suite. 620
Anchorage, AK 99501-3454

Re:   <u>Grove v. Unocal</u>; Case No. A04-0096 CV (JKS)

Dear Ms. Johnson:

I am writing in response to your February 25, 2006 letter. Mr. Grove has supplemented his answers. We are also providing a list of witnesses who accompanied Mr. Grove on various trips.

I need to respond to many of your misstatements. First, a photograph was not provided previously of Mr. Grove hunting. The photograph showed Mr. Grove sitting in camp, and on the back of the photograph one of his colleagues wrote "Camp Bitch" as a joke because of Mr. Grove's limited mobility.

Second, what you "believe" is not evidence. Your reference to the volume of hunting and fishing trips since 2002 is a gross mischaracterization of Mr. Grove's hunting/fishing, and pales in comparison to the number of hunting/fishing trips and the type of hunting/fishing/activities he did before September 9, 2002. Indeed, we are supplementing our witness list with individuals who can testify as to Mr. Grove's "hunting" and "fishing" before and after September 9, 2002.

In regard to your statement as to Mr. Grove's "poor attitude toward production," Mr. Grove has complied completely and truthfully to the best of his recollection. I remind you that Mr. Grove was seriously and permanently injured and maimed and is frustrated with the litigation process. What is your excuse for the willful, bad faith, evasive, incomplete and untruthful discovery provided by Unocal to date?

Sincerely,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law
MC/ngb

6200-1
MAR 2 2 2006

Exhibit H
Page 2 of 6

# CLAPP • PETERSON
# VAN FLEIN • TIEMESSEN • THORSNESS
### LLC

| ANCHORAGE | FAIRBANKS |
|---|---|
| Matthew K. Peterson | John J. Tiemessen |
| Thomas V. Van Flein | David A. Carlson |
| John B. Thorsness | Marcus R. Clapp, ret. |
| Scott Hendricks Leuning | |
| Laura S. Gould | |
| Linda J. Johnson | |
| Liam J. Moran, Of Counsel | |

June 2, 2006

**By Facsimile**
**278-6571**

Michael Cohn, Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

    Re:    *Grove v. Unocal Corporation*
            Our File No. 6200-1

Dear Mike:

It has come to our attention that your client has not been candid about his hunting and fishing activity. We have asked in numerous interrogatories and requests for production for an accounting of his post-injury activity. Despite his sketchy answers, we have gathered information to believe that his activities are much more extensive than he has admitted. For example, during the deposition of Robert Sprinkle, we learned that he has subsistence gill net fished for many years, beginning after the September 9, 2002 incident.

Please be clear, Mike. We are not accusing you personally of withholding information. We simply believe that your client has not been candid. Given that your client has not disclosed all the information we have asked for, we are demanding that we have a second chance to depose Larry Grove. We propose that we depose him again prior to the mediation, so that we will have a better picture of his post-injury activities.

Federal Rule 30(d) allows up to 7 hours to depose a witness. Your client was deposed on November 12, 2004 for 2:39. He was deposed on December 15, 2005 for 2:24. This time barely comes to five hours total time. Additionally, if we must move the court for additional time, the court "must" allow additional time for fair examination of the witness. We believe that your client's continued unreported activities will require the court to grant more time. Rather than moving the court, however, we are first asking for you to voluntarily agree to a third deposition of your. Please advise us ASAP.

Sincerely,

Linda J. Johnson
cc:    John Thorsness

Exhibit H
Page 3 of 6

LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

June 2, 2006

RECEIVED BY:
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
Date Rec'd/Initials: _____
Response Due: _____
Distribution: _____

Linda Johnson
Clapp Peterson Van Flein
  Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454

*Via fax to 272-9586*
*& via U.S. Mail*

Re:   <u>Grove v. Unocal</u>, Case No. A04-0096 CV (JKS)

Dear Ms. Johnson:

Your letter of June 2, 2006 is astonishing in light of the discovery process to date. Mr. Grove has been candid about his hunting/fishing. He has provided photographs, videotapes and answers to your requests. In Response to third discovery Requests to Plaintiff Larry Grove, and supplemental disclosures, Mr. Grove, while indicating he did not remember every detail stated he has fished with family and friends, including various fishing trips when he was able to do so with family and friends. It is a mischaracterization to call the fishing "subsistence" as opposed to personal use, and a mischaracterization to claim "he has subsistence gill net fished for many years, beginning after the September 9, 2002 incident."

