John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>        Plaintiffs,<br><br>  vs.<br><br>UNOCAL CORPORATION,<br><br>        Defendant. | Case No. 3:04-cv-0096-TMB |

## MEMORANDUM IN SUPPORT OF MOTION
## TO RE-DEPOSE LAWRENCE GROVE

      Defendant Unocal Corporation moves the Court for an order compelling the deposition of Lawrence Grove, pursuant to Fed. R. Civ. P. 30(d)(2). During the course of litigation, Mr. Grove has undergone a second ankle surgery and is now collecting disability/retirement benefits from his former union. These issues are new since Mr. Grove's deposition. Unocal seeks a new deposition to explore the

issues.  Further, based upon newly discovered information, it appears that Mr. Grove has not fully disclosed his recreational activities.

Federal Rule Civil Procedure 30(d)(2) states:

"Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court **must** allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination."

In order to obtain a fair examination, Unocal requests that the Court grant its request to re-depose Plaintiff Larry Grove.  The new factual developments that have occurred since the depositions were taken merits new questioning in order to obtain a fair examination of the deponent.

**I.   TO OBTAIN A FAIR EXAMINATION, THE COURT SHOULD ORDER LARRY GROVE TO SUBMIT TO ANOTHER DEPOSITION.**

Lawrence Grove was originally deposed on November 12, 2004.  The deposition lasted 2 hours and 39 minutes.  See Affidavit, at ¶2.  Mr. Grove was deposed again pursuant to a court order on December 15, 2005, but the subject matter was restricted to questions about Mr. Grove's surreptitious re-entry into Unocal and his possession of articles that he removed during that re-entry.  Exhibit A, Court order, attached.  The second deposition lasted 2 hours 24 minutes. Affidavit at ¶3.

Mr. Grove's medical history over the course of the litigation has changed. Prior to his 2004 deposition, Mr. Grove saw three doctors: Dr. Laufer, his general

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

practice physician; Dr. Nolan, his first orthopedic surgeon; and Dr. Geitz, his second orthopedic surgeon, who operated on his ankle on May 20, 2003. Affidavit at ¶4. After the deposition, Mr. Grove has seen a third surgeon, Dr. Eugene Chang, who performed another surgery on Mr. Grove on March 8, 2005. *Id.* Mr. Grove's condition and abilities may have changed since the first deposition and exploration of this issue merits re-opening the deposition. Medical issues are important in this case, since Mr. Grove's damages are primarily based upon his injury. Unocal should be allowed to question Mr. Grove on the new medical issues that have arisen in this case.

Mr. Grove's financial situation has changed in the last two years. After the 2004 deposition, Mr. Grove was given a second rehabilitation employment plan which has not been the subject of questioning. Exhibit B. Further, since the deposition, Mr. Grove accepted retirement with the Plumbers and Pipefitters union. Exhibit C. Questions about Mr. Grove's changed financial situation are necessary to complete discovery.

Finally, Mr. Grove's recreational activities have increased since his 2004 deposition. Discovery on Mr. Grove's recreational hunting and fishing has proceeded since the first deposition. Mr. Grove was asked in written discovery about his recreational activities:

> **"Interrogatory No. 1:** Please state in detail each trip you have taken since September 2002 during which you shot or shot at, or intended to shoot at an animal or bird or catch a fish, including (a) the date, (b) any companion, (c) the location of the trip, (d) the animal, fish or bird that

> was the target, whether or not you were successful, (e) any license or special permits you may have obtained, (f) what gun you used and who owns the gun, (g) what transportation you used on the trip (boat, 4-wheeler, plane), and (h) the itemized cost of the trip and who contributed to the costs.
> **Response:** See attached. I cannot remember all details. Attached is the best of my recollection at this time."

Exhibit D, Response to Third Discovery Requests, December 9, 2005. With his production, Mr. Grove produced one hunting related photo of himself that he labeled "camp bitch." He provided a sketchy hand written account of his hunting and fishing activities that included little detail and ended with the notation:

> "I must apologize, at this time I am having trouble concentrating and I am becoming frustrated with this useless incursion into my life."

