John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>          Plaintiffs,<br><br>   vs.<br><br>UNOCAL CORPORATION,<br><br>          Defendant. | Case No. 3:04-cv-0096-TMB |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER
COMPELLING MINOR'S RECORDS**

Defendant Unocal Corporation moves for a court order compelling several governmental entities to release records of Michael J. Grove, a minor[1], who is a plaintiff in this matter. The records are relevant to the claims brought in this case by Plaintiffs.

MEMORANDUM IN SUPPORT OF MOTION FOR ORDER COMPELLING MINOR'S RECORDS
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 1 of 5

**Procedural background**

Michael J. Grove is the minor son of Larry Grove. Larry Grove brought this claim on behalf of his minor son, for the alleged loss of consortium of his father due to the ankle injury he sustained. Sarah and Cynthia Grove also have loss of consortium claims in this matter. Larry Grove has alleged several theories of loss, and has failed to obtain a job since his injury September 9, 2002.

**Records Requested**

Defendant requests an order compelling the **Anchorage Police Department** to produce unredacted all records it may have of investigations or contacts in which Michael J. Grove was interviewed or any record of arrest.

Defendant requests an order compelling the **Anchorage Fire Department** to produce unredacted all records it may have of investigations or contacts in which Michael J. Grove's name was mentioned or any record of arrest.

Defendant requests an order compelling the **Anchorage School District** to produce unredacted all records it may have regarding Michael J. Grove, including test scores, transcripts, discipline records, special education records or reports, and counseling, psychological or medical records.

Defendant requests an order compelling **State of Alaska, Department of Health & Social Service, Division of Juvenile Justice** to produce unredacted all

---

[1] It is believed that Mr. Grove was born January 1, 1990, which would mean he is currently 17 years old, despite the date that is named in the caption.

records it may have of Michael J. Grove, including records of Intake Officers or Probation Officers and any formal or informal or diversionary actions that may have been taken with respect to Michael J. Grove, to include any records retained at McLaughlin Youth Center, family counseling, psychological or medical records.

## **The Records Are Relevant and Discoverable**

In *Hibpshman v. Prudhoe Bay Supply, Inc.*, 734 P.2d 991 (Alaska 1987), the Alaska Supreme Court recognized that minor children have a cause of action for loss of parental consortium. In Alaska law, consortium damages may be awarded for the loss of the enjoyment, care, guidance, love and protection between the injured party and the spouse or child. In deciding whether such a loss has occurred and the amount of any award, the jury is instructed that it may consider, among other things, evidence relating to the nature of the relationship between the parent and child.

During Larry Grove's deposition on January 12, 2007, defendant heard for the first time that Michael J. Grove was arrested July 2006 and adjudicated delinquent. This action occurred despite the fact that Larry Grove has been off work and at home with his son since 2002. Understanding why Michael J. Grove's behavior occurred and what he did should be discoverable so that defendant can evaluate the relationship between Michael and Larry Grove.

Michael's mother, Cynthia, has brought her own consortium claim in this case. The stress that their son's behavior has caused on her marriage is directly

relevant to Cynthia Grove's consortium claim.  Mr. Grove's bad behavior is likely to have had an impact upon Mrs. Grove's relationship with her husband, Larry.

Further Michael's behavior is either directly relevant to Larry Grove's own claims or is likely to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P. 26.  Certainly discovery of the timing and extent of Michael Grove's bad behavior is likely to lead to the discovery of admissible evidence.

### Conclusion

Michael Grove's records are relevant and discoverable.  The court should order that any and all records relating to Michael J. Grove in the custody of the Anchorage Fire Department, Anchorage Police Department, Anchorage School District, or State of Alaska, Department of Health & Social Services, Division of Juvenile Justice be produced in unredacted form.

DATED at Anchorage, Alaska, this __23rd__ day of January 2007.

                        CLAPP, PETERSON, VAN FLEIN,
                        TIEMESSEN & THORSNESS, LLC
                        Attorneys for Defendant Unocal

                        s/ Linda J. Johnson
                        CLAPP, PETERSON, VAN FLEIN,
                        TIEMESSEN & THORSNESS LLC
                        711 H Street, Suite 620
                        Anchorage, AK  99501-3454
                        Phone:  (907) 272-9631
                        Fax:  (907) 272-9586
                        Direct email:  ljj@cplawak.com
                        Alaska Bar No. 8911070

1

## Certificate of Service

2

3

I hereby certify that on January 23, 2007, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

4

s/ Linda J. Johnson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MEMORANDUM IN SUPPORT OF MOTION FOR ORDER COMPELLING MINOR'S RECORDS
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 5 of 5

26