John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA
GROVE, SARAH GROVE, and MICHAEL
GROVE (DOB 1/21/88) by and through his
father LAWRENCE H. GROVE,

                 Plaintiffs,

    vs.                             Case No. 3:04-cv-0096-TMB

UNOCAL CORPORATION,

                 Defendant.

### REPLY TO OPPOSITION TO MOTION FOR RULE OF LAW

      Defendant Unocal Corporation moved the court for a ruling of law on five distinct issues.  Plaintiffs oppose the motion claiming factual issues must be determined, and they asked in this case that the court postpone its determination that the laws apply to plaintiffs.  There is no need for the court to determine any fact in order for the court to affirm that the laws will apply to plaintiffs.  Unocal requests that the court not wait, especially since a ruling may aid the parties in their mediation efforts.

Reply to Opposition to Motion for Rule of Law
*Grove v. Unocal*  3:04-cv-00096-TMB
Page 1 of 10

**1.    AS 09.17.070 applies; union disability and early retirement benefits drawn by Mr. Grove will reduce any damages he is awarded.**

Unocal requested in its motion that the court issue a ruling that AS 09.17.070 will apply if damages are awarded.  Plaintiff clouds the simple legal issue by raising multiple factual issues.  However, this court need not decide such factual issues as what benefits, if any, will reduce Mr. Grove's damages, assuming that they are awarded.  Likewise, the court has no need to determine at this point what amount of retirement Mr. Grove is receiving or from what source in order to make a ruling on this issue.

Unocal's singular request as stated in its motion, is that the court affirm that if damages are awarded, Unocal will have the opportunity to apply to the court to reduce those damages under the collateral source rule, as stated in AS 09.17.070.  Unocal is not at this point requesting a factual determination of those damages.  Unocal brought to the court's attention that Mr. Grove draws disability and early retirement only so the court would understand that this is a potential issue after trial.  Plaintiff characterizes Unocal's request as asking the court "just simply to state the obvious."  Unocal disagrees with plaintiffs' characterization.  Requesting a federal court to affirm that it will apply a state law is not necessarily "obvious" and may even help move this litigation along.

Unocal requests that the court find as a matter of law that AS 09.17.070 will apply if damages are awarded.

Reply to Opposition to Motion for Rule of Law
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 2 of 10

**2.     The damages cap applies to limit an award of noneconomic damages to a maximum of $400,000.00 for the totality of plaintiffs' claims.**

All four plaintiffs in this case have alleged noneconomic claims.  Unocal asks that the court limit the award of noneconomic damages, if made, to a maximum of $400,000, consistent with AS 09.17.010(b).  That means that the Grove family as a whole is limited to $400,000 in noneconomic damages, if they are awarded.

Plaintiffs oppose Unocal's motion by arguing that a decision on the appropriate application of noneconomic damages is premature and that the issue is factually based.  But the law on this subject directs the court to make the determination prior to trial.  The Alaska Supreme Court has affirmatively stated that "The superior court **must make** a threshold determination of severe disfigurement before submitting the issue to the jury."  *City of Bethel v. Peters,* 97 P.3d 822 (Alaska 2004).  (Emphasis added.)  This requirement should also apply to a federal court determination of whether severe disfigurement is the appropriate standard prior to presenting the issue to the jury.  Given the clear direction of the Alaska Supreme Court, it is entirely appropriate for this court to determine whether Grove is sufficiently disfigured and disabled to invoke AS 09.17.010 (c).

Alaska law sets a higher limit on damages in personal injury lawsuits if the plaintiff has suffered "severe disfigurement."  *See* AS 09.17.010(c).  Grove concedes in his opposition that his scar is on his ankle.  He does not allege that the scar is a disfigurement or that anyone sees his ankle much.  Indeed, in Alaska, there are limited situations for a man's ankle to be visible.  In *City of Bethel v. Peters,* 97 P.3d 822, 828-29 (Alaska 2004), the Alaska Supreme Court defined

Reply to Opposition to Motion for Rule of Law
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 3 of 10

"disfigurement." The Alaska Supreme Court held that, for purposes of this statute, a "disfigurement" is an injury that "impairs or injures the beauty, symmetry, or appearance of a person ... [or that] renders [a person's appearance] unsightly, misshapen, or imperfect." *Peters,* 97 P.3d at 829. "If a reasonable person would see the injury as detracting from the plaintiff's appearance, the injury has caused disfigurement." *Id.*

A reasonable person would not view Mr. Grove's surgery scar on his ankle as detracting from his appearance or causing disfigurement.  This court can find as a matter of law that Mr. Grove's ankle scar is no more disfiguring than, say, scars of people have who undergo arthroscopic surgery on a knee.

It is plaintiff's burden to prove to the court that his ankle scar is disfiguring. He cannot do so.  The applicable punitive damage cap should be AS 09.17.010(b).

