Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE, <br><br>                    Plaintiffs, <br><br>             v. <br><br> UNOCAL CORPORATION <br><br>                    Defendant | ) ) ) ) ) ) ) Case No. A04-0096 CV (TMB) ) ) ) ) ) ) ) |

**PLAINTIFFS' OPPOSITION TO MOTION FOR ORDER COMPELLING MINOR'S RECORDS**

The defendant, Unocal Corporation[1], has unleashed a massive, oppressive, and embarrassing invasion of the Grove family, under the guise of the liberal discovery rules in civil litigation. This includes numerous efforts to the secret surveillance of Larry Grove, plaintiff in this action who suffered a severe permanent physical impairment of his ankle, through no fault of his own, when a work platform/scaffold at the Unocal building on 9th

---

[1] The defendant identifies themselves as Unocal Corporation in this motion. In other documents it has been the understanding that Union Oil Company of California was to be substituted for Unocal Corporation. It is thus unclear right now whether the defendant is Unocal Corporation or Union Oil Company of California or Unocal Alaska, etc.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Avenue, Anchorage, collapsed. This has resulted in several ankle surgeries and ongoing pain and suffering by Mr. Grove. His family also has been affected due to the injuries sustained by Larry Grove. However, despite the fact that Larry Grove has suffered a severe permanent physical impairment of his ankle, which is documented by medical records, he has been subject, at least twice, to secret surveillance, including having video operators casing out his home to get secret video taping. None of this video taping has shown anything of import, but is just an example of the ongoing harassment of the family. Another example of the harassment of the family is the downloading of Sarah Grove's on-line personal diary, which she intended to be between her and her friends. This did not prevent the defense counsel from downloading the entire diary and "disclosing" it to plaintiffs. In addition, the defense counsel has even downloaded her boyfriend's diary.

Following these efforts, Sarah Grove apparently made an additional posting which the defendants have produced in their 17th Supplement to Initial Disclosures, which is attached hereto as Exhibit 1. This document is presented to the court to show the extraordinary embarrassment that the defense counsel is willing to cause to the Grove family, who did nothing wrong, other than file a lawsuit as a result of the injuries sustained by Larry Grove. The plaintiffs' experts will present compelling testimony as to the absolute and clear liability of defendant Unocal. Instead, the Grove family is being attacked as if they are criminals. This is being done at the same time as the Unocal defendants stonewalled on numerous discovery requests, including the basic, elementary, failure to verify interrogatories, which is a violation of the civil rules, (and despite repeated requests, many discovery answers still remain unverified), as well as failing to produce safety reports as to the Unocal building, failing to allow plaintiffs to inspect records to find out if there are any records that defendant has as to the

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

building or maintenance of the work platform/scaffold, failure to produce the indemnity agreement between Siemens (the employer of Larry Grove) and Unocal, which entities apparently have been, and may still be, represented by the same defense counsel, as well as many other discovery failures that have been presented to the court in pleadings last year. The document that is attached hereto as Exhibit 1 shows that Sarah Grove has been embarrassed by the antics of defense counsel. In point of fact, Sarah Grove is in her last year of college, and this is affecting her emotional well being in her efforts to study and graduate from college.

The defendant also seeks numerous records of Larry Grove, and including, but not limited to, records regarding places where he may have submitted meat and fish to be smoked, financial records, and are spreading subpoenas all over the city, state, and country (including subpoenaing records at the hotel Larry Grove and Cynthia Grove visited in Reno, Nevada), which is beyond all bounds of reasonable discovery, and just simply to oppress, embarrass, annoy and humiliate the Grove family.

