Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) By and through his father LAWRENCE H. GROVE,<br><br>            Plaintiffs,<br><br>    vs.<br><br>UNOCAL CORPORATION,<br><br>            Defendant. | Case No. 3:04-cv-0096-TMB |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

      Defendant, Unocal, has recently unleashed a new flurry of investigations/secret surveillance/discovery directed at plaintiffs.  In or around September 2006, at least for the second time since Larry Grove has been injured, he has been subjected to secret surveillance.  The secret surveillance of Mr. Grove includes staking out his home, and obtaining pictures of Mr. Grove apparently walking.  As Mr.

1

Grove has never denied that he can walk, and in fact he has walked into the three depositions that defendant Unocal has been allowed to take of Mr. Grove, there is nothing that is particularly shocking or revealing about the secret surveillance tapes.[1]

This case involves clear liability of defendant Unocal, which had affixed to its building, a poorly constructed work platform/scaffold, which collapsed when Mr. Grove was on a service call at the Unocal building on behalf of his employer, Siemens Building Technologies, Inc.  As a result of this fall, he suffered a severe ankle injury in September 2002, which still bothers him to the present date. Just because Mr. Grove suffered an injury, through no fault of his own, should not be carte blanch for defendant Unocal to conduct secret surveillance of Mr. Grove, including staking out his home.  It is unknown at this time whether defendant Unocal, or defense counsel, continues to secretly surveil Mr. Grove and/or his family.

Recently, defense counsel has downloaded Sarah Grove's entire on-line diary, as well as downloading the diary entries of her boyfriend, which mainly pertained to personal

---

[1] Note that the defendant Unocal has claimed in a Reply in Support of Rule of Law Motion that the fact that Mr. Grove can walk indicates that he has not suffered a permanent physical impairment, which of course ignores the fact of the structural damage done to Mr. Grove's ankle, including the removal of a portion of his talus bone, damage to ligaments, tendons and two extensive surgeries, as well as the swelling in his ankle from activity, the chronic pain from his ankle, the need for him to wear a brace, and the limitations and impairment on ability to return to many of the activities he used to be able to do, either at all, or to the same degree he did previously.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

matters that a young woman would discuss with her friends, but has in fact caused her significant embarrassment and humiliation.  See Defendant's 17th Supplemental Disclosure (Exhibit 1), which contains a more recent entry by Sarah Grove in response to learning of defendant's intrusion on her diary. She writes:

> Hey fuckers, yeah, can ya see this now?!  Go fuck yourself you asshole good for nothing lawyers!!!!!  How dare you embarrass me like this.
> I'm watching you, and I'm sincerely pissed off.
> Sarah G.

This Supplemental Disclosure is a not so subtle reminder to the plaintiffs that defense counsel is still looking over their shoulder and monitoring their every move. It is also evidence of the distress caused to Sarah Grove, who is in her last year of college, and needs to concentrate on her studies, by the abusive discovery of defense counsel. Other activities of defense counsel as outlined above, and some below, also compel plaintiffs to seek relief from the court.  Plaintiffs have submitted a letter to defense counsel fulfilling the meet and confer requirements of Federal Rule of Civil Procedure 26(c), but counsel has been unable to resolve the matter.

Under FRCP 26(c) the court may make any order which justice requires to protect a party or person from annoyance,

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571

embarrassment, oppression, or undue burden or expense. In Wright, Miller and Marcus Federal Practice and Procedure: Civil Second § 2036 (1994) it is noted the court is not limited to specify types of order, but "may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule." FRCP 26(c) "was adopted as a safeguard for the protection of parties and witnesses in view of the almost unlimited right of discovery given by Rule 26(b)(1)." Id. It is submitted that in this case, the defendant has availed itself of unlimited abusive discovery, and plaintiffs are now before the court seeking the protection of the court from the oppressive and embarrassing nature of the abusive discovery, which as shown by Exhibit 1 herein, is now causing emotional distress to the plaintiffs.

