John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>   Plaintiffs,<br><br>   vs.<br><br>UNOCAL CORPORATION,<br><br>   Defendant. | Case No. 3:04-cv-0096-TMB |

### REPLY TO OPPOSITION TO MOTION FOR ORDER COMPELLING MINOR'S RECORDS

Plaintiffs oppose Unocal Corporation's[1] motion requesting the court to order the production of records relating to Michael J. Grove at the Anchorage Fire Department, Anchorage Police Department, Anchorage School District, or State of Alaska, Department of Health & Social Services, Division of Juvenile Justice.

---

[1] Defendant agreed in a former pleading that Union Oil Company of California was the real party in interest, since it is the entity that owned the building at the time of the injury. However, Defendant has continued to use the name in the caption since no official name change has been made.

In support of the opposition, Plaintiffs object to discovery into the consortium claims of Michael, Sarah and Cynthia Grove as well as on-going discovery into the damage claims of Larry Grove. The rationale used is inapt.

The reasons Plaintiffs cite to prevent the records from being disclosed are their embarrassment and that the records are "of limited relevance."[2] Neither argument is sufficient to prevent the disclosure of records pertaining directly to a plaintiff.

### 1. **Michael Grove's Records Are Discoverable**.

Plaintiffs ask that the court refuse to sign the order compelling the Anchorage Fire Department, the Anchorage Police Department, the Anchorage School District, and the State of Alaska, Department of Health & Social Services, Division of Juvenile Justice to produce records pertinent to Michael Grove. The court should sign the order.

Michael Grove is a plaintiff in this lawsuit, having brought his own individual consortium claim for his losses due to his father's injury. In order to evaluate his consortium claim, the jury will be told to consider evidence relating to the nature of the relationship between the parent and child. Michael Grove committed a crime July 2006 and was adjudicated delinquent despite Larry Grove being off work and at

---

[2] Most of the facts asserted by Plaintiffs in support of their opposition are unsupported. Most of the assertions made by Plaintiffs are irrelevant to the issue the court has been asked to decide. Therefore, rather than denying each allegation, Unocal issues a blanket denial of any fact or allegation that is not specifically address herein.

home with his son since September 2002. The crime, its effect on the family and the effect on Michael's relationship to his father, are all legitimate discovery areas for a consortium claim. If the alleged change in the relationship was due not to Larry Grove's injury, but instead due to bad behavior by Michael, then Unocal is entitled to present that evidence to the jury. The discovery requested will aid Unocal in making that determination.

Larry Grove's testimony on the crime was not sufficient for Unocal to determine the crime's effect on the relationship, because Larry Grove's testimony was not candid. When asked what Michael did to get arrested, Larry Grove only offered that his son was arrested because he "Threw some rocks through the windows at Sand Lake Elementary." January 12, 2007 Grove Deposition at 182, Attachment I hereto. Larry Grove did not disclose the more serious charge of fire starting until specifically asked whether Michael had started a fire.[3] *Id.* at 185-186. Larry Grove gave a limited characterization of the crime and failed to candidly disclose the events that led up to the arrest. In fact, Larry Grove stated that Michael received three misdemeanor charges. *Id.* at 183. Counsel is unsure whether those charges are multiples of the same count or if there is another undisclosed charge. Based on his understatement of the actual facts during his deposition, Unocal is not satisfied that Larry Grove accurately depicted the facts

---

[3] Defense counsel is aware from prior experience that juveniles are not adjudicated delinquent on first time criminal mischief charges. Counsel suspected during the deposition that there was more to the arrest that was not disclosed and therefore simply took a guess during the deposition that fire setting may have been

leading up to the arrest and therefore wishes to obtain the records to verify the events.

Further, Larry Grove testified that Michael was expelled (not suspended) from school in September 2006, but may return this semester if the school board approves it. *Id.* at 184. He alleged that the expulsion was based upon the arrest the summer of 2006. Unocal should have the right to explore why Michael was expelled and whether he has had other problems in school and whether any of the problems are related to or have effected his relationship with his father. These issues are directly linked to his consortium claim.

Unocal has not asked for the documents merely to "oppress, embarrass, annoy and humiliate the Grove family" as alleged by Plaintiffs. The records will provide Unocal with full discovery of the factual underpinnings of the arrest, adjudication, and expulsion of Michael Grove and allow Unocal to fully investigate the claims. Unocal filed the motion to compel because certain agencies require a court order, not merely a subpoena, to overcome the protection normally afforded records of minors. However, as the cases and other references cited by Plaintiffs indicate, the court has the authority to order the release of the records. This court should find that good cause exists to compel the production of Michael Grove's records.

Unocal should be granted discovery of Michael Grove's consortium claim. The Ninth Circuit appears to support discovery on a consortium claim, as

---

involved and asked the question. Larry Grove's confirmation of counsel's guess did

evidenced when it overturned a summary judgment decision deciding when a consortium claim accrued where the California district court did not allow sufficient discovery into the facts of a consortium claim prior to making its decision. See *Tokerud v. Pacific Gas and Elec. Co.*, 141 F.3d 1179 (9th Cir. 1998). Here, the court should allow Unocal sufficient investigation into the alleged extent of loss and the causes of those alleged losses. Failure to do so would violate Unocal's right to discovery under Fed. R. Civ. P. 26 which allows discovery into any matter that is relevant to a defense. The relationship between Michael and Larry is relevant to Unocal's defense of Michael's consortium claim.

