John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | Case No. 3:04-cv-0096-TMB |

**OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

Defendant Unocal Corporation opposes Plaintiffs' motion for a protective order. Plaintiffs ask that the court prevent Unocal from conducting discovery into facts that the Plaintiffs have put into issue. Further, Plaintiffs request that the court deem inadmissible the information found through legitimate discovery efforts. Unocal requests that the court deny the motion.

## I. Factual Background

Plaintiffs' complaint names Larry Grove, Cynthia Grove, Sarah Grove and Michael Grove as plaintiffs. See Complaint. Each has a separate claim for damages. Larry Grove's claim states that Unocal was negligent and its alleged negligence caused him to fall and break his ankle. He then asks for monetary damages. Cynthia, Sarah and Michael Grove each have a separate consortium claim based on Larry Grove's alleged injuries. Each states that their relationship with Larry Grove changed after his fall. Each has named a unique loss, depending on their relationship with Larry Grove.

## II. Unocal's Discovery Has Not Been Unlimited or Abusive.

Plaintiffs ask that the court to order Unocal to cease its efforts to investigate the Plaintiffs' consortium claims and to cease discovery of Larry Grove's damages claims. Unocal is entitled to discovery: "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26. The information requested need only be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Plaintiffs protest discovery in several general areas. The first is the records of Plaintiff Michael Grove, a minor, for which a motion was filed with this court and is now ripe for decision. The second protest is over the public, web based MySpace documents and on-line journal for Plaintiff Sarah Grove. Third, is the public video surveillance of Larry Grove. Finally, Plaintiffs protest the follow up

subpoenas issued after Unocal took the deposition of Larry Grove and discovered further information.

As set forth below, none of the measures taken by Unocal has been oppressive or burdensome. The efforts have been neither unlimited nor abusive. Unocal has simply pursued discovery via subpoena, court order, or from public sources. The court should deny the motion.

**A. Discovery of Sarah Grove's On-Line Documents Was Proper.**

Unocal's recent discovery efforts have focused on the consortium claims of three of the plaintiffs, including Sarah Grove's claim. Through internet research, Unocal discovered that Sarah Grove had a MySpace page that was public and was published on the Web for anyone to view. Sarah did not place privacy restrictions upon her Myspace page,[1] which means that anyone in the world, literally, with a computer and internet access is able to view her documents. Inside her public Myspace pages, Sarah published a link to her LiveJournal diary, inviting any visitor to her Myspace page to also read her on-line journal. Unocal did not invade Sarah's privacy. It merely printed and disclosed to Plaintiffs some of the publicly available documents that Sarah voluntarily placed on the web for anyone to view. No subpoena was necessary to obtain access to her private thoughts.

[1] Sarah Grove has since placed restrictions upon her MySpace page.

Plaintiffs claim that the disclosure of the documents Sarah Grove voluntarily placed on line were embarrassing and that the court should prevent Unocal from using her on-line journal entries at trial. This request is actually a request for a motion in limine. Plaintiffs have not briefed a legal reason why the court should restrict Unocal's use of the on-line journal at trial. Instead they focus upon Sarah Grove's emotional reaction to the discovery and subsequent disclosure of her journal. Sarah's emotional reaction, while sympathetic is not relevant to whether Unocal has the legal right to view and potentially use these documents.

Information about Larry Grove is relevant to Unocal's defense of the lawsuit. Sarah's on-line journal provided relevant information about Larry Grove's activities. In fact, pieces of Sarah's on-line journal and her boyfriend's on-line journal were used during the recent deposition of Larry Grove and were marked as Exhibits 10, 11 and 12 thereto (Exhibit A, attached hereto). The information contained in the journal exposed a photo of Larry Grove halibut fishing. Neither the photo nor the trip had been previously disclosed, despite requests to Larry Grove for an accounting of all hunting and fishing activities. The journal also contained Sarah Grove's description of a clam digging trip after the halibut fishing trip, which had not been previously disclosed either. In particular, Sarah's words about the clam digging trip were helpful to Unocal in questioning Mr. Grove about his recreational activities, since he downplayed his roll:

