John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>                Plaintiffs,<br><br>     vs.<br><br>UNOCAL CORPORATION,<br><br>                Defendant. | Case No. 3:04-cv-0096-TMB |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION**

Unocal Corporation requests that the court compel Larry Grove to fully answer the question posed to him about his corporate officer role in six companies. This information is necessary before mediation takes place. This request is made pursuant to Fed. R. Civ. P. 37(a). The letters attached demonstrate that Unocal has attempted to confer with the Plaintiff in good faith and that Larry Grove has failed to answer or fully answer as requested.

During the last status conference, the court asked that Unocal limit its discovery requests to only those necessary to prepare for mediation, scheduled for April 4, 2007 in Anchorage. Defendants asked Plaintiff Larry Grove for four pieces of information. Three of the four were provided.

During its search of Larry Grove's bank records, Unocal discovered that Larry Grove received checks from six companies in Allentown, Pennsylvania. The checks were each drafted on different banks, and were made payable to Larry Grove. Each check was also signed by Larry Grove. Each check was for the amount of $250 and the notation on the check was for "corporate officer fees". The six companies are:

   Puritan Production Videos, Ltd.
   Puritan International Ltd
   Lead Dog Enterprises Limited
   Funtime Boutique, Inc
   Samauri Inc.
   Lo-Ji Inc.

See checks attached as Exhibit 1, produced by First National Bank in response to a federal subpoena during a records deposition on February 23, 2007.

Unocal sent a letter to Plaintiffs on March 8, 2007 requesting that Plaintiffs answer questions about Mr. Grove's involvement in the companies. The letter is attached as Exhibit 2. The letter asked that Mr. Grove answer the following questions:

1. Who owns the company, and if Larry Grove or his immediate family members own any part of the company or own shares of the company how much they own and how long they have owned it.
2. What corporate office position Larry Grove occupies, what duties he performs and how much he is paid for that position.

   3. What the primary business of the company is.
   4. Where the company is registered to do business, is incorporated or holds a business license.
   5. Whether any profits are shared with Larry or his family.
   6. Whether Larry Grove contributes money to the companies.
   7. Whether Larry Grove has access to the money or funds of these companies.
   8. Whether the companies are subsidiaries of other companies or own any other business.
   9. What the physical location of the companies is.
   10. Whether all the companies still exist.
   11. Any other companies that Larry Grove owns or participates in.

Exhibit 2.

After the court's status conference on Monday, March 19, 2007, Larry Grove agreed to answer the questions posed in the March 8, 2007 letter. See Exhibit 3. Via letter dated March 21, 2007, Larry Grove answered some of the questions, but not all. March 21, 2007 letter attached as Exhibit 4 (without the original attachments, as they relate to other discovery issues). The answer provided did not address or did not fully address all questions.

   1. There was no information about who owns the companies, just that it is "owned by a friend."
   2. There is scant information about what the primary business of the company is and that information is not broken down by company as requested.
   3. Mr. Grove did not detail his duties or what he did other than "sign papers." He alleged he is merely a "figurehead" President for each but did not state why that entitled him to yearly fees.
   4. Mr. Grove made no effort to determine whether the companies are subsidiaries of other companies or own any other business. As the president of the companies, this is information he should have access to.[1]

---

[1] It is of interest to Unocal whether the companies are publicly traded, since then the Sarbanes-Oxley act regarding certification of financial reports by chief executive officers and chief financial officers would apply.

5. Mr. Grove only stated that the companies were located in Allentown, Pennsylvania, which defendants already knew, but did not give the physical location of the companies.

6. Mr. Grove stated that he travels once a year to Pennsylvania to "sign corporate papers" and is reimbursed for that travel. He did not allege any particulars of his travel, did not state what corporate papers he signs, and did not attach any receipts for the reimbursement. Such reimbursements did not appear to manifest in his bank records.

In past discovery requests, Unocal has asked Mr. Grove about his travel and his employment. None of the information about these six companies has ever been disclosed and none of the trips to Pennsylvania to do corporate business has been disclosed.

The president of a company is normally not a "figurehead" as Mr. Grove alleges. The president of a company is usually the highest level, legally recognized leader of a company and normally focuses upon the operations of a company. Mr. Grove's evasive answers to Unocal's questions about his participation in the six companies is insufficient for discovery and mediation purposes.

The information requested directly relates to whether Mr. Grove has mitigated his damages. Mr. Grove has alleged multiple times that he has not obtained any job and has not worked since his injury. Unocal is entitled to know what income Mr. Grove receives from these companies, what his duties for the companies are, and the details of his trips to Pennsylvania. This information also relates directly to the type of activity that Mr. Grove is able to perform.

From his bank records, it is apparent that Mr. Grove has made frequent trips to Pennsylvania since his injury, some of which, by his recent answer, were related

to corporate officer duties. Mr. Grove was asked in an interrogatory to detail his "travel outside of the state of Alaska for any reason". See Interrogatory #8, Response to Third Discovery Requests to Plaintiff Lawrence Grove, dated Dec. 9, 2005, attached as Exhibit 5. Mr. Grove did not list any of his travel to Pennsylvania for corporate purposes. The Plaintiffs' continued failure to produce or disclose information about his recreational activities has hampered Unocal's defense of this case and has caused Unocal to expend time and money searching for the truth.

As the President of each company, Mr. Grove has access to the information requested within his custody or control. Pursuant to Fed. R. Civ. P. 37(a), Unocal requests that the court compel Mr. Grove to fully answer the questions posed or to provide corporate documents which will answer the questions.

DATED at Anchorage, Alaska, this _____ day of March 2007.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

s/ Linda J. Johnson
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK  99501-3454
Phone:  (907) 272-9631
Fax:  (907) 272-9586
Direct email:  ljj@cplawak.com
Alaska Bar No. 8911070

### Certificate of Service

I hereby certify that on March 22, 2007, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

s/ Linda J. Johnson