Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>UNOCAL CORPORATION,<br><br>　　　　　Defendant. | Case No. Case No.A04-0096 CV (JKS) |

**PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL PRODUCTION**

On March 19, 2007 there was a Status Conference, and a number of issues were discussed in regard to the discovery and the upcoming mediation on April 4, 2007.  At that Status Conference, defense counsel claimed that she needed certain information from plaintiffs before conducting the mediation on April 4, 2007, including certain information regarding plaintiff Larry Grove's interest in certain entities.  Though plaintiffs'

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Page 1

counsel strongly disagrees with the necessity of obtaining said information, and that said information does not have any relevance to the issues in this case, it was decided the parties would attempt to work out the issues.

If unable to agree on discovery, the Court decided on an accelerated schedule for a Motion to Compel, a Motion for Protective Order, Oppositions and Replies. The Court determined that as of March 22, 2007, if the parties were unable to work out the issues that defense should file a Motion to Compel, and the plaintiffs should file a Motion for Protective Order. On March 21, 2007 plaintiffs did provide information to defense counsel, which plaintiffs' counsel thought would resolve the issues in this matter. In particular, plaintiffs provided information regarding minor Michael Grove's juvenile matters, which plaintiffs still contend are irrelevant to the issues in this case, and are not admissible as evidence at any trial. The defense counsel has not apparently filed a Motion to Compel as to this issue, so it is assumed that this matter is now resolved. The plaintiffs also provided certain information regarding a number of small checks received by Larry Grove from approximately six different entities in Pennsylvania, for approximately $250 each. It is these small checks that have been received by Mr. Grove, that are now the subject of this additional discovery by defense, and this Motion to Compel.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Plaintiffs did provide information that was requested by defense counsel as to these entities, and thought that the matter was resolved.  If in the event defense counsel sought some additional information, it was assumed that defense counsel would call plaintiffs' counsel for additional clarification.  Instead, on the morning of March 23, 2007, plaintiffs' counsel came into the office and found out that a Motion to Compel had been filed on March 22, 2007.

The defendant contends that plaintiff Larry Grove has not fully addressed the issues in regard to the companies.  The preliminary matter that is of significance is, of what relevance is Larry Grove's interest in any company to the fact that he was injured when the work platform, negligently and recklessly constructed and maintained by defendant Unocal, collapsed, severely and permanently injuring his ankle.  In that regard, defense counsel has failed to produce <u>any</u> information regarding that work platform, despite repeated requests, which will be subject to a separate discovery motion to be filed by plaintiffs in the near future.  That is, in particular, defense counsel has failed to produce <u>any</u> pre-accident safety records in regard to the building, despite the admissions of defendants that they have conducted safety inspections yearly on that building.  Further, the defense has failed to produce <u>any</u> records in regard to the construction, maintenance, approval and replacement of

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Page 3

that work platform/scaffold that collapsed injuring Larry Grove. Yet, defense has repeatedly and oppressively sought discovery well beyond any areas of relevance in this matter.  Thus, information regarding any entities in which Mr. Grove may have some interest, if any, is irrelevant to whether he was injured, and what his damages are as a result of that injury.  In <u>Eichel v. New York Central R.R. Co.</u>, 375 U.S. 253, 255 (1963) the U.S. Supreme Court held the evidence of benefits was inadmissible even though defendant was seeking to show plaintiff had "retired."  The Ninth Circuit in <u>Sheehy v. Southern Pac. Transp. Co.</u>, 631 F.2d 649, 652 (9th Cir. 1980) cited to <u>Eichel</u> and ruled that FRE 403 was applicable to efforts to bring up collateral sources.

Despite the fact that this information is irrelevant and inadmissible at trial, defense has continually insisted on obtaining information, and now claims this information, unexplainably, is relevant to the mediation on April 4, 2007. That is incorrect.  However, plaintiffs have attempted to comply with defense counsel's request.  Mr. Grove has no interest in the entities involved.  Mr. Grove does not run these companies. Mr. Grove has limited knowledge about these companies.

Presumably, defense counsel has been able to hire investigators in Pennsylvania, conduct secret surveillance of the entities, and attempt to contact all neighbors, businesses,

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Page 4

employees of said businesses if it is that important to defendant, and find out whatever information defense counsel wants about these companies. Mr. Grove does not keep the records of these companies, and he does not have the corporate records that defense counsel now seeks plaintiffs' counsel to produce.

Further, if defense counsel had called plaintiffs' counsel, plaintiffs' counsel would have provided the name of the individual that is the owner of these companies, even though it is the understanding of plaintiffs' counsel that this individual would prefer to remain anonymous. However, that name was provided by Mr. Grove, and has now been provided on this date in a separate letter to defense counsel. Any other information is now just simply unnecessary for mediation, and is beyond Mr. Grove's knowledge. What these companies do is irrelevant to this case. These companies are in Pennsylvania, and Mr. Grove lives in Alaska. The amount of the checks total approximately $1,500! That is, Mr. Grove received $250 each from six separate entities. This is not relevant to this case. Plaintiffs respectfully request that the Court deny the Motion to Compel, and grant the previously filed Motion for Protective Order by

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

plaintiffs.  Where is there an end to the oppressive discovery by defendant?[1]

    RESPECTFULLY SUBMITTED this ____ day of March 2007.

                      WEIDNER & ASSOCIATES, INC.
                      Counsel for Plaintiffs

                        _____/s/ Michael Cohn_____
                      WEIDNER & ASSOCIATES, INC.
                      330 L Street, Suite 200
                      Anchorage, AK  99501
                      Phone (907) 276-1200
                      Fax (907) 278-6571
                      E-mail:  nbackes@weidnerjustice.com
                      ABA No. 8506049

CERTIFICATE OF SERVICE
I hereby certify that on March __, 2007 a copy of the foregoing PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL PRODUCTION was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC.

/s/ Michael Cohn_____

---

[1] It is especially egregious as defendant has <u>stonewalled</u> on producing discovery.  Thus, we have non-reciprocal discovery.