Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>    Plaintiffs,<br>  v.<br><br>UNOCAL CORPORATION,<br><br>    Defendant. | Case No. Case No.A04-0096 CV (JKS) |

**PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO MOTION TO COMPEL PRODUCTION**

Plaintiffs feel compelled to respond to the scurrilous Reply to Opposition to Motion to Compel Production that has been filed by defendant in this matter.  Apparently, the defendant now may attempt to use the information that they are now seeking from six companies in Pennsylvania as an excuse to back out of mediation on April 4, 2007.  Plaintiffs have no control over the actions of defendant, and if defendant does so, that will be the

second time that has happened in the past year. As Linda Johnson, counsel for defendant, well knows from discussions in the past month, Mr. Grove is presently out of state, and is accompanying his daughter from Colorado to Kentucky, where she will be going to school. He will not be back in Anchorage until April 2, 2007. It is extremely difficult for Mr. Grove, even if he could comply, to obtain the information that defense counsel is now requesting while he is in a car traveling from Colorado to Kentucky.

Defense has apparently resorted to scurrilous accusations in regard to Mr. Grove in attempting to smear him as a president of adult oriented businesses, and furthermore, attempting to smear him in regard to allegations of money laundering that may be some 14 years old in regard to an individual by the name of Phillip Krasner, who is a friend of Mr. Grove. Thus, defendant has cited a 1993 Federal District Case. Mr. Grove has answered the questions to the best of his ability, but he has no active participation in any of these entities, has not received any income from any of these entities, has not received any proceeds from the sale of any of these entities, is not involved in the day to day operations of these entities.

Defense has been able, through thorough review of all the financial records of Mr. Grove, to come up with 10 separate check for $250 each, totaling $2,500. Defense claims that

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

"suspiciously, the checks were made payable to Larry Grove, and were also signed by Larry Grove, all on different bank accounts." Well, there are six different companies, and this is over the course of several years, and therefore, separate companies would presumably keep separate bank accounts. The checks were prepared by a secretary, and there was a stamp with Larry Grove's signature that was used to pay him these checks. He does not have any access to the funds of these companies, and any allegation that "Mr. Grove might have developed an alternative source of income" is ridiculous, unless defense wants to claim that the $2,500 that they have discovered that Mr. Grove has received as of February 23, 2007 is a "alternative" source of income.

Defendant says that Mr. Grove has not declared the "income" from the companies on his IRS tax returns. Mr. Grove received a total of $2,500, which was reimbursement for travel expenses. It is not income. The defense states "it is unknown if there is other money from the six companies that was not declared." The defense has thoroughly scoured Mr. Grove's financial records, and if they haven't found anything else from these six companies that Mr. Grove has received, then it just doesn't exist.

Defendant claims that they did not have any notice of the very existence of these companies, or Mr. Grove's association and compensation there from until Unocal discovered checks in

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Page 3

bank records last month.  Well, they discovered that Mr. Grove has received 10 checks for $250 each, for a total of $2,500 over the course of perhaps the last 4 or 5 years from these companies.  Besides the fact that this is irrelevant and immaterial to any issue in this case, therefore, they are not matters that needed to be disclosed to defense counsel.  What does that have to do with Mr. Grove's injury on September 9, 2002 at the Unocal building, and his subsequent medical records, his subsequent inability to return to his job, and the pain and suffering he incurs every day.  Nothing.

Defendant Unocal claims it needs more information about the six companies.  Mr. Grove is traveling in a car right now.  Mr. Grove is not the owner of the companies.  Mr. Grove provided the name of the owner of the companies.  Unocal can contact the owner, Phillip Krasner, and obtain the information if they feel it is necessary.  Mr. Grove did not obtain proceeds of any sale, and Mr. Grove's involvement with the companies is minimal to non-existent.

When Unocal claims that Mr. Grove did not disclose the six payments in his Initial Disclosure, that is because they are irrelevant, and they were reimbursement for travel, and it is not income.  Mr. Grove allegedly did not disclose this income to his economic expert "who would have factored the money into his calculation of damages."  That is a laughable, nonsensical

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

statement. The fact that Mr. Francis Gallela, plaintiffs' economic expert, did not factor in $2,500 in reimbursement for travel expenses, and that somehow that would have affected the economic calculations, does not even need a response.

