LAW OFFICES
# PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

**FILE COPY**

E-Mail:
phillipweidner@weidnerjustice.com

907/276-1200
FAX 907/278-6571

March 21, 2007

Linda Johnson
Clapp, Peterson, Van Flein,
  Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454

*Via Facsimile to 272-9586*

Re: <u>Grove v. Unocal</u>; Case No. A04-0096 CV (JKS)

Dear Ms. Johnson:

    In response to your letter of March 8, 2007 and our discussion of March 19, 2007, after the status conference with the court, I am providing the following information:

1. Michael Grove

    You indicated that you want to know what Michael Grove was arrested for, charged with, and the final disposition. Enclosed please find the Indictment (other names redacted), an article in the Anchorage Daily News and a letter regarding community service and a letter regarding the ASD Continuation Program pending reinstate with the ASD. (Michael has been reinstated). The outcome of the charges is still pending. See attached. Larry Grove has consented to the release of this information without prejudice for us to seek a protective order if necessary. I trust this satisfies your request.

2. So-called "Corporate Officer Fees"

    In regard to your letter of March 8, 2007, Larry Grove is a figure head President to the six listed entities. He owns no shares in the companies, has no interest in the companies, does not contribute money to the companies, and does not have access to the money or funds. The companies are located in Allentown, Pennsylvania and incorporated in Delaware. He does not know if the companies are subsidiaries of other companies or own other companies. He believes that the companies are still in existence. His immediate family has no interest in the companies.

    The primary business of the companies is video/distribution/real estate. He does not know the particulars of the operations of the companies which

Exhibit 1
page 1 of 3

Linda Johnson
March 21, 2007
Page 2

are owned by a friend. He gets reimbursed from each company for travel expenses once a year to Pennsylvania to sign corporate papers. The companies are owned by a friend. He does not participate in the operations of the companies and receives no monies other than as described herein.

3. J. Gordon Gaines, Inc. Check

Mr. Grove's vehicle was vandalized. The windows were broken out and property stolen. The check was for an insurance settlement. No other monies paid as far as he knows. He does not know where or if there are any "settlement agreements". The check itself says full and final settlement of all claims.

4. Orthopedic Consultants

Mr. Grove flew to Pennsylvania in October 2002. His leg was swollen from flying and he was concerned and visited the doctor in Kingston, Pennsylvania.

Here is a new medical release signed Mr. Grove.

Sincerely,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/tlp

```
***********************
***   TX REPORT    ***
***********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0668 |
| RECIPIENT ADDRESS | 2729586 |
| DESTINATION ID | |
| ST. TIME | 03/21 15:30 |
| TIME USE | 02'12 |
| PAGES SENT | 20 |
| RESULT | OK |

---

LAW OFFICES
# PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/276-6571

## TELECOPIER COVER LETTER

Please deliver the following pages to:

**NAME:** Linda Johnson

**FIRM:** Clapp Peterson Van Flein Tiemessen & Thorsness LLC

**FAX NO.:** 272-9586       **TELEPHONE NO.:**

******

**FROM:** Michael Cohn

**DATE:** 3-21-07       **TIME:** 4:30 p.m.

**MATTER:** Grove v. Unocal

**FILE NO.:** Case No. A04-0096 CV (JKS)

**COMMENTS:** Please find attached letter dated 3-21-07 with attachments

WE ARE TRANSMITTING __20__ PAGES (including this cover page). If you do not receive all the pages, please contact __Christy__ as soon as possible, at (907) 276-1200.

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. DISCLOSURE, REPUBLICATION, OR

LAW OFFICES
**PHILLIP PAUL WEIDNER AND ASSOCIATES**
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

March 23, 2007

Linda Johnson
Clapp, Peterson, Van Flein,
 Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454

*Via Facsimile to 272-9586
and U.S. Mail*

Re:  Grove v. Unocal; Case No. A04-0096 CV (JKS)

Dear Ms. Johnson:

Mr. Grove has authorized me to release to you the name of the individual that is the owner of the entities. His name is Phillip Krasner, and he lives in Allentown, Pennsylvania, and also in Florida. We trust that this will satisfy any additional inquiries in regard to the information that you requested, despite the obvious irrelevance of this information to any of the issues in this case.

Furthermore, Mr. Grove does not possess any of these records that you seek, and if you need to, you can go directly to those companies, if those companies are willing to release same, and get them from the companies themselves.

Sincerely,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

Exhibit 2
page 1 of 2

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO                    0679
RECIPIENT ADDRESS           2729586
DESTINATION ID
ST. TIME                    03/23 14:38
TIME USE                    00'20
PAGES SENT                  2
RESULT                      OK
```

LAW OFFICES
# PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail: phillipweidner@weidner-justice.com

907/276-1200
FAX 907/276-6571

## TELECOPIER COVER LETTER

Please deliver the following pages to:

NAME: _Linda Johnson_

FIRM: _Clapp Peterson et al_

FAX NO.: _272-9586_    TELEPHONE NO.: _____

* * * * * *

FROM: _Michael Cohn_

DATE: _3-23-07_    TIME: _3:40_

MATTER: _Grove_

FILE NO.: _____

COMMENTS: _Please see attached letter of 3/23/07_

WE ARE TRANSMITTING _2_ PAGES (including this cover page). If you do not receive all the pages, please contact _Nita_ as soon as possible, at (907) 276-1200.

