# CorVel

## PROGRESS REPORT #1

| | |
|---|---|
| Claimant Name: | Lawrence Grove |
| Date of Injury: | 9/09/02 |
| Referral Date: | 2/23/03 |
| Employer: | Siemens Building Tech. |
| Adjuster: | Joanne Pride |
| Claim No: | 133-CB-AYL2598A |
| CorVel No: | 08001901-1 |
| Date of Report: | 4/09/03 |

Lawrence Grove is a 49-year-old male employed by Siemens Building Tech. as a service mechanic. On 9/09/02, Mr. Grove injured his right ankle at work when a scaffolding collapsed and he fell seven feet onto a concrete floor. Mr. Grove was initially seen by Dr. Laufer, who referred the client to Dr. Nolan. Dr. Nolan has been following Mr. Grove orthopedically for this injury. On 9/09/02, x-rays of the client's right ankle revealed no evidence of fracture or dislocation, but a small osteochondral fracture of the lateral part of the talus right at the articular surface was suspected. On 10/16/02, a CT scan of the right ankle resulted in evidence of significant vascular calcification with impression of probably tiny avulsion fracture arising from dome of talus medially and degenerative changes, but no other fracture was identified. On 12/12/02, a MRI was performed on the client's right ankle showed a lateral osteochondritis dissecans-type lesion with a very deep bone bruise with increased marrow signal on the lateral side. Dr. Geitz, who saw the client as a second opinion consultation on 1/06/03, agreed with non-operative management of the right ankle, which was as follows: continue with therapy exercises, anti-inflammatory medication, and support of the right ankle and foot.

## CURRENT MEDICAL CONDITION

Current medications:
Naprosyn and Aleve

Treating Physician(s):
Dr. Declan Nolan, orthopedic surgeon
Dr. Kenneth Laufer, family practice
Dr. Michael J. Geitz, orthopedic surgeon, second opinion requested by client

Scheduled Appointments/Procedures:
Follow up with Drs. Geitz and Laufer not scheduled as of the date of this report

## EMPLOYER INFORMATION

The original job of injury is a Union position. Modified duty is not available related to Union contracts.

## EMPLOYEE INFORMATION

Client is reluctant to return to work and re-injure himself, which the client considered to be highly likely since he climbs ladders and scaffolding on a regular basis.

RECEIVED
APR 1 4 2003
TIC
ANCHORAGE

CorVel Corporation
www.corvel.com

1600 A Street
Suite 307
Anchorage, AK 99501

907.274.2785 phone
907.274.7583 fax
800.478.6824

Exhibit 4
page 1 of 11

**200218**

CORVEL

## INITIAL REPORT

| | |
|---|---|
| Claimant Name: | Lawrence Grove |
| Date of Injury: | 9/09/02 |
| Referral Date: | 2/23/03 |
| Employer: | Siemens Building Tech. |
| Adjuster: | Joanne Pride |
| Claim No: | 133-CB-AYL2598A |
| CorVel No: | 08001901-1 |
| Date of Report: | 3/10/03 |

Lawrence Grove is a 49-year-old male employed by Siemens Building Tech. as a service mechanic. On 9/09/02, Mr. Grove injured his right ankle at work when a scaffolding collapsed and he fell seven feet onto a concrete floor. Mr. Grove was initially seen by Dr. Laufer, who referred the client to Dr. Nolan. Dr. Nolan has been following Mr. Grove orthopedically for this injury. On 9/09/02, x-rays of the client's right ankle revealed no evidence of fracture or dislocation, but a small osteochondral fracture of the lateral part of the talus right at the articular surface was suspected. On 10/16/02, a CT scan of the right ankle resulted in evidence of significant vascular calcification with impression of probably tiny avulsion fracture arising from dome of talus medially and degenerative changes, but no other fracture was identified. On 12/12/02, a MRI was performed on the client's right ankle showed a lateral osteochondritis dissecans-type lesion with a very deep bone bruise with increased marrow signal on the lateral side. Dr. Geitz, who saw the client as a second opinion consultation on 1/06/03, agreed with non-operative management of the right ankle, which was as follows: continue with therapy exercises, anti-inflammatory medication, and support of the right ankle and foot.

