Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) By and through his father LAWRENCE H. GROVE, | ) ) ) ) ) | Case No. 3:04-cv-0096-TMB |
| | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| UNOCAL CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

**[PROPOSED] ORDER RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT UNOCAL'S LIABILITY FOR NEGLIGENCE, PUNITIVE DAMAGES, AND ALLOCATION OF FAULT**

The plaintiffs, having moved for partial summary judgment against defendant Unocal as to negligence, punitive damages, and apportionment of fault, and having considered any and all opposition thereto, it is hereby ORDERED:

1.   Defendant Unocal is the owner of the building, and responsible for any and all structures built and attached

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571

1

to the building.   This includes the work platform/scaffold that collapsed, injuring plaintiff Larry Grove on or about September 9, 2002.   It has been admitted by Unocal employees, and it is undisputed that the work platform/scaffold was defective, unreasonably dangerous, and unsafe, and had been defectively designed, built and maintained.   Furthermore, there is sufficient evidence that such a structure could not be built within the Unocal building without the knowledge, permission or acquiescence of Unocal.   The evidence suggests that this structure had been in the Unocal building for many years.   It is also acknowledged in the record that Unocal had conducted periodic safety inspections of the building, and these safety inspection records have never been produced by defendant Unocal.   Furthermore, defendant Unocal, after the accident involving Mr. Grove and the OSHA inspection in March 2003, destroyed the platform and any and all evidence contained therein.

Unocal has been unable to locate and/or produce any records concerning the design, construction or maintenance of the work platform/scaffold.   It is appropriate to find that there has been spoliation of evidence, particularly the destruction of the work platform when Unocal had knowledge, or constructive knowledge, of Mr. Grove's injury and the significant probability of a lawsuit arising out of his

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

2

accident.   Furthermore, the failure of Unocal to have any evidence concerning the platform, suggests that spoliation of evidence and/or an adverse inference as to the destruction of evidence, is warranted, further supporting summary judgment as to negligence.

The testimony of former Unocal employee, Archie Cook, as well as the testimony of present employee Ken Burns, suggest that inspections were done to find hazards in the building, and that it is therefore likely that Unocal was aware of the hazard.  Unocal employee Ken Burns, who conducted safety inspections, testified that if he had seen the platform he would have had it removed.  There is sufficient evidence to find that the platform was negligently constructed and maintained, and is the cause of the accident and injuries to plaintiff Larry Grove.  Accordingly, with all the evidence presented in plaintiffs' motion, and what has been cited above, it is hereby appropriate to order that a finding of negligence against Unocal is warranted based on the standard of proof for summary judgment.

2.   Plaintiffs also seek a finding that punitive damages are warranted against defendant Unocal.   It is undisputed, based on the evidence outlined above, and in plaintiffs' Memorandum, that the work platform was inadequately designed, constructed and maintained.   There is

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200 Fax (907) 278-6571

3

also sufficient evidence to find that this platform/scaffold was in such poor condition that the continuing existence of same without removing it, and without adequate maintenance and corrective action, amounts to reckless disregard to the interests of others, and safety of others, including that of contractors.  It is also further found that contractors were the individuals that were most likely to need to access the work platform/scaffold to conduct work in the filter room in the top floor of the Unocal building.  Unocal also had a contract with the contractor, Siemens Building Technologies, Inc. ("Siemens"), that in certain situations would provide that Siemens would indemnify Unocal for Unocal's own negligence.  Thus, Unocal placed itself in a position that the individuals that would be most likely to encounter the threat were individuals from sub-contractors such as Siemens, and Unocal also had contractual provisions with sub-contractors such as Siemens, that would shift the losses sustained by contractor employees to that of the sub-contractor.  Thus, it is reasonable to presume that Unocal took less of an interest in remedying a dangerous condition when the harm appeared to be most likely to fall upon that of contractor employees, and Unocal might expect to be indemnified by the sub-contractor for injuries to sub-contractor employees.  Accordingly, it is appropriate to find that this amounts to reckless

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200 Fax (907) 278-6571

4

indifference, and justifies the imposition of punitive damages against Unocal for the injuries sustained by the plaintiffs herein.

3.   Defendant Unocal has filed a notice seeking to assert apportionment of fault against plaintiff Larry Grove's employer, Siemens.  Plaintiffs also move for summary judgment precluding defendant Unocal from shifting the risk of loss from itself through apportionment of fault to Larry Grove's employer, Siemens.  Under AS 09.17.080, in general there is apportionment of fault under the Alaska State Law of Torts. It is also recognized that even though the employer has the benefit of the exclusive remedy provisions of AS 23.30.055, and thus cannot be found liable in tort to its own employee, that a third party tort feasor in appropriate circumstances may seek to apportion fault to the employer, with the net result that the employee cannot recover the damages that are allocated to the employer.  Plaintiffs seek an order that either finds that such apportionment should not be allocated to Siemens or that Unocal should be considered jointly liable with Siemens such that even though Siemens does not have to pay any such damages, that Unocal being also liable for said damages, will still be liable for same.

