LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

**FILE COPY**

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

April 18, 2006

John Thorsness
Linda Johnson
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re: <u>Grove v. Unocal</u>; Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness and Ms. Johnson:

In light of the Discovery Status Conference held before Judge Burgess on April 10, 2006 in which it was decided we would attempt to work out our discovery needs, and report back to the court, and in light of the court's indication that if we do not work out our discovery issues that a Discovery Master will be appointed in this matter, I will attempt to set forth in this letter the discovery requirements of plaintiffs in this matter at this stage in the litigation. To the extent that certain matters are not discussed herein but are covered by plaintiffs' Motion for Default and/or letters to counsel regarding discovery that has not been produced, any failure to mention everything that has been stated previously should not be taken as a waiver to all those discovery requests. That is, all discovery that should be produced or answered is still subject to compliance by the defendant.

1.   In regard to the state of discovery as it exists to date, I will start at the beginning. In defendant's Response to plaintiffs' First Discovery Requests, Interrogatory No. 1 asked a number of questions, including the location of building records, including records concerning the work platform/scaffold. The response was "...because Unocal did not erect the subject platform/scaffold, questions pertaining to the location of records concerning procurement of materials and supplies in connection therewith should be directed to the parties most knowledgeable concerning the subject platform/scaffold as identified above." I am also mindful of the fact that Ms. Johnson indicated to me at the close of the hearing that Unocal allegedly has no documents regarding the work platform. However, in light of all that has been learned to date, including the obvious fact that the work platform was erected within the Unocal building, and testimony of witnesses and information provided by witnesses that such structures could not be placed in the building without the approval, authorization or requisition from Unocal, a statement by Ms. Johnson is insufficient. That is, even if that is the information that has been conveyed to her by representatives of Unocal, the way the Answer to Interrogatory No. 1 to plaintiffs'

Exhibit 1
page 1 of 8

4-18-06

John Thorsness
Linda Johnson
April 18 2006
Page 2

First Discovery Request was answered was not that records have not been located, but merely a statement that implies Unocal conducted no search for this information and that other parties should be contacted. As noted by Doug Schutte in his 30(b)(6) deposition for Siemens Building Technologies, Inc., any such records that Siemens would possess concerning the building or erection of the work platform would be through work orders or service orders from Unocal, and thus even if such records existed through contractors, they would also be in Unocal's own files. Furthermore, the Answer to Interrogatory No. 1 does not convey that any effort was made to actually search for said records to find out if in fact there were any records. To the extent that Ms. Johnson now claims that Unocal says there are no such records, I have a right to know who are the individuals that say there are no such records, what actual search was made for said records, and I want the opportunity to depose any such individuals as to their knowledge of the Unocal records and what efforts were made to locate the records. That is, if say an individual that began working in the building in 2002 or 2003 provided the information to Ms. Johnson as to a structure that it may have been built as far back as the 1970's, I have the right to know what is the basis for that individuals knowledge that there are no such records. Therefore, once again, we request that all such records concerning not only the procurement of materials and supplies, but the design, construction, maintenance, inspection, authorization and approval of the work platform be produced at once. I also note that since the time period that the work platform was built has not been narrowed down, it is necessary to ask for records as far back as the construction of the building. The time frame cannot be limited.

2.    In several responses to discovery requests, including defendant's Response to plaintiffs' First Discovery Requests, Unocal answered "upon information and belief, Siemens Building Technologies, Inc. is the owner of the described platform/scaffold" (see Answer to Interrogatory No. 2); and plaintiffs' Second Discovery Requests the response to Request for Admission No. 1 Unocal stated "upon information and belief, plaintiff's employer, Siemens Building Technologies, Inc. erected the subject platform in connection with performance with HVAC services." Plaintiffs are entitled to know the individuals who provided the basis for this "information and belief," and any and all documentation that Unocal possesses or knows about that support these statements in response to the first two discovery requests, and any and all records that support the basis that somehow Siemens is the owner and/or erector of the subject platform. Note that in response to Plaintiffs' Third Discovery Requests, which asks for the basis for these allegations by Unocal in response to the first two discovery requests, Unocal provided the names of seven individuals. As we know from the depositions of Mr. Crapps and Mr. Cook, they have no knowledge that would support the statements in response to discovery requests number one and two. Apparently neither does Mr. Cangale, Mr. Arnett, Mr. Barratt and Mr. Akers. Presumably, Ms. Sinz, who has been building manager after the accident involving Larry Grove, will tell us the extent of her knowledge of the Answers to Interrogatory No. 1 and Interrogatory No. 2 at her

