Phillip Paul Weidner
Weidner & Associates, Inc.
       330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs


          IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF ALASKA


LAWRENCE H. GROVE, CYNTHIA      )
GROVE, SARAH GROVE, and,        )
MICHAEL GROVE (DOB 1/21/88) by)
and through his father          )
LAWRENCE H. GROVE,              ) Case No.A04-0096 CV (JKS)
                                )
          Plaintiffs,           )
      v.                        )
                                )
UNOCAL CORPORATION,             )
                                )
          Defendant.            )
_____)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF RENEWED RULE 37 MOTION FOR ORDER COMPELLING DISCLOSURE/DISCOVERY**

INTRODUCTION

        COME NOW plaintiffs, LAWRENCE H. GROVE, CYNTHIA GROVE,

SARAH GROVE, and MICHAEL GROVE, a minor (DOB 1-21-88), by and

through his natural father, LAWRENCE H. GROVE, by and through

counsel, Phillip Paul Weidner of Phillip Paul Weidner &

Associates, Inc., a Professional Corporation; and hereby move

the court, pursuant to Federal Rules of Civil Procedure 37 for

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

an order compelling defendant Unocal to comply with plaintiffs'
legitimate discovery requests, which to this date have not been
done, despite repeated requests in many instances for defendants
to comply with the Federal Rule of Civil Procedure in regard to
discovery.

Plaintiffs, in fact, filed a Rule 37 motion for Default
Against Defendant as Sanction for Willful Bad Faith Non-
Compliance, to wit, Discovery and/or Order Compelling
Disclosure/Discovery on or about March 28, 2006 which concerns
some but not all of the matters contained in this motion. The
parties attempted to settle many of the discovery disputes
following a hearing last year. See Affidavit of Michael Cohn
attached hereto, and Exhibit 1 to the Affidavit. See also
*Plaintiffs' Memorandum in Support of Rule 37 Motion for Default
Against Defendant as Sanction for Willful Bad Faith Non-
Compliance with Discovery and/or Order Compelling
Disclosure/Discovery* at Docket No. 49; and *Affidavit of Michael
Cohn in Support of Rule 37 Motion for Default Against Defendant
as Sanction for Willful Bad Faith Non-Compliance with Discovery
and/or Order Compelling Disclosure/Discovery* at Docket No. 61;
and *Plaintiffs' Reply in support of Rule 37 Motion for Default
Against Defendant as Sanction for Willful Bad Faith Non-
Compliance with Discovery and/or Order Compelling
Disclosure/Discovery, and Opposition to Defendant's Surreply to*

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

*Motion to Compel and Defendant's Motion for Rule 37 Sanctions* at
Docket No. 70; and *Affidavit of Michael Cohn in Support of
Plaintiffs' Reply in support of Rule 37 Motion for Default
Against Defendant as Sanction for Willful Bad Faith Non-
Compliance with Discovery and/or Order Compelling
Disclosure/Discovery, and Opposition to Defendant's Surreply to
Motion to Compel and Defendant's Motion for Rule 37 Sanctions* at
Docket No. 71, incorporated herein by reference.

Some of the issues in plaintiffs' previous Rule 37 motion
have been resolved, either through the passage of time, or are
no longer meaningful in light of discovery that has occurred.
Other matters have come up since that time including:

1.    Plaintiffs learned that Unocal employee, Ken Burns,
had done a number of safety reports as to the Unocal building.
However, Unocal has never turned over any of these safety
reports to the plaintiffs, see Exhibit 6;

2.    Defendant Unocal revealed that there was a March 4,
2003 staff meeting regarding the work platform that collapsed
injuring Larry Grove, and the OSHA inspection, see Exhibit 7.
The entire document has been redacted and despite a request to
produce same, defendant has been unwilling to do so and has in
fact failed to respond to plaintiffs' requests to do so;

3.    Plaintiffs were informed in no uncertain terms that
they would not be permitted to have access to Siemens Building

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Technologies Inc., (Siemens) employees (see Exhibits 2-4) while at the same time, Siemens' employees were run through a "pre-deposition interview process" by several Unocal attorneys, thus, prohibiting plaintiffs from obtaining crucial information while at the same time furthering the collusive efforts of both Unocal and Siemens, which were represented by the same counsel.  See Exhibits 5A and 5B;

4.    Finally, since the previous motion, the defendants have admitted to conducting secret surveillance of Larry Grove and plaintiffs respectfully request that the Court order defendants to turn over all records of such secret surveillance including contracts between defendants and the secret surveillers, the notes of the secret surveillers, the identity of the secret surveillers, and complete un-redacted copies of all secret surveillance of Larry Grove and his family (see Exhibit 6).  Note, ironically, that this is at least the second time that Larry Grove has been subjected to secret surveillance which comes after the hearing that was held before the Court in regard to the last submittal of motions by both parties in regard to discovery violations/sanctions in which both parties agreed to attempt to cooperate in regard to discovery matters.

