Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA ) <br> GROVE, SARAH GROVE, and, ) <br> MICHAEL GROVE (DOB 1/21/88) ) <br> By and through his father ) <br> LAWRENCE H. GROVE, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNOCAL CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:04-cv-0096-TMB |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT UNOCAL'S LIABILITY FOR NEGLIGENCE, PUNITIVE DAMAGES, AND ALLOCATION OF FAULT**

  **A. The work platform that collapsed injuring Larry Grove was negligently designed, constructed and maintained**.

  Defendant Unocal[1] cites portions of the depositions of Larry Grove and Robert Sprinkle in an effort to refute the claim by the plaintiffs that the work platform was negligently designed, constructed, and maintained. The statements by Mr. Grove and Mr.

---

[1] Defendant is listed as Unocal Corporation. In previous agreement between the parties it has been agreed that Union Oil Company of California would be substituted in as defendant in this matter. For purposes of this Reply, defendant will herein after simply be referred to as "Unocal."

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Sprinkle, who were employees of Siemens Building Technologies, Inc., (hereinafter "Siemens") and serviced the filter room in the Unocal building where this poorly constructed platform existed, were heating ventilation and air conditioning specialists. Their job was to change the air filters. No where in their depositions, or in any evidence that plaintiffs are aware of, are Mr. Grove and Mr. Sprinkle identified as having any engineering background, any education or experience in the building of work platforms or scaffolds, or any other basis upon which they would be able to determine that the work platform in this dark and dingy room in the Unocal building was a clearly identifiable hazard. However, Unocal itself had safety specialists, including Ken Burns, who would do periodic safety inspections of the building. Mr. Burns in fact had formerly worked as an OSHA inspector. Mr. Burns in his deposition extensively testified about his qualifications in regard to safety management. Mr. Burns admitted that this platform should have been taken down and not used.

The fact that both Larry Grove and Robert Sprinkle assumed that because the platform was in the Unocal building, that it was safe for them to use, is not contradictory to the evidence that has been produced, including the testimony of Ken Burns, and that of the plaintiffs' experts, that this platform was a poorly designed, constructed and maintained apparatus. To claim somehow that Mr. Grove and Mr. Sprinkle should have inspected this platform is also to ignore the testimony of Unocal employee Paul Crapps who testified that he would not inspect a platform or scaffold built by Unocal because he would assume that Unocal would build such a structure safely. Therefore this entire argument by Unocal is without merit.

Unocal also refers to its metallurgist, Chuck Morin, who indicates, contrary to the testimony of Unocal safety specialist Ken Burns, that the structure was perfectly fine and that

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

it was substantially stronger than necessary, and that it could sustain more than adequate force for the purpose in which it was used.  But then, contradictorily, Mr. Morin has to still explain why the platform collapsed, and he comes up with the one time dynamic load that caused its collapse.  The one time dynamic load is not explained except to also perhaps state that possibly someone had fell on the platform.  It is submitted that even if someone fell on the platform, if it would collapse due to that act, that this platform was not designed properly to withstand foreseeable forces that might occur.  Unocal's expert metallurgist has a number of problems in regard to his so-called expert report, but the fact that a one time dynamic load (unexplained) occurred, and resulted in the collapse should still lead the Court to find that there is no genuine issue of material fact on this issue.  That is, Unocal is still faced with the undisputed fact that the platform collapsed and the one time dynamic load theory does not create a genuine issue of material fact.  The platform should not have collapsed under any of the circumstances in which it was being used, and it is Unocal's responsibility.

