

## Lipsitz Green Scime Cambria LLP

Attorneys at Law   42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

June 7, 2007

**VIA UPS OVERNIGHT**

Linda J. Johnson, Esq.
Clapp, Peterson, Van Flein, Tiemessen
& Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501

Re:   Lawrence H. Grove, et al. v. Unocal Corp.; D. Ala. Case No.
      3:04-cv-0096-TMB; Subpoena in a Civil Case

Dear Ms. Johnson:

This office represents Puritan International, Ltd.; Funtime Boutique, Inc.; Lead Dog Enterprises, Ltd.; Samuri, Inc.; Puritan Production Videos, Ltd.; and LoJi, Inc., all of which are corporate entities located in Allentown, Pennsylvania. Your office has attempted to serve a Subpoena in a Civil Case on each of these non-party entities in the above-referenced action, including six separate checks payable from your firm to the named entity in the face amount of forty ($40.00) dollars. Said subpoenas were all issued out of the United States District Court for the District of Alaska, seeking the oral deposition of the respective Custodian of Records of each said entity to be taken at your offices in Anchorage, Alaska on June 22, 2007, together with the production of numerous documents from said companies at your office, in an apparent attempt to obtain financial information about plaintiff, Lawrence H. Grove, in the above-referenced matter.

As you should be aware, seeking discovery from non-party witnesses in a federal civil action, whether by oral deposition or by obtaining documents therefrom, is governed by Rule 45 of the Federal Rules of Civil Procedure as to subpoenas. Rule 45(b)(2) authorizes the issuance of such a subpoena, which as relevant may be lawfully served within the district of the court by which it is issued (here the District of Alaska); any place outside that district within one hundred miles of the place of the requested oral deposition, document production, etc. (Anchorage); or any place within the state (Alaska) if a state statute or court rule would permit service of a subpoena issued by a state court of general jurisdiction within the state. Needless to say, the Allentown, Pennsylvania location of the six named entities is not within the state or District of Alaska, and is thousands of miles from Anchorage. Accordingly, the aforesaid subpoenas attempted to be served on my clients are null and void.

EXHIBIT 2



## Lipsitz Green Scime Cambria LLP

Linda J. Johnson, Esq.
June 7, 2007
Page 2

Even aside from the lack of jurisdiction to serve said subpoenas on my clients in Pennsylvania in this matter, tender of checks for $40.00 simply constitutes the daily fee for each day's attendance at a deposition; it does not begin to cover the witness' expenses of travel or a subsistence allowance, etc., as required by 28 U.S.C. §1821.

Finally, even if the subpoenas were properly served out of a court with jurisdiction over the witnesses, and proper subpoena fees were tendered, the records requested by defendant Unocal Corp. are well beyond any justifiable need or relevance. For example, for each entity the very first request seeks "Copies of all business and corporate records," without any limiting date or category of records. In the event that new subpoenas are served out of a court of competent jurisdiction, unless the requests are substantially limited, the respective witnesses will have no choice but to move to quash same.

On a related note, and as you may be aware, plaintiff Grove does not possess any relevant records of any of the six companies for whom you seek records, and Mr. Grove was paid a very modest amount of money for his services by said companies. If a reasonable sworn affidavit from the companies attesting to that fact will be sufficient to satisfy your discovery inquiries, please let me know and undoubtedly such a satisfactory sworn document can be produced.

Aside from such a resolution, and as set forth above, my clients formally object to the purported service of the six subject subpoenas as being invalid, and they will not comply with same.

If you have any questions as to the foregoing, and in particular how this matter may be amicably resolved, please contact me so that we can attempt to so resolve our differences.

Sincerely,

**Lipsitz Green Scime Cambria LLP**
Attorneys for Puritan International, Ltd.; Funtime Boutique, Inc.; Lead Dog Enterprises, Ltd.; Samuri, Inc.; Puritan Production Videos, Ltd.; and LoJi, Inc.

By: _/s/ William M. Feigenbaum_
    William M. Feigenbaum, Esq.

WMF/pmj



Lipsitz Green Scime Cambria LLP

Linda J. Johnson, Esq.
June 7, 2007
Page 3


cc:   Michael Cohn, Esq., Attorney for Lawrence H. Grove

Writer's Extension: 459
Writer's Direct Fax: 716-849-1315
E-Mail: wfeigenbaum@lglaw.com


F:\ADULT\28174\0085\07c\John0607.doc