John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,

   Plaintiffs,

 vs.

UNOCAL CORPORATION,

   Defendant.

Case No. 3:04-cv-0096-TMB

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES**

Defendant Unocal Corporation moves for partial summary judgment on Plaintiffs' claim for punitive damages, pursuant to Fed. R. Civ. P. 56. Before a claim of punitive damages is submitted to a jury, the court must review the factual basis supporting a punitive damage claim to ascertain whether sufficient evidence exists to support submitting the claim to the jury. Alaska state law controls on this issue and mere negligence is an insufficient basis upon which to justify an award of punitive damages. Plaintiffs have the burden of proving by clear and convincing

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 1 of 20

evidence that Unocal's actions were so outrageous as to be considered the equivalent of actual malice. As a matter of law, given the facts in this matter, Plaintiffs can not make the necessary showing. Plaintiffs' punitive damages claims must be dismissed.

## I. SUMMARY JUDGMENT STANDARDS

Although Alaska law governs the substantive elements of this motion, "federal law governs the standard of review for summary judgment." *Bell Lavalin, Inc. v. Simcoe and Erie General Ins. Co.*, 61 F.3d 742, 745 (9th Cir. 1995). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A defendant may move for summary judgment in his favor on all or any part of the claims asserted against him. Fed. R. Civ. P. 56(b).

When a motion is filed that presents the lack of an evidentiary basis for a claim, to avoid summary judgment the opposing party must then present "specific facts showing that there is a genuine issue for trial" relative to each element of a claim. Fed. R. Civ. P. 56(e). A party may not rely on identifying some remote or theoretical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial," *Id.*, and summary judgment is required.

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 2 of 20

## II. FACTS PERTINENT TO THIS MOTION

Plaintiffs filed a complaint against Unocal Corporation on April 19, 2004, for damages sustained when Lawrence Grove, a Siemens employee, allegedly fell and injured his ankle while performing work inside the Unocal building on September 9, 2002. Complaint at 2. For purposes of this motion only, Unocal will take the facts as alleged by Grove as true, in order for the Court to grant every inference to the Plaintiffs. Unocal reserves the right to challenge the facts in any other motion or proceeding, including trial.

The complaint states that Grove was changing the air filter on the ventilation system inside the Unocal building. *Id.* at ¶8. Grove says he used a step ladder to climb up onto a "scaffold/work platform" that was "bolted to the wall." *Id.* Grove maintains that the "scaffold/work platform" collapsed and he fell onto the concrete floor, injuring his ankle. *Id.* at ¶9.

Plaintiffs allege in the complaint that the

> scaffold/work platform was improperly constructed and created by Unocal or its agents. The bolts to the scaffold/work platform sheared off during the accident. The bolts were of inferior screws, soft metal, rather than hardened steel.

*Id.* at ¶10.

Plaintiffs believe that Unocal was negligent as a "land owner, and/or owner and/or supplier of the dangerous, defective, improperly installed and maintained scaffold/work platform." *Id.* at 3.

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 3 of 20

There has been no evidence uncovered to date to determine who installed the platform or for what purpose. Unocal will assume for the purposes of this motion only that that Unocal constructed the scaffolding/work platform or knew that it had been constructed at some point in the past. The original design documents for the Unocal building were located and produced to Plaintiffs. The platform was not part of the original structure. Exhibit 1, Crapps deposition, at 101-102.

Plaintiffs retained several expert witnesses in this matter. Plaintiffs' expert Bob Carmichael opined that:

> 1. Whether intended to be permanent or temporary, neither engineering nor safety standards were applied to the construction of this platform.
> 2. The screws used to attach the brackets to the walls were not appropriate for the application and failed under load.
> 3. Floor loading limits for the platform had not been established and posed and the limits had not been reviewed and approved by an engineer or regulatory authority.
>
> It is my professional opinion that had any of these three elements been eliminated, that, although the platform might not have been considered safe, it would not have collapsed under the load applied at the time of the accident.

