Page 1

```
 1              UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF ALASKA
 2

 3

    LAWRENCE H. GROVE, et al.,    )
 4                                )
              Plaintiffs,         )
 5                                )
    vs.                           )
 6                                )
    UNOCAL CORPORATION,           )
 7                                )
              Defendant.          )
 8  _____)
    Case No. A 04-0096 CV   (JKS)
 9

10  _____
         VIDEOTAPED DEPOSITION OF TOM SCANLON
11  _____

12
                    Pages 1 - 220
13             Friday, April 14, 2006
                    9:16 a.m.
14
             Taken by Counsel for Plaintiffs
15                        at
    The Offices of Department of Labor & Workforce
16                    Development
            3301 Eagle Street, Suite 209
17              Anchorage, Alaska
```

Page 137

1  MR. COHN: Yes, it's 8A and 8B.
2  Q  (By Ms. Johnson) Okay. So Exhibit 8A
3  is what I want you to look at, please.
4  A  8A?
5  Q  Uh-huh. And I'm going to refer to page
6  797 and 798, those two pages together.
7  A  Okay.
8  Q  Did you create this document?
9  A  Yes.
10 Q  Both of these? 797 and 798?
11 A  Right. If that is the -- oh, did I
12 create these? No, this is not -- this is done,
13 again, after I turn it in. This is nothing that
14 we --
15 Q  Not something that you did?
16 A  No.
17 Q  Okay. You agree that you came up with
18 two violations for Siemens; is that correct?
19 A  I believe so, yes.
20 Q  And the first one looks like it's the
21 same citation that Unocal received; is that
22 correct?
23 A  Correct.
24 Q  And you found that this was a serious
25 violation from Siemens' aspect?

Page 138

1  A  Right.
2  MR. COHN: Objection; form of the
3  question.
4  Q  (By Ms. Johnson) Why did you find that
5  Siemens had also violated this?
6  MR. COHN: Objection; foundation; form.
7  A  I refer back to the multi-employer work
8  site where you can be the creating, exposing.
9  Q  (By Ms. Johnson) And which one was
10 Siemens? Do you recall?
11 A  The exposing.
12 Q  Okay. As the actual employer of
13 Mr. Grove, does Siemens have a duty to provide him
14 a safe place to work?
15 MR. COHN: Objection to form of the
16 question; foundation.
17 A  Yes.
18 Q  (By Ms. JOhnson) Okay. And is that
19 provided for in OSHA regulations?
20 A  Yes, under the general duty clause, 5A
21 -- 5A? I'm looking to Larry for clarification
22 there.
23 MR. MCKINSTRY: I can't answer the
24 question. You've got to answer it if you know it.
25 If you don't...

Page 139

1  THE WITNESS: Okay.
2  Q  (By Ms. Johnson) You think that it
3  could be 5A, but you know that it's in there
4  somewhere?
5  A  General duty clause, yes, where every
6  employer has the responsibility to provide a safe
7  and health --
8  Q  Can Siemens contract away that duty?
9  MR. COHN: Objection to the foundation.
10 A  I don't know. It would be pure
11 speculation on my part.
12 Q  (By Ms. Johnson) Okay. So the
13 regulations don't say one way or another whether
14 somebody could contract away their specific
15 regulatory duty to provide a safe workplace?
16 A  Well, again, I refer back to the
17 multi-employer work site where it says different
18 employers can be cited for the same violation
19 depending on if you're the controlling, the
20 creating, the exposing, correcting employer.
21 Q  Looking at page 798, there was another
22 citation that was issued apparently. Can you tell
23 me what this was for?
24 A  That was for the portable ladder.
25 Q  And that was specifically to Siemens; is

Page 140

1  that correct?
2  MR. COHN: Objection to form of the
3  question.
4  A  Yes.
5  Q  (By Ms. Johnson) And you didn't find
6  the citation -- you didn't give a citation to
7  Unocal for a ladder; is that right?
8  A  No.
9  Q  Why did you cite Siemens for a ladder
10 violation?
11 A  Because their employee was using it to
12 access an area without it being three feet above,
13 which is a requirement.
14 Q  Did it make a difference to you that
15 this particular ladder, if you look at these
16 pictures -- and you're welcome to refer back to
17 these pictures -- does it make a difference to you
18 whether the ladder had two legs or four legs?
19 That's the best I can describe it to you.
20 A  No, but if you do use a stepladder, you
21 are not supposed to use the top rung to access
22 anyplace.
23 Q  Okay. So, would it matter to you that
24 Mr. Grove as a Siemens employee was using a
25 stepladder or a four-legged ladder in a leaning

38 (Pages 137 to 140)

Page 217

1  wall in Unocal and there's some -- and your notes
2  indicate that it may have been there since the
3  1970s.
4     A  Right.
5     Q  Now, what does -- does this convey to
6  you that Unocal as the employer or owner of the
7  building is the one responsible for this -- is
8  responsible for this work platform?
9        MS. JOHNSON:  Objection; foundation.
10    A  Again, a complex issue.  It could depend
11 on a couple of things.  Getting back to Step 1 is,
12 they had their own ladders and they were extension
13 ladders.  I would think that under the reasonable
14 man concept it might be much more prudent not to
15 use the work platform and use your own ladder just
16 to go all the way up.
17    Q  (By Mr. Cohn)  And how do you get the
18 ladder into the building?
19    A  Well, he had gotten it in there several
20 times before, you know
21    Q  Dragging it up seven flights of stairs?
22       MS. JOHNSON:  Objection; argumentative.
23    Q  (By Mr. Cohn)  Well, that leads to
24 another question:  Your own notes indicate that
25 under the service contract between Unocal and

Page 218

1  Siemens it was the duty of Unocal to provide
2  access to the equipment that they were going to
3  replace.
4     A  Right.
5     Q  Would that indicate to you it was the
6  responsibility of Unocal to supply the ladder or
7  work platform that was to be used by Siemens to
8  access the filters to replace them?
9        MS. JOHNSON:  Objection; foundation.
10    A  I'm not in a position to make that
11 judgment.
12    Q  (By Mr. Cohn)  You put that down --
13 well, why did you put that down in your Safety
14 Narrative report if it's --
15    A  Because it's --
16    Q  Did you consider it important?
17    A  Yes.  And I go back to my previous
18 statement that we are told to ask for the contract
19 to try to determine.  It's not a cut and dry
20 situation, but we try to help determine who has
21 the responsibility.
22    Q  Was there anything in any of the
23 contracts you read between Unocal and Siemens that
24 placed the responsibility on Siemens to supply
25 ladders or work platforms to access the equipment?

Page 219

1     A  I don't remember.
2     Q  And if there was no such requirement in
3  the contract and if in fact the requirement was on
4  Unocal, you wouldn't have -- is that a factor in
5  considering Unocal's liability for the citations?
6     A  Yes.
7        MR. COHN:  I don't have any further
8  questions.
9        MS. JOHNSON:  Objection to the
10 foundation on the last question.
11       I don't have any other questions.  You
12 are free to go.  Get out quick.
13       THE VIDEOGRAPHER:  This concludes the
14 deposition of Tom Scanlon.  The time is 3:30.
15       (Signature waived.)
16       (Proceedings concluded at 3:30 p.m.)