John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | Case No. 3:04-cv-0096-TMB |

## OPPOSITION TO MOTION FOR SANCTIONS

Defendant Unocal Corporation opposes the latest motion for sanctions filed by Plaintiffs. Plaintiffs complain once again about the subpoenas served by Unocal in its attempt to get relevant documents that Plaintiffs have refused to voluntarily disclose.

The subpoenas are not harassing and Plaintiffs motion should be denied. Further, the motion is not properly brought under Fed. R. Civ. P. 37. The sanctions Plaintiffs request are not available under Fed. R. Civ. P. 45, and the motion should be dismissed.

**Unocal's Subpoenas Search for Evidence Relating to Its Defense of Plaintiffs' Consortium Claims, Claims of Disability and Damages.**

Plaintiffs dislike the subpoenas served by Unocal on a variety of large companies in Unocal's effort to obtain records of Larry Grove's recreational and financial activities. Plaintiffs willfully overlook that the documents received are relevant to the damages portion of their case. The subpoenas are all geared to determine Larry Grove's activities after his injury.

Plaintiffs have repeatedly claimed that Larry Grove is "disabled". In fact, they allege that he suffered a "severe permanent physical impairment" within the definition of AS 09.010(c). Unocal has investigated Plaintiffs claim, part of which has entailed investigation into Larry Grove's recreational activities after his injury. Much of the evidence subpoenaed goes directly to Larry Grove's claim of physical impairment.

For example, although Plaintiffs scoff at the subpoena for the "sausage company," that subpoena was issued for a purpose. The subpoena was sent to a meat and fish processing company that Larry Grove identified he patronized. Grove deposition Vol III, at 83, attached hereto as Exhibit A. In an effort to ascertain whether Unocal had discovered all of Larry Grove's hunting and fishing activities, Unocal issued a subpoena for Grove's meat processing records, checking to see whether he had any game processed for an undisclosed hunt. Unocal has had to be creative in investigating this case, since Grove himself has not been forthcoming.

The Grove children have consortium claims in this litigation.  They claim that they can no longer spend time with their father like they used to.  Therefore, when Larry Grove identified that he still patronized a shooting range in Alaska, Unocal issued a subpoena to verify his statement and investigate whether his children went shooting with him.  Ex. A at 163.

The subpoenas for the credit card, mortgage, and banking records are all related to Larry Grove's financial activities.  Larry Grove did not ever voluntarily disclose that he was the President of six companies engaged in adult-oriented business in Pennsylvania.  That information came from his bank records.  Unocal has continued its investigation into Grove's financial affairs to determine whether he was paid on a cash basis for services to the six companies.  Unocal cannot determine whether there is cash that does not have a verifiable source, without obtaining and analyzing Grove's financial records.

Each of these issues is relevant and admissible.  The rules require that evidence sought in discovery only be calculated to lead to the discovery of admissible evidence.  Therefore, whether each and every item in Grove's financial statements is actually admissible, the overall scrutiny of his accounts to determine whether he has failed to disclose mitigating income is permissible.

Plaintiffs' motion must fail.  Unocal's subpoenas and records depositions are not unending, have a relevant and admissible purpose, and Plaintiffs' continued complaints are unjustified.

### The Companies Subpoenaed Do Business in Alaska, and the Notice of a Local Deposition Is Not Improper Under Rule 45.

Fed. Rule Civ. P. 45 states that the subpoena may be served on a company for a records deposition within the state or at any place outside a district, but within 100 miles of the place of the deposition. Unocal has served subpoenas upon large corporations who do business in the state of Alaska, but keep their business records in another location. See, e.g., notices to Bank of America, Citibank, Delta Airlines, and Alaska Airlines. The rule only allows a court to quash a deposition if the subpoena is for travel more than 100 miles from where the entity does business. Rule 45(c)(3)(A). The large corporations do business in Alaska, which is why these same entities have records relating to Larry Grove. It is immaterial whether the company requires a subpoena directed to the specific office in which the records are stored. The companies do business within the state.

These corporations voluntarily complied with the federal subpoena without requiring a records deposition.[1] These are large companies and they are aware through experience that if they provide an authentication of records, no records deposition is necessary. None of these large corporations has been "intimidated" into providing records, and any allegation that they are is absurd.

The subpoenas have been proper. The companies subpoenaed have not complained or challenged the subpoenas because they do business in Alaska. Plaintiffs should not be allowed to take advantage of the fact that the large

---

[1] Similar subpoenas have also been sent to the state of Colorado, and the state of Pennsylvania. Colorado already voluntarily provided the information without requiring a local records deposition. Counsel is working with the state of Pennsylvania.

companies store their records of local business in another state.  The motion for sanctions is not warranted.

**The Six Adult-Oriented Businesses in Pennsylvania Have Refused To Provide Documents That Grove Should Have Provided Himself.**

The six companies for which Larry Grove is president are another matter. Larry Grove was ordered by the court to produce discovery on the six adult-oriented businesses requested by Unocal in its motion to compel.  Order dated April 2, 2007; docket number 167.

