# Lipsitz Green Scime Cambria LLP

Attorneys at Law    42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

Paul J. Cambria, Jr.[3]
James T. Scime
Herbert L. Greenman
Patrick C. O'Reilly
Michael Schiavone
Laraine Kelley
William M. Feigenbaum
Joseph J. Gumkowski
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Christopher S. Mattingly
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
George E. Riedel, Jr.[2]
Michael P. Stuermer[3]
Jeffrey F. Reina
Sharon M. Heim
Cherie L. Peterson
Paul L. Cieslik
Joseph T. Kremer
Michael R. Weremblewski
Gregory P. Krull
Michele A. Smith
Bridget M. O'Connell
Michael S. Deal[6]
Joseph J. Manna
Philip Scaffidi
Amy L. Andrus
Robert E. Ziske
Kevin W. Hourihan
A. Nicholas Falkides[4,5]
Thomas C. Burnham
William P. Moore
David C. Zimmerman[7]
Karen B. Feger
Patrick B. Shanahan
Bethany A. Solek
Jonathan W. Brown[3]
Amanda M. Warner
Laura A. Myers
Teresa A. Bailey
John M. Lichtenthal
Sarah R. Ranni
Racheal C. Irizarry[2]

OF COUNSEL
Richard Lipsitz
Carl A. Green
Raymond F. Roll, Jr.
Herald Price Fahringer
Eugene W. Salisbury[1]

SPECIAL COUNSEL
James W. Kirkpatrick
Roger W. Wilcox, Jr.
Denis A. Scinta
David G. Henry
Richard D. Furlong
Scott M. Schwartz
John P. Hains[2]

LICENSED WORKERS'
COMPENSATION
REPRESENTATIVE
Keith T. Williams
Patricia N. Lyman

Seymour L. Schuller
1951-1988

Evan E. James
1955-1989

[1] Also admitted in District of Columbia
[2] Also admitted in Florida
[3] Also admitted in California
[4] Also admitted in New Jersey
[5] Also admitted in Pennsylvania
[6] Also admitted in Ohio
[7] Also admitted in Illinois

June 29, 2007

**VIA UPS OVERNIGHT (907-272-9272)**

Linda J. Johnson, Esq.
Clapp, Peterson, Van Flein, Tiemessen
& Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501

RECEIVED BY:
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
Date Rec'd/Initials: 7/2/07 via UPS
6200-1
Distribution: JBT  LJJ  VBH
                 S9E

Re:  Lawrence H. Grove, et al. v. Unocal Corp.; D. Ala. Case No.
     3:04-cv-0096-TMB; Out of State Civil Subpoenas

Dear Ms. Johnson:

I am writing to you for a second time, since my earlier letter of June 7, 2007 in this matter. As I earlier stated, this office represents Puritan International, Ltd; Funtime Boutique, Inc.; Led Dog Enterprises, Ltd.; Samuri, Inc.; Puritan Production Videos, Ltd.; and LoJi, Inc., which entities are located in Allentown, Pennsylvania.

Your office previously attempted to directly serve subpoenas in a civil case on each of the above-mentioned clients located in Allentown, Pennsylvania, seeking corporate records and testimony. In the earlier letter to you, I noted that pursuant to Rule 45 of the Federal Rules of Civil Procedure, subpoenas issued under said Rule from the Alaska federal court may be served within the District of Alaska; any place within Alaska if authorized by state statute or court rule; or within 100 miles of the location of the place of deposition in Anchorage, Alaska. Clearly, none of those Rule 45 requirements applied to service of a subpoena in Pennsylvania. I accordingly informed you that my clients would not cooperate with the subpoenas which you purported to serve, as they were invalid.

Instead, I am now informed that you have apparently attempted to do an end-run around the Rule by attempting to serve various custodians of records for banks in Delaware and Pennsylvania.

While I may not be aware of all of your efforts in this regard, I have received copies of papers attempting to obtain detailed banking records from Sovereign Bank locations in Delaware and Pennsylvania for my client Puritan Production Videos, Ltd; for Wachovia Bank locations in Delaware and Pennsylvania for records pertaining to my client Funtime Boutique, Inc.; for records from the PNC Banks in Delaware and Pennsylvania for my client LoJi, Inc.; and for records of the Citizens Banks in Delaware and Pennsylvania for my client Samuri, Inc. Moreover, notwithstanding that you knew my firm represented said entities, it was only fortuitously that I even learned of your attempts. As before, your attempts to serve subpoenas issued from the federal court in Alaska on banks located in Delaware and Pennsylvania are entirely outside the authorization of Federal Rule 45, and are invalid. Moreover, if any of said banks inadvertently complied with your client's improper requests, if would constitute a substantial invasion of my clients' privacy rights.

EXHIBIT  E
PAGE  1  OF  2

## Lipsitz Green Scime Cambria LLP

Linda J. Johnson, Esq.
June 29, 2007
Page 2

Accordingly, my clients demand that you cease your unauthorized attempts to obtain such documents. If your client believes that such records are relevant to its defense of the subject lawsuit by Mr. Grove, it may seek to obtain appropriate relevant documents in a proper fashion pursuant to Rule 45.

Moreover, and as I previously informed you in the June 7th letter, plaintiff Lawrence Grove does not possess any relevant records for any of the aforesaid companies as to which you seek information. Such records are in the custody of the principal of said companies, located in Allentown. Notwithstanding any position with said companies that Mr. Grove may hold, he does not have the custody, possession or control over the corporate records of my aforesaid clients; nor does he have the right to possession or custody thereof.

Your client, like other federal litigants, is required to obey the requirements of Rule 45 as to service of subpoenas in foreign locations.

Sincerely,

**Lipsitz Green Scime Cambria LLP**
Attorneys for Puritan International, Ltd.; Funtime Boutique, Inc.; Lead Dog Enterprises, Ltd.; Samuri, Inc.; Puritan Production Videos, Ltd.; and LoJi, Inc

By: _____
William M. Feigenbaum, Esq.

WMF/pmj

cc:  Michael Cohn, Esq. (via facsimile)
     Attorney for Lawrence H. Grove

Writer's Extension: 459
Writer's Direct Fax: 716-849-1315
E-Mail: wfeigenbaum@lglaw.com

EXHIBIT E
PAGE 2 OF 2

BUFFALO   AMHERST   CHEEKTOWAGA   FREDONIA   ROCHESTER   NEW YORK CITY   BEVERLY HILLS