Michael Cohn
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) By and through his father LAWRENCE H. GROVE,

Plaintiffs,

vs.

UNOCAL CORPORATION,

Defendant.

Case No. 3:04-cv-0096 TMB

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

Unocal claims that sometimes it obeys the requirements of Federal Rule of Civil Procedure 45. It is no defense to speeding to claim that sometimes you obey the speed limit. It is no defense to running a red light to claim that sometimes you obey the red light. Nor is it a defense to breaching the extraordinary power to issue subpoenas under the authority of the District Court to contend that sometimes you actually

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

properly issue said subpoenas. Unocal itself notes that Federal Rule of Civil Procedure 45 "states that the subpoena may be served on a company for a records deposition within the state or at any place outside a district but within 100 miles of the place of the deposition." (Unocal Opposition to Motion to Compel at pg. 4). Thus, Unocal acknowledges that it is well aware of the rule in regard to subpoenas under Federal Rule of Civil Procedure 45. Yet, Unocal has noticed, or re-noticed, hundreds of depositions of entities or persons subject to the subpoenas issued by Unocal, all over the State of Alaska, and all over the United States, well beyond the 100 mile limitation. See Exhibit 1 to Affidavit of Michael Cohn and Exhibits 1 and 2 to Affidavit of Michael Cohn to Renewed Motion for Protective Order. Unocal fails to respond to the failure to comply with the requirements of Federal Rule of Civil Procedure 45. Unocal ignores this and essentially defends its conduct by claiming that sometimes it complies with the subpoena power because some of the "large corporations" do business in Alaska, while Unocal remains silent on the vast majority of said subpoenas to entities that do not do business in the State of Alaska, or within 100 miles of the place of the deposition.

In Theofel v. Farey Jones, 341 F.3d 978, 984 (9th Cir. 2003) in commenting upon the subpoena power granted to attorneys the court noted:

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

> Subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused. Informing the person served of his right to object is a good start ... but it is no substitute for the exercise of independent judgment about the subpoena's reasonableness.

In Wright and Miller, Federal Practice and Procedure (1995), Section 2463 at pg. 68 it is stated:

> With the expanded power of the attorney to issue subpoenas, the liability of the attorney for misusing Rule 45 has been expanded accordingly. The general duty of an attorney towards a third party is embodied in Model Rule of Professional Conduct 4.4 and abuse of a subpoena is an actionable tort. In accordance with these duties, Rule 45(c)(1) makes explicit the principle of accountability stated in Rule 26(g). It requires those issuing or serving the subpoena to take reasonable steps to avoid imposing undue burden or expense on the party subject to the subpoena. In addition, Rule 45(c)(1) places upon the issuing court a correlative duty to impose sanctions for the misuse of subpoenas. The liability of the attorney includes, but is not limited to, earnings lost by the subpoenaed witness and the cost of attorney's fees owed as a result of the breach of duty.

One need not establish the tort of abuse of process as a prerequisite to move for sanctions. High Tech Medical Instrumentation, Inc., v. New Image Industries, Inc., 161 F.R.D. 86 (N.D. Cal. 1995).

In this case, Unocal is silent on whether they have even complied with providing the required text to the parties under subpoena. There is no proof of same in the documents that have been received by plaintiffs' counsel. In Anderson v. Government

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

of the Virgin Islands, 180 F.R.D. 284 (D.C. Virgin Islands 1998), the court as a sanction awarded attorney's fees and costs for a subpoena that was defective for failure to include the required text detailing the duties and protections, the subpoena was not properly served, and demanded production from parties over 100 miles from the place of the deposition. It is incumbent upon counsel to ensure that the burdens imposed upon a party under subpoena is reasonable. Metro-Goldwyn Mayer Studios, Inc. v. Grokster Ltd., 218 F.R.D. 423 (D.C. Del. 2003).

