SP



RECEIVED

JUN 0 7 2007

WEIDNER & ASSOCIATES



# Lipsitz Green Scime Cambria LLP

### ATTORNEYS AT LAW

42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924

Telephone: 716 849 1333

Fax: 716 855 1580 (Not for Service)

WRITER'S TELEPHONE EXTENSION

301

## FACSIMILE TRANSMISSION

TODAY'S DATE: June 6, 2007

TO: Michael Cohn, Esq.  FROM: William Feigenbaum, Esq.

FAX NO. 907-278-6571  FAX NO. 716-849-1315

TELEPHONE NO. 907-276-1200  TELEPHONE NO. 716-849-1333

COMMENTS: Lawrence H. Grove, et al. v. Unocal Corp.;
Dist Ala Case No. 3:04-cv-0096-TMB; Subpoena in a Civil Case

NUMBER OF PAGES:  (INCLUDING COVER)

FILE NUMBER: 28174.0085

THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY/CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

Exhibit 3
page 1 of 4



Lipsitz Green Scime Cambria LLP

Attorneys at Law

Paul J. Cambria, Jr. *
James L. Scime
Herbert L. Greenman
Patrick C. O'Reilly
Michael Schiavone
Lonnie Kelley
William M. Feigenbaum
Joseph J. Gardkowski
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Christopher S. Mattingly
Robert J. Romano
Thomas M. Mercure
John A. Collins
George F. Bindel, Jr. *
Michael P. Stuermer *
Jeffrey F. Reina
Shawn M. Horn
Cherie L. Peterson
Paul J. Ciolek
Joseph T. Kramer
Michael R. Wieromblewski
Gregory P. Krull
Michele A. Smith
Bridget M. O'Connell
Michael S. Deal *
Joseph J. Manna
Philip Scaffidi
Amy L. Andrus
Robert C. Zikke
Kevin W. Hourihan
A. Nicholas Falkides *
Thomas C. Burnham
William P. Moore
David C. Zimmerman *
Karen R. Feger
Patrick D. Shanahan
Bethany A. Solek
Jonathan M. Brown *
Amanda M. Werner
Laura A. Myers
Teresa A. Bailey
John M. Lichtenthal
Sarah R. Ranni
Racheal C. Irizarry *

OF COUNSEL
Richard Lipsitz
Carl A. Green
Raymond H. Kelt, Jr.
Herald Price Fahringer *
Eugene W. Salisbury *

SPECIAL COUNSEL
James W. Kirkpatrick
Roger W. Wilcox, Jr
Denni A. Scinta
David G. Henry
Richard D. Furlong
Scott M. Schwartz
John B. Elsins *

LICENSED WORKERS'
COMPENSATION
REPRESENTATIVE
Keith I. Williams
Patricia N. Lynton

Seymour L. Schuller
1951-1988

Evan C. James
1955-1989

* Also admitted in District of Columbia
* Also admitted in Florida
* Also admitted in California
* Also admitted in New Jersey
* Also admitted in Pennsylvania
* Also admitted in Ohio
* Also admitted in Illinois

42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924 ▪ P 716 849 1333 ▪ F 716 855 1580 (Not for Service) ▪ www.lglaw.com

June 7, 2007

### VIA UPS OVERNIGHT

Linda J. Johnson, Esq.
Clapp, Peterson, Van Flein, Tiemessen
& Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501

Re:    Lawrence H. Grove, et al. v. Unocal Corp.; D. Ala. Case No.
       3:04-cv-0096-TMB; Subpoena in a Civil Case

Dear Ms. Johnson:

This office represents Puritan International, Ltd.; Funtime Boutique, Inc.; Lead Dog
Enterprises, Ltd.; Samuri, Inc.; Puritan Production Videos, Ltd.; and LoJi, Inc., all of
which are corporate entities located in Allentown, Pennsylvania. Your office has
attempted to serve a Subpoena in a Civil Case on each of these non-party entities in
the above-referenced action, including six separate checks payable from your firm to
the named entity in the face amount of forty ($40.00) dollars. Said subpoenas were all
issued out of the United States District Court for the District of Alaska, seeking the
oral deposition of the respective Custodian of Records of each said entity to be taken
at your offices in Anchorage, Alaska on June 22, 2007, together with the production of
numerous documents from said companies at your office, in an apparent attempt to
obtain financial information about plaintiff, Lawrence H. Grove, in the above-
referenced matter.

