UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>v.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | 3:04-CV-00096-TMB-DMS<br><br>**DECISION AND ORDER RE: PLAINTIFFS' MOTION FOR PROTECTIVE ORDER [DOCKET 136]** |

**I. MOTION PRESENTED**

This Court has reviewed Plaintiffs' Motion for Protective Order at Docket 136 and the related filings. In this Motion for Protective Order, Plaintiffs ask this Court to issue a protective order that 1) requires Defendant to cease and desist the surveillance of Sarah Grove's journal entries; 2) requires Defendant to cease and desist the surveillance of Mr. Lawrence Grove; 3) quashes Defendant's subpoenas for various bank, hotel, medical, and recreational records; and 4) prevents the discovery of Michael Grove's juvenile records.

**II. BACKGROUND**

Lawrence Grove, Cynthia Grove, Sarah Grove, and Michael Grove are all Plaintiffs in this matter and have distinct claims. Mr. Grove claims that Defendant's negligence caused him to fall and injure his ankle and requests damages. Cynthia, Sarah, and Michael Grove each have a separate consortium claim based on Lawrence Grove's ankle injuries, averring that their family relationships and activities have changed since the accident.

During discovery Defendant has found and downloaded Sarah Grove's journal entries from an on-line public website, known as My-Space. Plaintiffs assert that this surveillance is embarrassing and oppressive.

Defendant has also conducted video surveillance of Mr. Grove. Plaintiffs contend this video surveillance is unduly oppressive because Defendant has staked out Plaintiffs' residence and conducted the video surveillance in secret. Defendant states that all surveillance was taken from public streets and parking lots and conducted while Mr. Grove was in the public view.

After a deposition of Mr. Grove, Defendant issued subpoenas for a variety of records, including bank, casinos/hotel, medical, shooting range, meat processing, and other recreational records. Defendant claims that these documents assist Defendant in finding evidence about the Plaintiffs' family relationships and activities, Mr. Grove's mobility, and the Plaintiffs' financial situation, which are all relevant for the Defense to prove or disprove facts at issue in this case.

In Docket 128, Defendant filed a motion to compel the juvenile criminal records of Michael Grove. Plaintiff filed this Motion for Protective Order, in addition to their response to Defendant's motion to compel, requesting that this Court find the juvenile records off limits for discovery purposes. Subsequent to the filing of this motion and after a status hearing, Plaintiff agreed to provide any information it had regarding the Michael Grove's arrest, and the Court denied Docket 128 as moot (See Docket 168).

### III. DISCUSSION

The courts treat the discovery process in a broad and liberal manner. See Schoen v. Schoen, 5 F.3d 1289, 1292 (9th Cir. 1993) (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947)). This broad and liberal treatment is based on the principle that "litigants have a right to 'every man's evidence.'" Id. (quoting United States v. Bryan, 339 U.S. 323, 331 (1950)). Based on these principles, a party can obtain discovery on any matter that is relevant to the claim or defense. See Fed. R. Civ. P. 26(b)(1). Furthermore, the requested discovery material does not necessarily have to be admissible, but rather it simply must appear "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro 26(b)(1).

Rule 26(c) of the Federal Rules of Civil Procedure puts a potential check on the discovery process. Under this rule, upon a motion by a party or person and with good cause shown, a court can issue a protective order fashioned in any manner that "justice requires to protect party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In order to grant such an order, the court must make a determination and discuss the reasons why

there is good cause to issue such an order.  See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)(citing Phillips v. Gen. Motors, 307 F.3d 1206, 1212 (9th Cir. 2002).  The proponent of the motion must assert good cause and must show that specific prejudice or harm will result if no protective order is granted.  Id.  Broad allegations will not satisfy this requirement, and a proponent of the motion must provide specific examples or articulated reasoning to demonstrate the particular prejudice or harm.  Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

### Surveillance Issues

Plaintiffs have not shown specifically how Defendant's surveillance of Mr. Grove and of Sarah Grove's on-line journal entries was oppressive or harassing.   The surveillance of Mr. Grove was conducted while he was in the public view and Sarah Grove's journal entries were open to the public on a public website.   The information was in public, and Defendants could easily discover this material without harassment of or embarrassment to the Plaintiffs.  Plaintiffs, proponents of the motion, have not shown good cause by providing specific and substantiated reasons why the surveillance of actions and thoughts placed in the public view is harmful or prejudicial to Plaintiffs.  A protective order is not needed.

### Subpoenas

The Defendant's subpoenas at issue in this motion (provided in Exhibit 2 of Doc. 136) are relevant to the defense of the negligence claim and the consortium claims.  The subpoenas in Exhibit 2 of Docket 136 are for bank records, medical records, recreational records, hotel/casino records, and meat processing records.  These records relate to information about Plaintiffs' financial situation, family activities, and Mr. Grove's mobility, which are calculated to lead to admissible information that would help Defendant's prove or disprove facts alleged by the Plaintiffs.  It is not clear how the subpoenas in Exhibit 2 of this motion amount to oppressive, harassing, or embarrassing discovery.  Plaintiffs, proponents of the motion, have not shown good cause for the protective order by providing specific and substantiated reasons why these subpoenas are harmful and prejudicial.[1]  A protection order is not necessary.

---

[1] The Court also notes that  in a subsequent motion for a protective order (Docket 201) Plaintiffs state that the records requested in these subpoenas at Exhibit 2 of this motion have already been produced.  To the extent any of the requested documents have not yet been produced, no protection order is necessary.

**Juvenile Records**

Plaintiffs have agreed to produce any information they have regarding Michael Grove's juvenile records, and Defendant's motion to compel this information was previously denied as moot (Docket 168). Therefore, Plainitffs' request for a protective order to protect this information is similarly moot.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Protective Order at Docket 136 is **HEREBY DENIED.** [2]

DATED this 28th day of September, 2007, at Anchorage, Alaska.

/s/ Deborah M. Smith
DEBORAH M. SMITH
United States Magistrate Judge

---

[2] The Court's order does not address the issues raised in Plaintiff's Renewed Motion for Protective Order at Docket 201.