Michael Cohn
Phillip Paul Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) By and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | Case No. 3:04-cv-0096-TMB |

**PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO UNOCAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES**

I. <u>**INTRODUCTION/STANDARD OF REVIEW**</u>

Plaintiffs hereby submit additional briefing based on additional evidence that has come out at the depositions of plaintiffs' experts, and in support of *Plaintiffs' Opposition to Defendant Unocal's Motion for Partial Summary Judgment as to Punitive Damages*. It is now clear that the work platform that

1

collapsed on September 9, 2002 injuring plaintiff Larry Grove was caused by grossly inadequate design and use of fasteners that resulted in bolts falling out of the platform.  The platform was a fixture in the Unocal building, could not be built without Unocal approval, and despite periodic Unocal building safety inspections, the platform itself was not maintained or inspected.

In considering a motion for summary judgment, the Court must assume that all of the non-movant's allegations are true and construe evidence in the light most favorable to non-movant. <u>Williams v. UNUM Life Ins. Co. of America</u>, 113 F.3d 1108 (9th Cir. 1997).  Furthermore, the initial burden of proof to show there are no genuine issues of material fact is on the moving party.  <u>Valero Terrestrial v. McCoy</u>, 36 F.Supp.2d 74 (N.D. West Virginia 1997) (aff'd in part, revised in part).  Unocal's allegations are not evidence.  A Summary Judgment brief is not evidence.  <u>Brown v. Mobile Oil Corp.</u>, 902 F.Supp. 1999 (E.D. Tex. 1995).  Statements of counsel and assertions in legal memoranda are not summary judgment evidence.  <u>Excter Bancorporation, Inc. v. Kemper Securities Group</u>, 58 F.3d 1306 (8th Cir. 1996).

## II. **TESTIMONY OF EXPERTS LINDLEY MANNING, P.E. AND JOSEPH D. BALSER, Ph.D.**

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Lindley Manning and Joseph D. Balser, Ph.D., are very well qualified experts.[1]  See Exhibits 1 and 2.  They both submitted affidavits.  See Exhibits 1 and 2.  Dr. Balser verified that he wrote his own affidavit, and not one word was added, suggested or deleted by counsel.  Dr. Balser Deposition of August 15, 2007 at pages 41-46 (see Exhibit 3).  Mr. Manning testified that while his affidavit was drafted by counsel, with his advice, he reviewed it and corrected it as needed, and as corrected, it expressed his opinions.  Manning Deposition of August 14, 2007 at p. 122 (see Exhibit 4).

Mr. Manning and Dr. Balser both testified that the cause of the accident was missing bolts in the work platform due to use of inadequate fasteners that over time would come loose, and fall off.  See Dr. Balser Deposition at pages 29, 82, 84, 86, 88-89; Manning Deposition at pages 21-23, 33, 70, 72, 81-82, 84-86, 103, 112-113.  The work platform was attached to an air conditioning unit and would be subject to constant vibrations, even when not in use.  Dr. Balser Deposition at 82-84, 86, 88-89.  It is uncertain whether there were always two bolts holding up the collapsed joint or only one.  See Dr. Balser Deposition at pages 46-47, and 67.

In regard to design, Mr. Manning stated:

---

[1] Lindley Manning testifies 50% for plaintiffs and 50% for defendants. Manning Deposition at p. 115.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

3

>    Q.    … Here you refer to the machine screws as – well, you call them stove bolts, SAE Grade 2; correct:
>    A.    Or possibly SAE Grade 2.  Really I – let's see.  Might have come close to describing the screw strength, yeah, so that's a big maybe.  And it – as we discussed earlier, they may not be up to that spec.
>    Q.    Could they be stronger than an SAE Grade 2?
>    A.    I would tend to doubt it.  And it isn't just strength we're talking about.  <u>It's precision of the threads.  One reason these are not good fasteners is the fin under the bottom of the head that's left by the dies that produced the threads</u> which is a very small bearing area, and there's a neat result that comes with that kind of stuff.  <u>When you tighten them up, that tends to give.</u>
>    <u>And as the load varies with use, it tends to give even more.  And guess what?  That loosens up the joint.  So that's another reason they're bad.  It's just a poor choice of fastener.  Very, very bad.  Inexcusable.</u>
>    If that fin happened – let me continue on that last question.  If that fin happens to line up with the slot, it may not hurt much if the thing is not at the end of the slot because it isn't resting on the fin.  But if it's 90 degrees to that position, then it is.  So you've got randomness thrown in there.  Roll the dice as to what you get.  <u>This is not a designed joint</u>.

