John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | <br><br><br><br><br>Case No. 3:04-cv-0096-TMB |

## SUPPLEMENTAL AUTHORITY AFTER ORAL ARGUMENT PURSUANT TO COURT ORDER

Pursuant to court order at docket #268, filed December 7, 2007, Defendant Unocal Corporation submits its supplemental authority after oral argument.

**A. No Meet And Confer Ever Occurred.**

Pursuant to Fed. R. Civ. P. 37, Plaintiffs were required to meet and confer with Unocal prior to filing to compel or for sanctions.  Plaintiffs may have written isolated

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

letters, but they did not meet and confer either by telephone or in person on any of the issues that they move the court for an order.[1]

Plaintiffs stated during oral argument that they believed that they had conversations after the last oral argument in March 2007. The attached letter confirmed the subjects discussed at the meet and confer, but does not support Plaintiffs' contention. Ex. A, date March 19, 2007  None of the topics references Plaintiffs' allegations. In fact, the attached Affidavit shows that to Unocal's best recollection, no such telephone calls or meetings have happened in more than one year. Ex. B. Plaintiffs' failed to speak with Defendants either on the telephone or in person[2] on any issue they moved for sanctions on or any issue they requested a motion to compel for.

Plaintiffs cannot support their motion with the proper certification of meet and confer under Rule 37(a)(2) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."). Therefore, the court should not grant sanctions pursuant to Rule 37 or a motion to compel.

---

[1] Counsel met on December 13, 2007 after the hearing.
[2] Also attached is a letter on another topic that begins with "I am writing this letter to fulfill the meet and confer requirement under the Federal Rules . . . " Ex. C, letter dated February 14, 2007. The letter relates to Plaintiffs' Motion for Protective order, but demonstrates that Plaintiffs did not routinely meet in person or talk on the phone when attempting to resolve their issues.

Supplemental Authority After Oral Argument
*Grove v. Unocal,* Case 3:04-cv-0096-TMB

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

### B. Fed. R. Civ. P. 45 Does Not Grant Authority For Court To Sanction Unocal.

Objections under Rule 45 are for the benefit of the entity subpoenaed. There is no provision, nor is there authority, for the court to sanction Unocal under Rule 45 for inconvenience to Plaintiffs.

Plaintiffs never discussed any violations of Rule 45 with Unocal. In fact, the first time that Plaintiff raised the issue of Rule 45(c) and (d) not being included with the subpoenas was during Plaintiffs briefing in their Motion For Sanctions. They again failed to abide by the meet and confer provision.

Plaintiffs have alleged that entities were intimidated into giving records, but have no evidence to support that contention. Indeed, given the size of the entities subpoenaed, Plaintiffs cannot make such a statement.

Courts have analyzed motions for sanctions pursuant to Rule 45(c)(1) in two ways. The first approach holds that a party should only be sanctioned if the litigant's actions would warrant sanctions under Rule 11. *See Dravo v. Liberty Mutual Ins. Co.,* 160 F.R.D. 123, 128 (D.Neb. 1995) (citing *Mann v. Univ. of Cincinnati,* 152 F.R.D. 119, 126 n. 2 (S.D.Ohio 1993) ("When a violation of Rule 45 has been asserted, the assertion should be analyzed like a claimed violation of Rule 11"). The second approach requires a case specific analysis to determine the reasonableness of the litigants' actions. *See, e.g., Alexander v. Jesuits of Missouri Province,* 175 F.R.D. 556 (D.Kan. 1997) (Issuing subpoena for deposition 60 miles away for 8:00 am deposition for pregnant witness, after her request for rescheduling, was unreasonable and harassing).

Supplemental Authority After Oral Argument
*Grove v. Unocal,* Case 3:04-cv-0096-TMB

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Under the Rule 11 analysis, Plaintiffs have not provided any evidence that Unocal acted with improper intentions to harass the witnesses (or Plaintiffs), had no intention to unnecessarily delay the litigation or unduly increase the cost of the lawsuit. None of the subpoenas was for frivolous purposes. Rule 11 sanctions are not appropriate.

