LAW OFFICES
## PHILLIP PAUL WEIDNER AND ASSOCIATES
A PROFESSIONAL CORPORATION
330 L STREET, SUITE 200
ANCHORAGE, ALASKA 99501

E-Mail:
phillipweidner@weidner-justice.com

907/276-1200
FAX 907/278-6571

February 14, 2007

John Thorsness
Linda Johnson
Clapp, Peterson, Van Flein,
 Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454

*Via Facsimile to 272-9586*
*Via Facsimile to 272-9586*

Re:  Grove v. Unocal; Case No. A04-0096 CV (JKS)

Dear Mr. Thorsness and Ms. Johnson:

I am writing this letter to fulfill the meet and confer requirement under the Federal Rules of Civil Procedure 26(c) in regard to Protective Orders. In particular, I have seen the recent flurry of discovery action that you have undertaken in this matter, including obtaining the diary of Sarah Grove and her boyfriend, the attempt to obtain the juvenile records of ████████, subpoenas to obtain records such as the records of the hotel where Larry Grove and his wife Cynthia Grove stayed in Reno, Nevada, the records of the shooting range, the records of businesses in the area in which Mr. Grove may have had meat and fish processed, as well as further information regarding Mr. Grove's financial records and credit card records, etc. At some point in time the abusive, oppressive, over-bearing and ultimately irrelevant discovery needs to cease. I note in your last Supplemental Disclosure, you attached an additional entry out of Sarah Grove's diary. It shows the distress, humiliation and embarrassment caused to Sarah Grove. You do not need the juvenile records of ████████, other than to embarrass ████ and his family, as you have obtained the information regarding the incident from Mr. Grove at his deposition. Further, release of such records to you is not justified, and is certainly contrary to the confidentiality of juvenile records.

The financial records of Larry Grove are irrelevant to the negligence of defendant, as well as to the injuries sustained by Mr. Grove. You have extensively researched Mr. Grove's background, and contacted numerous individuals, including individuals through Siemens, whom I have been denied access to under the guise that apparently Unocal and Siemens are actually cooperating together against Mr. Grove, and you have in fact written letters to obtain records regarding Mr. Grove in which you have represented yourselves to be the attorneys for Siemens, and records of Mr. Grove have been readily released to you by Siemens, while being withheld from me, for long periods of time, and only after being reviewed and redacted by you. Thus, documents that have been claimed to be privileged or redacted, have been shown to you un-redacted.

EXHIBIT  C
PAGE  1  OF  2

John Thorsness
Linda Johnson
February 14, 2007
Page 2

Mr. Grove has been subject to secret surveillance several times, at least two. In review of these tapes, it is apparent that the secret surveillance of Mr. Grove has included staking out his home, and the intrusion must cease. I do not know at this point whether such secret surveillance of Mr. Grove and/or his family is ongoing, but I must request that if so, it cease at once.

Thus, I request, in conformity with the meet and confer requirements of Federal Rule of Civil Procedure 26(c) that the following occur:

1. You withdraw the Motion to Compel Records of ▆▆▆▆ ▆▆▆▆;

2. That you withdraw the subpoenas that have recently been issued that are due to be complied with by February 23, 2007, and March 2, 2007, in regard to Larry Grove and his family;

3. That you cease efforts to obtain personal information regarding Sarah Grove, her boyfriend, and friends;

4. That you cease all secret surveillance of Larry Grove and his family at once;

You have done exhaustive discovery as to Mr. Grove and his family, and at a certain point, overkill sets in. I note that Ms. Johnson preceded to ignore the court's Order limiting the 3rd deposition of Mr. Grove to three hours, and had us sit there for over 8 hours. At this point, enough is enough.

If there is certain discovery that is still unrevealed to you, and that is legitimate discovery requests, then we are willing to work with you to determine the perimeters of such discovery. If you are unwilling to comply with the above requests, I will file a Motion for Protective order by close of business on February 15, 2007 on an emergency basis.

Sincerely,

WEIDNER & ASSOCIATES, Inc.
*A Professional Corporation*

Michael Cohn
Attorney at Law

MC/ngb

EXHIBIT __C__
PAGE __2__ OF __2__