Michael Cohn
Phillip Paul Weidner & Associates, APC
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) By and through his father LAWRENCE H. GROVE, <br><br>            Plaintiffs, <br><br>       v. <br><br> UNOCAL CORPORATION <br><br>            Defendant | Case No.  A 04-0096 CV (JKS) |

**SUPPLEMENTAL BRIEFING RE:  ORAL ARGUMENT OF DECEMBER 7, 2007**

The plaintiffs herein present supplemental briefing as t the Oral Argument of December 7, 2007.  Plaintiffs shall only address the specific matters that were left open for supplemental briefing.

I.  <u>PLAINTIFFS' ABILITY TO CONTACT SIEMENS BUILDING TECHNOLOGY (SIEMENS) EMPLOYEES</u>

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

1

Unocal counsel and Siemens corporate counsel has told plaintiffs' counsel they cannot contact Siemens employees.[1] Steve Shamash, Siemens corporate counsel, told plaintiffs' counsel that he would not cooperate without Court Order.

The Magistrate asked if there is any authority supporting plaintiffs' efforts to interview Siemens employees. In <u>U.S. v. Munley</u>, 457 F.Supp. 1 (E.D. Tenn. 1978), conduct was held improper where an attorney was advised he could not discuss case with ATF agent without authorization of U.S. attorney. In <u>Tuttle v. Combined Insurance Company</u>, 222 F.R.D. 424 (E.D. Cal. 2004), corporate counsel could not silence witnesses. In <u>Martin v. WCAB</u>, 69 Cal.Rptr. 2d 138 (Cal. App. 1997), the court held that employers could not be allowed to silence employees. In <u>Wright v. Gray Health Hospital</u>, 691 P.2d 584 (Wash. 1984), a hospital could not bar opposing counsel from talking to employees. See generally, <u>determination of whether a communication is from a corporate client for purposes of the attorney/client privilege</u>, 26 A.L.R. 5th 628 (1995).[2]

There is no justification to prevent plaintiffs' counsel from talking to Siemens employees. Of course, it is recognized

---

[1] Unocal counsel has represented itself as counsel for Siemens. Unocal counsel claims no formal joint defense agreement between Unocal and Siemens. However, Unocal is apparently indemnified by Siemens, and Siemens is paying Unocal counsel.

[2] There is no dispute between plaintiffs and Siemens as to causation of plaintiffs' injuries. Therefore, any claim that there is a reason why plaintiffs' counsel cannot talk to Siemens employees because of workers compensation is without merit.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

2

that individuals can decide on their own whether to be interviewed, but counsel cannot order them not to talk.

II.  SURVEILLANCE TAPES/DISCLOSURE OF INFORMATION

The Magistrate requested plaintiffs to submit further briefing as to disclosure of correspondence/notes/time slips/payments regarding any investigator conducting surveillance videotaping of plaintiffs. In <u>Lowery v. State</u>, 762 P.2d 457 (Alaska App. 1985), the court held there was a waiver of investigator work product privilege if report was utilized to impeach a witness. In <u>Rondy v. Staley</u>, 984 P.2d 404 (Utah. App. 1999), the defendant was required to reveal surveillance videotapes, and identity of the secret surveillor. In <u>Rondy</u>, a secret tape was shown to a doctor, which affected his testimony. See also, <u>Dodson v. Persell</u>, 390 So.2d 704 (Fla. 1980) and <u>Samples v. Mitchell</u>, 495 S.E. 2d 213 (S.C. App. 1997) (reversible error when investigator's testimony is simply limited – insufficient to prevent harm). The investigator should be open to impeachment, which includes finding out all information as to instructions, communications, notes, memoranda, correspondence, editing, other videotapes, sound, payments, if videotapes are utilized by defendant.

//

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

III. <u>INSPECTIONS/WORK IN MECHANIAL FLOOR (INCLUDING FILTER ROOM) OF UNOCAL BUILDING</u>

The defendant claims it has thoroughly searched for records of safety inspections or other records as to the mechanical floor and filter room. Yet, when plaintiffs requested records such as fire inspection records, defendant unilaterally refused to produce same, claiming the documents were irrelevant. Enclosed as Exhibit A to the Affidavit of Michael Cohn are fire inspection records showing many entities, including architectural firms, contractors, consultants, as to the mechanical floor, which Unocal refused to reveal. The records of what these entities did should be in Unocal records.

IV. <u>DEPOSITIONS SET OVER 100 MILES FROM LOCATION OF DEPONENT/NOTICE OF CANCELLATIONS/TIME</u>

The Magistrate requested that the plaintiffs compile a list of depositions set over 100 miles from the place of the records. As virtually all depositions were set at defense counsel's office in Anchorage, Alaska, this includes record depositions of entities located in Florida, New York, Virginia, Pennsylvania, Illinois, Indiana, Texas, Colorado, South Dakota, Nevada, Arizona, California and Washington, as well as Alaska depositions from entities located in Juneau, Kodiak, Valdez and Kenai. See Affidavit of Nita Backes. In addition, Ms. Backes has pulled out cancellation notices showing many record

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

4

depositions continuously set, cancelled, reset. These <u>hundreds</u> of notices, cancellations, and resetting were done (a) without checking availability of plaintiffs' counsel, (b) with notice of cancellation often on the day of the depositions, or even after the time set for the depositions. See Affidavit of Nita Backes.

In regard to the motion and reply, conservatively, attorney time is at least 10 hours (see Affidavit of Michael Cohn). In regard to paralegal time in gathering all the documents together, if the Court deems sanctions appropriate, plaintiffs can provide same. Plaintiffs have previously made a request for time for calendaring, adjusting schedules, setting aside time, in their *Reply in Support of Sanctions*.

V.   <u>CERTIFICATION – MEET AND CONFER</u>

It has become evident for <u>years</u>, that defendant would simply choose to follow the Civil Rules only when it was convenient for them. Plaintiffs repeatedly requested, for example for verification of interrogatories, some of which remain unverified over <u>three</u> years later.

The magistrate asked if there had been a meet-and-confer meeting. Plaintiffs' counsel understood the Magistrate as requesting the parties have a person to person meeting, which was done. See Affidavit of Michael Cohn.

In regard to past meet-and-confer meetings, plaintiffs note that there were numerous letters requesting compliance with discovery (see Affidavit of Michael Cohn). In letters and telephone calls, there were requests for discovery compliance. See Affidavit of Michael Cohn.

In regard to meet-and-confer, plaintiffs' counsel wrote a detailed letter as to outstanding discovery (see Exhibit B to Affidavit of Michael Cohn), which was ignored by defense counsel.

There was an original *Motion to Compel* and a *Renewed Motion to Compel*. Neither one of these motions persuaded defendant to, for example, verify interrogatories, which are still undone. Such meet-and-confer was a futile, useless gesture as evidenced by the continuing failure of defendant to agree to comply with discovery, other than to finally agree to verify the First and Third Interrogatory Answers from 2004! See Affidavit of Michael Cohn.

RESPECTFULLY SUBMITTED this 18th day of December, 2007.

        WEIDNER & ASSOCIATES, INC.
        Counsel for Plaintiffs

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

/s/ Michael Cohn
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail:nbackes@weidnerjustice.com
ABA No. 8506049

*CERTIFICATE OF SERVICE*

I hereby certify that on December 18, 2007 a copy of the foregoing **Supplemental Briefing Re: Oral Argument of December 7, 2007** was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC.
/s/ Michael Cohn

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571