John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | Case No. 3:04-cv-0096-TMB |

**DEFENDANT'S SUPPLEMENTAL BRIEFING ON ADULT CHILD'S RIGHT TO MAINTAIN LOSS OF CONSORTIUM CLAIM**

Defendant Unocal Corporation, by and through counsel Clapp, Peterson, Van Flein, Tiemessen, and Thorsness LLC, supplements its briefing on the issue of an adult child's right to a loss of consortium claim for injuries to a parent, pursuant to court order dated December 7, 2007 (Docket 268). Sarah Grove turned 18 years of age in 2003, after her father's injury, but almost a year before the action was filed in court. Defendant brought a motion for rule of law on several issues, including the

limitation of an adult child's right to maintain a claim for loss of consortium. The court requested supplemental briefing on other jurisdiction findings and whether a special verdict question and jury instruction would protect the issue for appeal, if necessary.

To date, the Alaska Supreme Court has not recognized the right of an adult child to bring a loss of consortium claim, despite Plaintiffs' hopes of convincing the court to do so in the future. Plaintiffs previously pointed out to the court one instance in which a Superior Court had allowed the possibility of adult child consortium claims based upon the wrongful death statute.[1] But the language in the two statutes is different.

The general statute allowing consortium damages is found at AS 09.17.010, which imposes a statutory cap upon recovery of non-economic damages. That statute generally allows:

> Noneconomic damages.
>
> (a) In an action to recover damages for personal injury or wrongful death, all damage claims for noneconomic losses shall be limited to compensation for pain, suffering, inconvenience, physical impairment, disfigurement, loss of enjoyment of life, loss of consortium, and other nonpecuniary damage.

The statute does not mention who may recover the non-economic damages enumerated. In contrast, the wrongful death statute provides for loss of consortium

---

[1] Ultimately, the issue in "Dillingham Air Crash Litigation" aka *Grunert et al v. Cessna et al.*, was not tested, because the jury found for Cessna, and no damages were awarded. No appeal was taken.

damages and specifically enumerates who may maintain an action for non-economic damages. AS 09.55.580(c)(4) states in pertinent part:

> The amount recovered, if any, shall be exclusively for the benefit of the decedent's spouse and children when the decedent is survived by a spouse or children, or other dependents. When the decedent is survived by no spouse or children or other dependents, the amount recovered shall be administered as other personal property of the decedent but shall be limited to pecuniary loss.

The Alaska Legislature is silent on who may maintain a consortium claim, and the Alaska Supreme Court has not interpreted AS 09.17.010 as allowing an adult child to maintain a claim for loss of consortium.

In a law review article, this issue was explored back in 1995 but no change was made thereon. See Alaska Law Review June, 1995 at 73, <u>Breaking The Age Barrier In Alaska: Including Adult Children In Loss Of Filial Consortium Actions</u> by Julian E. Hammar.

The article did not influence the Alaska Legislature when it passed the comprehensive 1997 Tort Reform Act, which significantly amended the statutes, including significant changes to AS 09.17.010. See 1997 HB 58 (Section 9, Chapter 26, SLA 1997). The Alaska Legislature actually passed a tort reform bill in 1996, but the bill was vetoed by the Governor. The Governor then convened a special task force to study the issue and make recommendations, after which the 1997 Tort Reform was passed and signed. This history demonstrates that the 1997 Tort Reform bill[1] was not

---

[1] The 1997 legislation is not the first time the legislature passed tort reform. It also acted in 1976 (Chapter 102, SLA 1976) and in 1986 (Chapter 139, ALA 1986).

simply a slap-dash measure; rather it was the culmination of years of research, analysis, and focused debate.

Despite the issuance of the article in 1995, the Alaska Legislature did not extend consortium claim rights in the 1997 Tort Reform to adult children. This court should not make new law for the State of Alaska, since the Legislature has had the opportunity to do so and has not acted, nor has the Alaska Supreme Court expanded consortium claims to adult children.

**Some Other Jurisdictions Limit Adult Children Claims.**

In reviewing the case law in other jurisdictions, the majority of the cases are dependant upon the specific wording of the statute. In those instances, the case law is inapplicable.

There are some cases that limited adult child in particular, and Unocal urges the court to follow these cases. *Belcher v. Goins*, 184 W.Va. 395, 400 S.E.2d 830 (1990), is limited the adult child's right to recover for parental injuries. The West Virginia court recognized that a minor or dependent child may have a claim for loss of parental consortium in a non-fatal injury case, but declined to extend the claim to a non-dependent adult child. Likewise, *Smith v. Vilvarajah*, 57 S.W.3d 839, 844 (Ky.App. 2000), after extensive review of other jurisdiction's holdings and examination of the Kentucky statutes, the court declined to extend the claim for loss of parental consortium to emancipated adult children. In *Montanez v. Hartford Health Care Corp.*, 2002 WL 31955026 (Conn.Super. 2002), the court said Connecticut does not recognize a cause of action for loss of filial consortium,

including adult children's claims for loss of parental consortium. *Czapinski v. St. Francis Hospital, Inc.*, 236 Wis.2d 316, 613 N.W.2d 120 (2000) held that adult children do not have standing to sue for loss of society and companionship arising out of medical malpractice under Wis. Stat. § 655.007.