Mr. Sprinkle recounted <u>one</u> time that he went fishing with Mr. Grove, and it wasn't clear when that occurred. See Sprinkle deposition at pages 42-43, 63. Nothing in Mr. Sprinkle's deposition indicated that Mr. Grove did any hard physical labor. Mr. Sprinkle has no personal knowledge regarding any other alleged post accident fishing trips.

You indicate you have "gathered information." Of course, this information, as much other information, remains unrevealed to the plaintiffs.

In the first deposition of Mr. Grove, defendant could have, but chose not to, ask questions regarding post accident activities. You don't get to re-depose an individual again and again.

I note that Paul Crapps may have committed perjury at his deposition. He misrepresented when the work platform was dismantled and destroyed, misrepresented that it was Charles Arnett that told him to take down the platform, and misrepresented his knowledge of the work platform. In addition, information concealed from plaintiffs over

Exhibit H
Page 4 of 6

Linda Johnson
June 2, 2006
Page 2

two years, including a safety inspection conducted by Ken Burns <u>and Paul Craps</u>, was not revealed at the time of Mr. Crapps' deposition.

Archie Cook's deposition was taken without the documents that were wrongfully withheld.

Roxanne Sinz was evasive and not forthcoming at her deposition.

Defense documents, including safety reports, have never been produced.

You requested workers compensation records in April 2005. Yet, these records were not provided to plaintiffs until April 2006.

We have asked for the relationship between Siemens/Unocal/counsel and you and Mr. Thorsness have coyly refused to reveal same.

You have apparently been provided open access to interrogate Siemens personnel while you have attempted to prevent our access to witnesses.

Mr. Grove has nothing to hide. He has hid nothing from defendants. You obviously have had open access to many of Mr. Grove's colleagues, and know about Mr. Grove's activities and limitations. Mr. Grove has forthrightly revealed names, addresses and telephone numbers of <u>many</u> individuals regarding hunting/fishing.

We, on the other hand, learn of a secret tape recording of Mr. Grove 3 years after it happened. We learn that the work platform evidence was <u>destroyed</u> by defendant three years after it happened. We continue to receive information in driblets that has been unrevealed for years.

You have talked to many people, have all the medical/workers compensation records, presumably have Liz Dowler's Report in regard to a physical capacity evaluation you requested for your retained experts and which Mr. Grove attended (we do not have it yet), and have done extensive investigation of the Grove family. It is disingenuous to claim you need a third deposition of Mr. Grove as to his hunting and fishing activities.

I also naively thought that if we were serious about mediation on June 28, 2006 that we would hold off on discovery issues (and I have many that I can seek the court to address), until after mediation. If your intention is to go ahead with discovery, we should discuss the depositions of Paul Crapps, Harry Eaton, Lloyd Richardson, Tracie Howard, and others, as well as a Motion to Compel inspection of defendant's records, Motion to Compel defendant to allow access by plaintiffs to Siemens employees, and Motion to Compel disclosure of the Unocal/Siemens relationship, including all agreements

Exhibit H
Page 5 of 6

Linda Johnson
June 2, 2006
Page 3

regarding this litigation. I also want any and all records of the interrogations or "pre-depositions" of Siemens employees by your office.

However, despite all of the above, I will discuss your demand with Mr. Weidner upon his return to Alaska next week and provide our answer then.

Sincerely yours,

WEIDNER & ASSOCIATES
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

Exhibit H
Page 6 of 6