Exhibit D, hand written attachment to Response to Third Discovery Requests. This notation indicates that Mr. Grove has not taken seriously his responsibility to fully disclose all his hunting and fishing activities. The Grove family has sued Unocal for millions of dollars based on Mr. Grove's representations that he is unable to work or participate in recreational activities. Unocal's questions about his recreational activities are not a "useless incursion" into Mr. Grove's life. Mr. Grove's discovery responses about his hunting and fishing activities were sketchy and he has only updated them as Unocal discovers information from other sources.

In a handwritten attachment to his Responses to Third Discovery Requests, Mr. Grove first revealed that he had been hunting in Africa after his injury. Exhibit D. He labeled the date of the hunt "March 05" and included it in a line of other 2005 hunting trips that he had made. *Id*. However, in later discovery, he was

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

asked for a copy of his passport, which shows that Mr. Grove entered Johannesburg in March 2004 and returned to the United States on March 21, 2004. Exhibit E, Response to Sixth Discovery Requests. The African hunting trip, therefore, took place prior to the first deposition. When questioned about his recreational activities and hunting in that first deposition, Mr. Grove did not mention the trip. In Exhibit F attached hereto, at page 139, Mr. Grove states that he only participates in "road hunts" where he doesn't do much walking. He claims he cannot go out in the "toolies" or up in the mountains. *Id.* This is one of the many assertions about his hunting and fishing activities that Unocal should be allowed to explore, especially in light of the sketchy answers provided previously.

The African hunting trip certainly was no "road trip" and Mr. Grove has not submitted to questioning about it. After much wrangling, Mr. Grove finally produced multiple volumes of hunting photos, including a photo album of himself hunting in Africa in March 2004. Affidavit. It appears from the photos that Mr. Grove successfully shot eleven animals while on his safari. Exhibit G, LG Africa 051[sic]-0519. Even with the photos, the details of the African hunting trip are dim. Deposition questions will aid Unocal in learning the details of the trip.

Another example of new information about Mr. Grove's recreational activities was recently discovered after the Court issued the order compelling the State of Alaska to turn over subsistence salmon fishing records. Despite interrogatories asking for an accounting of all hunting and fishing activities, no information about

Memorandum in Support of Motion to Re-Depose Lawrence Grove
Grove v UNOCAL, Case No. 3:04-CV-0096-TMB
Page 5 of 7

subsistence fishing has yet been disclosed by Mr. Grove. Unocal has been forced to diligently search records and public databases in an effort to ascertain Mr. Grove's hunting and fishing activities. Unocal has a right to know and assess the activities to see what activities Mr. Grove has participated in since his injury. Unocal should be allowed to redepose Mr. Grove to fully explore his recreational activities.

Mr. Grove has only been deposed for a total of five hours and three minutes. This amount of time, for two depositions, is not only reasonable, but positively minimal. Unocal has not used the entire durational limit of seven hours set by Fed. R. Civ. P. 30(d)(2).

Unocal consulted with Plaintiffs and they have refused the request to re-depose Mr. Grove. Exhibit H, letters to/from Cohn. However, for fair examination, Unocal should be allowed to depose Mr. Grove about his recreational activities, including hunting, fishing and vacations that Mr. Grove has participated in.

## II.   CONCLUSION

Unocal requests that the Court compel Mr. Grove to submit to another deposition which would allow Unocal to ask questions about his recreational activities. Unocal requests that the deposition last as long as necessary to obtain the full disclosure of all hunting and fishing activities that Mr. Grove has pursued

since his injury.

DATED at Anchorage, Alaska, this ___ day of July, 2006.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

s/ Linda J. Johnson
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK  99501-3454
Phone:  (907) 272-9631
Fax:  (907) 272-9586
Direct email:  ljj@cplawak.com
Alaska Bar No. 8911070

### Certificate of Service

I hereby certify that on July 27, 2006, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

s/ Linda J. Johnson