Plaintiff raises the issue of whether Mr. Grove's injury is "disabling."  The definition of AS 09.010(c) requires "severe permanent physical impairment."  The question of severe permanent physical impairment was not addressed by Alaska Supreme Court in *Peters* because the plaintiff did not raise the issue.  *Peters*, 97 P.3d 822, 828 n.23. But, this court should make a determination now that Mr. Grove's ankle fracture and possible arthritis is not "severe permanent physical impairment."  The reasoning for the early determination on severe permanent physical impairment is identical to that of severe physical disfigurement.

Mr. Grove is not impaired.  He is able to walk, work, hunt and fish.  Plaintiffs do not dispute that Mr. Grove is capable of normal walking activity.  Instead

Reply to Opposition to Motion for Rule of Law
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 4 of 10

plaintiffs cite the Permanent Physical Impairment (PPI) of 8% whole person. Plaintiffs state that Mr. Grove's impairment increased after his 2003 PPI because he underwent a second ankle surgery. However, on September 9, 2005, and well after Mr. Grove's second surgery, Dr. Bryan Lycoe gave Mr. Grove another PPI rating of 8% whole person. Exhibit A (Bates Nos. 200362-200376), attached. Plaintiffs cannot reasonably argue that an 8% whole person PPI is a "severe permanent physical impairment" especially in light of the fact that Mr. Grove still has the capacity to walk.

This court should find that the applicable punitive damages cap is AS 09.17.020(b).

**3.    Sarah Grove's consortium claim is limited to 14 months after the injury, ending when she reached the age of majority.**

Unocal requests that Sarah Grove's consortium claim be limited to the time during which she was a minor. To date, the Alaska Supreme Court has not recognized the right of an <u>adult</u> child to bring a loss of consortium claim, despite plaintiffs' hopes of convincing the court to do so in the future.[1] This court should not make new case law for the State of Alaska.

---

[1] Plaintiffs cite to "Dillingham Air Crash Litigation" also known as *Grunert et al v. Cessna et al.*, a state court aircraft crash case. Plaintiffs have extrapolated from a motion filed in that case and mixed the law. Noneconomic damages are set out in AS 09.17.010, but the statute does not specify <u>who</u> may recover the damages. Instead, that determination has been made in case law. But in a wrongful death suit, AS 09.55.580 specifically states: "<u>The amount recovered, if any, shall be exclusively for the benefit of the decedent's spouse and children when the decedent is survived by a spouse or children, or other dependents</u>." (Emphasis added.) The statute is inapplicable to this case because the rights are codified and defined by the State Legislature specifically as to wrongful death claims. Further, the Alaska Supreme

Reply to Opposition to Motion for Rule of Law
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 5 of 10

Most of the cases cited by plaintiffs are not binding authority.  Plaintiff relies upon both Alaska Superior Court rulings and other states' case law.  In the former, the decisions are not binding because they are merely trial court decisions.  In the latter, they are not binding because plaintiffs do not demonstrate the underlying state law which is being defined nor do plaintiffs make any comparisons to Alaska law.  The court should not accept or rely upon plaintiffs' case citations.

Sarah Grove is no longer a minor child.  Her right to recovery, if any, should be limited to the time period during which she was a minor because the Alaska Supreme Court has only held that minor children may bring a claim.  That means Sarah Grove's claim period runs from September 9, 2002 when Larry Grove sustained his injury until November 12, 2003 when Sarah Grove turned 18, a period of approximately 14 months.

Plaintiffs request that the court divide the damages award so that it is clear during which time frame a jury awards damages, if at all.  Plaintiffs urge the court to deny the defendant's motion, allow the jury to make a determination of damages (if any), and then preserve the issue for appeal.  The plaintiffs' request only makes sense if the court refuses to grant Unocal's motion.

Based upon Alaska case law, Unocal requests that the court rule now and limit Sarah Grove's period of recovery to the time during which she was a minor.

---

Court has not interpreted the wrongful death statute to mean adult children can recover either, and it therefore does not support plaintiffs' claims.

Reply to Opposition to Motion for Rule of Law
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 6 of 10

**4.    The statutory cap on punitive damages limits plaintiffs' recovery, and 50% of any award will be paid to the State of Alaska.**

Unocal requests the court enter a ruling that the punitive damages cap found in AS 09.17.010(f) and the 50% rule found in (j) will apply in this lawsuit.

**a.    The 50% rule is applicable.**

Plaintiffs characterize Unocal's request as to AS 09.17.020(j), which is a determination that 50% of any punitive damages must be paid to the State of Alaska, as a request for an "offset."  However, as with all the requests in Unocal's motion, Unocal is only asking the federal court to affirm that it will apply the Alaska state law.  That law states:

> (j) If a person receives an award of punitive damages, the court <u>shall</u> require that 50 percent of the award be deposited into the general fund of the state. This subsection does not grant the state the right to file or join a civil action to recover punitive damages.