Now, defense counsel has filed a motion for an order compelling minor's records, which are specifically all records relating to the minor, Michael Grove, the son of Larry Grove and Cynthia Grove. Michael Grove got into trouble last summer, and these matters have been handled under Alaska State laws regarding minors. Now, defense counsel is seeking any and all records, un-redacted, in the custody of the Anchorage Fire Department, Anchorage Police Department, Anchorage School District, and State of Alaska, Department of Health and Social Services, Division of Juvenile Justice. There are numerous provisions in the Alaska statutes protecting the confidentiality of minor records, including juvenile proceedings and other such records. See for example AS 47.12.300. Under that statute, subsection (d) allows the release of records only for good cause shown. Subsection (e) allows such production only with the

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

court's permission, and that there is a legitimate interest.  This provision is aimed at protecting the confidentiality of minors.  <u>JCW v. State</u>, 880 P.2d 1067 (Alaska App. 1994).  In regard to release of a child in need of aid records, in the case of <u>In Re: P.N.</u>, 533 P.2d 13 (Alaska 1975) the court noted one of the purposes of the confidentiality provision is to protect children against possible adverse effects of unauthorized release of information.  47 Am Jur. 2d <u>Juvenile Courts and Delinquents and Dependent Children</u>, § 123 (2006) notes that juvenile records cannot be opened for inspection without an order of the court.  There is a requirement to maintain confidentiality of agency records.  See AS 47.12.310.[2]  The defendant, using the guise of liberal discovery, is claiming that these such records involving Michael Grove may be relevant to the consortium claims of the plaintiffs.  The incident involving Michael Grove occurred last summer, that is approximately 3 years and 9 months since Larry Grove was injured.  Furthermore, it is unnecessary to obtain sealed confidential records of a minor.  The defendant has in fact exhaustively deposed Mr. Grove.  The court, with the agreement of the parties, ordered Mr. Grove to appear for a third deposition, which was ordered to last up to 3 hours.  Mr. Grove did so attend in January 2007.  Despite defense counsel's knowledge of the 3 hour limitation, she abused the court order, and deposed Mr. Grove for approximately 8 hours.  The defense counsel has had the opportunity to depose Mr. Grove, and has had the opportunity to depose the family, and ask interrogatory questions, and they have done so.  In addition, they have interviewed numerous individuals, including people at Siemens Building Technologies, the former employer of Mr. Grove.  In fact, as attorneys representing both Unocal and Siemens, defense counsel has been provided unrestricted access to Mr. Grove's personnel records, and to all employees of Siemens.  At the same time, defense counsel and in-house counsel for

---

[2] The plaintiffs may shortly file a motion seeking a protective order as to further oppressive, intrusive and unwarranted discovery, which is now personally affecting the Grove family.  Said motion may be filed followed by a meet-and-confer requirement for protective orders under Federal Rule of Civil Procedure 26(c).

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Siemens has not allowed plaintiffs' counsel access to Siemens' employees, and personnel. Thus, many of the individuals that know Mr. Grove the closest have been exhaustively questioned. Indeed, defense counsel has contacted people all over the State of Alaska and in other countries.

One of the additional oppressive tactics that are being utilized by defense counsel is to subpoena records of a hotel that Mr. Grove and his wife stayed in at Reno, Nevada. This has marginal, if any, relevance to this case, and is purely done to embarrass and in continuation of the oppressive tactics that have been utilized by defense counsel for quite some period of time in this matter. Indeed, it is not unlikely that defense counsel is still attempting to secretly follow and tape Mr. Grove and his family.

Plaintiffs submit that the information regarding confidential juvenile records involving a teenager is of limited relevance, and is unnecessary for defense counsel to make their case. Defense counsel has just made general statements, has not shown any good cause for why they need to obtain these records. Accordingly, plaintiffs respectfully request that the Motion to Compel be denied. On the alternative, if the Motion to Compel is not denied in its entirety, then plaintiffs request that the records not be provided directly to defense counsel, but be only provided in camera for the court's review to prevent dissemination of privileged, confidential and potentially embarrassing information regarding Michael Grove to defense counsel and all those that defense counsel would then seek to disseminate such information to in further embarrassment and humiliation of the Grove family.

RESPECTFULLY SUBMITTED this 12th day of February 2007.

                WEIDNER & ASSOCIATES, INC.
                Counsel for Plaintiffs

                _____/s/ Michael Cohn_____

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail:  nbackes@weidnerjustice.com
ABA No. 8506049

*CERTIFICATE OF SERVICE*

I hereby certify that on February 12, 2007 a copy of the foregoing Opposition to Motion for Order Compelling Minor's Records was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC.  /s/ Michael Cohn