Among the other manners in which defendant Unocal is seeking discovery, are hotel records of Larry Grove and his wife Cynthia Grove when they went on a trip to Reno, Nevada. There is no reason why such records should be obtainable, other than to embarrass and oppress the plaintiffs. Mr. Grove testified in January 2007 that he has gone to a shooting range in Anchorage. Now, the defense is seeking a subpoena of the records of Mr. Grove at the shooting range. This is ridiculous, and has no bearing on the issues in this case, which involve the clear and obvious negligence of defendant

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

4

Unocal in constructing and/or maintaining a defective, unsafe work platform/scaffold in its building. Incidentally, the defendant has been unable to produce any records of a structure that it had in its building, it has been unable to find the safety reports for the building that their own employee, Ken Burns, testified he did, they have been unwilling to verify interrogatory answers, despite repeated requests to do so, they have been unwilling to provide the indemnity agreement between Siemens and Unocal, Unocal and Siemens have together conspired/colluded to prevent plaintiffs from obtaining information from Siemens and contacting or talking to Siemens' employees, while defense counsel has had unlimited access to such records and personnel, and Unocal destroyed the work platform in March 2003, and with it, all of the evidence, except the bolts that Mr. Grove retrieved right after his accident in September 2002.

In regard to the instant motion, the defendant Unocal has sent out a flurry of subpoenas requesting credit card records, bank records, shooting range records, hotel records, and even records from businesses in Anchorage where Mr. Grove testified that he sent meat and fish to be processed. The subpoenas are attached as Exhibit 2. Defendant apparently is seeking to find out how much moose meat or salmon has been sent to some of these entities by Mr.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

5

Grove. That itself will avail Unocal of nothing other than the oppression of discovery as to Mr. Grove. It has nothing to do with the negligence of Unocal. It has nothing to do with the structural deformity inside of Mr. Grove's ankle due to the negligence of defendant. It has nothing to do with the physical limitations of Mr. Grove. It has everything to do with the oppression and humiliation and embarrassment of the plaintiffs. Furthermore, Mr. Grove, and his friends, will testify that Mr. Grove did not only take his own meat and salmon to be smoked or processed, but that of his friends, especially his out-of-state friends. Therefore, the defense will obtain nothing of significance by this activity.

      The defense is seeking to obtain juvenile records of Michael Grove, the son of Larry Grove and Cynthia Grove, in regard to an incident that occurred last summer. Michael Grove being a juvenile, these records are subject to confidentiality. Despite the fact that Mr. Grove has testified about the incident at his recent deposition, the defense counsel, as is their customary practice, has now sought any and all un-redacted records regarding any juvenile criminal proceedings, Anchorage Fire Department and Anchorage Police Department records regarding this incident, which has nothing to do with the accident involving Larry Grove, which occurred almost 4 years before this incident involving Michael

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

6

Grove. It is just another effort to embarrass and humiliate and oppress the family.

The defense counsel has undertaken an all encompassing investigation of Mr. Grove, including interviewing people throughout Alaska and other states in the United States, and indeed, trying to contact people in other countries. They have conducted extensive review of criminal files and State and Fish and Wildlife files, contacted all sorts of air transport companies. Plaintiffs' counsel is aware that defense counsel has run Siemens' employees through a "pre-deposition" interview process, where employees were dispatched from Siemens to Unocal counsel's office. Many of these individuals, after being "interviewed" by several defense counsel, for as much as two to three hours or more, have then been advised that they would not be needed for a deposition. Yet, defense has sought to restrict plaintiffs' access to these witnesses.

This lawsuit was filed approximately three years ago. Defendant has exhaustively investigated Mr. Grove and his family. Enough is enough, and plaintiffs respectfully request that the court grant a motion for Protective Order and quash the subpoenas that have been issued, deny the motion to compel Michael Grove's juvenile records, order defendant to cease and desist from secret surveillance of Mr. Grove and his

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

7

family, including staking out his home, and cease and desist from obtaining and/or using embarrassing private information regarding Sarah Grove, her boyfriend and her friends, all for the purpose of intimidating, oppressing, harassing or humiliating the Grove family, but which have very little relevance or materiality to the issues in this case.

RESPECTFULLY SUBMITTED this 15th day of February, 2007.

WEIDNER & ASSOCIATES, INC.
Counsel for Plaintiffs

     /s/ Michael Cohn     
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail:  nbackes@weidnerjustice.com
ABA No. 8506049

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2007 a copy of the foregoing Motion for Protective Order was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC.  /s/ Michael Cohn