Additionally, Michael's mother, Cynthia, has a consortium claim. Whether there has been a tear in her relationship with Larry Grove based upon their son's bad behavior is also relevant discovery. The documents requested are reasonably calculated to lead to the discovery of evidence that may prove that their relationship has suffered not because of Larry Grove's injury, but because of their son's actions and the consequences it held.

Finally, Michael's behavior is either directly relevant to Larry Grove's own claims or is likely to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P. 26. Certainly discovery of the timing and extent of Michael Grove's bad behavior is likely to lead to the discovery of admissible evidence. The court should grant the motion.

**2.    Discovery Into Other Plaintiffs' Claims Is Irrelevant to the Merit of this Motion.**

---

not mean that all facts were accurately disclosed.

a. <u>Sarah Grove's Livejournal and Myspace documents are irrelevant to the issues in this motion</u>.

In opposing discovery of Michael Grove's arrest and school records, Plaintiffs assert that Unocal's recent discovery and disclosure of Sarah Grove's Myspace and LiveJournal pages was harassment. Plaintiffs claim that the disclosure of the documents embarrassed Ms. Grove and should prevent Unocal from making further discovery.

Unocal's latest discovery efforts have focused on the consortium claims of three of the plaintiffs. When reviewing Sarah Grove's consortium claim, Unocal discovered that Sarah's Myspace page was public and was published on the Web for anyone to view. Sarah did not place privacy restrictions upon her Myspace page, which means that anyone in the world, literally, with a computer and internet access was able to view her documents. No subpoena was necessary.[4]

Sarah is a plaintiff in this lawsuit with her own consortium claim. Information about her relationship with her father is relevant to her claim. Further, information about other stresses in her life that may have caused or contributed to the very injury she alleges is also relevant. Sarah's computer documents were probative of issues that have been alleged in this case, such as how much she spent on her education and living expenses and how much Larry Grove contributed to her living

---

[4] Inside her public Myspace pages, Sarah published a link to her LiveJournal, inviting any visitor to her Myspace page to also read her on-line journal. Unocal did not invade Sarah's privacy. It merely printed and disclosed publicly available documents that Sarah voluntarily placed on the web for anyone to view.

REPLY TO OPPOSITION TO MOTION FOR ORDER COMPELLING MINOR'S RECORDS
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 6 of 9

expenses and tuition. Both of those issues have been included in Sarah Grove's consortium claim and she discusses both in her on-line journal.

Unocal printed off and disclosed only those pages of Sarah's journal which were relevant, not the entire journal. Both her Myspace pages and LiveJournal contained relevant information about Larry Grove's activities which Larry Grove had not disclosed to Unocal, including at least one photo of him. Several of the pages were used in the last discovery deposition of Larry Grove. **The contents of Sarah Grove's journal should have been voluntarily produced by Sarah Grove in her initial disclosures.**

Even after Unocal disclosed the initial pages of Sarah's LiveJournal, Sarah published another public statement taunting the undersigned in colorful language. See Exhibit 1 attached to Plaintiffs' opposition. The language used was not a surprise given its liberal use throughout her journal entries. However, the concession that the disclosure of her public journal entries was embarrassing to her, given that they dispute her consortium claims and provide undisclosed information about the extent of her father's injuries, was certainly relevant, and therefore the new posting was also printed and disclosed. Plaintiffs characterize this as an example of "extraordinary embarrassment" that Unocal has brought on them. However, Unocal did nothing other than examine Sarah Grove's on-line publications which she posted for everyone in the world to read. She apparently now regrets her actions and believes her own words to be embarrassing.

The Plaintiffs' unhappiness with Unocal's discovery of public documents does not bar the discovery of Michael Grove's records. Unocal did not gather the information to "oppress, embarrass, annoy or humiliate" Sarah Grove, but to investigate her consortium claim and the claims of her father.

      b.    <u>Discovery relating to Larry Grove is proper discovery and does not create a bar to discovery of other plaintiffs' claims</u>.

Plaintiffs object to the video surveillance of Larry Grove that was conducted last year. The video was disclosed to Plaintiffs in discovery. Surveillance is proper discovery so long as it is conducted in public places, as Unocal's surveillance was. When a plaintiff refuses to make any attempt to find work but is able to pursue more recreational activities than he was prior to his injury, a defendant has the right to determine whether the plaintiff is malingering. Surveillance is but one tool with which to do so.

No "oppressive tactics" have been used to pursue discovery. The surveillance of Larry Grove was not improperly conducted and it is no basis upon which to deny the motion now pending before the court.

### **Conclusion**

For all the above cited reasons, the motion should be granted. The court should order that any and all records relating to Michael J. Grove in the custody of the Anchorage Fire Department, Anchorage Police Department, Anchorage School District, or State of Alaska, Department of Health & Social Services, Division of Juvenile Justice be produced in unredacted form.

\#

\#

    DATED at Anchorage, Alaska, this ___15th___ day of February 2007.

                              CLAPP, PETERSON, VAN FLEIN,
                              TIEMESSEN & THORSNESS, LLC
                              Attorneys for Defendant Unocal

                              s/ Linda J. Johnson
                              CLAPP, PETERSON, VAN FLEIN,
                              TIEMESSEN & THORSNESS LLC
                              711 H Street, Suite 620
                              Anchorage, AK  99501-3454
                              Phone:  (907) 272-9631
                              Fax:  (907) 272-9586
                              Direct email:  ljj@cplawak.com
                              Alaska Bar No. 8911070

<u>Certificate of Service</u>

I hereby certify that on February 15, 2007, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

                                         <u>s/ Linda J. Johnson</u>