Q Your daughter's blog said that you went clam digging?
A They did.
Q Well, she said: All the boys went clam digging.
A I went with them, yeah.
. . .
Q Okay. What did you do while you were with them?
A Hung out with my sister and hung out with those guys.
Q Your sister?
A I meant daughter. Daughter -- daughter, I'm sorry.
Q While you were clam digging?
A She was just hanging out. Her and Chelsea went for a walk, they weren't really clam digging much, they were just --
Q Well, her blog says she stayed in town while you went down there.
A Okay. Well, I don't know.
Q Well, I -- I mean, I'm -- I'm trying to re- --
A I don't -- let me put it to you this way, I don't keep an eye on my grown daughter every minute of the day. She may have been down there, maybe she wasn't. I don't know. I don't remember.

Larry Grove Depo III at 209-210 (Exhibit B, attached hereto). Sarah Grove's on-line journal provided information about facts that Mr. Grove either forgot, or wished to minimize in order to hide the extent of his physical abilities. Either way, it was important information to have and to use when determining what activities Mr. Grove is capable of performing.

The on-line journal is relevant in other ways as well. Sarah is a plaintiff in this lawsuit with her own consortium claim. Information about stress in Sarah's life that may have caused or contributed to the very injury she alleges was caused by Unocal is relevant. In her journal, Sarah extols the stress caused by her college courses, her relationship with her boyfriend(s) and other such everyday stress that college students endure.

Further, the journal throws light on Sarah's relationship with her father and her family. In order to evaluate her consortium claim, the jury will be told to consider evidence relating to the nature of the relationship between the parent and child. In her journal Sarah Grove makes statements like:

> Yay! I made it home finally. I stayed over at Ryan's apartment the first night ^_^ and then proceeded to go home the next morning **where I surprised my dad by coming home early**. Its so strange being at home, its all the same and yet so very different. **Seriously I think I'd be more comfortable staying at Ryan's than staying here all Christmas....its just weird...**and there's no high speed internet >_<. I don't know, maybe I just have to get used to living at home again.

(Emphasis added; Exhibit C, hereto.) This statement is probative of Sarah Grove's relationship with her father and to her consortium claim. This was a public document posted on the web, not merely a personal writing that Sarah intended to be between her and her friends. Plaintiffs have consistently referred to the discovery of her public journal as an "intrusion".[2] But information posted on the web is not private and Sarah Grove had no expectation of privacy when she put

---

[2] Even after Unocal disclosed the initial pages of Sarah's LiveJournal, Sarah published another public statement taunting the undersigned in colorful language. See Exhibit 1 attached to Plaintiffs' motion and quoted therein. The type of language used was not a surprise given its liberal use throughout her journal entries. However, the concession that the disclosure of her public journal entries was embarrassing to her, given that they dispute her consortium claims and provide undisclosed information about the extent of her father's activities and injuries, was certainly relevant, and therefore the new posting was also printed and disclosed. Plaintiffs characterize this as an example of "extraordinary embarrassment" that Unocal has brought upon Sarah, but Unocal did nothing other than examine Sarah Grove's on-line publications which she posted for everyone in the world to read. She apparently now regrets her actions and believes her own words to be embarrassing.

her intimate thoughts into a public document. Unocal printed off and disclosed only those pages of Sarah's journal which were relevant, not the entire journal.

Sarah's documents are also probative of other issues that have been alleged in this case, such as how much money she spent on her education and living expenses and how much Larry Grove contributed to her living expenses and tuition. Both of those issues have been included in Sarah Grove's consortium claim and she discusses both in her on-line journal.

Unocal maintains that the contents of Sarah Grove's on-line journal **should have been voluntarily produced by Sarah Grove in her initial disclosures or a supplement thereto.** Unocal requested Ms. Grove's journals and diaries in a discovery request many years ago (Exhibit D, attached hereto). The request was denied and never supplemented. *Id.* However, as pointed out, the entries were relevant and are admissible in this case. Therefore, even though Sarah Grove failed and refused to produce and disclose her public journal, Unocal's subsequent discovery of it does not create an abuse of the discovery process.

Plaintiffs' unhappiness with Unocal's discovery of public documents does not constitute abuse and should not bar further discovery of similar documents. Unocal legally gathered the information to investigate Sarah Grove's consortium claim and the claims of her father. The motion should be denied.