Unocal claims Mr. Grove did not disclose his travel "on behalf of the companies." That is irrelevant, immaterial, and he did not travel "on behalf of the companies." His family lives in Pennsylvania, and these are not business trips, but primarily personal family trips. Again, Unocal claims he did not declare his income from these companies. He has no income from these companies.

Defendant misrepresents to the court the response by Mr. Grove when it claims that he gave a minimal and misleading answer to the questions posed about the six companies. He gave the answers to the best of his knowledge regarding the companies. Attached hereto is the original answer by Mr. Grove, the subsequent letter revealing the name of the individual that is the owner of the companies, and the letter that has been sent in response to defendant's Reply to Opposition to Motion to Compel Production.

Whether or not these companies are adult businesses is irrelevant to Mr. Grove's lawsuit. Mr. Grove does not run these companies, and even if he did, that is irrelevant, immaterial, and highly prejudicial, and is not admissible at trial.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Since the defense has found out about Mr. Krasner, it is only Mr. Krasner who can voluntarily reveal the information that he possesses in regard to the companies that he operates, and plaintiffs have no control over the ability of the defense to contact Mr. Krasner in an attempt to obtain whatever information Mr. Krasner is willing to reveal to them.

The defense continuously attempts to create an impression of sinister motives and underhanded dealings, such as on pg. 4 where it claims "it is unknown if Mr. Grove also flew to Florida for the same purpose, and simply has not declared the trips." As defense counsel well knows, Mr. Grove also has family in Florida, and his father had been living in Florida at one point. Mr. Grove did not travel to Florida for business, and that should be the end of that inquiry.

When it states that Mr. Grove, as president, has access to the paperwork of the company and that he refuses to produce or have produced any paperwork, Mr. Grove gave the answers to the best of the information that he possess. He does not have the records in his possession. He is now traveling and will be gone for a week. Even though he is a "figurehead" president, whether or not these records are released is within the domain of Phillip Krasner, who is the owner of the companies.

On March 8, 2007 defense counsel sent a letter to plaintiffs' counsel in regard to the six companies for which

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Page 6

they had received the information that Mr. Grove had received checks for $250 each. Defense counsel asked a total of 11 questions regarding these companies, and Mr. Grove fully answered all 11 questions to the best of his knowledge, other than providing the name of the owner of these companies until a follow-up letter after the Motion to Compel. Indeed, if the defense counsel had bothered to call plaintiffs' counsel before filing the Motion to Compel, that additional information would have been revealed. Now, defense counsel is claiming that Mr. Grove has not produced all the records from the corporation that he has access to, yet, if one looks at that letter of March 8, 2007, they did not request any records from the companies. At this late date, to now request company records, while Mr. Grove is traveling out of state, and having an implied threat that this mediation will not go forth unless these records from these companies are in their hand on that date is unjustified.

Plaintiffs respectfully request that the court deny the Motion to Compel, and Plaintiffs' Motion in Limine will also seek to exclude any reference to these six companies, and the business they operate, and any allegations in regard to money laundering as irrelevant, immaterial and prejudicial to any issue in this litigation.

RESPECTFULLY SUBMITTED this 29th day of March 2007.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

```
                              WEIDNER & ASSOCIATES, INC.
                              Counsel for Plaintiffs


                                  /s/ Michael Cohn
                              WEIDNER & ASSOCIATES, INC.
                              330 L Street, Suite 200
                              Anchorage, AK  99501
                              Phone (907) 276-1200
                              Fax (907) 278-6571
                              E-mail:  nbackes@weidnerjustice.com
                              ABA No. 8506049
```

CERTIFICATE OF SERVICE
I hereby certify that on March 29, 2007 a copy of the foregoing PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO MOTION TO COMPEL PRODUCTION was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC.

/s/ Michael Cohn

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571