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. DISCLOSURE, REPUBLICATION, OR COPYING OF THIS INFORMATION IS PROHIBITED WITHOUT EXPRESS PERMISSION AND AUTHORIZATION OF WEIDNER

LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

March 28, 2007

Linda Johnson
Clapp, Peterson, Van Flein,
 Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454

*Via Facsimile to 272-9586*
*and U.S. Mail*

Re:   Grove v. Unocal; Case No. A04-0096 CV (JKS)

Dear Ms. Johnson:

We have just received your Reply to the Opposition to Motion to Compel Production. I find it very interesting that you are threatening to pull the mediation unless you get answers to the questions that you asked in your Reply to Opposition to Motion to Compel Production. I also find it interesting insofar as you have been made aware of, and already know, that Mr. Grove is out of town, and will not be back until April 2, 2007, as we previously disclosed that he was traveling from Colorado to Kentucky with his daughter. It is astonishing that in obtaining all these records from Mr. Grove, you have come up with 10 checks for a total of $2,500, and then attempt to mislead the court in regard to some alleged alternative source of income. You also ignore the fact that this alleged income was not in fact income, but reimbursement for travel expenses, and therefore is not income on his income tax returns. The fact that you also indicate, "suspiciously," that the checks were written from different bank accounts is ridiculous, insofar as you know that there are six different companies, and the companies have different bank accounts, and these checks have been written over the course of a couple of years. If you are attempting to find an alternative source of income for Mr. Grove due to obtaining $2,500 in income, that is ludicrous. As you also know, Mr. Grove's family lives in Pennsylvania, and it is convenient to travel back and see his family, and at the same time, sign certain paperwork. Your attempt to smear Mr. Grove by mentioning that these are "adult oriented businesses" and that the true owner has been indicted in the past for money laundering, which you have underlined, (without revealing the date of the indictments for money laundering, or whether or not there was any conviction for same), while citing a 14 year old decision, is also an attempt to prejudice the court. None of this information is of any relevance to Mr. Grove's mediation, and will be inadmissible at trial.

Your Reply is full of half-truths and innuendos, and does not aid in trying to settle this matter at mediation, as it is just another attack on the Grove family. In looking at your Reply, I note that you refer to a case, which was decided in 1993, over 9 years before Mr.

Exhibit 3
page 1 of 3

Linda Johnson
March 28, 2007
Page 2

Grove's injuries, and 14 years before the present time. Your claim that "full disclosure of the companies is imperative before Unocal can determine Mr. Grove's true damages" is pure nonsense.

You are quick to indicate in the Reply that there is no reason to believe that an individual from Unocal is untruthful when he said he performed safety inspections inside the building, but did not keep a copy of his own report, and the report cannot be located. That is incredible insofar as whether or not the Safety Inspector, Ken Burns, kept a report, it had been distributed to numerous people at Unocal, and it is hard to believe they all could not keep a report. However, you expect us to accept your representations on your word, and I would request that you accept the representations that we are making, which are truthful. Thus, despite the fact that this information is totally irrelevant to any issue in this case, I am going to give you the answers that I have, and you can do with them as you will, and if you decide you do not want to do mediation, then that is a decision that will have to be made by the defendant. However, in regard to the answers to the specific questions, to the best that Mr. Grove and I have been able to determine, the answers are as follows:

1. Mr. Grove does not know the owners of the six Pennsylvania companies for which Mr. Grove was a figurehead/president. If that cannot satisfy you, then I suggest that you contact Mr. Krasner, or his attorneys, to obtain full information in regard to same. Mr. Grove cannot give you any more information than he knows;

2. Mr. Grove is not involved in the operations of the individual companies, though he knows generally that they are involved in videos, distribution, and real estate, among other matters;

3. Mr. Grove does not have any job duties, as hard as that may be for you to believe, other than what we have previously stated in previous letters;

4. Mr. Grove does not know if the companies are subsidiaries of other companies, and whether or not you believe it, that's the best we can provide to you;

5. Mr. Grove is not even sure of the physical location of each company, but he assumes it is in Allentown, Pennsylvania;

6. In regard to the dates and purpose and activities of Mr. Grove's travel to Pennsylvania "or any other location for business purposes" Mr. Grove has family in Pennsylvania, and he would attempt to travel back to visit his family. He did not go back to operate any business entities;

7. In regard to producing copies of corporate papers that Mr. Grove signs, as you are aware, Mr. Grove lives in Anchorage, Alaska. He does not keep any of

Linda Johnson
March 28, 2007
Page 3

these records. He is traveling right now. He does not possess these records. These corporate papers have no relevance to anything in this case, and you did not even _ask_ for these records in your March 8, 2007 letter;

8.  Despite your continued requests to find out how much Mr. Grove has received from these companies, including what he was paid "pursuant to the sale of one or more of the companies" Mr. Grove has not received a dime. We don't know how we can prove a negative to your satisfaction, but Mr. Grove has not received a dime from any sale of any of these companies;

9.  As far as Mr. Grove knows, any indictment of one or more of these companies occurred a long time ago;

10. Mr. Grove has no access to the monies of the companies, and as stated previously, despite the fact that we will have to continue to repeat it to you, and despite your obtaining all of Mr. Grove's bank accounts and financial records, you have only been able to come up with $2,500 in ten separate checks for $250 each. As stated previously, Mr. Grove received these checks in reimbursement of travel expenses when he came from Anchorage to Pennsylvania. Where did the money come from – obviously from the bank account of the companies;

11. Mr. Grove does not hold any "adult oriented business licenses;"

12. In regard to "business associates" or "owners" or "partners" or "employees" of the six companies, Mr. Grove admits that his friend, Phillip Krasner, has visited him in Alaska as much as every other year over the years, and that the visit was as a friend;

13. Mr. Grove has not attended any seminars, conferences, conventions or business meetings related to any of the six companies.

This information is provided in good faith and in an effort to satisfy your curiosity, but not as an admission that this information is either relevant, or material, or even admissible at trial.

Sincerely,

WEIDNER & ASSOCIATES, Inc.
_A Professional Corporation_

Michael Cohn
Attorney at Law

MC/ngb