### CURRENT MEDICAL CONDITION

Current medications:
Naprosyn and Aleve

Treating Physician(s):
Dr. Declan Nolan, orthopedic surgeon
Dr. Kenneth Laufer, family practice
Dr. Michael J. Geitz, orthopedic surgeon, second opinion requested by client

RECEIVED
MAR 1 7 2003
TIC
ANCHORAGE

Scheduled Appointments/Procedures:
3/13/03, PCE with Forooz Sakata of Advanced Rehabilitation and Occupational Solutions
Follow up with Dr. Laufer anticipated but not scheduled as of the date of this report

### EMPLOYER INFORMATION

The original job of injury is a Union position. Modified duty is not available related to Union contracts.

### EMPLOYEE INFORMATION

Client is reluctant to return to work and re-injure himself, which the client considered to be highly likely since he climbs ladders and scaffolding on a regular basis.

CorVel Corporation
www.corvel.com

1600 A Street
Suite 307
Anchorage, AK 99501

907.274.2785 phone
907.274.7583 fax
800.478.6824

**200230**

## CorVel

| | |
|---|---|
| Client: | Lawrence Grove |
| Claim No.: | 133-CB-AYL2598A |
| CorVel No.: | 08001901-1 |
| Page No.: | 2 |

### MEDICAL INFORMATION

On 3/03/03, Dr. Nolan reviewed x-rays of the client's right ankle taken immediately prior to this office visit. Dr. Nolan compared the current x-ray to x-rays taken several months ago and stated that he could see calcification from the first view but there was more calcification in the second, more recent view. Dr. Nolan explained that the client had experienced a bad sprain, the talus bone is fine but the soreness, tenderness, and swelling is from calcification which are normal symptoms for a severe ligament injury. Dr. Nolan discharged the client from orthopedic services, as the treatment plan is aimed at conservative, palliative management. Dr. Nolan stated that a work capacities evaluation could be arranged for the client.

### WORK STATUS/RESTRICTIONS

Dr. Nolan indicated that if the client were to wear heavy, stiff boots he could return to work.

### SUMMARY OF EFFORTS

2/25/03 Received and reviewed new records sent from adjuster.

Called adjuster to notify of medical record review and discuss direction.

**RECEIVED**
**MAR 1 7 2003**
TIC
ANCHORAGE

Called client for introduction and review of role provided by case manager. Discussed upcoming appointment with Dr. Nolan and current medications. Client requested case manager call him again the following day.

Called Dr. Nolan's office as introduction and explained role as case manager.

Called client's employer, supervisor not available on this day so staff requested case manager call another day.

2/26/03 Letter sent to Dr. Nolan as introduction and explanation of case manager's role.

Letter sent to client to serve as introduction and explanation of case manager's role. Enclosed a copy of release of medical information and requested client to sign and return to case manager.

Letter sent to client's employer as introduction and explanation of case manager's role. Requested a copy of client's job description be sent to case manager via certified mail.

2/28/03 Called client's supervisor and left a message. Supervisor returned call and explained that the client is a service mechanic which is a Union position, so there is no option for light or modified duty. He provided the name and number of a Union officer for requesting a job description. Attempted to call, no answer and no answering machine.

CORVEL

|  |  |
|---|---|
| Client: | Lawrence Grove |
| Claim No.: | 133-CB-AYL2598A |
| CorVel No.: | 08001901-1 |
| Page No.: | 3 |

3/03/03 Case manager attended appointment at Dr. Nolan's office. Dr. Nolan compared right ankle x-rays taken several months ago to a set taken on this day. Dr. Nolan stated he could see some calcification in the right ankle from the earlier view but there is more calcification in the more recent view.

Case manager called adjuster to relay the information from the appointment with Dr. Nolan. Adjuster requested case manager make arrangements for the PCE and request a job description from the employer.

Left message for PCE evaluator, per adjuster request, in attempt to make appointment.