First,  the  court  finds  there  is  insufficient evidence of negligence by Siemens and that plaintiffs are

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571

entitled to summary judgment and that no apportionment of fault shall be assessed against Siemens.

The court also finds that there appears to be an indemnity agreement between Siemens and Unocal wherein Siemens might need to indemnify Unocal for damages resulting from the negligence of Unocal to employees of Siemens. Thus, has an interest in seeking to place as much fault upon itself as possible to diminish the liability of Unocal, which in turn would ultimately diminish the liability for payment for any such damages on Siemens through an indemnification contract. The court notes that the defendant Unocal has failed to provide the actual indemnification agreement(s) between Siemens and Unocal. To the extent that any Siemens employees testify, it is appropriate to impeach the Siemens employees with the evidence that it is to the benefit of Siemens to in fact attempt to have the blame placed upon Siemens instead of Unocal. The court also finds that it is contrary to public policy to allow such an indemnification clause to have effect, and to permit the third party tort feasor to evade responsibility by having the employer assume the responsibility for the accident. The court also finds that joint representation of Unocal and Siemens by the same defense counsel supports a decision that Unocal cannot allocate fault to Siemens due to the collusive nature of their relationship.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

The court finds that under the Alaska Apportionment statute parties usually will be attempting to minimize their own fault, and the purpose of the statute is not realized when two parties work together to increase the percentage of fault of the employer while attempting to diminish the fault of the third party tort feasor under the joint representation of the same counsel.

The Court notes that Siemens, as the employer, has a statutory lien for worker's compensation benefits paid to Larry Grove arising out of the accident that occurred while he was in the course and scope of his employment for Siemens. Yet, it has been shown that the defense counsel representing Unocal is also the defense counsel that has been representing Siemens, at least for a large portion of this case. Accordingly, Siemens and Unocal have been working together and cooperating through defense counsel in pursuing this claim, and therefore, there is no arms length distance between these two entities in regard to any apportionment of fault issues. Not only is Siemens now operating contrary to the lien that it possesses under the Worker's Compensation Act, but by cooperating with Unocal, Siemens' testimony is tainted by this collusion/joint defense. It would be contrary to public policy to allow an employer and a third party tort feasor to collude in such a manner to the detriment of the plaintiffs.

This joint cooperation includes defense counsel for Unocal representing itself as defense counsel for Siemens in seeking records from various sources, including OSHA and Worker's Compensation. This close cooperative effort includes the efforts by defense counsel to prevent plaintiffs from interviewing witnesses from employer Siemens while at the same time in cooperation between Siemens and Unocal, Siemens employees were sent over to Unocal defense counsels' office for "pre-deposition interviews" with Unocal defense counsel, thus learning whatever information they could from witnesses, while preventing plaintiffs' counsel from having the same access. Furthermore, this one-sided access has also resulted in the potential tainting of witnesses, and furthers the plaintiffs' theory of collusion. Furthermore, Siemens has turned over to Unocal, and Unocal defense counsel, which is also Siemens' defense counsel, all records that it possesses that might have any bearing on this case, while at the same time either withholding the records, or redacting records, that are provided to plaintiffs' counsel, after being reviewed by defense counsel.

The evidence of close cooperation between Siemens and Unocal compels this court to determine that apportionment of fault as to Siemens is not appropriate and in keeping with the purpose of the Apportionment statute in this case, as both

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

parties have so colluded and cooperated with each other to the point that they should be treated as one entity for purposes of allocation of fault. That is, that Unocal will not get the protection of the exclusive remedy provision, while Siemens still has the protection of the exclusive remedy provision. However, any fault that is attributable to Siemens will also be considered that of Unocal for purposes of this case. In other words, Unocal will not benefit by seeking, through its joint cooperation strategy with Siemens Building Technologies, Inc., to shift responsibility in any part to Siemens. It is a conflict, and such joint representation is contrary to the purposes of the worker's compensation lien, contrary to the purposes of the apportionment statute, and the witnesses for Siemens' management, if any, who may testify and try to take some of the blame, is so tainted now by this cooperative effort/conflict of interest, that such testimony should not be permitted to result in allocation of fault to Siemens.

4. As to allocation of fault between Unocal and Larry Grove, there is insufficient evidence to show that Larry Grove had the training and safety credentials, and knowledge of the deficiency of the manner in which the work platform/scaffold was constructed, including the deficient bolts/screws utilized, and the corrosion to the bolts/screws over the passage of time. Thus, it would be inappropriate in

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

this case as a matter of law to assess any percentage of liability to Mr. Grove in this matter.

Accordingly, plaintiffs' Motion for Summary Judgment as to Apportionment is GRANTED.  Unocal is assessed 100% of the fault for this accident.


DATED: _____          _____
                                U.S. DISTRICT COURT JUDGE


## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2007 a copy of the foregoing **[PROPOSED] ORDER RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT UNOCAL'S LIABILITY FOR NEGLIGENCE, PUNITIVE DAMAGES, AND ALLOCATION OF FAULT** was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC.  /s/ Michael Cohn

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571