John Thorsness
Linda Johnson
April 18 2006
Page 3

deposition. In short, the people that were conferred with as to Discovery Requests 1 and 2 according to Unocal in response to plaintiffs' Third Discovery Requests, appear from the basis of my investigation have no information to provide as to the allegations regarding ownership in the first two discovery responses. Furthermore, it appears that Unocal <u>did not</u> allege to OSHA that Siemens was the owner or builder of the work platform.

3.    You have indicated that you will get back to us as to whether or not we can depose Marc Bond, counsel for defendant. However, Mr. Bond verified the Response to plaintiffs' Second Discovery Requests, and he stated in the Verification certificate as follows:

> I, Marc Bond, being first duly sworn upon oath, deposes and states that I am the Assistant Counsel of Unocal, Corp. in Anchorage, Alaska. I have reviewed the answers to interrogatories, contained in plaintiffs Second Discovery Requests to Unocal Corporation, dated September 1, 2004 (mailed on September 3, 2004), and to the <u>best to my knowledge and belief</u>, the answers are true and complete. (Emphasis added.)

I have the right to find out what is the basis of his knowledge and belief that the answers to the Second Discovery Requests are correct.

4.    As stated previously, many of the discovery responses were not verified, and under the Civil Rules, verification is <u>required</u>. Please verify all unverified answers as set out in previous correspondence immediately.

5.    There is a duty to supplement and/or correct incorrect answers to discovery, and plaintiffs request that defendant supplements and/or corrects any previous responses to discovery requests by plaintiff.

6.    At the deposition of Doug Shutte of , taken on February 3, 2006, of Siemens Building Technologies, Inc. records, Mr. Shutte was put forth as the F.R.P.C. 30(b)(6) individual most knowledgeable concerning the records that plaintiffs were seeking in regard to Siemens/Unocal, and in particularly anything to do with Siemens and the work platform. If you review Mr. Shutte's deposition, you will note that he only provided records of Siemens/Unocal contracts from approximately May 2000 onward, and admitted at his deposition that other records regarding the Siemens/Unocal contracts going back to the early 1990's were available in archives, and I requested that these documents be made available, (1) because they were covered by the Subpoena and therefore should have been disclosed; and (2) furthermore, you previously indicated to us that since these documents were available through defense counsel, and I wrote defense counsel to get these records to us. It is <u>2 ½ months later</u>, and I still do not have the

John Thorsness
Linda Johnson
April 18 2006
Page 4

records regarding the prior contracts, including the service orders that Mr. Shutte indicated would be in existence *if* there were any documents in regard to any erection of the work platform or any authorization or approval by Unocal for Siemens to construct such a work platform. These records must be produced as they were covered within the 30(b)(6) deposition, and it is legitimate discovery, and I requested it in correspondence, and I still do not have these documents, over *two* months later.

7.   In addition, Mr. Shutte indicated he could not locate any OSHA documents in possession of Siemens. Unless said documents have been destroyed, I know that Siemens Building Technologies, Inc. must possess OSHA documents as I have learned that said documents have in fact been reviewed by individuals from Siemens Building Technologies, Inc. I request all such OSHA records in the possession of Siemens to be produced.

8.   In response to recent discovery requests, you have apparently claimed that the only issue, in regard to the Siemens Building Technologies, Inc.'s records, are the payroll records, which are Exhibit 11 to the Shutte deposition. As noted above, that is incorrect. Furthermore, we still do not have these earnings records of Mr. Grove.

9.   At the deposition of Archie Cook, he referenced periodic inspections of the building by safety technicians such as Ken Burns to identify hazards in the building at 909 West 9th Avenue. It is a legitimate discovery that I receive each and every safety inspection ever conducted on this building from the time the building was opened to the present time.