Defendant, should be required to make full disclosures as required by Federal Rule of Civil Procedure 26(a); to verify answers to interrogatories as required under Federal Rules of

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Civil Procedure 33(b); to fully identify and produce documents
that are supposed to be produced, but said documents were not
disclosed or made available to plaintiffs; to allow the
plaintiffs to inspect records of defendant as requested under
Federal Rules of Civil Procedure 34; for failure to answer
properly proposed interrogatories by claiming, incorrectly and
in bad faith, that the plaintiffs have exceeded the number of
interrogatories allowed under the rules (or in the alternative,
allow the plaintiffs to submit additional interrogatories in
excess of the allowed number without motion), and for providing
evasive, incomplete disclosure, answers, or responses to
plaintiffs' discovery requests.

                          SUMMARY OF LAW

        In Bratka v. Anheuser-Busch Co., 164 F.R.D. 448 (S.D.
Ohio 1995) the court noted that if litigants are to have any
faith in the discovery process, litigants must know parties
cannot fail to produce, cannot fail to disclose, cannot fail to
comply with discovery requests for relevant information with
impunity.  "Parties cannot be permitted to jeopardize integrity
of discovery process by engaging in halfhearted ineffective
efforts to identify and produce relevant documents."  This is
one of the many failures by defendant in the discovery process
herein.  See Affidavit of Michael Cohn attached hereto.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Plaintiffs are seeking an Order compelling discovery pursuant to Federal Rule of Civil Procedure 37.  The predominant purpose of Rule 37 is to punish non-compliance with discovery and pretrial orders.  Resolution Trust Corporation v. Wilson M. Williams, et al., 165 F.R.D. 639 (D.C. KN. 1996).  A direct order is not needed under Rule 37(a) or (b) for the court to issue sanctions under subsection (d) for willful failure to comply.  Alexander v. FBI, 186 F.R.D. 200 (D.C. Dist. Court). The court is not required to make specific findings that counsel instructed the party to evade discovery before imposing sanctions.  The rule is sufficient to impose sanctions where the attorney advises and/or oversees the discovery responses. DeVaney v. Continental AM. Inc. Co., 989 F.2d 1154 (11th Cir. 1993).

A party is under an obligation to produce documents that have been wrongfully withheld or to supplement discovery once the party becomes aware that there were material false statements in response to discovery.  Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 402 F.3d 1198 (5th Cir. 2005) includes an obligation by counsel to promptly correct misinformation provided in discovery responses.  Furthermore, belated compliance with discovery by a party does not preclude appropriate sanctions for non-compliance.  Payne v. Exxon Corporation, 121 F.3d 503 (9th Cir. 1997).

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

In this case there have been massive, willful, bad faith non-compliance with plaintiffs' discovery requests, which have vastly complicated this case, impeded plaintiffs' ability to pursue this action and said impediments are continuing to the present date.

<u>HISTORY OF DEFENDANT'S WILFUL BAD FAITH, NON-COMPLIANCE AND FAILURE TO MAKE DISCOVERY</u>

The plaintiffs will not recite the entire history of the defendant's bath faith and non-compliance of failure to make discovery.  Much of this has been covered in the previous filings at Docket Nos. 49, 61, 70 and 71.  To the extent that there is additional matters that have come up since that previous filing, the new matters will be discussed in this pleading.  In addition, a new affidavit of Michael Cohn is submitted which mostly pertains to matters since March 2006.