      **B.  Unocal is Responsible for the Design, Construction and Maintenance of the Platform**

Unocal claims that there was no evidence that Unocal designed, constructed or maintained the platform.  Unocal does not deny that the platform was bolted to the filter wall inside the filter room in the Unocal building.  Unocal however denies that it installed, designed or constructed the platform, and that it did not retain control over the platform.  It was in the Unocal building.  It had been in the Unocal building for many years.  Unocal has asserted control over the bolts, and claimed that they owned the bolts in moving the Court to have the plaintiffs return the property to the possession of Unocal.  Unocal has asserted ownership over the property.  Unocal also asserted ownership over the property when they took it upon themselves to remove the platform and destroy it.  Unocal did not go back to

Siemens and ask Siemens to remove the platform. Unocal did not ask Siemens to take the platform back. Unocal asserted control of the platform.

Unocal has admitted it has not one shred of evidence that any other entity, whether it be Siemens or any other contractors, had designed, constructed or maintained the platform. Furthermore, under the rule of *Res Ipsa Loquitur*, the platform is in the Unocal building, it has been in the building for many years, Unocal continued to assert control over the property, and this control also consisted of believing it had the power to throw the platform and all its component parts away, then thus, Unocal is the owner of the platform. Under the rule of *Res Ipsa Loquitur*, without any contrary evidence, Unocal is the owner, designer, constructor, and maintainer of the platform. See Lynden Transport, Inc. v. Haragan, 623 P.2d 789 (Alaska 1981) regarding application of *Res Ipsa Loquitur* under Alaska law.

This is further supported by the fact that the contract between Siemens and Unocal provided that Unocal would provide the means of access for the equipment. Siemens employees went to the filter room in the Unocal building to change air filters. The platform was there for them to use. The platform under the contract was an apparatus to gain access to the job they were doing, and was the responsibility of Unocal.

Unocal is going to bury its head in the sand and claim that due to the fact that they either outsourced a lot of their own work and that they have not produced any documents, there is no evidence that Unocal had anything to do with this platform, despite the contract with Siemens and Unocal that provides that Unocal will provide the means of access for Siemens employees to do the work that they were hired to do such as replacing air filters. It is incredible that Unocal has not, for example, kept or has lost or destroyed all of their safety reports for the building. Thus, Ken Burns testified he did at least two different safety reports,

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571

however, mysteriously none of these reports are locatable. A large oil company such as Unocal does not keep its safety inspection reports! These safety inspection reports would be useful to determine what has been found in previous inspections, and what has been rectified, and what remains to be done. Archie Cook, a former manager of Unocal in that building testified that the object of the safety inspectors from Unocal was to check the building to find clearly identifiable hazards that needed to be remedied. The failure of such inspections to adequately go through the entire building would not excuse that failure. Further, we don't even know if that happened in this case because none of the records have been located, and all of them were under the control of Unocal. Unocal should not be allowed to hide behind the failure to produce any documentation to make this into a genuine issue of material fact. The platform was owned by Unocal. It was in the Unocal building for many years. It was their structure. It was their responsibility under the Siemens/Unocal contract. Furthermore, as was testified to by Charles Arnett and Archie Cook, among others, nothing could be done in that building without the approval of Unocal. It just goes against reason to believe that a structure of this size could have built in the Unocal building without Unocal's permission, ratification, and final approval after the structure was built. This is a non issue. It was Unocal's structure, Unocal's responsibility, and they are liable for same.

Unocal makes this incredible statement at page 8, when it says "there was no evidence to support plaintiffs' mistrust that safety records have not been found." This is not simply plaintiffs' mistrust, this is a fact. There were safety inspections and reports done for the building, and they have not been turned over to the plaintiffs.

There is an interesting issue involving Unocal employee Paul Crapps. Mr. Crapps originally testified at his deposition that he had removed the platform in September 2002,

despite the fact that the Unocal records show that the platform was still in existence in March 2003 when OSHA came and inspected the platform.  However, in the accident of September 9, 2002 the platform had collapsed causing the injuries to Larry Grove.  Mr. Charles Arnett, a contract employee of Peaks, under the direct supervision and control of Unocal management had gone up to the filter room after a telephone call from Mr. Grove, and found Mr. Grove in a tremendous amount of pain, laying in the filter room.  Mr. Arnett also clearly testified that he saw at least one sheared bolt.  Now, Unocal is going to hide behind the fact that a contract employee such as Charles Arnett and then Paul Crapps (at the time he was not an employee of Unocal, but under the supervision and control of Unocal) were involved in putting the platform back up in September 2002.  These individuals, Charles Arnett and Paul Crapps were under the supervision of Unocal management.  Mr. Arnett testified that he could not do anything in that building without the permission of Unocal management.