Exhibit 2, Carmichael report, p. 4. Unocal disagrees with Mr. Carmichael's opinion and has retained its own expert. But for the purposes of deciding this motion, Unocal will ask the court to assume that Bob Carmichael is correct in all respects.[1] The expert opinion, while it points out alleged flaws in the design of the platform as built, does not point to any evidence which would support punitive damages as defined below.

---

[1] As with all facts assumed in this motion, Unocal reserves the right to challenge and contest any or all of the Carmichael opinion.

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 4 of 20

Further, Plaintiffs have retained Joseph D. Balser as an expert to testify about the bolts. He stated that

> The shear fracture of the bolt . . . is consistent with the bolt failure to be expected in a loose joint on the platform. A loose joint is most likely to have caused the bolt to be heavily loaded in a shear loading, since the loose joint has lost its preload, shifting the entire joint load to the bolts in shear. . . . the nut was not only loose on the fastener, but was likely completely detached from the bolt prior to the collapse leaving a loose joint to bear the weight of Mr. Grove.

Exhibit 3, Balser report, at 3. Unocal disagrees with Mr. Balser's opinion and has retained its own expert. But for the purposes of deciding this motion, Unocal will ask the court to assume that Mr. Balser is correct in all respects.[2] Mr. Balser claims that the bolts loosened in the joint and were insufficient to bear the weight Mr. Grove placed on the platform. Like Carmichael above, Balser's opinion is insufficient to support punitive damages as defined below.

Grove stated that Charles Arnett, a Peak contract employee who worked general building maintenance, was inside the filter room while Grove changed filters. Exhibit 4, Grove deposition Vol. I, at 112-113. Mr. Arnett does not recall the platform or even being inside the filter room prior to the accident. Exhibit 5, Arnett deposition, at 32. What's more, Grove was not aware of any Unocal employee who was ever inside the filter room or who may have seen the platform. Exhibit 4 at 113.

---

[2] As with all facts assumed in this motion, Unocal reserves the right to challenge and contest any or all of the Balser opinion.

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 5 of 20

No Unocal employee knew of the existence of the platform prior to the incident. Ken Burns, Unocal's safety employee, did not have any information about the platform prior to the accident. See Exhibit 6, Burns deposition at 44, line 21 ("No one knew when it was put up, no one knew who put it up, and that was my observation."). Likewise, Archie Cook, a former Unocal employee who supervised the maintenance workers, stated that he entered the filter room on an inspection when he began working in Alaska in 1999[3] but did not recall seeing the platform, nor did he have any knowledge about who built it. Exhibit 7, Cook deposition at 21-23. There is no evidence that Unocal knew the platform was erected in the filter room. There is no evidence that Unocal knew Grove was standing on the platform to change filters.

There is no evidence of any complaint about the construction or maintenance of the platform. Charles Arnett stated that he never received any complaint about the platform prior to the accident. Exhibit 5 at 41. Mr. Cook recalled that one time Grove explained the air intake system to him, but Grove never complained about the platform. Exhibit 7 at 62. Prior to the fall there is no evidence that any worker, not even Grove, ever complained about the maintenance or safety of the platform.

Plaintiffs have no evidence that the platform was unstable prior to Grove's fall, or even that it was becoming unstable. In fact, the evidence is directly to the contrary. Robert Sprinkle, a close friend of Grove's, stated that he changed filters

---

[3] 1999 was the year Grove said he first entered the filter room. Exhibit 4 at 76.

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 6 of 20

in the Unocal filter room as early as 1990 or 1991. When asked if the platform felt unstable, Sprinkle said that it was fine. Exhibit 8, Sprinkle deposition at 22 (". . . if it was that unstable, I would have did something different or called somebody."). Mr. Sprinkle stated he returned to the Unocal filter room after the year 2000 and again stood on the platform prior to Grove's fall. Again Robert Sprinkle encountered no problems with the platform.

> Q. Do you remember any problems with the platform at that time?
> A. Not that I recall. Like I said, if I felt that it was going to be a problem, I'm not going to push it. I would do something else or I would have went and got Charles and had him fix it.