In response to discovery requests, Grove admitted that he has "traveled to Pennsylvania at any time Mr. Krasner requested."  Response to Seventh Discovery Requests (attached hereto as Exhibit B), Request for Admission No. 9.  However, when asked for specifics of his travel, Larry Grove refused to provide any details, dodging the question by claiming: "I do not have any specific records of exact travel dates."  *Id.*, Response to Interrogatory No. 12.

Larry Grove has refused to provide any documents relating to his involvement with the six companies, despite court order to do so.  Larry Grove has refused to even describe the types of documents he signs as President.  Ex. B, Response to Interrogatory No. 14.  Larry Grove has refused to request documents from these six companies, even though as President of the companies, they are within his custody and control.  Instead, he merely refers Unocal to Phil Krasner, via his attorney Mike Weremblewski at Lipsitz Green Scime and Cambria in New York in order to obtain records of the six adult oriented businesses.  *Id.*, Response to Request for Production No. 2.

Unocal has been unable to get cooperation from the lawyers at Lipsitz Green Scime and Cambria in order to obtain the documents that Larry Grove should have produced himself. When Unocal contacted Mike Weremblewski, the attorney objected to the service of the subpoena for company records, claiming he was not the companies' agent. Letter dated May 31, 2007, attached hereto as Exhibit C. He has refused to cooperate in any manner.

In response to Weremblewski's objection, Unocal served a subpoena directly on Phil Krasner, the reputed owner of the six companies,[2] for the records. This time, the attorneys at Lipsitz Green Scime and Cambria asserted the technical defense under Rule 45, that the place of the deposition was more than 100 miles away from the company. Letter dated June 7, 2007, attached hereto as Exhibit D.

Unocal has now cured the technical error and will take the records depositions in Pennsylvania.

Unocal has now received a new letter from Lipsitz Green Scime and Cambria objecting to production of the bank records of the six companies, which have been subpoenaed. Exhibit E, Letter dated June 29, 2007. The same arguments are made, along with privacy complaints. Unocal needs the bank records, with detail, to prove, for instance, whether Larry Grove signs all the checks from the six companies, a clear indication of control and participation.

Plaintiffs have not been prejudiced by the subpoenas. In fact, it is due to Plaintiffs' stonewalling that the subpoenas to the six companies and their banks

---

[2] Plaintiffs identified Mr. Krasner as the "true" owner of the six companies.

have become necessary.  Plaintiffs should not be able to hide behind the attorneys at Lipsitz Green Scime and Cambria in order to prevent discovery of Larry Grove's interactions with the companies and payment therefrom.

### No Protective Order Should Be Entered.

Plaintiffs ask for a protective order limiting the use of the documents obtained, but do not list those they specifically want protected.  Instead, they emotionally ask that any document that pertains to "private personal matters" be placed under the protective order.  This statement is too broad for Unocal to respond to.  To date, many, many records have been produced.  Some of the material is personal.  That is the nature of litigation.

By alleging that Grove is "disabled," by alleging loss of consortium, by refusing to voluntarily disclose the extent of Larry Grove's association with and payment from six companies in Pennsylvania, Plaintiffs have placed those issues into the litigation.  Unocal has only reacted to and requested discovery of those issues that Plaintiffs have themselves raised.  The information is discoverable and not unduly intrusive.  No protective order should issue.

### Remedies Are Dictated by Rule 45, Not Rule 37.

Unocal should not be sanctioned for issuing subpoenas or getting documents pursuant to a subpoena.  The subpoenas themselves were proper. The only error that occurred was noticing the records depositions of the six companies for Alaska, rather than in the state in which the corporation does business.

Fed. R. Civ. P. 37 does not address subpoenas that are issued for a deposition outside the 100-mile range. However, Fed. R. Civ. P. 45 does, and it does not impose the sanctions Plaintiffs request. Rule 45(c)(3)(A) states that a court may modify or quash a federal subpoena for a person to attend a deposition, where the travel is more than 100 miles from where a person is employed or regularly transacts business. For the most part, the entities which were subpoenaed regularly transacted business in the state of Alaska (e.g., entities like Delta, Citibank, Bank of America). However, their record keeping facilities were outside the state and so they did not object to the notice of deposition in the state of Alaska.

To the extent that Phil Krasner and his attorneys have objected, Unocal already voluntarily canceled notice of those depositions prior to the date that the Plaintiffs' motion was filed, and Unocal has rescheduled the depositions for Pennsylvania. There is no need for the court to "quash or modify" the subpoenas. The request for sanction is unnecessary and improperly made. The motion should be denied.

## Conclusion

For all the above stated reasons, the motion for sanctions should be denied.

#

#

#

#

#

DATED at Anchorage, Alaska, this _____ day of July 2007.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal


s/ Linda J. Johnson
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK  99501-3454
Phone:  (907) 272-9631
Fax:  (907) 272-9586
Direct email:  ljj@cplawak.com
Alaska Bar No. 8911070

### Certificate of Service

I hereby certify that on July 6, 2007, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

s/ Linda J. Johnson