Unocal sought to improperly subpoena a number of entities and individuals to appear in Anchorage, Alaska at Unocal's counsel's office. Said entities being located in Pennsylvania. As counsel for these entities, William M. Feigenbaum, on June 7, 2007 wrote to attorney Linda J. Johnson from Clapp Peterson Van Flein Tiemessen and Thorsness notifying her that the subpoenas that were issued were in violation of Federal Rule of Civil Procedure 45. This letter is attached as an Exhibit to plaintiffs' initial motion, Exhibit D to Unocal's Opposition, and Exhibit 3 herein. Following receipt of this letter, Unocal then cancelled these improperly subpoenaed depositions. However, at the same time, Unocal counsel then re-noticed a number of depositions of banks of the entities that had been improperly subpoenaed to obtain the information that they could not obtain from the entities due to their improper use of the

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

subpoena power. Furthermore, despite having notice through the June 7, 2007 letter from Mr. Feigenbaum that he represents the entities, Unocal did not notify Mr. Feigenbaum that they were attempting to obtain records of these companies through other parties. Thus, Unocal attempted to secretly obtain these records of an entity without notification to the attorney for said entities. Mr. Feigenbaum, on June 29, 2007, after having learned of this attempt to maneuver around the proper subpoena requirements, wrote to Linda J. Johnson of Clapp Peterson Van Flein Tiemessen and Thorsness as follows:

> I am writing to you for a second time, since my earlier letter of June 7, 2007 in this matter. As I earlier stated, this office represents Puritan International, Ltd.; Funtime Boutique, Inc.; Led Dog Enterprises, Ltd.; Samuri, Inc.; Puritan Production Videos, Ltd.; and LoJi, Inc., which entities are located in Allentown, Pennsylvania.
>
> Your office previously attempted to directly serve subpoenas in a civil case on each of the above-mentioned clients located in Allentown, Pennsylvania, seeking corporate records and testimony. In the earlier letter to you, I noted that pursuant to Rule 45 of the Federal Rules of Civil Procedure, subpoenas issued under said Rule from the Alaska federal court may be served within the District of Alaska; any place within Alaska if authorized by state statute or court rule; or within 100 miles of the location of the place of deposition in Anchorage, Alaska. Clearly, none of those Rule 45 requirements applied to service of a subpoena in Pennsylvania. I accordingly informed you that my clients would not cooperate with the subpoenas which you purported to serve, as they were invalid.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

> Instead, I am now informed that you have apparently attempted to do an end-run around the Rule by attempting to serve various custodians of records for banks in Delaware and Pennsylvania.
>
> While I may not be aware of all of your efforts in this regard, I have received copies of papers attempting to obtain detailed banking records from Sovereign Bank locations in Delaware and Pennsylvania for my client Puritan Production Videos, Ltd; for Wachovia Bank locations in Delaware and Pennsylvania for records pertaining to my client Funtime Boutique, Inc.; for records from the PNC Banks in Delaware and Pennsylvania for my client LoJi, Inc.; and for records of the Citizens Banks in Delaware and Pennsylvania for my client Samuri, Inc. Moreover, notwithstanding that you knew my firm represented said entities, it was only fortuitously that I even learned of your attempts. As before, your attempts to serve subpoenas issued from the federal court in Alaska on banks located in Delaware and Pennsylvania are entirely outside the authorization of Federal Rule 45, and are invalid. Moreover, if any of said banks inadvertently complied with your client's improper requests, if would constitute a substantial invasion of my clients' privacy rights.
>
> . . .
>
> Your client, like other federal litigants, is required to obey the requirements of Rule 45 as to service of subpoenas in foreign locations.

See Exhibit 4.