As you should be aware, seeking discovery from non-party witnesses in a federal civil
action, whether by oral deposition or by obtaining documents therefrom, is governed
by Rule 45 of the Federal Rules of Civil Procedure as to subpoenas. Rule 45(b)(2)
authorizes the issuance of such a subpoena, which as relevant may be lawfully served
within the district of the court by which it is issued (here the District of Alaska); any
place outside that district within one hundred miles of the place of the requested oral
deposition, document production, etc. (Anchorage); or any place within the state
(Alaska) if a state statute or court rule would permit service of a subpoena issued by a
state court of general jurisdiction within the state. Needless to say, the Allentown,
Pennsylvania location of the six named entities is not within the state or District of
Alaska, and is thousands of miles from Anchorage. Accordingly, the aforesaid
subpoenas attempted to be served on my clients are null and void.

Exhibit   **3**
page  **2**  of  **4**



Lipsitz Green Scime Cambria LLP

Linda J. Johnson, Esq.
June 7, 2007
Page 2

Even aside from the lack of jurisdiction to serve said subpoenas on my clients in
Pennsylvania in this matter, tender of checks for $40.00 simply constitutes the daily
fee for each day's attendance at a deposition; it does not begin to cover the witness'
expenses of travel or a subsistence allowance, etc., as required by 28 U.S.C. §1821.

Finally, even if the subpoenas were properly served out of a court with jurisdiction
over the witnesses, and proper subpoena fees were tendered, the records requested by
defendant Unocal Corp. are well beyond any justifiable need or relevance. For
example, for each entity the very first request seeks "Copies of all business and
corporate records," without any limiting date or category of records. In the event that
new subpoenas are served out of a court of competent jurisdiction, unless the requests
are substantially limited, the respective witnesses will have no choice but to move to
quash same.

On a related note, and as you may be aware, plaintiff Grove does not possess any
relevant records of any of the six companies for whom you seek records, and Mr.
Grove was paid a very modest amount of money for his services by said companies. If
a reasonable sworn affidavit from the companies attesting to that fact will be sufficient
to satisfy your discovery inquiries, please let me know and undoubtedly such a
satisfactory sworn document can be produced.

Aside from such a resolution, and as set forth above, my clients formally object to the
purported service of the six subject subpoenas as being invalid, and they will not
comply with same.

If you have any questions as to the foregoing, and in particular how this matter may be
amicably resolved, please contact me so that we can attempt to so resolve our
differences.

Sincerely,

**Lipsitz Green Scime Cambria** LLP
Attorneys for Puritan International, Ltd.; Funtime Boutique, Inc.; Lead Dog
Enterprises, Ltd.; Samuri, Inc.; Puritan Production Videos, Ltd.; and LoJi, Inc.

By: _William M. Feigenbaum_
       William M. Feigenbaum, Esq.

WMF/pmj

Exhibit ___3___
page ___3___ of ___4___



## Lipsitz Green Scime Cambria LLP

Linda J. Johnson, Esq.
June 7, 2007
Page 3

cc:    Michael Cohn, Esq., Attorney for Lawrence H. Grove

Writer's Extension: 459
Writer's Direct Fax: 716-849-1315
E-Mail: wfeigenbaum@lglaw.com

F:\ADULT\28174\0085\07c\John0607.doc

Exhibit __3__
page __4__ of __4__