Manning Deposition of August 14, 2007 at p. 73, L.5-p. 74, L. 7; (emphasis added).

>    Q.    Let me ask you this question.  I want to make sure I understand your testimony exactly.  <u>As I understand your testimony, as constructed, as built in assuming there were two bolts in every joint and these two bolts had washers and square nuts tightened down with a wrench a screwdriver, that structure as I understand your testimony was sufficient to hold Larry Grove's weight</u>?
>
>    A.    <u>Well, that's of course the wrong question</u>.
>    Q.    Well, I don't want --
>    A.    Of course he could have stood on it.  Somebody – <u>people stood on it for some period of</u>

4

>time before it failed, but the implication I'm trying to avoid is that it was an adequate structure. Of course not. It did not fail until the time it did with Larry Grove or it did not fall down until Larry Grove was on it. It may have failed before he even got there. We don't know. But it was surely not an adequate and proper, designed structure, and I don't want to imply that.

Manning Deposition of August 14, 2007 at p. 99, L.15-22; p.100, L.1-12; (emphasis added).

Dr. Balser stated:

>This thing is a hack job built by some guy who is not even very mechanically savvy and got most of his parts out of the hardware store.

Dr. Balser Deposition at p. 53, L. 9-11; (emphasis added).

In regard to legal terminology, Dr. Balser made it clear he is not giving legal definitions, but that the structure was careless and irresponsibly designed/built:

>THE WITNESS: As an engineer I do not believe that it's my realm to render any sort of a legal opinion. Whether this is reckless indifference or not I'm not able to say. I understand that that is a legal matter that needs to be resolved by the parties in the court, okay? So I choose words that I am comfortable with.
>    Okay. I don't know if this is irresponsible or not or really reckless. I know that it's careless and it is irresponsible from the looks of the structure itself. This is not a structure that should be considered a man-safe structure.

Dr. Balser Deposition at p. 113, L. 12-23; emphasis added.

Mr. Manning and Dr. Balser do not render legal opinions. The question is whether a jury examining all the evidence,

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

5

including their testimony, in the light most favorable to plaintiffs, could find the actions or inactions of defendant Unocal amounts to reckless indifference to safety so that punitive damages can be awarded. The testimony of Mr. Manning and Dr. Balser support an inference in favor of the non-moving party that:

    1.    The work platform was grossly and inadequately designed/built amounting to irresponsibility or extreme carelessness;

    2.    The work platform as designed was not man-safe;

    3.    The square fasteners were woefully inadequate; and

    4.    There appears to be woefully inadequate maintenance/inspection of the work platform, especially where failure was inevitable due to the poor design/fasteners.

It is submitted that the affidavits and testimony of Mr. Manning and Dr. Balser, along with all the other evidence submitted to the Court previously, support an inference of reckless indifference to safety. Defendant Unocal's Motion for Partial Summary Judgment should be denied. [2] [3] [4]

---

[2] The defendant has referred to Robert Sprinkle testimony where he (Robert Sprinkle) may have mistakenly said he used a stepladder on the work platform. Mr. Sprinkle was testifying about an event he may have done once some 13 years before and in all likelihood was confused or mistaken. Based on the dimensions of the filter room, Robert Sprinkle could _easily_ change filters while standing on the platform, and in fact, stepping on a stepladder on top of the platform might cause his head to hit the ceiling! In any event, there is absolutely _no_ evidence that Larry Grove used a stepladder on top of the work platform.

[3] Both Mr. Manning and Dr. Balser also debunk the alleged "dynamic overload" theory of Dr. Morin as lacking in evidence and contrary to the way this accident occurred. Manning Deposition at p. 64; Dr. Balser Deposition at 59-60; 61.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

RESPECTFULLY SUBMITTED this 12th day of October, 2007.

WEIDNER & ASSOCIATES, INC.
Counsel for Plaintiffs


/s/ Michael Cohn
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail: nbackes@weidnerjustice.com
ABA No. 8506049


CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2007 a copy of the foregoing **PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO UNOCAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES** was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC.
s/ Michael Cohn

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

---

[4] Both Mr. Manning and Dr. Balser opine that the strength of the bolts as set out in defense expert Morin's report is irrelevant as the case of the failure was the inevitable failure of the fasteners, leading to bolts dropping out of the structure.  Dr. Balser Deposition at p. 23, 59, 82-84, 86, 88-89; Manning Deposition at p. 21-23, 33, 70, 72, 81-82, 84-86, 103, 112-113.

7