When Unocal began sending out subpoenas in February 2007, the initial subpoenas did have the text of Rule 45(c) and (d) attached. Affidavit. However, staff ultimately did not send the text to all entities, believing that the language was not necessary. *Id.* They did not omit the text for any reason other than inadvertence. *Id.*

The subpoenaed entities that did or did not receive a subpoena with the text of Rule 45(c) and (d) is as follows:

| | |
|---|---|
| Alaska Airlines | |
| Alaska Fish and Game | Rule 45 sent |
| Alaska Dept. of Motor Vehicles | Rule 45 sent |
| Alaska Sausage | Rule 45 sent |
| Aurora Loan Services | |
| Birchwood Recreation & Shooting | Rule 45 sent |
| Capital One | |
| Chase Bank | |
| Circus-Circus (Las Vegas) | Rule 45 sent |
| Citibank, CitiCards, | |
| CitiMortgage | Rule 45 sent |
| Colorado Fish and Wildlife | |
| Delta Airlines | |
| Denali Auction | |
| Easy Travel | |
| E*Trade | |
| First American Title | |
| First National Bank | Rule 45 sent |
| Hilton Grand Vacations | |
| Indian Valley Meats | Rule 45 sent |

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

JP Morgan Chase
Luxor Hotel
McClatchey Co.
McKinley Title
Mikunda Cottrell
Morgan Stanley
North Rim Bank                           Rule 45 sent
Northwest Airlines
Pennsylvania Fish & Boat Commission
Seahawk Air                             Rule 45 sent
Southwest Airlines
Tropicana Casino & Resort
United Airlines
Uptown Motel
Valdez Harbor Inn
Wells Fargo                             Rule 45 sent

See attached affidavit.

Under the Reasonable analysis, Unocal did minimize the burden on the parties subpoenaed. Rule 45(c) states that the subpoena will avoid imposing an undue burden upon the person subject to the subpoena. Unocal did try to alleviate any burden upon the subpoenaed entities. Unocal has:

> a. paid those entities subpoenaed the costs of copying and, when requested, for the time required to copy the documents.
> b. moved the date for compliance at the request and for the convenience of the entity subpoenaed. Many of the entities subpoenaed did not produce documents for 3-5 months after service, which was allowed by Unocal out of convenience to the entity.
> c. included language in each deposition notice that "If the requested records are produced to the undersigned before the date and time for which this deposition is scheduled, the deposition will be canceled."
> d. promptly cancelled the subpoena and deposition when the documents were provided.

Affidavit.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Supplemental Authority After Oral Argument
*Grove v. Unocal*, Case 3:04-cv-0096-TMB

Any burden placed on the entities by the inadvertent omission of the text of Rule 45(c) and (d) was mitigated by Unocal's continued attempts to accommodate the subpoenaed entities.

The reasonableness approach considers imposition of sanctions "only when the actions of the party responsible for issuing the subpoena are patently unreasonable." *Orgulf Transport Co. v. Grillot Co., Inc.,* 1998 WL 313732, *2 (E.D.La. 1998).*, "When the burden placed upon the subpoenaed witness is attributable to inadvertence as opposed to bad faith, and the party issuing the subpoena makes attempts to comply with Rule 45(c)(1)'s restraints, sanctions are inappropriate." *Id.* *See also In re Corso,* 328 B.R. 375, 386 (E.D.N.Y. 2005) (Sanctions on subpoenaed entity for failing to comply with subpoena not vacated based failure of subpoena to include text of Fed. R. Clv. P. 45(c) and (d).)

Unocal's omission of the text of Rule 45(c) and (d) does not rise to the level of a sanctionable offense. Unocal has reasonably complied with the spirit and intent of Rule 45 and the court should find that under the reasonable approach that the omission was inadvertent and therefore sanctions are inappropriate.

**C. Number of Depositions Noticed:**

Beginning in February 2007, after Larry Grove's deposition in January 2007, Unocal issued follow up subpoenas for companies from whom it needed information. In March, at Judge Burgess' in-court request, Unocal ceased its efforts to gain documents, resuming only after a mediation attempt in April 2007 failed.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Supplemental Authority After Oral Argument
*Grove v. Unocal,* Case 3:04-cv-0096-TMB

The attached affidavit lists the companies subpoenaed. Therefore, the court has an accurate representation of the subpoenas issued. Plaintiffs did not meet and confer with Unocal either via telephone or in person about the issues they raised in their motion.