In many instances, the cases decide the mirror question of whether a <u>parent</u> may recover for the injury or wrongful death of the adult child. See *Tynan v. Curzi*, 332 N.J.Super. 267, 753 A.2d 187, 190 (N.J.Super.A.D. 2000) (refusing to allow damages in malpractice case where adult child was injured) and *Estate of Wells by Jeske v. Mount Sinai Medical Center,* 183 Wis.2d 667, 515 N.W.2d 705, 710 (Wis. 1994) ("Our decision not to allow parents to recover for the lost society and companionship of an injured adult child is consistent with the vast majority of other jurisdictions.") In limiting the consortium claim of parents of adult children, these courts have emphasized the limitation on those who can sue as a factor in their decisions. Minors are significantly less likely to have spouses or children of their own. Thus, in most cases, a tortfeasor who injures a minor child will not also be liable to persons having such relationships to the victim. The period of minority itself is limited, lasting just 18 years. But with increasing life expectancy in modern times, it is not uncommon that persons 60 or even 70 years of age may still have surviving parents. "Extending the parents' cause of action to their adult children, therefore, will in many cases extend the parents' potential period of recovery by as much as 40 or 50 years." *Tynan*, at 753 A.2d at 190. See also, *Aurora v. Burlington N. R.R. Co.*, 31 F.3d 724, 726 (8th Cir. 1994) (finding the mother's loss

of consortium claim arising out of nonfatal injury to adult child was properly dismissed because Nebraska would not allow such claim); *Counts v. Hospitality Employees, Inc.,* 518 N.W.2d 358, 361 (Iowa 1994) (finding that a parent could not recover for loss of consortium on account of dram shop injury to adult son); *Schmeck v. City of Shawnee,* 231 Kan. 588, 647 P.2d 1263, 1267 (1982) (denying parents of an adult child a consortium claim where the state does not recognize loss of consortium claim for injuries caused by the negligence of another); *Michigan Sanitarium & Benevolent Ass'n v. Neal,* 194 N.C. 401, 139 S.E. 841, 842 (1927) (holding that parent of adult son who became deranged could not recover for loss of consortium because the damages were too remote.); *Brower v. City of Philadelphia,* 124 Pa.Cmwlth. 586, 557 A.2d 48, 51 (1989) (denying parents' claim for loss of adult child's filial consortium because Pennsylvania does not recognize cause of action for loss of companionship and society); *Boucher v. Dixie Med. Ctr.,* 850 P.2d 1179, 1184-85 (Utah 1992) (finding that parents of tortiously injured adult child could not recover for loss of consortium in light of legislative abolition of spousal consortium cause of action).

A more recent decision agreed with the above line of parental claim cases. *Watts v. Forest Ridge Apts. & Town Homes,* Slip Copy, 2007 WL 777746 (Ohio App. 1 Dist. 2007) dismissed a loss of consortium case by the mother for her son's injury because the plaintiff was 18 years old at the time of the accident. The Ohio court said:

> This court has previously held that "Ohio recognizes a cause of action only for the loss of a minor child's filial consortium and services. This

cause of action has not been extended by Ohio courts to the parents of adult children. The rationale * * * is that parents bear a natural and legal burden of care for minor children, but not for adult children." *Cole v. Broomsticks, Inc.* (1995), 107 Ohio App.3d 573, 577, 669 N.E.2d 253. We continue to adhere to this view. It is undisputed that Watts was not a minor at the time of his accident, and, therefore, his mother could not bring forth a claim for the loss of his consortium.

*Id.*

Of those states that allowed adult child recovery, many limited the circumstances in which the child could recover. In *Philippides v. Bernard*, 151 Wash.2d 376, 88 P.3d 939 (Wash. 2004), the statute required financial dependency of parents on an adult child in order to receive loss of consortium damages. Restriction to recovery does not violate equal protection. *Turner v. Lyons*, 867 So.2d 13 (La.App. 4 Cir. 2004) (allowing loss of consortium claims by adult children for wrongful death, but amounts found excessive due to lack of evidence of impact of death on each sibling's life.); *Knowles v. State*, 49 S.W.3d 330, 340 (Tenn.Ct.App. 2001) (allowed consortium claims by adult children in wrongful death actions, but requiring "Factors to consider in determining whether an adult child is entitled to consortium damages include "closeness of the relationship and dependence (i.e., of a handicapped adult child, assistance with day care, etc.).") *Birkbeck v. Central Brooklyn Medical Group*, 2001 WL 1154985 (N.Y. 2001) (The court held that NY's wrongful death statute will allow an adult child's loss of consortium claim where the "adult children suffer[ed] recoverable "pecuniary loss" from the death of a parent and that plaintiff".)

The upshot of the research is that some states have forbidden claims by adult children on diverse grounds. Those that have allowed claims tend to impose restrictions on the circumstances of loss, including loss of pecuniary or financial, or the finding that the child and adult were particularly close.

**Jury Instruction and Special Verdict Form.**

If the court allows Sarah Grove to maintain a claim fro consortium past her 18th birthday, the court should approve restricted wording on the jury instruction and then ask a question on the special verdict form.

First, the jury should be instructed that Sarah Grove may only be awarded non-economic damages after her 18th birthday for time period(s) in which she was financially dependant upon her parents or based upon objective evidence of particular closeness between the parent and adult child beyond the normal relationship.

Second, the jury should be required to make separate findings of loss of consortium for Sarah Grove for before and after her 18th birthday. If the jury assesses any damages for the post-18th birthday period, the issue will be preserved for appeal.

**CONCLUSION**

The court should not extend the law to allow a loss of consortium claim by Sarah Grove past her 18th birthday. However, if the court does allow a claim the jury should be required to make a specific finding of fact and assess damages based upon the pre-18th birthday and post-18th birthday.

DATED at Anchorage, Alaska, this 14th day of January 2008.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

s/ Linda J. Johnson
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK  99501-3454
Phone:  (907) 272-9631
Fax:  (907) 272-9586
Direct email:  ljj@cplawak.com
Alaska Bar No. 8911070

Certificate of Service

I hereby certify that on January 14, 2008, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

s/ Linda J. Johnson