Emphasis added.

The statute is clear and the Alaska Supreme Court has unmistakably upheld the constitutionality of the 50% rule.  Plaintiffs nonetheless oppose Unocal's request that the court apply this statutory language, arguing that it is "premature."  Plaintiffs assert a right to challenge the constitutionality of the statute on unspecified "other grounds."  Plaintiffs have not set forth any "new" constitutional theory, have filed no motion to do so and in light of the Alaska Supreme Court's holding in *Reust v. Alaska Petroleum Contractors, Inc.,* 127 P.3d 807 (Alaska

Reply to Opposition to Motion for Rule of Law
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 7 of 10

1
2
2005),[2] have no good faith basis to ask this court to refrain from affirming that the 50% rule will apply.

3
4
5
6
7
8
Based on the Alaska Supreme Court's recent ruling in *Reust v. Alaska Petroleum Contractors, Inc.,* 127 P.3d 807 (Alaska 2005), Unocal requests that the court enter an order affirming that if punitive damages are awarded, AS 09.17.020(j) will apply and 50% of any punitive damages award will go to the State of Alaska.

9
**b.  The punitive damages statutory cap applies.**

10
11
The Alaska Legislature imposed a cap on the amount of punitive damages that may be awarded in any one case.  The statute states:

12
13
14
15
(f) Except as provided in (g) and (h) of this section, an award of punitive damages <u>may not exceed</u> the greater of
    (1) three times the amount of compensatory damages awarded to the plaintiff in the action; or
    (2) the sum of $500,000.

16
17
18
*Reust*, 127 P.3d 807, upheld the overall constitutionality and applicability of the punitive damages cap.  The cap applies to the punitive damages claim made by plaintiffs in this case, since punitive damages are a state law claim.

19
20
21
22
23
Plaintiffs only argument in opposition of the punitive damages cap is that it is "premature" to address the legal question at this point.  Plaintiffs ask that the court wait to address the legal issues until they are "relevant."  However, Unocal believes that the imposition of the cap is relevant now to the disposition of the case.

24
25
26
---
[2]  *Reust* upheld the punitive damages cap and 50% rule despite constitutional challenges based on due process, equal protection, right to a jury trial and takings.

Reply to Opposition to Motion for Rule of Law
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 8 of 10

Plaintiffs have offered no factual scenario for the court to withhold judgment. Unocal requests that the court not delay a ruling on this issue.

**5.    Larry Grove had a duty to mitigate his damages.**

Unocal asks for a ruling that Mr. Grove had an affirmative duty to mitigate his damages. This request does not ask the court to make a factual determination of whether Mr. Grove did properly mitigate his damages or, if he failed to, by how much. Instead, Unocal is only asking that the court affirm the law it will apply at trial:

> A wronged party must use reasonable efforts to avoid the consequences of injury done by another. *See Gates v. City of Tenakee Springs,* 822 P.2d 455, 460 (Alaska 1991). This duty to mitigate damages rests on the party claiming damages, but the burden of proving failure to mitigate falls on the breaching party. *See West v. Whitney-Fidalgo Seafoods, Inc.,* 628 P.2d 10, 18 (Alaska 1981).

*Home Indem. Co. v. Lane Powell Moss and Miller,* 43 F.3d 1322, 1329 (9th Cir. 1995).

The court would not be creating new law, because in both the Federal and Alaska courts, the proposition that a plaintiff must mitigate his damages has clearly been established. Unocal requests that the court hold that the duty will be applicable to plaintiffs' claims.

Plaintiffs argue whether a jury instruction on the issue should be given and claim that the "contours" of the instruction must wait for trial. However, Unocal will request only that the pattern instruction on duty to mitigate be given when jury instructions are written. It is appropriate for the court to make the determination

Reply to Opposition to Motion for Rule of Law
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 9 of 10

now that the legal concept of mitigation of damages will apply, even if the court postpones the specific wording of a jury instruction for a later time.

As stated in other sections, knowing that the court will apply this legal concept may aid the parties in their mediation efforts prior to trial. Unocal requests that the court rule as a matter of law that Larry Grove had a duty to mitigate his damages.

### Conclusion

For all the above stated reasons, the court should grant Unocal's motion for rule of law.

DATED at Anchorage, Alaska, this __25th__ day of January 2007.

<div style="margin-left: 40%;">

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal


s/ Linda J. Johnson_____
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK  99501-3454
Phone:  (907) 272-9631
Fax:  (907) 272-9586
Direct email:  ljj@cplawak.com
Alaska Bar No. 8911070

</div>

### Certificate of Service

I hereby certify that on January 25, 2007, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

<div style="text-align: center;">s/ Linda J. Johnson</div>

Reply to Opposition to Motion for Rule of Law
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 10 of 10