**B. Discovery of Michael Grove's Juvenile Records Has Been Fully Briefed.**

Plaintiffs bring into their argument the motion filed by Unocal asking the court to compel the discovery of minor records and ask that the court prevent the discovery. They characterize the motion as harassment. It was not. The motion was fully briefed and this issue was raised and addressed therein. Unocal relies upon its prior briefing on this subject and asks that the court grant that motion for the reasons already asserted.

**C. Discovery Relating to Larry Grove's Alleged Damages Is Proper.**

Plaintiffs object to the video surveillance of Larry Grove that was conducted last year. The surveillance was disclosed to Plaintiffs in Defendant's 15th Supplement To Initial Disclosure, dated December 5, 2006.[3] Surveillance is proper discovery so long as it is conducted in public places, as Unocal's surveillance was.[4] Larry Grove had no reasonable expectation of privacy for activities which took place in the public view. All of the surveillance by Unocal was conducted from the street or from public parking lots, and in the surveillance Larry Grove was outside in full view of the general public.

---

[3] A workers compensation surveillance was conducted for the workers compensation carrier back in March and April of 2003, prior to this lawsuit being filed. Unocal had no knowledge of the surveillance when it occurred. Unocal disclosed the video to Plaintiffs in May 2006, after Unocal learned of the videotape which had been in the workers' compensation carrier's possession.

[4] "Video surveillance does not in itself violate a reasonable expectation of privacy." *United States v. Taketa,* 923 F.2d 665, 677 (9th Cir. 1991).

When a plaintiff refuses to make any attempt to find work but is able to pursue more recreational activities than he pursued prior to his injury, a defendant has the right to determine whether the plaintiff is malingering. Surveillance is but one tool with which to do so.

No "oppressive tactics" have been used to pursue discovery. The surveillance of Larry Grove was not improperly conducted.

**D. <u>The Recent Subpoenas Were Follow-up Requests for Relevant Information and/or Likely To Lead to the Discovery of Admissible Evidence</u>.**

Larry Grove protests the recent subpoenas issued by Unocal for further discovery. The subpoenas were issued after the last deposition of Larry Grove and followed up on several topics that he testified to. In particular, Plaintiffs complain about the subpoena for the Grove's hotel and gambling records at Circus Circus in Reno, Nevada.

Larry Grove testified that he had gone to the Safari Club Intl. hunting convention in Reno, Nevada in 2005 and 2006 and he intended to go in 2007. Larry Grove stated that he won a significant amount of money gambling while he was in Reno and was therefore "comp'd" his room. Larry Grove Depo III at 164-166 (Exhibit B).

When the Circus Circus records were received, they showed that Larry Grove had stayed there in 2005-2007, but it also showed that Larry Grove had gone to the same convention and stayed in the same hotel in 2003 and 2004 as

well, which he did not disclose (Exhibit E, attached hereto). The records from the hotel show that Larry Grove gambled, won and lost a significant amount of money during these trips. *Id.* This issue is of particular interest to his wife's consortium claim, because during her deposition, she alleged great concern about money in November 2004. Cynthia Grove Deposition at 33, 41-44. However, during that same period of time, the hotel gambling records show that Larry Grove staked a large amount of money gambling, an action inconsistent with someone whose spouse is highly concerned about money to pay bills. The discovery of the Circus Circus hotel and gambling records is relevant to the defense of the claims by both Larry Grove and Cynthia Grove.

The hotel and gambling records are just one very good example of the follow up discovery being conducted by Unocal. The other subpoenas are equally valid and relevant to prove or disprove a fact alleged by the Groves. The subpoenas are not for purposes of harassment, but are legitimate tools used to pursue relevant discovery. The motion should be denied.

## Conclusion

For all the reasons set forth above, the court should deny Plaintiffs' motion for a protective order.

#

#

#

DATED at Anchorage, Alaska, this __1st___ day of March 2007.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

s/ Linda J. Johnson
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
Phone: (907) 272-9631
Fax: (907) 272-9586
Direct email: ljj@cplawak.com
Alaska Bar No. 8911070

Certificate of Service

I hereby certify that on March 1, 2007, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

s/ Linda J. Johnson