Called Union officer, per employer's request, to request job description and discuss if client can return to a modified position. Union officer stated that he would not be able to provide a job description.

Called client's supervisor to request a written job description. He was not available, left message.

Phone call from PCE evaluator to schedule appointment for client. Requested case manager call her in a day or two to discuss details.

3/04/03 Client called case manager to state that he had been to an OSHA meeting about his injury and they were surprised at his return to work per statements made by Dr. Nolan on 3/03/03. Client stated he wanted another MRI and a second opinion. Client requested case manager contact the adjuster with his request and that he was not satisfied with the treatment plan as reviewed yesterday by Dr. Nolan.

Memo sent to adjuster to provide notification of the recent conversation with client.

Left message for client's supervisor to request copy of job description.

Adjuster sent memo to case manager which indicated a recent conversation between the adjuster and client. Adjuster requested case manager attend upcoming appointment with original referring physician.

3/05/03 Client called to inform case manager that he had communicated with the adjuster and she had authorized him to see his first physician, Dr. Laufer, for a second opinion referral. Client requested case manager provide him with a copy of the office notes from Dr. Nolan's most recent appointment to take with him to Dr. Laufer. The client was informed that CorVel does not provide medical records to clients as per the corporation's policies.

Called client to confirm appointment, address and contact number for the PCE evaluation on 3/13/03. Second phone call to client notified him that case manager would send a letter to Dr. Nolan requesting him to forward a copy of the office notes to his referring physician, Dr. Laufer with client stating satisfaction of this arrangement.

PCE evaluator called case manager and confirmed appointment for 3/13/03, discussed the requested second opinion of the client and decided to contact the adjuster to confirm the PCE appointment as

RECEIVED

MAR 1 7 2003

TIC
ANCHORAGE

200232

CORVEL

| | |
|---|---|
| Client: | Lawrence Grove |
| Claim No.: | 133-CB-AYL2598A |
| CorVel No.: | 08001901-1 |
| Page No.: | 4 |

planned. Letter sent to client, per the request of both PCE evaluator and himself, with information of PCE appointment and confirmation of the appointment day and time.

Memo sent and received from adjuster with approval to continue with PCE as planned prior to requested second opinion.

Sent letter to Dr. Nolan to request copy of recent office notes be forwarded to the referring physician, Dr. Kenneth Laufer.

3/07/03 Client's employer called to notify case manager that he found a description on the internet which closely matches the particular job of the client. The mechanical equipment service journeyman position description was received and reviewed which had general descriptions of tasks, but no specific activities.

Memo sent to adjuster included job description as received from employer on this day.

Letter sent to Dr. Laufer, original referring physician, as introduction and explanation of case manager duties. Enclosed current, signed medical release of information form and requested copies of medical records.

Letter sent to Dr. Nolan, orthopedic surgeon with job description included for his files.

Called Dr. Laufer's office to find out client has not yet made an appointment to see the physician for a follow up visit.

Memo sent to PCE evaluator with copy of job description for her perusal prior to the evaluation.

RECOMMENDATIONS

- Case manager will review medical records once they are received from the offices of Drs. Laufer and Nolan. This information will be forwarded to the adjuster and appropriate recommendations reviewed in a timely manner.

- Case manager will request and review report from PCE evaluator after it is performed on 3/13/03. This information will be provided to the adjuster with recommendations discussed and file direction coordinated accordingly.

- The case manager will attend the appointment with Dr. Laufer once it is scheduled to inquire upon the physician's treatment plan. Case manager will confirm medical stability and return to work status. Any problems will immediately be brought to adjuster's attention in a timely manner.

- Case manager recommends a SCDOT as job description provided by the employer does not provide specific tasks involved in client's particular job.

RECEIVED
MAR 1 7 2003
TIC
ANCHORAGE

**200233**

## CORVEL

|  |  |
|---|---|
| Client: | Lawrence Grove |
| Claim No.: | 133-CB-AYL2598A |
| CorVel No.: | 08001901-1 |
| Page No.: | 5 |

- Case manager recommends an IME as medical stability has been indicated by Dr. Nolan.