10.   We want the copies of the Unocal "main file" defense counsel referred to on page 9 of Unocal's Surreply Re: Motion to Compel.

11.   We want to know who put the Unocal main file together; how they put the file together; from where did they get the documents to put this file together; how they were able to find the Crapps Affidavit that Unocal claimed was separated from the Unocal main file, if in fact it was separated from the Unocal main file; and why the Crapps Affidavit was not located before and produced to plaintiffs at the outset of this litigation. In other words, once again, the question as to how the search was conducted by Unocal for records is relevant in this case. It is thus important that I have an opportunity to depose any and all people that conducted the search to verify that a search was actually made of the records, how the records were kept, and what records there are and why they were not located before, and how they were able to be located now.

12.   We want the redacted material from DEF00027. I note that you may claim attorney/client privilege, but that attorney/client privilege should only apply to legal strategy and not to factual information first of all. Second of all, it appears that there was

John Thorsness
Linda Johnson
April 18 2006
Page 5

more than just communication from the legal department, but other individuals such as Roxanne Sinz who may have had input into the document which is not necessarily subject to attorney/client privilege, unless it was at the direction of the Unocal legal department. In any event, if said document is not produced to us, it should be turned over to the court for in camera review.

13. We want all interrogatories answered, including those that you have claimed exceed 25 interrogatories guideline. I note that in your recent request to Sarah Grove, you have asked multipart questions, and that I could easily claim includes 5 or 6 interrogatories. Likewise, I can go back to previous interrogatories and claim that you have asked several questions within each question, and therefore exceeded the number allowed under the rules. This, in my view, is nit picking and is not in keeping in the spirit of cooperation between parties. Therefore, I request that all interrogatories that have not been answered, be answered.

14. The document DEF00027 referred to an email. It is hard to believe there are no email communications between the various individuals of Unocal concerning Larry Grove and/or the accident and/or the work platform. All such documentation should be produced.

15. To the extent not previously covered by previous requests, we want all safety/management meetings/minutes that pertain to any safety issues at 909 West 9th Avenue.

16. We want any and all records regarding the penthouse in the Unocal building at 909 West 9th Avenue, including any and all repairs, maintenance, remodeling, renovations, asbestos removal/remediation; and inspections.

17. We previously indicated we wanted to depose 30(b)(6) individuals from Unocal. We request identification of 30(b)(6) individuals regarding matters set forth in our Supplemental Witness List and in letters to you, and that you make said individuals available for deposition.

18. You still have not answered the questions regarding the relationship between Unocal/Siemens/defense counsel. We have a right to know whether or not the tender of defense was accepted by Siemens, and we have the right to know whether or not there are any indemnification agreements between Unocal and Siemens; we have the right to know whether or not Unocal counsel is representing Siemens. All these issues go to credibility and bias; among other reasons. I note that when I took the 30(b)(6) deposition of Siemens Building Technologies, Inc. on February 3, 2006, in which Doug Shutte appeared, that apparently many documents that I was reviewing for the first time had already been turned over and reviewed by Unocal and/or defense counsel.

John Thorsness
Linda Johnson
April 18 2006
Page 6

19. We want cooperation in setting all depositions, and in determining who shall take the deposition. Furthermore, we need to resolve the issue concerning who will go first in the Robert Sprinkle and Charles Arnett depositions.

20. We need to resolve the issue of setting depositions without prior notice to counsel. In addition, I note that at the same time as the Charles Arnett deposition of April 25, 2006 you have set a records deposition. Now you may have automatically available more than one attorney to conduct these depositions, but the courtesy of notice to plaintiffs' counsel to ensure that plaintiffs' counsel will have available attorneys to appear at the depositions set would be appreciated.

21. The OSHA records indicate that after the OSHA inspection of March 3, 2003, Ms. Sinz and Mr. Burns directed the Unocal building maintenance technician to remove the platform and a stepladder that was being used to access the platform. See LG00755. We are entitled to any and all documents, including emails and memorandums regarding that event.