**1.  DEFENDANT HAS FAILED TO VERIFY DISCOVERY ANSWERS CONTRARY TO THE REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiffs have promulgated a number of discovery requests to defendant during the course of this litigation. Despite repeated requests to do so, it appears defendant has apparently failed to verify its Response to Plaintiffs' First Discovery Request, its Response to Plaintiffs' Third Discovery Requests, its Response to Plaintiffs' Third (sic) Discovery Requests, its Response to Plaintiffs' Fifth Discovery Requests,

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Defendants Supplemental Response to Plaintiffs' Fifth Discovery
Requests, Defendants Second Supplemental Response to Plaintiffs'
Fifth Discovery Requests, Response to Plaintiffs' Ninth
Discovery Requests, and defendant's Response to Plaintiffs'
Tenth Discovery Requests.  Defendant has verified its Response
to Plaintiffs' Second Discovery Requests, Plaintiffs' Sixth
Discovery Requests and Plaintiffs' Seventh Discovery Requests.[1]

        The Federal Rules of Civil Procedure require that the
answers to interrogatories be verified by the party.  See
Federal Rule of Civil Procedure 33(b).  See also Monroe v.
Ridley, 135 F.R.D. 1 (D.C. Dist. Court 1990).  Plaintiffs
respectfully request that the court order defendant to verify
all responses to plaintiffs' interrogatory requests.  In the
alternative, the Court is asked to deem the discovery requests
that defendants willfully refused to verify as if they were
verified for purpose of trial or in the alternative allow there
to be an adverse inference against the defendants for the
failure to verify interrogatory requests.  *See, e.g.*, Fisher vs.
Baltimore Life Insurance Company, 235 F.R.D. 617, 628 (N.D.W.
GA. 2006)

        "Answers to Interrogatories shall be in such
        form that they may be used upon at a trial."

---

[1] Plaintiffs' Eighth Discovery Requests were only Requests for
Production, hence no verification is required.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Because Unocal responses fail to include in many instances a corporate office verification under oath that the answers are true and correct, there response are essentially useless for trial purpose unless the relief requested by the plaintiffs is granted.  See Federal Rule Civil Procedure 33(b)(1)-(2).  To not order relief as requested by the plaintiff would reward defendant's own delinquency or failure to comply with the rules of procedures to its advantage.

Defendant continues to fail to follow the discovery requirements by ignoring plaintiffs repeated requests that these discovery responses be verified.  See Affidavit of Michael Cohn.

### 2.    FAILURE TO TURN OVER DOCUMENTS OR EXPLAIN RELATIONSHIP BETWEEN UNOCAL/SIEMENS

In plaintiffs' Eighth Discovery Requests, plaintiffs asked for any and all correspondence and documents between Unocal and Siemens in regard to the accident involving Larry Grove and/or the contract between Siemens and Unocal, and any proceeding subsequent contracts and documents concerning performance by Siemens and/or responsibilities under the contract, etc.  Unocal responded by producing a September 17, 2004 letter in which it tendered the defense and indemnity of Mr. Grove's claims to Siemens, pursuant to Section 6 of the Siemens/Unocal Contract.  The letter was signed by Assistant

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Counsel for Unocal, Marc D. Bond.  The documents are identified
as DEF01106-01107.  Defendant has failed to produce any response
from Siemens to this letter, and any other correspondence
regarding same.  When counsel for defendant Unocal, John
Thorsness, was asked about the tender of defense on March 3,
2006, he responded by stating that plaintiffs should send
discovery requests, even though plaintiffs had already sent
discovery requests.

Defendant has been unwilling to produce any
information regarding whatever deal has been made between Unocal
and Siemens.  This is improper and in violation of the rules and
is clearly relevant to the issues in this case.  Defendant has
recently filed a pleading indicating its intent to seek
allocation of fault against Larry Grove's employer Siemens.  In
regard to same, it is expected that Unocal will attempt to point
the blame at Siemens and possibly even attempt to have certain
Siemens management or other employees come in and shoulder the
blame for any negligence.  It would be important in cross-
examining or impeaching such individuals to learn what is the
arrangement that has been made between Unocal and Siemens.  To
the extent that Siemens is assigned any percentage of fault and
with the workers' compensation exclusive remedy bar, their
damages are not recoverable by the plaintiffs.  Any percentage
of fault assigned to Siemens in turn results in Unocal having a

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

lower apportionment of fault.  If Siemens in turn must indemnify

Unocal under any agreement between Unocal and Siemens for all

the damages that Unocal must pay, Siemens in fact lowers its own

liability by asserting its own culpability and a higher

percentage of fault for Siemens.  Thus, it benefits Siemens to

take the blame.  This information is relevant to any testimony

of Siemens' individuals.