     Paul Crapps testified he may have been confused as to some of the sequence of events.  Since the platform had been put back up at the time of the OSHA inspection in March 2003, and there is some testimony that Paul Crapps had put the platform back up in September 2002, what may have happened is that Paul Crapps put the platform back together in September 2002 and then after the OSHA inspection in March 2003 was directly told by Unocal management, including Roxanne Sinz and Ken Burns, to take the platform down for good.  However, what is interesting is the absence of any records of these activities.  There are no records of any activities that have been produced by Unocal to the plaintiffs in regard to this platform at all.  That however does not create a genuine issue of material fact.  It is in the power of the Court to grant summary judgment against Unocal.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571

Unocal again refers to its expert, Chuck Morin, and quotes him as saying that the strength of the fasteners used in this case was more than capable of supporting the static weight of an adult person. Why did the platform collapse? It collapsed, according to plaintiffs' experts, because it was not strong enough. It collapsed because the bolts were of an inadequate strength, the manner in which the platform was constructed, including the extremely thin sheet metal to which it was attached was insufficient to maintain the strength over time for the purpose it was designed, constructed and built. In <u>Lynden Transport, Inc.</u>, <u>supra</u>, 623 P.2d at 794, involving the collapse of a trailer, the court noted that in a case involving the destruction of the evidence that *Res Ipsa Loquitur* was applicable where a collapse would normally not occur without negligence shifting the burden to the defendant. Unocal experts are in a quandary in how to handle this matter and come up with an extraordinarily weak argument that does not produce a genuine issue of material fact.

**C. <u>Burden Shifting to Unocal is an Appropriate Remedy for the Destruction of Evidence, and Unocal Cannot Overcome this Burden to Create a Genuine Issue of Material Fact</u>**

In this case, Unocal has not turned over any evidence in regard to the work platform that was negligently designed, constructed and maintained on the Unocal premises. Unocal has also taken apart and destroyed the platform and all the component parts, other than the few nuts and bolts that Larry Grove was able to retrieve before the destruction of the platform. If Larry Grove had not actually retrieved these pieces of evidence, then the ability of plaintiffs' experts, including the plaintiffs' expert metallurgist, Dr. Joseph Balser, to have any evidence to examine, would have been lost forever. However, depending on the manner in which Unocal presents its case, the parts that were not destroyed may be relevant in regard to

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

the cause of the collapse of the platform, as well as the other issues. Burden shifting is appropriate. See <u>Lynden Transportation, Inc.</u>, <u>supra</u>, 623 P.2d at 789.

Separate from this matter are issues regarding Unocal's knowledge of the platform, and any activities that Unocal did in regard to the platform, including either designing, construction or maintaining the platform, or somehow having any involvement in approving the platform or paying for the platform. Furthermore, Unocal appears to incredibly deny any knowledge of the platform. Thus, it is not just the platform itself that is crucial missing records, but safety reports that were conducted for the building that <u>all</u> are gone. Even if defendant claims that the safety inspection reports for this building are gone, but not because of the Larry Grove lawsuit, but have been lost long before that, it would be negligent to loose important documents such as periodic safety inspection reports to identify hazards in the building, which would be useful as a historical record for future inspectors to find out what hazards had been identified, what hazards had been alleviated, what hazards have been requested to be alleviated, but have not been done. Unocal is a giant oil company. It is its duty to maintain safety records. It cannot simply lose all of the safety records for the building.