Exhibit 8 at 29-30.

Grove denies that the platform was unstable. Grove claims that he did not encounter any problems with using the platform prior to the day he fell and was injured. Grove stated that he had no problem standing on the platform until the day it fell.

> Q. Okay. Had you ever been on there before that day and felt that scaffolding might be wobbly or anything of that nature?
> A. No.
> Q. Okay. So it seemed safe up until that time?
> A. Up until that time, yes.

Exhibit 4 at 91.

Grove never inspected the platform for safety purposes. Apparently, Grove did not believe that it was part of his job to inspect the platform that he stood on.

> Q. Did you ever look at the – the mechanism that that scaffolding was -- was bolted to the wall?
> A. No. You don't have time to do that on every job. If you did that, you wouldn't get any work done.

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 7 of 20

> Q. Okay. Did you -- did you ever have any reason to suspect that that scaffolding was unsafe?
> A. No. Because it's been there for so long, I figured that people were using it for years.

Exhibit 4 at 89-90; Exhibit 9, Grove deposition Vol. II, at 87 ("Q: Okay. Did you ever inspect any aspect of what we'll called the scaffolding, that would be the planks, the supports, the vertical -- including the vertical portions and horizontal portions and any connections between them? A: Nothing in detail. It's not tasked for us to do that.").

Plaintiffs do not allege that Larry Grove complained about the construction of the platform and do not allege that he vocalized any complaints or criticisms of the platform prior to the fall.

Grove stated that the platform structure never changed in the 5 years that he worked in the Unocal building.

> Q (By Mr. Thorsness) Well, who put the nuts and bolts in the angled metal shown on Exhibit 1? . . .
> A   I have no idea. It was there since the day I started doing maintenance for them. Approximately five years, almost.
> Q (By Mr. Thorsness) Okay. **Did it change**, as you recall, in any fashion over the time you were working for them there?
> A **None whatsoever that I'm aware of.**

Exhibit 9 at 58-59 (emphasis added).

### III. THE PUNITIVE DAMAGE CLAIM MUST BE DISMISSED.

**A.  The Law In Alaska Does Not Favor Punitive Damages And The High Standard Of Proof Is Difficult To Achieve**

Alaska law governs the determination of whether the punitive damages claims should be dismissed. The Ninth Circuit applies Alaska law in similar

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 8 of 20

circumstances. *See Ace v. Aetna Life Ins. Co.,* 139 F.3d 1241, 1246 (9th Cir. 1998) (To support punitive damages under Alaska law, a plaintiff must prove by clear and convincing evidence that the wrongdoer's conduct "was outrageous, such as acts done with malice or bad motives or reckless indifference to the interests of another person.") *citing State Farm Fire & Cas. Co. v. Nicholson,* 777 P.2d 1152, 1158 (Alaska 1989) (quoting *Sturm, Ruger & Co. v. Day,* 594 P.2d 38, 46 (Alaska 1979), *modified on reh'g,* 615 P.2d 621 (Alaska 1980), *overruled on other grounds by Dura Corp. v. Harned,* 703 P.2d 396 (Alaska 1985)).

The parameters of evidence necessary to sustain a claim for punitive damages is strictly defined in the Alaska Statutes:

> (a) In an action in which a claim of punitive damages is presented to the fact finder, the fact finder shall determine, concurrently with all other issues presented, whether punitive damages shall be allowed by using the standards set out in (b) of this section. If punitive damages are allowed, a separate proceeding under (c) of this section shall be conducted before the same fact finder to determine the amount of punitive damages to be awarded.
>
> (b) The fact finder may make an award of punitive damages only if the plaintiff proves by clear and convincing evidence that the defendant's conduct
>
> (1) was outrageous, including acts done with malice or bad motives; or
>
> (2) evidenced reckless indifference to the interest of another person.