Not only did Unocal counsel surreptitiously attempt to obtain records without notifying counsel for the entities whose records were involved, but again, despite knowledge of the invalid use of the subpoena power by seeking records over 100 miles from the place of deposition, while providing perhaps at most a $40 witness fee. Unocal again noticed these records that were located in banks in Pennsylvania, and other states on the

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

East Coast, for 711 H Street, Anchorage, Alaska, the office of Unocal counsel. This is a flagrant intentional violation of the subpoena rules. Mr. Feigenbaum had already notified Unocal that he was the representative of the entities for which Unocal counsel sought records from banks for the records of these entities. In Q.C. Holdings, Inc. v. Diedrich, 2002 WL 324281 (D.C. Kan. 2002) a party would have a personal interest in the subpoena to a bank for their own records.[1] In Parker v. Pepsi-Cola General Bottles, Inc., 249 F.Supp.2d (D.C. Ill. 2006) it was improper to issue a subpoena to someone without notifying their attorney as this was a violation of the anti-contact rule. The case law does establish that if you know someone represents an entity, and you are seeking records concerning that entity, it is a proper course of conduct to notify the representative instead of trying to sneak behind the representative's back to get these records.

[1] Note that this continues a pattern of conduct that has been undertaken by Unocal counsel. For example, Charles Arnett appeared as a witness at a deposition in this case. Mr. Arnett is the individual that found Larry Grove after the platform had collapsed. Mr. Arnett observed the pain that Mr. Grove was in, saw the collapsed platform, and observed the bolts that had sheared during the collapse. Prior to the deposition of Mr. Arnett, but without notifying Mr. Arnett, Unocal counsel, again abusing its subpoena power, sought and obtained personal records of Mr. Arnett buy subpoenaing Mr. Arnett's former employer, Peak Oilfield Services for Mr. Arnett's personnel files. Unocal counsel knows this was improper as in the experience of plaintiffs' counsel, whenever such requests are provided for personnel records, defense counsel, ordinarily object on the basis of claiming some sort of privacy interest by the employee. At a minimum, Mr. Arnett was entitled to be notified of the subpoena of his own personal confidential records from Peak Oilfield Services to allow him an opportunity, if he so desired, to challenge said subpoena. Unocal counsel plays by its own rules.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Unocal counsel continues, improperly, to misinform this court regarding records for certain businesses located in Pennsylvania by continuously claiming that Larry Grove refuses to provide documents regarding his involvement with these companies. They do so despite the knowledge that Larry Grove does not have possession of these documents, and has no ability to obtain these documents in Pennsylvania. Thus, Mr. Feigenbaum, the attorney for said entities, had stated in his letter of June 7, 2007:

> On a related note, and as you may be aware, plaintiff Grove does not possess any relevant records of any of the six companies from whom you seek records … .

On June 29, 2007 Mr. Feigenbaum again wrote counsel for Unocal after finding out about the attempted runaround as follows:

> Moreover, and as I previously informed you in the June 7th letter, plaintiff Lawrence Grove does not possess any relevant records for any of the aforesaid companies as to which you seek information. Such records are in the custody of the principal of said companies, located in Allentown. Notwithstanding any position with said companies that Mr. Grove may hold, he does not have the custody, possession or control over the corporate records of my aforesaid clients; <u>nor does he have the right to possession or custody thereof</u>. [Emphasis added].

Despite this knowledge, Unocal counsel continues to claim, intentionally, and incorrectly, that Larry Grove has refused to

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

provide documents that he has no right to. See also Affidavit of Michael Cohn attached hereto.

In regard to these six entities in Pennsylvania, it has been admitted by Mr. Grove that he received as reimbursement for travel the total sum of $2,500 over the course of a few years. This $2,500 has now become another alleged reason by Unocal counsel to continue to harass the Grove family. Mr. Grove's entire family, outside of his immediate family, resides in Pennsylvania. This includes his ailing father, who is in his late 80's, his brother, his son, his grandchildren, and other relatives. Mr. Grove utilized a convenient way to get reimbursement for certain travel expenses, while at the same time, visiting his family in Pennsylvania. Despite the efforts of Unocal counsel to claim that he is somehow operating businesses in Pennsylvania, which is a complete and total outright fabrication, Larry Grove does not operate these entities.