In addition to those companies listed above, there were a few more depositions noticed, which Unocal should not have had to pursue but for Plaintiffs outright refusal to do so. Pursuant to court order April 9, 2007, Plaintiffs were ordered to provide information to Unocal on the six adult oriented businesses for which Unocal now knows that Mr. Grove serves as President, Vice President and Secretary. **Plaintiffs refused** to provide that information, despite the court order to do so. Instead, Plaintiffs claimed that Mr. Grove had no "right" to control the companies and referred Unocal to Phil Krasner, stating that he was the owner of VPL Ltd.[3] Unocal sent subpoenas to Phil Krasner's attorney, Mike Weremblewski for the following companies.

> Adult Funtime
> Lead Dog
> Lo-Ji
> Puritan Int'l
> Puritan Production Video
> Samuri

See affidavit.

Mr. Grove is the President, Vice President and Secretary to these companies and his signature appears on all checks issued on the bank accounts.

---

[3] VPL Ltd is the seventh adult oriented business company that Mr. Grove is apparently involved with, despite his assertion to the contrary.

Supplemental Authority After Oral Argument
*Grove v. Unocal,* Case 3:04-cv-0096-TMB

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

His assertion that he has no "right" to control the companies is patently false and misleading, and clearly designed to burden Unocal and cause unnecessary delay and expense. At this point, Unocal could have moved to compel Mr. Grove and moved for sanctions,[4] but in an attempt to gain the information without court involvement, which would promote efficiency, Unocal issued subpoenas to the following, with plenty of notice to the "officer" of the company:

> Bank of America (Lead Dog)
> Citizens Bank (Samuri)
> PNC Bank (Lo-Ji)
> Sovereign Bank (Puritan Production)
> Summit Bank (Puritan Intl)
> Wachovia Bank (Adult Funtime)

The six adult oriented businesses for which Mr. Grove serves as President, Vice President and Secretary agreed to abide by the subpoena served out of Pennsylvania federal district court, but did not do so. The banks have provided the documents requested, after months of working with them.

The number of depositions was reasonable, despite the number issued. The depositions were for financial and travel records (or companies associated therewith) and were necessary because of Mr. Grove's steadfast inability to reveal the information accurately, despite repeated requests and even a court order to do so. The number of subpoenas is a red herring, meant to distract the court from the fact that the information learned in the record received was, in

---

[4] Especially since Unocal did sit down in person with Plaintiffs back in March, which would have met with the meet and confer requirements. See letter attached.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

most cases, contrary to the information Mr. Grove had provided in discovery. It was certainly information that Mr. Grove had access to but had refused to provide. There is no reason to sanction Unocal for issuing subpoenas for records that Mr. Greove should have provided.

### D. Prior Notice of Subpoena and/or Deposition.

Plaintiffs were well aware that the records depositions were not likely to be held. In each record deposition notice the following line appeared: "If the requested records are produced to the undersigned before the date and time for which this deposition is scheduled, the deposition will be canceled." Affidavit.

Fed. R. Civ. P. 30(b) only requires reasonable notice to opposing counsel of a deposition. The local rules do not require anything further. Therefore, pre-notice of a deposition is a courtesy normally made only when a deposition is sure to be actually taken, not for records depositions.

Rule 45(b)(1) states that prior notice of the production pursuant to subpoena must be served on other parties, presumably so that they may be present for the production if they so choose. In all cases, Unocal provided prior notice of the requested production to Plaintiffs, a fact that is not in dispute.

### E. Production of Investigator Notes and Instructions Not Warranted.

Normally, an investigator's notes are deemed work product. *Thompson v. Superior Court,* 53 Cal.App.4th 480, 485 (1997). It is only witness statements made to an investigator that must be produced. *Id.*

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Plaintiffs assert that the investigator must be treated like an expert, and that all his underlying notes must be produced.  However, Unocal does not anticipate using the investigator as an expert.  Fed. R. Civ. P. 26(a)(2) only requires production from actual experts who intend to offer an opinion.  The investigator has no opinion to offer.

There is no authority by which the court should compel the notes by or instructions to an investigator.

## CONCLUSION

For all the reasons stated in the oppositions to Plaintiffs' various motions, the court should deny Plaintiffs' motions.

DATED at Anchorage, Alaska, this ___18th___ day of December 2007.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

s/ Linda J. Johnson
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK  99501-3454
Phone:  (907) 272-9631
Fax:  (907) 272-9586
Direct email:  ljj@cplawak.com
Alaska Bar No. 8911070

Certificate of Service

I hereby certify that on December 18, 2007, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

s/ Linda J. Johnson

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Supplemental Authority After Oral Argument
*Grove v. Unocal,* Case 3:04-cv-0096-TMB