- If SCDOT and IME are completed as suggested, case manager will provide results of both to the client's primary physician to review and indicate concurrence or explain objective reasons for non-concurrence.

- The case manager will maintain contact with the client, his medical providers, and the adjuster as indicated to ensure all information is relayed in a timely fashion and that progression continues towards medical stability and closure of this claim.

Respectfully submitted,

Laura Fabbri, RN
Medical Care Coordinator

cc: Travelers
    Laura Fabbri
    File

RECEIVED
MAR 1 7 2003
TIC
ANCHORAGE

**200234**



Dec. 31, 2003

Reemployment Benefits Administrator
Alaska Department of Labor
Division of Workers Compensation
PO Box 107019
Anchorage, Alaska 99510-7019

**Claimant:** Lawrence H. Grove
**Insured:** Siemen's Building Technologies, Inc.
**Insurer:** The Travelers Insurance Co.
**Injury Date:** 09/09/2002
**AWCB No.:** 200216542

## ELIGIBILITY ASSESSMENT REPORT

This case was referred for Vocational Evaluation as per AS23.30.041. The RBA's letter was received in my office Dec. 20, 2003 and had been dated Dec. 19, 2003. Therefore, this Vocational Assessment Report is due Jan. 18, 2004

State Statutes sets forth the criteria to be addressed in an Eligibility Assessment. This assessment consists of an interview and consultation with the injured worker, the attending physician, and the employer or his representative. The information obtained is then formulated in accordance with the specific criteria as outlined in AS23.30.041.

### EMPLOYEE CONSULTATION

The initial interview with Mr. Grove was completed Dec. 22, 2003. Mr. Grove seemed to be knowledgeable about the purpose of the visit and the nature and the scope of Reemployment Benefits as outlined in State Statute. The Worker's Compensation laws and procedures were discussed and the state-published brochure regarding worker's compensation was given to him. Mr. Grove appeared to comprehend the information fully, and was a cooperative and sincere participant in the interview process. The following is a summary of Mr. Grove's work history as provided by the interview.

**December 1998-Present time,** Siemen's Building Technologies, Inc., Anchorage, Alaska, Heating and Air conditioning Service Tech, salary. $30.80 per hr.; specific duties, install/repair furnaces, boilers, etc., also includes pipe fitting.

PO Box 190993 – Anchorage, Alaska – 99519
Phone: (907) 522-4884 – Fax: (907) 522-3703 – Email: mundorf@email.com

200280

Lawrence H. Grove
AWCB #: 200216542
Eligibility Assessment
Page 2

**May 1992-December 1998**, Johnson Controls, Inc., Anchorage, Alaska, Heating and Air Conditioning service tech; salary: $28.00 per hr.; specific duties, heating and air conditioning mechanic.

Educationally, Mr. Grove graduated from Wyoming Valley West High School, Wilkesbury, Pennsylvania in 1972. Mr. Grove received one year's training in Welding at Wilkesbury, Pennsylvania in 1973.

Other training included: 1985-Johnson Control Institute, pneumatic controls, design and applications; 1986-Flame Safety training with Honeywell; 1988- refrigeration training with Dun, Hana/Bush; 1990-Computers AC Training, Liberty Corp; 1992-two months training at UAA in terms of power boilers; 2000-Advanced Chiller Operations, McQuay International; and in 2000-Chiller Tear-Down and Maintenance and asbestos training, Johnson Controls Institute.

For the purpose of The Eligibility Assessment, it is required that we identify job titles from the Dictionary of Occupational Titles corresponding to the ten-year work history and training for which the employee meets the Specific Vocational Preparation (SVP) Standard. The following job was selected as being representative of Mr. Grove's past ten-year work history.

| JOB TITLE | DOT # | STRENGTH LEVEL | SVP |
|---|---|---|---|
| Heating and Air Cond. Installer-Servicer/Pipe Fitter | 637.261-014 | Medium Work | 7 |

### EMPLOYER CONSULTATION

The employer, Sieman's Building Technologies, Inc., Anchorage Alaska, was contacted. Mr. Leveret Hoover, Service Manager, confirmed Mr. Grove's dates of employment and wages at the time of injury. Mr. Hoover also indicated that there was no alternative work available.