22. We are entitled to, as noted previously, all OSHA records that were in the possession of Siemens and/or Unocal.

23. We request any and all fire marshal inspections of the Unocal building at 909 West 9th Avenue.

24. We request any and all records you have obtained as to Larry Grove and/or his family.

25. We request any and all photographs and/or videotapes that you have obtained or made regarding Larry Grove and/or his family.

26. In plaintiffs' Ninth Discovery Requests we also added a request for inspection of records. Your answer that we could simply inspect the records that you have already produced is unacceptable and in non-compliance with discovery rules, insofar as the plaintiffs are entitled to conduct an inspection for records.

27. In regard to any claim that you may make that there are no records, or that you can't find records, we are entitled to know what search was made, who made the search, the extent of the search, and we are entitled to depose said individuals.

28. We are also entitled to depose any and all individuals that verify any responses to discovery, and we are entitled to depose any and all people that provide information that forms the basis for the discovery answers that have been provided to date.

John Thorsness
Linda Johnson
April 18 2006
Page 7

29. We are entitled to records of any and all periodic monthly or weekly safety meetings for the Unocal building at 909 West 9th Avenue.

30. We also are entitled to personnel records for Unocal individuals such as Ken Burns, who conducted safety inspections, including but not limited to his experience and qualifications and training, to conduct said safety inspections.

31. We are promulgating discovery requests asking for any and all records regarding Unocal manuals, requirements, procedures in regard to design, construction, maintenance and inspection of work platforms utilized by Unocal from the time the building was constructed to the present date.

32. We are also entitled to a list of all contractors that have performed the HVAC work for the Unocal building at 909 West 9th Avenue from the time the building was constructed to the present date.

33. We are also entitled to depose Mr. Eaton following receipt of requested records.

34. We are also entitled, if necessary, to depose the head of the engineering department that was referenced in Mr. Cook's deposition as the person that would be responsible for the design of such structure (work platform) in the building.

35. In regard to any physical capacity evaluation testing of Larry Grove by defendant, I note that we intend to have an observer present and also videotape any such testing performed by defendant's retained experts.