        In addition, Unocal and Siemens have been represented

by the same counsel.  See Affidavit of Michael Cohn and Exhibits

5A and 5B.  Thus, in request for records, Unocal counsel has

represented themselves as counsel for Siemens in seeking

records.  <u>Id</u>.

> … <u>As I indicated this firm represents Siemen's Building
> Technologies in a lawsuit that has been file by
> Lawrence Grove</u>.  The lawsuit is for damages surrounding
> an injury Lawrence Grove sustained on September 9,
> 2002.  <u>The attorney for Siemen's is John Thorsness</u> and
> I am the paralegal assigned to the case.
>
> I am writing to obtain copies of your files relating to
> the workers compensation claim of Lawrence Grove.  The
> claim number given to me by Siemen's is 133-CB-
> AYL2598A.  We would appreciate a copy of all records
> maintained in the files of St. Paul Travelers Insurance
> Co. relating to Lawrence Grove. …
> <u>April 25, 2005 letter from Clapp, Peterson, Van Flein, Tiemessen
> & Thorsness to St. Paul Travelers Insurance</u>, attached as Exhibit
> 5B; Emphasis added.

        In a records deposition of Siemens, Unocal counsel

represented himself as counsel for Siemens.  <u>Id</u>.

> <u>I represent Unocal Corporation and Siemens Building
> Technologies, Inc</u>.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Attorney Liam Moran of the Law Firm of Clapp, Peterson, Van
Flein, Tiemessen & Thorsness at the 30(b)(6) Records Deposition
of Siemens Building Technologies, Inc.; Exhibit 5A; Emphasis
added.

In fact, Unocal counsel has been provided open and
total disclosure of Siemens' records as counsel for both Unocal
and Siemens while plaintiffs' counsel has been forbidden from
obtaining many of these records.  Indeed, any records that
plaintiffs received have been thoroughly reviewed by defense
counsel first and in many instances redacted.   These documents
obviously have been viewed by defense counsel in an un-redacted
version.  Furthermore, plaintiffs' counsel was notified that he
cannot contact Siemens' employees to either interview Siemens
employees or to obtain Siemens' records without going through
Unocal counsel.

It has not been an even playing field in regard to
discovery in this matter.  The scope of any agreement between
Unocal and Siemens including indemnity agreement is clearly
relevant and if the defense counsel will not turn this matter
over the plaintiffs respectfully request that the Court order
this to be turned over and any and all agreements between the
parties.  Plaintiffs also request that Unocal not be permitted
to allocate fault to Siemens but should shoulder the whole fault
for its collusion with Siemens. (See plaintiffs' motion for
summary judgment).

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Plaintiffs do not believe an additional discovery request is required to produce the documents which are encompassed by plaintiffs Eighth Discovery Requests, and which are properly discoverable and relevant on issues pertaining to Siemens or Siemens' employee's credibility, bias, or pecuniary interests.  Therefore, plaintiffs respectfully request that the court order Unocal to produce any and all documents responsive to the tender offer made by Unocal to Siemens to plaintiffs at once.

> **3.    DEFENDANT SHOULD BE COMPELLED TO PRODUCE ALL DOCUMENTS THAT ARE RELEVANT TO THE EXTENT OF DEFENDANT'S KNOWLEDGE OF THE WORK PLATFORM, THE OSHA INVESTIGATION, LARRY GROVE'S INJURIES AND CLAIMS**

The plaintiffs in the previous motion submitted on March 28, 2006 asked for an order of default for spoliation of evidence including the destruction of the work platform and its component parts.  The spoliation and/or adverse inference in regard to the destruction of the platform and bolts is subject of a separate motion for summary judgment as to liability being filed concomitantly with this motion by the plaintiffs. However, in regard to issues in terms of spoliation, it is important to know what was the knowledge of the defense at the time that they destroyed the work platform and its component parts which is now finally after years of foot dragging and evasion non-responsive discovery and false leads were

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

affirmatively revealed in the depositions of Unocal employee

Paul Crapps and at his deposition on March 3, 2006, to have

occurred in March 2003 (see Exhibit 11).  Subsequent to the

motion and the hearing in front of the Court where the parties

agreed to cooperate, defendants submitted supplemental responses

to plaintiffs' 14th discovery requests to Unocal Corporation

referring to a document which is numbered 101719-101720.  The

document was an incomplete response to request for production

no. 31 which stated "Please produce any and all management

meetings records and corporate records, including minutes of

said meetings, concerning Larry Grove, the work platform, safety

in the building, the OSHA investigation."  What the defendants

produced is simply a document that states.