Unocal cites <u>Sweet v. Sisters of Providence,</u> 895 P.2d 484 (Alaska 1995) which set out that (1) the court makes a preliminary determination of the potential importance of the missing records before burden shifting should take place, and (2) that the records are missing through the fault of the adverse party. In this case, there is an obvious need and duty for companies such as Unocal to maintain safety records for its building. The failure to do so is inexcusable and also unexplainable by Unocal at this time. Therefore, it is appropriate to consider that the absence of the safety records themselves could provide some evidence as to

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

the knowledge of the structure, and what hazards were identified and alleviated, or identified and unalleviated. The burden of proof should be placed on Unocal to explain why this evidence is all missing. The burden shifting in the absence of evidence by Unocal results in a lack of a genuine issue of material fact and liability for summary judgment against Unocal as a matter of law.

Unocal argues that plaintiffs' case is not hindered because our experts have stated a cause of the accident. Unocal again adopts a myopic view of all the issues in this case, when there are a number of issues that the missing evidence could be significant in addressing. First, Unocal has some sort of dynamic overload theory and the parts that are missing might be relevant to debunk this unsubstantiated and unsupportable theory by Unocal. It also might be relevant as to any claim of comparative fault by Larry Grove. But that is not that this evidence is concerned with. That is, it is not simply causation, but also other issues. Unocal continues to assert, despite its ownership of the building, its assertion of ownership of the work platform by insisting on the return of evidence that Larry Grove had retrieved, its control over the platform by destroying it, its control over the platform by virtue of the Siemens/Unocal agreement, to claim that Unocal knew nothing about this platform. All the missing records that Unocal has not turned over to plaintiffs, including periodic safety inspection reports, could be relevant on these issues as well. Shifting the burden to Unocal, since Unocal cannot present any evidence to the contrary, results in finding a summary judgment as to Unocal on ownership, control, design, construction and maintenance of the work platform.

Unocal claims that taking down the platform and disposing of it was not spoliation. What it does show is that Unocal has asserted control of the work platform. Unocal did not

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

go back to Siemens and tell Siemens, look, you own the platform, you take it down and dispose of it. This is evidence that Unocal actually recognized and knew it was the owner of the work platform. Unocal again claims though that taking down the platform is not spoliation of evidence, and cites a New York case <u>Monteiro v. R.D. Werner Co.</u>, 754 N.Y.S. 2d 328 (New York Supreme Court Appellate Division 2003). In that case, a Municipal employee sought leave to sue his own employer, the City of New York, for the failure to preserve a scaffold involved in an accident in which the employee was injured. In that lower court case, in a one page decision, the court found the city did not have a duty to preserve the scaffold in the accident or that the city was on notice that the scaffold might be needed for future litigation. Unlike the case against the City of New York, this is the direct tort feasor that has taken it upon itself to destroy evidence in a case involving an individual that was severely injured, and at the time that the platform was destroyed, some seven months later had not returned to work. *Res Ipsa Loquitur* is properly utilized in this case, and was not part of the analysis in <u>Monteiro</u>. It was not an issue in the New York case.

In addition, given that it was Unocal's own platform in its own building, and it collapsed injuring an individual, there would be a substantial likelihood that Unocal would know that it would be the subject of any lawsuit in this matter, especially from an employee of a contractor. In this case also, Unocal has refused to provide evidence, including notes of staff meetings involving Unocal management which might shed light on what Unocal knew or didn't know. In other words, no documents about Unocal's knowledge in regard to Larry Grove, his injuries, and potential of a lawsuit have been ever turned over to the plaintiffs. It also must be noted again, it is not simply the work platform/scaffold, but any other records that have been destroyed or not turned over to the plaintiffs. These include all the periodic

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

safety inspection reports for the building. Unocal found this one page decision out of a lower court in New York where the main similarity is just that it involved a scaffold. There is no other information regarding the circumstances and the fact that there is a total complete failure of discovery as has occurred in this case.