AS 09.17.020. The statute codified existing case law and the standards required for submission of punitive damages to the finder of fact. *Great Divide Ins. Co. v. Carpenter ex rel. Reed,* 79 P.3d 599, 612 (Alaska 2003). ("Since the advent of tort reform in 1986, punitive damages have been governed by statute. They may be

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 9 of 20

awarded only on proof by clear and convincing evidence that a defendant's conduct was either outrageous, including acts done with malice or bad motives, or evidenced reckless indifference to the interests of another.") Long before this statute was codified, Alaska courts have required the same standards. See, e.g., *State Farm Fire & Casualty Co. v. Nicholson*, 777 P.2d 1152, 1158 (Alaska 1989). Punitive damages are a harsh remedy not favored in law. *State Farm Mut. Auto. Ins. Co. v. Weiford*, 831 P.2d 1264, 1266 (Alaska 1992). They should be awarded with caution and only within narrow limits. *Chizmar v. Mackie*, 896 P.2d 196, 210 (Alaska 1995).

The statute required Plaintiffs prove their damages by clear and convincing evidence, the highest burden of proof in civil law. Clear and convincing evidence means the proponent must "produce in the trier of fact a firm belief or conviction about the existence of a fact to be proved." See *Ace v. Aetna Life Ins. Co.,* 139 F.3d 1241, 1246 (9th Cir. 1998), and *Alaska Marine Pilots v. Hendsch* 950 P.2d 98, 111 (Alaska 1997). Clear and convincing is a much higher standard than the preponderance of the evidence standard, which is met if the proponent of a proposition merely satisfies the fact-finder that the asserted facts are "more likely than not true." *Saxton v. Harris,* 395 P.2d 71, 72 (Alaska 1964). Although a plaintiff may have enough evidence to support the underlying cause of action by a preponderance of the evidence, "the plaintiff is required to <u>further</u> establish outrageous conduct on the part of the defendant by clear and convincing evidence before punitive damages are justified." *Nelson v. Progressive Corp.* 976 P.2d 859,

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 10 of 20

865 (Alaska 1999), emphasis added. "Although a plaintiff may have enough evidence to support the underlying cause of action by a preponderance of the evidence, the plaintiff is required to further establish outrageous conduct on the part of the defendant by clear and convincing evidence before punitive damages are justified." *Nelson v. Progressive Corp.,* 976 P.2d 859, 864-65 (Alaska 1999).

Under Alaska law, the Court must review the factual basis supporting a punitive damage claim to ascertain whether sufficient evidence exists to support submitting the claim to the jury. The complaint "should, at a minimum, allege conduct that meets the legal standard for the award of punitive damages." *Great Divide Insurance Co. v. Carpenter*, *ex rel. Reed*, 79 P.3d 599, 612 (Alaska 2003). If there is no evidence giving rise to an inference of actual malice, or reckless indifference equivalent to actual malice, the trial court need not submit the issue of punitive damages to the jury. *Robles v. Shoreside Petroleum, Inc,* 29 P.3d 838, 846 (Alaska 2001) (upholding trial court's dismissal of punitive damage claim.)

Doctrinally, the Alaska Supreme court has limited the award of punitive damages because such damages only serve two narrow purposes: "to punish the wrongdoer and to deter the wrongdoer and others like him from repeating the offensive act." *Chizmar*, 896 P.2d at 209 (citing *Weiford*, 831 P.2d at 1266). In recognition of the limited nature and purpose of punitive damages, the Alaska Supreme Court has narrowly defined the behavior for which such damages may be awarded. Trial courts must subject claims for punitive damages to much stricter judicial scrutiny than negligence claims, which are routinely submitted to juries.

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 11 of 20

The availability of punitive damages turns on the alleged wrongdoer's motive, state of mind and degree of culpability. *Chizmar*, 896 P.2d at 209 (citing *Alyeska Pipeline Serv. Co. v. O'Kelley*, 645 P.2d 767, 774 (Alaska 1982)). A showing of actual malice is not required; however, the plaintiff must establish that the defendant's conduct demonstrated a reckless indifference to the rights of others and a conscious action in deliberate disregard of those rights. *Chizmar*, 896 P.2d at 210. Alaska has adopted the definition of reckless disregard as set forth in the comments to the Restatement (Second) of Torts § 500.