Linda Johnson, Unocal counsel, claimed that Larry Grove goes back to Pennsylvania to operate these businesses, and referenced documents that Unocal counsel has disclosed to plaintiffs' counsel. Buried within these thousands upon thousands of pages of documents, plaintiffs' counsel found two references to purchases in a convenience store in Allentown, Pennsylvania in August of 2006 and November 2006, which

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

apparently Unocal counsel intends to use to mislead the court that Larry Grove is back in Pennsylvania doing business. The reality is that Mr. Grove returned to Pennsylvania in August of 2006 when his sister-in-law unexpectedly died, and also came back to visit his family in November of 2006 around the time of the holidays. This is the type of evidence that Unocal is attempting to put before this court to smear Mr. Grove.

It was noted in Graham v. K.C.'s General Stores, 206 F.R.D. 251, 256 (D.C. Ind. 2002) that subpoenas can be tools for harassment. In this case, with the hundreds upon hundreds of depositions that are noticed and cancelled and re-noticed, subject to subpoenas all over the State of Alaska and all over the United States, which are either of no relevance or extremely marginal relevance, the conduct of Unocal counsel has gone well beyond any bounds of propriety. Note that there are limitations as to the number of depositions that can be taken in a case, and a number of interrogatories that can be utilized in a case. In this case, defense counsel is continuously, and even since the Motion for Sanctions has been filed, has filed another pile of deposition notices to continue to harass Mr. Grove and all the plaintiffs. See Exhibit 2. Not only is it harassment, but now everybody that Mr. Grove knows or has done any association with is being subject to subpoenas to impugn Mr. Grove to friends and acquaintances all over the country.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Discovery, except for expert depositions, was supposed to be closed months ago. It had been agreed that there would be an end to the discovery. Yet, Unocal is continuing to circumvent the discovery rules by issuing wave upon wave of subpoenas without end. See Minnesota Supply Company v. Raymond Corporation, 2002 WL 31898162 (D.C. Minn. 2002).

Not only has defense counsel set hundreds upon hundreds of record depositions in the first six months of 2007 alone, but they do so unilaterally, without notifying plaintiffs' counsel as to plaintiffs' counsel availability. Plaintiffs' counsel must then calendar each and every one of these depositions, and make efforts to attend. Furthermore, Unocal's counsel shows the discourtesy of not even informing plaintiffs' counsel of the cancellation of certain depositions until the last minute. On July 9, 2007, a whole plethora of records depositions were set a defense counsel's office. Eight minutes before time for said depositions a fax was sent by defense counsel canceling the depositions. However, at the same time, numerous depositions have been rescheduled.

Plaintiffs' counsel asks for the following sanction and relief in this matter. As to each and every deposition that has been set in this matter, which number at this point approximately two hundred, plaintiffs' counsel asks for an award of $250 per hour for 1 hour for only one-half of the total, or

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

100 hours at $250 per hour, for a total of $25,000 for having to copy, distribute, calendar, schedule and prepare for said depositions. The abuse of the subpoena power by Unocal counsel is a violation of the "grave responsibility to ensure it is not abused" as set out in Theofel, supra 341 F.3d 978.

Accordingly, the plaintiffs' respectfully request that the Motion for Sanctions be granted, that a sanction of 1 hour for 100 depositions at $250 per hour be awarded to plaintiffs' counsel, that no further subpoenas be allowed to be issued to Unocal, and that any such personal private records of Larry Grove, or any other person, be either destroyed and/or only disclosed in court under seal, and that all individuals with access to these records be identified. Furthermore, plaintiffs reserve the right to seek additional sanctions against defense counsel if any personal private information of Larry Grove or his family is disclosed to anyone outside of this litigation.

RESPECTFULLY SUBMITTED this 16th day of July, 2007.

/s/ Michael Cohn
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK 99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail:nbackes@weidnerjustice.com
ABA No. 8506049

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

*CERTIFICATE OF SERVICE*

I hereby certify that on June 16, 2007 a copy of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS** was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC.

s/ Michael Cohn

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571