### PHYSICIAN CONSULTATION

The primary attending physician for Mr. Lawrence Grove is Michael Geitz, MD. Consequently, the job description was given to him for his review. (See job descriptions enclosed.)

### REVIEW OF ELIGIBILITY CRITERIA

1.) AS23.30.041 (e)(2): This section requires a physician's prediction that the employee will have permanent physical capacities that are less than the physical demands of the employee's job of injury and jobs held for the ten years prior to injury according to DOT/SCODOT definitions and for which SVP is met.

Lawrence H. Grove
AWCB #: 200216542
Eligibility Assessment
Page 3

Dr. Geitz disapproved the job description of Mr. Grove's past ten-year work history (Heating and Air Conditioning Installer-Servicer) as not being within Mr. Grove's physical capabilities. (See job description enclosed.)

2.) **AS23.30.041 (f)(1): This section states that an employee is not eligible for Reemployment Benefits if the employer offers employment within the predicted post injury physical capacities at a wage equivalent to at least the state minimum wage or 75% of the worker' gross hourly wages at the time of injury, whichever is greater, and the employment prepares the employee to be employable at other jobs that exist in the labor market.**

Mr. Leveret Hoover, Service Manager, of Seiman's Technologies, Inc., Anchorage, Alaska indicated that there was no alternative work available.

3.) **AS23.30.041 (f)(2): This section states that the employee is not eligible if he/she has been previously rehabilitated within a former Worker's Compensation claim and returned to work in the same or similar occupation in terms of physical demands required of the employee at the time of the previous injury.**

The employee, Mr. Lawrence Grove, has not been previously rehabilitated under a former Worker's Compensation claim and is not disqualified according to provisions of this statute.

4.) **AS23.30.041 (f)(3): This section states that the employee is not eligible for Reemployment Benefits if at the time of medical stability no permanent impairment is identified or expected.**

Dr. Geitz indicates that Mr. Grove does have a permanent impairment. (See Physician's Response Section of the Job Description enclosed.)

ELIGIBILITY STATEMENT

According to my review of the eligibility criteria and based on the information available in this case, it is my recommendation that Mr. Lawrence H. Grove be found eligible for reemployment benefits.

DISCUSSION / CONCLUSIONS

This report is being submitted to the RBA or his Designee for review and consideration. He or his Designee will issue a determination based upon information submitted. Any parties wishing to supply additional information for his/her consideration prior to issuing the actual eligibility determination should do so within 10 days of receipt of this report. You may write to the RBA at the address at the beginning of this report.

PO Box 190993 – Anchorage, Alaska – 99519
Phone: (907) 522-4884 – Fax: (907) 522-3703 – Email: mundorf@email.com

**200282**

Lawrence H. Grove
AWCB #: 200216542
Eligibility Assessment
Page 4

Should you have questions regarding this case, or if I can be of any further assistance please feel free to call my office.

NORTH RIM VOCATIONAL
REHABILITATION SERVICES

*Leonard E. Mundorf*

Leonard E. Mundorf, MSEd, CAS, CRC
Vocational Consultant

Cc:   Mr. Lawrence H. Grove
      Ms. Jennifer Lorentz, Adjuster

Enc.: 1 Job Description
      Eligibility Assmt. Checklist

200283

North Rim Voc-Rehab Ser...es
PO Box 190993
Anchorage, AK 99519




**TAX ID NUMBER**
**\*503408208\***
*Leonard E. Mundorf (sole proprietor)*
*DBA North Rim Voc Rehab Services*
*physical address*
*3231 Sleeping Ldy Ln*
*Anchorage, AK 99515*