36. We also need to finalize plans for inspection of the bolts, washers, and nuts; to reach an agreement regarding substitution of Union Oil Company of California as Defendants (and decide what to do about other entities so named).
Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                    1419
CONNECTION TEL                         2729586
SUBADDRESS
CONNECTION ID
ST. TIME                    04/18 10:31
USAGE T                     01'18
PGS. SENT                       8
RESULT                         OK
```

LAW OFFICES

# PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

## TELECOPIER COVER LETTER

Please deliver the following pages to:

NAME: John Thorsness & Linda Johnson

FIRM: Clapp Peterson Van Flien Tiemessen & Thorsness, LLC

FAX NO.: 272-9586            TELEPHONE NO.:

FROM: Michael Cohn

DATE: 4-18-06                TIME: 11:35 a.m.

MATTER: Grove v. Unocal

FILE NO.: 680.01

COMMENTS:

WE ARE TRANSMITTING ___8___ PAGES (including this cover page). If you do not receive all the pages, please contact Elizabeth as soon as possible, at (907) 276-1200.

Grove

# CLAPP • PETERSON
## VAN FLEIN • TIEMESSEN • THORSNESS
### — LLC —

ANCHORAGE

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
Linda J. Johnson
Liam J. Moran, Of Counsel

**RECEIVED**

APR 2 7 2006

WEIDNER & ASSOCIATES

FAIRBANKS

John J. Tiemessen
David A. Carlson

Marcus R. Clapp, ret.

April 27, 2006

**By Facsimile
278-6571**

Michael Cohn, Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

Re: *Grove v. Unocal Corporation*
Our File No. 6200-1

Dear Mike:

I received you letter of April 24, 2006 in which you express your intention to talk to past and current employees of Siemens Building Technologies. I have passed your letter to Siemens' attorneys and requested that they advise us on their wishes. Please <u>do not</u> contact these employees until you have heard from me.

Sincerely,

Linda J. Johnson

cc: Marc Bond, Esq.
Patrick Duggan, Esq.
John Thorsness, Esq.

Exhibit 2
page 1 of 1

LAW OFFICES
PHILLIP PAUL WEIDNER AND ASSOCIATES    **FILE COPY**
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

May 8, 2006

Linda Johnson                                          *Via fax to 272-9586*
Clapp Peterson Van Flein                               *& U.S. Mail*
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

Re:    Grove v. Unocal; Case No. A04-0096 CV (JKS)

Dear Ms. Johnson:

We are in receipt of your letter in which you indicated we were not permitted to contact former and present employees of Siemens Building Technologies, Inc. Please explain how it is fair that you are allowed unlimited access to Siemens personnel and we are denied the right to contact witnesses.

Specifically, please inform us of the legal (and any other) authority or right you possess to prevent us from contacting former Siemens employees. What attorney/client relationship or other relationship do you have that gives you the ethical and legal right to claim that authority.

Also, inform us of the legal (and any other) authority or right you possess to prevent us from contacting non-management employees of Siemens. What attorney/client relationship that you possess with these employees that gives you the ethical or legal right to demand that we cannot contact these employees.

Furthermore, inform us of the legal (and any other) authority or right you possess to prevent us from contacting present managerial employees of Siemens.

Finally, you need to explain to us how you can simply make witnesses off limits to opposing counsel while you have free access to those same witnesses.
We are also entitled to <u>all</u> information concerning the relationship between Unocal-Siemens as this is relevant as to credibility, and bias. Why is Siemens cooperating with you? Does Siemens fear financial retaliation by Unocal (in the form of denied contracts,

Exhibit  3
page  1  of  2

5-8-06

Linda Johnson
May 8, 2006
Page 2

refusal of future work) if it does not play ball with Unocal. What threats or retaliation does Siemens employees face if they exercise their right to talk to plaintiff's counsel?[1]

Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

---

[1] For that matter, much of the information requested in the 30(b)(6) records deposition of Siemens representative Doug Shutte on February 3, 2006 has still not been provided. Not only do you seek to restrict access (which we reject) but you still have not even provided discovery that must be disclosed.

Grove

# CLAPP · PETERSON
## VAN FLEIN · TIEMESSEN · THORSNESS
### LLC

**ANCHORAGE**

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Linda J. Johnson
Monique R. Hegna
Liam J. Moran, Of Counsel

**RECEIVED**
MAY 1 0 2006
WEIDNER & ASSOCIATES

**FAIRBANKS**

John J. Tiemessen
David A. Carlson
Marcus R. Clapp, ret.

May 10, 2006

Via Facsimile: 278-6571

Michael Cohn, Esq.
Phillip Paul Weidner & Associates
330 L Street, Suite 200
Anchorage AK 99501