> OSHA-Building Inspection – SINZ
> - fix scaffolding by March 21
> - inspect building and prioritize
> - work permit system
> - tag out scaffolding

See attachments to Exhibit 7.

Every thing above or underneath that has been

redacted, therefore, defendant has produced nothing.  This

information is relevant to the issues concerning spoliation of

evidence.   It is relevant as to the defendant's knowledge at

the time in response to potential claims in which the

platform/scaffold would be evidence and therefore needs to be

preserved. Shortly thereafter the work platform and its

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

component parts were destroyed.  Luckily because Mr. Grove
retrieved sheared bolts, and these have been subject of
inspection and testing, that plaintiffs' experts will testify
and show that improper bolts were used, and that the improper
construction of the work platform/scaffold, including the use of
these improper bolts and nuts, is a cause of the collapse of the
work platform and the severe permanent structural damage to
Larry Grove's ankle that ensued, and is the reason why we have
this litigation today.

         On October 20, 2006, plaintiffs' counsel wrote to
defense counsel asking them to explain in more detail why
they're claiming a proprietary objection to matters that appear
highly relevant to the issues in this litigation.  (See
Affidavit of Michael Cohn).  Indeed, none of the objections
specifically as to factual matters is well taken.  The defendant
has never explained what is meant by "proprietary" in regard to
this meeting by the staff of Unocal.  The information may be
highly pertinent to a spoliation claim and knowledge of the
defendant, as well as evidence pertaining to the work
platform/scaffold and Larry Grove's injuries.

    It is also unexplained how this document is the disclosure
of attorney/client privilege and work product information.  This
staff meeting occurred years before the insertion into this case
of defense counsel herein.  Finally, to the extent there is any

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

legal opinions or otherwise stated therein, in <u>Tronitech, Inc.,</u>
<u>vs. NCR Corporation</u>, 108 F.R.D. 655, 655-56 (S.D. Ind. 1985) the
court noted that even when an opinion letter was not prepared in
the ordinary course of business, but arose only out of
litigation involving the defendant and was prepared because of
litigation involving the defendant and comprised the sum total
of attorneys conclusions and legal theories concerning the
litigation and thus, was protected work product that the court
itself would review the document, in camera, to determine
whether it contained any factual references that would be
discoverable.  Thus, at a minimum, the plaintiffs respectfully
request that the court review the document, In Camera, and that
any factual references thereto in regard to matters including
the age of the work platform, the construction, maintenance,
safety, conformity to law or good building practices, the
destruction of the work platform/schaffold, reference to Larry
Grove's injury, decisions made as to the destruction of the work
platform/scaffold, be produced to plaintiffs and are matters
that are subject to discovery and are admissible as evidence
and/or allowable to be used in examining or cross examining
witnesses.

        **4.    FAILURE BY UNOCAL TO ALLOW INSPECTION OF UNOCAL**
             **RECORDS BY PLAINTIFFS (PRIOR MOTION RENEWED)**

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

In plaintiffs' First Discovery Requests to defendant, Interrogatory No. 1 (d) requested the following:

> The location of building records for the building, including any and all archives wherein records concerning the procurement of materials and supplies for erecting the work platform/scaffold subject of this litigation may be located.  If no such records exist, please explain.

In defendant's (unverified) responses to plaintiffs' First Discovery Requests, answer to that question contained the following response:

> … because Unocal did not erect the subject platform/scaffold, questions pertaining to the location of records concerning procurement of materials and supplies in connection therewith should be directed to the parties most knowledgeable concerning the subject platform/scaffold as identified above.

See Docket Nos. 49 and 61.

The parties Unocal indicated were most knowledgeable was Siemens, a claim which has been repeated in numerous discovery responses, which is simply untrue.  Unocal also claimed that Siemens would be most knowledgeable concerning the subject work platform/scaffold.  However, regardless of whether that was true or not, which it most decidedly is not based on the state of the evidence that plaintiffs have been able to discover to date, it is apparent that the erection of a work platform within a building affixed to the structure, would require authorization by Unocal supervisors or management and/or authorization to venders to do so,

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

as well as payment to venders for materials and labor in erecting the fixture to the Unocal building, as well as inspection/approval of the finished structure by Unocal.   (See Deposition of Charles Arnett of April 24, 2006 at pg. 115-116; Exhibit 10).  The answer by Unocal is evasive/deceptive and non-responsive.  Such a structure would either be designed/built by Unocal, or even if contracted out, would be subject to approval and inspection by Unocal.  NONE of these records have been produced, or even searched for by Unocal.  See Bratka, supra, 164 F.R.D. 448 (halfhearted and ineffective efforts to identify and produce relevant documents undermines integrity of discovery process).