One other point that needs to be addressed is that in regard to this argument Unocal states "Grove did not disclose that he had surreptitiously re-entered the Unocal building using his Unocal security access to pilfer the bolts and take photos." See Opposition at page 14. If Unocal did not assert ownership over this platform, then whose property did Larry Grove "pilfer?" If Larry Grove had not taken these photographs, then what evidence would there be of the platform on September 9, 2002? Unocal complains because Larry Grove has obtained some of the evidence before Unocal had an opportunity to destroy <u>all</u> of the evidence in this case. Again, Unocal focuses only on the platform, and ignores all the other missing evidence. Even in just looking at the platform itself, a structure collapse in the Unocal building under ownership and control is thrown away by Unocal. No notice is provided apparently to Siemens or Larry Grove that this evidence was going to be discarded. Larry Grove had sustained a significant injury and seven months later he is still disabled, yet Unocal still throws away the evidence.

Unocal is incorrect in claiming it would violate <u>Sweet</u> to find summary judgment on behalf of the plaintiffs. Since <u>Sweet</u> talked about a rebuttable presumption, if the burden has been shifted to Unocal, and there is no evidence that Unocal can present to meet its burden, then summary judgment would be appropriate. Furthermore, *Res Ipsa Loquitur* is appropriate <u>separate</u> from <u>Sweet</u>. There are no genuine issues of material facts, and plaintiffs' motion should be granted.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

D.  **Punitive Damages**

Unocal's Opposition in regard to punitive damages does not actually address the points made by plaintiffs in their initial motion. In fact, the first four pages is just a recitation of certain law, but without actually addressing this particular case. All Unocal does is say the plaintiffs can't meet the burden of proof is to say that plaintiffs can't meet the burden of proof. Thus, Unocal does not adequately argue the point in opposition to plaintiffs' motion.

Unocal, however, in its Opposition appears to take the position that, despite the fact that Unocal owned the building, and Unocal has asserted ownership over the platform, including moving the Court to have Larry Grove return to Unocal "its" property, Unocal asserting ownership by destroying the platform, Unocal, by contract between Siemens, being required to provide the means of access for Siemens employees to perform their work, including changing air filters in the filter room, and the evidence that nothing could be build in the Unocal building without Unocal's permission and authorization, evidence even through a Unocal employee Ken Burns that that platform should not be up in the Unocal building, claims that there is insufficient evidence for punitive damages. Unocal does so by claiming that Unocal had no knowledge of the structure.

Unocal claims that only its contractors and employees of contractors would actually have to be subject to the danger. What this shows is callous disregard in that Unocal had no incentive, as long as it was a non-Unocal employee that might encounter the dangers, including this negligently designed, built and maintained work platform, if, according to Unocal, Unocal employees would never have to actually be exposed to the danger. On top of that is the fact that Unocal records somehow are all gone, including any and all safety inspection reports, and the platform itself. Furthermore, even though Unocal may contend

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

that while the indemnification agreement is not something unusual in the industry, it is not simply this indemnity agreement which insulates Unocal from its own negligence that is significant here. It is that Unocal is apparently trying to deny any responsibility or knowledge over something that is in their building and that was there to be utilized by its contractors, and that Unocal has no care to remedy a hazardous condition as long as the hazardous condition is one in which Unocal employees may not be exposed. This is reckless disregard of the safety and interest of others (as long as they are not Unocal employees), and calls for the imposition of punitive damages.