> <u>Conduct cannot be in reckless disregard of the safety of others unless the act or omission is itself intended</u>, notwithstanding that the actor knows of facts which would lead any reasonable man to realize the extreme risk to which it subjects the safety of others. It is reckless for a driver of an automobile *intentionally* to cross a through highway in defiance of a stop sign if a stream of vehicles *is seen* to be closely approaching in both directions, but if his failure to stop is due to the fact that he has *permitted his attention to be diverted so that he does not know that he is approaching the crossing, he may be merely negligent and not reckless.*

*Chizmar*, 896 P.2d at 210 (quoting Restatement (Second) of Torts § 500 comment (b) (1964))(emphasis added). Mere negligence is an insufficient basis upon which to justify an award of punitive damages. *Johnson & Higgins of Alaska, Inc. v. Blomfield*, 907 P.2d 1371, 1376 (Alaska 1995). "Punitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence [but are restricted to] conduct involving some element of outrage similar to that usually found in [a] crime." *State v. Hazelwood*, 946 P.2d 875, 889 (Alaska 1997) (quoting Restatement (Second) Of Torts § 908 cmt. b. Additionally:

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 12 of 20

> [W]here there is no evidence that gives rise to an inference of actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice, **the trial court need not, and indeed should not**, submit the issue of punitive damages to the jury.

*Weiford*, 831 P.2d at 1266 (emphasis added). Even though the determination as to whether certain specified conduct is outrageous may implicate a question of fact, it is still subject to summary disposition.

> [P]unitive damages are not proper… unless the offensive conduct was outrageous, as acts done with malice, bad motives, or reckless indifference to the interests of another. **Although these are factual questions, if there is no evidence that gives rise to an inference of outrageousness, the court will not allow the issue of punitive damages to go to the jury.**

*Wein Air Alaska v. Bubbel*, 723 P.2d 627, 630-31 n.5 (Alaska 1986) (emphasis added).[4]

In the instant case, even if one were to assume for purposes of this motion only that Unocal was in some fashion liable, given the underlying facts, Plaintiffs, <u>as a matter of law,</u> are not entitled to punitive damages. This motion only addresses the claim for punitive damages. While Unocal denies the validity of the underlying liability claims, those claims will not be addressed here.[5] Plaintiffs cannot identify any genuine issues of material fact of the requisite level of outrageousness or recklessness on Unocal's part to permit pursuit of punitive damages.

---

[4] *Wein Air* is incorrectly listed as overruled in Westlaw.
[5] Unocal does not concede liability and presents this argument in the context of this motion only. Unocal reserves all rights to argue these issues later.

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 13 of 20

### B. Plaintiffs Cannot Meet Their Burden To Sustain Claims Of Punitive Damages.

The evidence even <u>as stated only by Plaintiffs</u> does not amount to either outrageous acts or to reckless indifference to the interests of another person. Without proof of one of these two standards of proof, Plaintiffs' claim for punitive damages must be dismissed. Plaintiffs do not articulate any evidence to prove malice, outrageous acts or reckless indifference.

Plaintiffs must, but cannot, prove that there is clear and convincing evidence of reckless indifference. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

Unocal here has met its the requirements of Rule 56 by taking only the Plaintiffs' evidence and demonstrating that there is an absence of evidence to support the Plaintiffs' claim of punitive damages. Therefore the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Defendants must go beyond the pleadings and identify facts which show a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Because Unocal has asked the court to accept the Plaintiffs' evidence as true, thereby drawing all inferences to the Plaintiffs, and the evidence still does not

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 14 of 20

support reckless indifference by clear and convincing evidence, the court should dismiss the punitive damages claim by Plaintiffs.