# Invoice

| DATE | INVOICE #... |
|---|---|
| 12/31/2003 | 03517 |

**BILL TO**

Travelers Insurance Co.
1120 E. Hoffman, Suite 23
Anchorage, AK 99515

| CLAIMANT |
|---|
| Lawrence H. Grove |
| **AWCB #** |
| 200216542 |

| DATE | DESCRIPTION | UNIT | RATE | AMOUNT |
|---|---|---|---|---|
| 12/20/2003 | Rec, read, & rev referral from RBA. | 0.2 | 100.00 | 20.00 |
| 12/22/2003 | Called claimant on phone # given in referral re initial interview. To call back. | 0.1 | 100.00 | 10.00 |
| 12/22/2003 | Called directory, re phone # for claimant. Obtained home ph #, rec new #. | 0.1 | 100.00 | 10.00 |
| 12/22/2003 | Called claimant, on new phone number, discussed case, set appointment. | 0.2 | 100.00 | 20.00 |
| 12/22/2003 | Consultation, in person, claimant, discussed case, medical status & wkr comp law & procedures. | 0.2 | 100.00 | 20.00 |
| 12/22/2003 | Completed initial interview. Obtained pertinent info. | 1 | 100.00 | 100.00 |
| 12/22/2003 | Research of DOT re appropriate jd's to represent past 10 yr. wk history. | 0.3 | 100.00 | 30.00 |
| 12/22/2003 | Dev. & completed jd re claimant's past 10 yr wk hist. | 1.2 | 100.00 | 120.00 |
| 12/22/2003 | Travel time, to deliver jd to claimant. | 0.4 | 100.00 | 40.00 |
| 12/22/2003 | Mileage 14 mi @ .40 per mi. for above item =$5.60. | | 5.60 | 5.60 |
| 12/22/2003 | Case creation. | 0.5 | 100.00 | 50.00 |
| 12/24/2003 | Rec, read, & rev fax from Dr. re claimant's jd. | 0.1 | 100.00 | 10.00 |
| 12/26/2003 | Called claimant, re case, discused situation, he wants new jd to be given to Dr. | 0.2 | 100.00 | 20.00 |
| 12/26/2003 | Dev copies of HAC Tech. | 0.2 | 100.00 | 20.00 |
| 12/27/2003 | Called claimant, set appt to meet at 10:15 am. | 0.1 | 100.00 | 10.00 |
| 12/27/2003 | Consultation, in person, claimant, discussed case & wkr comp law. | 0.6 | 100.00 | 60.00 |
| 12/28/2003 | Photo copying, 4 pages @ .35 per page =$1.40. | | 1.40 | 1.40 |
| 12/28/2003 | Called claimant, discussed case, in light of jd, he will consult w/Dr. Geitz. | 0.1 | 100.00 | 10.00 |
| 12/29/2003 | Claimant called, re case, discussed wkr comp law, he indicated jd must include date at time of injury. | 0.2 | 100.00 | 20.00 |
| 12/29/2003 | Rec, read, & rev fax from Dr. re claimant's jd. | 0.1 | 100.00 | 10.00 |
| 12/30/2003 | Claimant called, he has seen Dr. Geitz, & discussed case, this counselor indicated a fax had been rec from Dr. | 0.2 | 100.00 | 20.00 |
| 12/30/2003 | Called employer, spoke w/Leveret Hoover, supervisor, confirmed claimant's dates of employment, wage, and position held. Mr. Hoover indicated no alt wk availalble. | 0.2 | 100.00 | 20.00 |
| 12/31/2003 | Dev. & completed eligibility assessment report. | 1.2 | 100.00 | 120.00 |
| 12/31/2003 | Called claimant, set appt to meet at 4:30 pm re eligibility assessment report. | 0.1 | 100.00 | 10.00 |
| 12/31/2003 | Met personally w/claimant, discussed case, reviewed eligibility assessment. | 0.2 | 100.00 | 20.00 |
| 12/31/2003 | Photo copying, 20 pages @ .35 per page =$7.00. | | 7.00 | 7.00 |

Please remit to North Rim Voc Rehab Services
PO Box 190993, Anchorage, AK 99519

**Total** $784.00



PO Box 190993-Anchorage, AK 99519   Phone: (907) 522-4884-Fax: (907) 522-3703

**200347**