Re: *Grove v. Unocal Corporation*
Our File No. 6200-1

Dear Mike:

As Ms. Johnson indicated in her letter to you of May 1, in order to contact Siemens employees and former employees, please contact Steve R. Shamash, counsel for Siemens Corporation, at:

1000 Deerfield Parkway
Buffalo Grove, IL 60089
(847) 941-5310

Sincerely,

John B. Thorsness

Cc: Linda J. Johnson

Exhibit 4
page 1 of 1

5-10-06

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA )
GROVE, SARAH GROVE, and )
MICHAEL GROVE (DOB 1/21/88) )
by and through his father )
LAWRENCE H. GROVE, )
                                    )
            Plaintiffs, )
                                    )
    vs. )
                                    )
UNOCAL CORPORATION, )
                                    )
            Defendant. )
_____)
Case No. A04-0096 CV (JKS)

COPY

30(b)(6) DEPOSITION OF SIEMENS BUILDING
TECHNOLOGIES, INC.
DESIGNEE: DOUG SCHUTTE

Pages 1 - 46
Friday, January 3, 2006
2:06 P.M.

Taken by Counsel for Plaintiffs
at
Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska

Exhibit 5A
page 1 of 2

Page 4

1  ANCHORAGE, ALASKA; FRIDAY, FEBRUARY 3, 2006
2                 2:06 P.M.
3            (Exhibit No. 1 marked.)
4                  -o0o-
5              DOUG SCHUTTE,
6       deponent herein, being sworn on oath,
7         was examined and testified as follows:
8                EXAMINATION
9  BY MR. COHN:
10     Q   Good afternoon. My name is Michael Cohn.
11  I'm an attorney from the Law Firm of Phillip Paul
12  Weidner & Associates, and I'm here on behalf of the
13  plaintiffs, including Larry Grove, who at one point
14  was an employee of Siemens Technology.
15         MR. COHN: Can I ask for the other attorney
16  present to identify himself?
17         MR. MORAN: Liam Moran. I represent Unocal
18  Corporation and Siemens Building Technologies, Inc.
19         MR. COHN: Just to be clear, are you
20  representing Siemens for purposes of this deposition?
21         MR. MORAN: That's correct.
22         MR. COHN: Just for the record, I object to
23  counsel for Unocal Corporation representing, as
24  attorney of record, Siemens Building Technologies,
25  Inc.

Page 5

1  BY MR. COHN:
2     Q   Mr. Schutte -- did I pronounce it right?
3     A   Schutte.
4     Q   -- can you explain to me what brings you here
5  today?
6     A   This subpoena brings me here today.
7         MR. COHN: Let's mark the subpoena as
8  Exhibit 2.
9         (Exhibit No. 2 marked.)
10  BY MR. COHN:
11     Q   Marked as Exhibit 1 is the renotice of the
12  records deposition, and marked as Exhibit 2 is the
13  subpoena, which also has attached to it the renotice
14  of deposition, which Mr. Schutte has brought here
15  today.
16         Mr. Schutte, what is your position with
17  Siemens Building Technology?
18     A   Service manager.
19     Q   Were you assigned the task of complying with
20  this deposition?
21     A   Yes.
22     Q   And in your -- and who assigned you the task
23  of doing that?
24     A   Ben Seitz.
25     Q   And what did Mr. Seitz tell you to do?

Page 6

1     A   Prepare the documents.
2     Q   And what did you do to comply with the
3  subpoena request?
4     A   I prepared the documents that we had.
5     Q   Well, let's go through the list. Is this
6  your handwriting on Exhibit 2, page 2?
7     A   Yes.
8     Q   The first item requested contracts. How did
9  you go about finding the contract documents?
10     A   We have a contract file, and I got the
11  documents from the contract file.
12     Q   So can you briefly identify what documents
13  you have? Are the top documents the contracts that
14  you're talking about?
15     A   This is what we have for contracts with
16  Unocal.
17     Q   Is that all the contracts with Unocal for
18  servicing the building at 909 --
19     A   Yes.
20     Q   Would you know if and when any of the
21  handwritten portions were placed in the document, like
22  on page 6 of this contract?
23     A   No.
24     Q   So this is the first packet of documents, the
25  contracts. What else -- can you just tell me what you

Page 7

1  brought with you?
2     A   I have brought with me the information we
3  have to satisfy -- there we go [indicating]. Yeah, so
4  I went through 1 through 15 and gathered the documents
5  that we had for each of those items.
6     Q   Is there -- I notice that you have a
7  checkmark on "contracts" and a checkmark on
8  "correspondence," and then "AK OSHA investigation,"
9  you have "no," and then there's nothing on the
10  remaining items, other than, parenthesis, "OSHA."
11  Does that mean you just stopped putting checkmarks
12  down or you didn't have documents that apply to the
13  remainder?
14     A   That means I just stopped putting checkmarks
15  down.
16     Q   Now, what does putting "OK OSHA
17  investigation - no" down, what does that mean? Does
18  that mean that you're not --
19     A   We don't have any documents for that.