        In plaintiffs' Ninth Discovery Requests to defendant, plaintiffs referenced the answer to the response to Interrogatory No. 1 (d) quoted above, and asked for the right to inspect the building records of Unocal "for all records pertaining to the work platform/scaffold, subject to this litigation, including, but not limited to, erection, procurement, authorization, approval, maintenance, repair, removal, AK OSHA investigation, correspondence between Unocal and contractor regarding the mechanical room where the air filters are located, and where Larry Grove was injured, and further, policies and procedures including construction of additions/fixtures/scaffolding in building, safety rules, authorization to construct/build/alter/maintain/repair of the building.  In addition, any and all records of safety or

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

maintenance inspections of the building are included in this request."  The response by defense was:

> With prior appointment, the <u>original documents produced in this case</u> are available for inspection. The location of the inspection will be determined. (Emphasis added).

This answer is in bad faith, willful evasion and non-compliance with discovery.  The answer simply states that the plaintiffs will be allowed to review the documents that have <u>already</u> been produced to plaintiffs in this case.  There is no mention in there of allowing the plaintiffs to inspect the archives and discover the documents in this matter that are requested in the requests for inspection.  As noted previously, it is the belief of plaintiffs that defendant Unocal failed to make any inspection for any of the records requested in regard to the work platform/scaffold, which should exist, unless the records have been destroyed in regard to the building.

If the records in regard to the building since its erection/construction have not been destroyed, then they are stored in archives where documents should exist concerning the work platform, which was affixed to the filter room on the penthouse mechanical floor at the Unocal building.  Such an answer is a complete evasion of the request in discovery, and makes a mockery of litigation.  Plaintiffs respectfully request that the court order defendant Unocal to allow an inspection of said records, but

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

not simply allow defendant to give plaintiff access to archives or storage which may contain hundreds of thousands or millions of documents, but to make a good faith effort to indicate how the records are stored and cataloged so that the pertinent records can be inspected to determine whether any such documents are available and have not been destroyed in this matter.

     5.    **DEFENDANT HAS FAILED TO DISCLOSE RELEVANT DOCUMENTS PURSUANT TO RULE 26(a) RELEVANT DOCUMENTS IN INITIAL DISCLOSURES AND RELEVANT DOCUMENTS RESPONSIVE TO PLAINTIFFS' DISCOVERY REQUESTS (RENEWED MOTION WITH NEW EVIDENCE)**

       Defendant has failed to diligently search through their records to find any records regarding the work platform, and likewise failed to produce records regarding the Unocal/Siemens correspondence and work orders that would not only be in the possession of Siemens, but such work orders would have been in the Unocal records. Thus, when Siemens has turned over work orders for the most recent Siemens/Unocal contract, it is simply not believable that Unocal would not have copies of work orders and authorizations given to Siemens for work that Siemens performed at the Unocal building pursuant to their contracts. None of these documents apparently have been located, or even searched for by Unocal, or turned over to plaintiffs' counsel.

       At the telephonic deposition of Archie Cook, former Human Resources Manager at the Unocal building, taken on March 15, 2006, Mr. Cook acknowledged that there have been management

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

meetings every week, and that every incident, no matter how minor, would be discussed. He also indicated that there had been follow-ups in regard to the OSHA investigation/Larry Grove accident, and that they had meetings which were attended by Roxanne Sinz, the Operations Manager, legal counsel, Asset Manager, Safety Manager (Harry Eaton), and Business Development Manager. None of these records concerning any management meeting have been turned over to the plaintiffs. He also acknowledged that there had been safety inspections conducted periodically on the building by safety technicians pursuant to the Health and Safety Environmental Manager. At least two of these safety inspections had been conducted by Safety Technician Ken Burns. The purpose of said inspections was to find out what was hazardous in the building. See Archie Cook Deposition of March 15, 2006 at 32, 33, 34, 35 (Exhibit 8). See also Ken Burns Deposition of May 9, 2006 at pg. 75 (Exhibit 9). Plaintiffs have not received the safety inspections for the building from the defendants.