### E. No Apportionment of Fault Should be Allocated to Siemens

Unocal has admitted in discovery responses that they have no evidence of any kind, including documents or witnesses that Siemens had anything to do with designing, constructing or maintaining the work platform. Furthermore, the contract between Siemens and Unocal stated that Unocal was to provide the means of access to the work that Siemens was contracted to do, i.e., in this case, changing air filters. Thus, Siemens was not tasked with the responsibility of designing, constructing, or maintaining the work platform. Furthermore, conversations with Siemens management personnel (former managers that counsel was able to talk to) confirms that Siemens had nothing to do with the design, construction or maintenance of the work platform. Larry Grove and Robert Sprinkle, two Siemens employees that utilized the work platform, assumed the platform was safe because it was in the Unocal building and it had been there being used before they even started using the platform. Paul Crapps, a Unocal employee, testified that he doesn't check a platform/scaffold of Unocal where he works because he assumes that Unocal knows how to design, construct and maintain platforms/scaffolds safely. Thus, there is no evidence for apportionment of fault to Siemens.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

The only item that Unocal has is the citations issued by OSHA to Siemens. This is inadmissible. Siemens apparently did not contest the citations and the criteria for OSHA in terms of finding liability or responsibility for Siemens is not the standard under the common law. This will be subject to a separate Motion in Limine, if necessary. However, that is not evidence that is admissible in court.

Unocal mischaracterizes the discovery situation and the relationship between the different parties in this matter. Unocal counsel is the same counsel that represents Unocal and Siemens. Apparently Siemens will indemnify Unocal for at least Unocal's negligent liability. Unocal's counsel has been given free access to all of Siemens records and employees. In fact, not all of Siemens' records have been provided to plaintiffs, and those that have, have been after being sanitized by Unocal counsel. Other records have simply not been provided. Siemens is in a situation where they are supposed to have a lien on any third party recovery under the Workers Compensation Act, yet have been cooperating fully with Unocal to defeat plaintiffs' claims. At a minimum, plaintiffs are entitled to find out the full extent of the cooperation agreements between Unocal and Siemens, which will be relevant in terms of impeachment of Siemens' witnesses. The Siemens' corporate counsel informed plaintiffs' counsel that he wouldn't tell anything to plaintiffs' counsel about the relationship between Unocal and Siemens without a Court Order. Plaintiffs not only have been stonewalled as to Unocal records, but are also in a situation where they have not been allowed access to Siemens. The excuse of an open workers compensation claim is absolutely bogus. The only issue is regarding vocational rehabilitation, which has nothing to do with any of the information plaintiffs sought from Siemens.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Unocal claims that plaintiffs could have issued a subpoena for Siemens' witnesses. Unocal apparently didn't need to subpoena a single Siemens witness. They simply sent them in for "pre-deposition" interviews, and then when they decided the witness wouldn't be as helpful as they liked, they sent them on their way. Plaintiffs shouldn't have to subpoena every Siemens witness to find out who was actually subjected to the "pre-deposition interview" process by Unocal.

Unocal claims that the employer has a duty to ensure that the platform that Larry Grove was standing on to perform the work was safe. As the owner, it was Unocal's responsibility. Under the contract between Siemens and Unocal, it was the responsibility of Unocal to provide safe access to perform the work, and not that of Siemens. Siemens and Siemens employees had the right to rely upon the equipment provided by Unocal.

Unocal has tainted any testimony of Siemens. Plaintiffs are entitled to find out what the agreements are between Siemens and Unocal (which information Unocal claims is attorney/client or work product privilege) and plaintiffs have a right to find out what Unocal did to Siemens to taint their testimony. Plaintiffs also have a right to find out the agreements regarding joint cooperation between Unocal and Siemens in this matter. Given the tainting of Siemens' witnesses, it would be inappropriate for Unocal to utilize Siemens' witnesses to try and place the blame on Siemens. Furthermore, there is a blurring of the distinction between Unocal and Siemens since they are basically presenting a joint defense in this matter through joint counsel. Thus any effort to apportion fault to Siemens in this case is unseemly, and contrary to all the evidence, and in light of the failure of discovery from Unocal, should not be permitted in this case. The other arguments made by Unocal are simply without merit and have no bearing on the issues that have been presented by plaintiffs in their Motion, including

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

workers compensation exclusive remedy and joint and several liability, while Unocal has not even addressed the points raised by plaintiffs.