### 1. No facts exist to prove either intentional or reckless indifferent conduct.

Plaintiffs must prove by clear and convincing evidence that Unocal either intended to injure Grove, or knew that Grove would be injured as a result of its action. Even if the Court assumes that Unocal was negligent in its conduct, there is no evidence that Unocal intended to injure Grove or that it knew Grove would be injured. *See Hagen Ins., Inc. v. Roller,* 139 P.3d 1216, 1225 (Alaska 2006).

Plaintiffs cannot come forward with any admissible evidence to prove malice, outrageous acts or reckless indifference. Plaintiffs articulate no evidence that the platform was unstable and was unable to support Grove's weight. In fact, Grove admits that he never had any trouble with the platform and that the platform never changed during the time he worked in the filter room. Grove did not inspect the platform, but had no reason to believe that it was unstable. His close friend, Robert Sprinkle, agreed that the platform was stable.

Even if the court assumes for this motion only that Unocal originally designed and/or constructed the platform, there is no evidence to show that Unocal did so with reckless indifference or with a conscious action in deliberate disregard of a person's rights. Conduct cannot be in reckless disregard for the safety of others unless the act or omission was itself intended. *Chizmar*, 896 P.2d at 210 (quoting Restatement (Second) of Torts § 500 comment (b) (1964)).

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 15 of 20

Even Plaintiffs' experts do not opine that the alleged defects in the design and/or construction were done with reckless disregard for safety. In fact, if one believes the Plaintiffs, the design and construction was stable for many, many years; so stable that Grove himself never thought there was a problem with the platform. This is true, despite Plaintiffs' expert Balser's opinion, which stated that the bolts that were used loosened in the joint and were insufficient to bear the weight Mr. Grove placed on the platform.

If Grove did not have reason to suspect that the platform would not hold his weight, even with the joints allegedly loosened, Plaintiffs must articulate why Unocal would have and reason to suspect that the bolts would come loose or had come loose. Plaintiffs have not and cannot do so. Instead, Plaintiffs consistently allege mere negligence. They say that if Unocal designed and/or constructed the platform that it should have used better techniques or materials. Plaintiffs also allege that Unocal should have inspected the platform, even though Grove did not, and that Unocal should have discovered the allegedly loose bolts. Both of these theories, even if they were taken as true for the purposes of this motion, espouse only negligence. Plaintiffs cannot prove by clear and convincing evidence that Unocal acted or failed to act with reckless indifference. Mere negligence does not warrant the imposition of punitive damages.

The claim for punitive damages must be dismissed.

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 16 of 20

### 2. Unocal had no notice that anyone used the platform to change filters.

The facts that the court must assume for purposes of this motion do not support punitive damages, even when all inferences are construed in favor of the Plaintiffs. Plaintiffs cannot prove that Unocal even knew that the platform was erected inside the filter room. Without knowledge of its existence, Plaintiffs cannot prove reckless indifference.

Evidence, as developed by Plaintiff's, confirms:

1) no Unocal employee knew that the platform was being used by Grove as a platform to reach the filters;
2) no one complained about the platform's safety or construction;
3) no accidents were reported in the filter room prior to Grove's fall;
4) other contract workers stood on the platform with no incident;
5) Grove never inspected the platform;
6) Grove never noticed or reported any problems with the platform prior to the time he fell; and
7) Grove agreed that the platform never changed in the years that he used it to change the filters.

Plaintiffs have no evidence that would establish by clear and convincing evidence that the platform in the filter room demonstrates reckless indifference to the rights of others and conscious action in deliberate disregard of those rights. *Chizmar*, 896 P.2d at 210. Unocal had no notice that the platform was a safety hazard. Indeed, if Plaintiffs claims are to be taken as true, the same platform was in place inside the Unocal building for more than 10 years and was used by contract workers stood on the platform in order to change filters with no incident. No one complained that the platform was unsafe. No reports of injuries were made

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal* 3:04-cv-0096-TMB
Page 17 of 20

prior to Grove's fall.  Unocal had no reason to believe that the platform would not, in the year 2002, support Grove's full weight while standing on it.