20     Q   And how did you determine that there were no
21  documents?
22     A   I looked in the place where we would keep
23  those kind of documents, and there weren't any there.
24     Q   Where is the place that those documents would
25  be kept?

# CLAPP · PETERSON
## VAN FLEIN · TIEMESSEN · THORSNESS
### LLC

**ANCHORAGE**

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

**FAIRBANKS**

John J. Tiemessen
David A. Carlson

Marcus R. Clapp, ret.

April 25, 2005

Mary Lee
St. Paul Travelers Insurance
1120 East Huffman, Ste. 23
Box 687
Anchorage, AK 99515

VIA FAX 562-2447

    Re: Lawrence Grove
    DOB: 8-11-53
    Ss# 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
    Our File No. 6200-1

Dear Ms. Lee:

Thank you for returning my telephone call today. As I indicated this firm represents Siemen's Building Technologies in a lawsuit that has been file by Lawrence Grove. The lawsuit is for damages surrounding an injury Lawrence Grove sustained on September 9, 2002. The attorney for Siemen's is John Thorsness and I am the paralegal assigned to the case.

I am writing to obtain copies of your files relating to the workers compensation claim of Lawrence Grove. The claim number given to me by Siemen's is 133-CB-AYL2598A. We would appreciate a copy of all records maintained in the files of St. Paul Travelers Insurance Co., relating to Lawrence Grove. We will pay a reasonable copying fee. Please enclose your invoice with the copies and I will make sure it is promptly paid.

Please feel free to call me if you have any questions.

Thank you,

Clapp, Peterson, Van Flein, Tiemessen & Thorsness

Lori L. O'Brien
Paralegal

Exhibit 5B
page 1 of 1

711 H Street, Suite 620 · Anchorage, Alaska 99501-3454
phone · 907-272-9272   email · anch@cpsattorneys.com   fax · 907-272-9586

FILE COPY

## LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

June 2, 2006

John Thorsness
Linda Johnson
Clapp Peterson Van Flien
Tiemessen & Thorsness, LLC
711 H St., Suite. 620
Anchorage, AK 99501-3454

*Via fax to 272-9586*
*& U.S. Mail*

Re:   Grove v. Unocal; Case No. A04-0096 CV (JKS)

Dear Counsel:

I have now reviewed the Responses to the 13th and 14th Discovery Requests. I find many of these answers woefully inadequate. For example, you claim in response to Request for Production No. 4 (14th Discovery Requests) that no undisclosed "formal" witness statements are in Unocal's possession. This is just one example of many inadequate and slyly worded responses. I did not ask for only "formal" interview statements, and besides, without definition, how do I know what you are self-interpreting "formal" interviews to mean? Another example are the safety reports for the building (Request No. 18) in which you claim (disingenuously) that all responsive non-privileged documents regarding safety inspections on the building have been previously requested and produced. <u>Where are Ken Burns' safety reports? Where are Lloyd Richardson's safety reports? Where are **ANY** pre-March 6, 2003 safety reports?</u> These are just some examples of a pervasive pattern of non-disclosure.

While it is obvious the extent of the non-responsiveness, I will not file any motions until July 2006 in light of our scheduled mediation.

While I expect to have the "surveillance video produced to Unocal by Griffin & Smith" shortly, I want <u>all</u> the video produced, not just the selected edited version, plus the name of the individual or individuals conducting the surveillance for Quantum Investigations, any audio on said tapes, any notes/reports by the surreptitious recorders, correspondence and contracts regarding the secret recordings.

Exhibit 6
page 1 of 3

6-2-06

John Thorsness
Linda Johnson
June 2, 2006
Page 2


Sincerely yours,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*


Michael Cohn
Attorney at Law

MC/ngb

```
                    *********************
                    ***   TX REPORT    ***
                    *********************

        TRANSMISSION OK

        TX/RX NO                1675
        CONNECTION TEL                      2729586
        SUBADDRESS
        CONNECTION ID
        ST. TIME                06/02 12:18
        USAGE T                 00'26
        PGS. SENT               3
        RESULT                  OK
```

LAW OFFICES

# PHILLIP PAUL WEIDNER AND ASSOCIATES

A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

## TELECOPIER COVER LETTER

Please deliver the following pages to:

NAME: __John Thorsness__

FIRM: __Clapp Peterson Van Flien__

FAX NO.: __272-9586__                TELEPHONE NO.: _____

* * * * * *

FROM: __Michael Cohn__

DATE: __6-2-06__                     TIME: __12:15 p.m.__

MATTER: __Grove v. Unocal__

FILE NO.: _____

COMMENTS: __Letter dated 6-2-06__

WE ARE TRANSMITTING ___3___ PAGES (including this cover page). If you do not receive all the pages, please contact ___Christy___ as soon as possible, at (907) 276-1200.