In regard to the structures such as a work platform/scaffold, Mr. Cook indicated that the Engineering Department, whose head was Scott Hansen, would determine appropriate design and "that sort of stuff" for Unocal. See Archie Cook Deposition at 24. Yet, there are no records that have been obtained, though requested from Unocal pertaining to the work platform, including any documentation regarding the design for the

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

platform, whether or not said design was approved, whether or not said platform was authorized by Unocal, and whether or not said platform was inspected by Unocal, etc.  Unocal has simply failed to produce virtually any documentation.

Mr. Cook indicated that in regard to any activities such as building a work platform within the building would be subject to a purchase requisition, which would be translated into a purchase order, and then as the Human Resources Manager he would have to sign a purchase requisition.  See Cook Deposition at pgs. 47-48. Whether it was done on Mr. Cook's tenure, or the tenure of the previous manager at the Unocal building, Unocal has failed to turn over any purchase requisition/purchase order forms, or any other documentation regarding the work platform.

All Unocal did is belatedly, at the deposition of Paul Crapps, admit that the work platform was destroyed, and the evidence in this case discarded.  See Paul Crapps Deposition (Exhibit 11).  It is fortunate that Mr. Grove retrieved some of the broken sheared bolts.  Defendant in fact filed a Motion for Sanctions compelling plaintiffs to return the bolts to custody of defendant, while at the same time defendants have previously destroyed all the other evidence in this case.  If plaintiff had not retrieved any of this evidence, all of the evidence pertaining to the work platform would have been destroyed and discarded by defendant.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Subsequent to the motion filed by plaintiffs, last year, and the agreement to cooperate in discovery, the deposition of Ken Burns, a safety technician at Unocal was taken by plaintiffs.  Mr. Burns' name had been referenced in the deposition of Archie Cook as an individual that conducted safety inspections of the building. Mr. Burns testified that he prepared safety reports on the Unocal building.   See Burns Deposition at 75.  Yet, none of these safety reports, in fact no safety report except for prior to the accident, have ever been produced  or turned over to the plaintiffs. Plaintiff respectfully request that the Court order production of such information and/or allow the plaintiffs to conduct their own inspection of the records.  In the event that said records can not be located, which is an astonishing coincidence that such records would be missing, that the plaintiffs be permitted to assert as adverse inference as to the utter complete failure of Unocal to turn over relevant information regarding this matter.

The defendant's actions in regard to discovery in this matter have been an overwhelming failure to comply, and shows a pervasive willfulness and bad faith conduct in the discovery process.

6.    **FAILURE TO ANSWER INTERROGATORIES (RENEWED MOTION)**

Plaintiffs have submitted a number of interrogatory requests and in fact, the failure of defendant to fully answer previous interrogatories has led plaintiffs to ask for additional

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

interrogatories to explain the answers given previously.  For example, in defendant's response to plaintiffs' First Discovery Requests and Second Discovery Requests, they repeatedly referred to on information and belief that Siemens constructed the work platform and/or owned the work platform, without revealing where this information and belief was derived from.  Thus, this led to subsequent questions asking where this information or belief was derived upon, upon which, in response to plaintiffs' Third Discovery Requests a list of names were provided, many of whom have been contacted by plaintiffs' counsel, and in fact have no knowledge of the allegations that were made as to Siemens relationship to the work platform that had been mentioned in numerous discovery responses of defendant, including responses to the First, Second, and Third Discovery Requests of plaintiffs.  In addition, several of the individuals listed, including Roxanne Sinz, Charles Arnett, Paul Crapps and Archie Cook, were deposed and have no knowledge of Siemens as owner/builder of the work platform/scaffold.

Plaintiffs sent out additional discovery requests and counsel for Unocal then claimed that plaintiffs have exceeded the number of interrogatories allowed.  Plaintiffs' counsel sent a letter disputing that plaintiffs have exceeded the number of interrogatories, and the counsel for Unocal has recently sent back a letter in which she explains how they derived their number.  For

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

example, in plaintiffs' Seventh Discovery Requests to defendant,
counsel indicates that Interrogatory No. 1 should be counted as six
separate interrogatory requests.  This request, which asks Unocal
to identify the person or persons who have entered the filter room
since the accident involving Larry Grove, and to also explain when
they came in, what they did there, and why they did what they did,
and whether they took any videos, etc., defendant has taken the bad
faith position that asking who, what, where, why, when are separate
questions, even though they all relate to the same question, so
that she could then come up with a total number that will exceed
the 25 permitted under the rules by the time we get to the Ninth
Discovery Requests.  Not only is this in bad faith, but the
specificity that the plaintiffs have set out in certain discovery
requests was necessitated by the evasiveness of the defendant's
answers to previous discovery requests.