### F. There is no Apportionment of Fault to Larry Grove

There is no evidence that Larry Grove knew, or should have known, that the work platform was negligently designed, constructed or maintained. Unocal blames Larry Grove for assuming the work platform was safe since it was apparently provided for individuals to access the air filters. Robert Sprinkle assumed they were safe. Paul Crapps, a Unocal employee, testified that he would assume that a platform/scaffold of Unocal was safe, and didn't see any reason why he would need to check. An individual goes into somebody else's premises or property and utilizes a chair or a ladder or a platform, has a right to assume the equipment is safe. Larry Grove is not a platform/scaffold builder. There is no evidence he has expertise in designing, constructing or maintaining work platforms. Thus, to blame Mr. Grove for utilizing the platform and not checking it for safety (when what he would need to look for there is no evidence he would even know) is without merit. There is no evidence that Mr. Grove did anything that should result in apportionment of fault to himself as a matter of law.[2]

Unocal concludes its Opposition with a citation to Sears v. Southern Pacific Co., 313 F.2d 498 (9th Cir. 1963) for the proposition that apportionment of fault to Grove is required for the just administration of this case. The Sears case is interesting, and the statement by Unocal reflects that they possibly haven't even reviewed that case. In Sears a trainman was injured while working on top of a moving railroad. He sued the railroad company because he was

---

[2] Unocal raises the prior workers compensation matters. This workers compensation issue has been addressed in other pleadings, and is totally without merit and is irrelevant and inadmissible. There is no proof that Larry Grove did anything to cause this accident. The lack of proof does not prevent Unocal from again bringing up the scurrilous claims of "drinking in excess" which again, has nothing to do with the accident and injury to Mr. Grove, and is without merit and should be ignored by this Court.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

struck by the chute of a ship loader over a spur track when he was working on top of the moving train.  There had been a union representative letter to the railroad complaining of the lack of clearance between the top of the ship loader over the spur track and the moving train.  This evidence was excluded from trial, which was reversible error.  Likewise, in this case, any evidence such as safety records, which have not ever been produced, would be relevant also.  The defendant in that case was allowed to provide proof, over plaintiff's objection, that the premises where the accident occurred was owned by another entity.  The court stated the evidence was admissible in defense of the claim that the defendant had failed to eliminate the danger because since it was owned by another entity, ownership denotes dominion.  Likewise, in this case, Unocal owned the premises where the accident happened.  The platform was in the Unocal premises, and was also owned by Unocal.  In the present case, not only is it the defendant that created the hazard and failed to eliminate the danger, it had the right to do so as the owner.

In regard to the comparative fault of the plaintiff, in <u>Sears</u> there was evidence that the plaintiff was aware of the danger and knew that sometimes the chute out of which wood chips were loaded into freight cars was sometimes down, and the allegation was that the plaintiff simply failed to pay attention.  In this case there is no evidence at all that Larry Grove knew that the work platform was negligently designed, constructed, or maintained.  <u>Sears</u> does not support the proposition that comparative fault is properly allocated to Larry Grove.  There is no evidence of comparative fault.  There is only innuendos that Unocal raises at the end of its Opposition, which should be ignored and rejected by the Court.  There is no genuine issue of material fact and apportionment of fault is not applicable against Larry Grove as a matter of law.

RESPECTFULLY SUBMITTED this 12th day of June, 2007.
WEIDNER & ASSOCIATES, INC.
Counsel for Plaintiffs

/s/ Michael Cohn
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail:  nbackes@weidnerjustice.com
ABA No. 8506049

*CERTIFICATE OF SERVICE*
I hereby certify that on June 12, 2007 a copy of the foregoing **REPLY SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT UNOCAL'S LIABILITY FOR NEGLIGENCE, PUNITIVE DAMAGES, AND ALLOCATION OF FAULT** was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC.  /s/ Michael Cohn