Grove himself claims that he did not suspect that the platform was unsafe. He claims he had used the platform 3–4 times per year since approximately 1999 with no incident prior to September 9, 2002.  If the one person standing on the platform, year after year, had no reason to believe that the platform was at all unsafe, then there is no reason for Unocal to have believed anything different.

No evidence supports Plaintiffs' bare contention that Unocal even knew that the platform existed, let alone how Grove was using the platform.  Without proof of knowledge, Plaintiffs have no evidence to prove reckless indifference.  The evidence does not support a claim for punitive damages.  Mere negligence does not merit punitive damages, and the admissible evidence does not raise the claim above the negligence level.  The claim for punitive damages must be dismissed.

**3.    Plaintiffs' expert opinion does not support punitive damages.**

Plaintiffs' expert, Bob Carmichael, does not allege an opinion upon which punitive damages could be based.  His opinion does not state when the platform was built.  It does not set out the applicable engineering or safety standards applicable at the time the platform was designed or constructed.  Carmichael's opinion does not address whether the standards changed and if so, whether the standards required Unocal to update the platform construction.  Carmichael's opinion assumes without evidence that the platform was constructed for a human to stand upon.  While Grove did stand upon it, there is no evidence that the

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 18 of 20

platform was originally constructed for that purpose. If the platform was not to be used to stand upon, the safety and engineering standards Carmichael cites are inapplicable.

Without these pieces, the Carmichael opinion merely states that the platform could have been built better, not that it was built with reckless indifference. The claim must be dismissed.

### 4. Even if all of Plaintiffs' facts were taken as true, they only demonstrate negligence. Mere negligence is an insufficient basis upon which to justify an award of punitive damages.

Even if all of Plaintiffs facts are taken as true, the facts alleged only demonstrate negligence, not reckless indifference. Mere negligence is an insufficient basis upon which to justify an award of punitive damages.

The Court should not submit the issue of punitive damages to the jury. *Weiford*, 831 P.2d at 1266. If there is a liability claim in this case, it is solely based upon a negligence theory, not upon clear ad convincing evidence of reckless disregard or conduct sufficiently outrageous to be deemed actual malice. As a matter of law, the Plaintiffs cannot meet their burden to prove punitive damages by clear and convincing evidence. The court should dismiss the punitive damages claim against Unocal.

## VI. CONCLUSION

For all the above-stated reasons, Plaintiffs' punitive damages claims must be dismissed. Even when all facts are found in Plaintiffs favor, Plaintiffs are unable to

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 19 of 20

prove by clear and convincing evidence that Unocal acted with the requisite malice or reckless indifference.

DATED at Anchorage, Alaska, this ___29th___ day of June 2007.

> CLAPP, PETERSON, VAN FLEIN,
> TIEMESSEN & THORSNESS, LLC
> Attorneys for Defendant Unocal
>
> s/ John B. Thorsness
> CLAPP, PETERSON, VAN FLEIN,
> TIEMESSEN & THORSNESS LLC
> 711 H Street, Suite 620
> Anchorage, AK  99501-3454
> Phone:  (907) 272-9631
> Fax:  (907) 272-9586
> Direct email:  jtb@cplawak.com
> Alaska Bar No. 8211154
>
>
> CLAPP, PETERSON, VAN FLEIN,
> TIEMESSEN & THORSNESS, LLC
> Attorneys for Defendant Unocal
>
> s/ Linda J. Johnson
> CLAPP, PETERSON, VAN FLEIN,
> TIEMESSEN & THORSNESS LLC
> 711 H Street, Suite 620
> Anchorage, AK  99501-3454
> Phone:  (907) 272-9631
> Fax:  (907) 272-9586
> Direct email:  ljj@cplawak.com
> Alaska Bar No. 8911070

<u>Certificate of Service</u>

I hereby certify that on June 29, 2007, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

s/ Linda J. Johnson

Memorandum in Support of Motion for Partial Summary Judgment on Punitive Damages
*Grove v. Unocal*  3:04-cv-0096-TMB
Page 20 of 20