        Plaintiffs respectfully request that the court
order defendant to answer all interrogatory requests that
defendants have refused to answer on the fallacious claim that
plaintiffs have exceeded the interrogatory numbers allowed.
Alternatively, plaintiffs respectfully request that, in light of
the circumstances, the court permit plaintiffs to exceed any
alleged interrogatories over 25 and require defendant to answer the
interrogatories that they have refused to even provide any response
to at the present date.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

7.    **FAILURE TO MAKE GOOD FAITH EFFORTS TO ANSWER DISCOVERY/PROVIDING FALSE INFORMATION (RENEWED MOTION)**

As previously noted, the defendant, through its agents, has consistently failed to answer discovery.  In the first three discovery responses, defendant falsely claimed that it has no records of the work platform (without actually looking for said records), and attempted to misdirect plaintiffs' attention by claiming that the platform was owned or created by Mr. Grove's employer, Siemens.  Defendant did so despite the knowledge, which has been learned by plaintiffs through the OSHA records and contact with witnesses, that Unocal had admitted that the platform in question had been in existence well before Siemens had even began operating as a contractor for Unocal in the building servicing the heating and ventilation and air conditioning systems in the building.  Furthermore, defendant has failed to answer discovery, had falsely claimed that the work platform was destroyed a few days after the accident, which would then mean that the OSHA inspectors had an imaginary platform that they inspected in March of 2003. Despite plaintiffs' repeated requests for relevant information, defendant still stonewalls and willfully and comprehensively failed to respond to discovery requests, failed to adequately respond to requests for information in letters sent by plaintiffs' counsel, and has just thoroughly and completely and comprehensively decided to obstruct the litigation process.  See Affidavit of Michael Cohn

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

of March 27, 2006.  Defendants should be required to comply with discovery, and fully and completely answer all discovery requests and supplement/revise previous erroneous responses.

### 8. RECORD REGARDING SECRET SURVEILLANCE TAPING OF LARRY GROVE AND HIS FAMILY

Subsequent to the motion filed last year by plaintiffs, it was discovered that there had been secret surveillance of Larry Grove undertaken in March 2003.  Furthermore, there has been additional secret surveillance taping that was done of Mr. Grove around September 2006.  The secret surveillance of Mr. Grove in March 2003, that was finally produced to the plaintiff, and later the September 2006 secret surveillance tapes regarding the staking out of Mr. Grove's home and other locations, was produced by defendant Unocal.  However, plaintiffs do not have any other evidence regarding the secret surveillance including the contracts in regard to the secret surveillance, the correspondence, the unredacted and unedited versions of the surveillance taping, all surveillance taping conducted, notes kept by the secret agents, and other information.  Plaintiffs respectfully request that all this information be turned over to the plaintiffs by the court.

<u>CONCLUSION</u>

For the reasons set forth above, and for the reasons which are supported by the accompanying Affidavit of Counsel, and exhibits

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

attached hereto, it is hereby requested that the court require

defendant Unocal to fully comply with discovery.

    RESPECTFULLY SUBMITTED this 30th day of March 2007.

      WEIDNER & ASSOCIATES, INC.
      Counsel for Plaintiffs


       /s/ Michael Cohn
      WEIDNER & ASSOCIATES, INC.
      330 L Street, Suite 200
      Anchorage, AK  99501
      Phone (907) 276-1200
      Fax (907) 278-6571
      E-mail:  nbackes@weidnerjustice.com
      ABA No. 8506049


CERTIFICATE OF SERVICE
I hereby certify that on March 30, 2007 a copy of the foregoing
**PLAINTIFFS' MEMORANDUM IN SUPPORT OF RENEWED RULE 37 MOTION FOR
ORDER COMPELLING DISCLOSURE/DISCOVERY** was served electronically
on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen &
Thorsness, LLC
  /s/ Michael Cohn

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571