Michael Cohn
Weidner & Associates, APC
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE, <br><br>   Plaintiffs, <br><br>   v. <br><br> UNOCAL CORPORATION <br><br>   Defendant | ) ) ) ) ) ) ) Case No. A04-0096 CV (TMB) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' SUPPLEMENTAL BRIEFING ON THE RIGHTS OF SARAH GROVE TO MAINTAIN A LOSS OF CONSORTIUM CLAIM AND THE LOSS OF CONSORTIUM CLAIM BECAME ACTIONABLE WHEN SHE WAS A MINOR[1]**

Defendant has filed a Supplemental Briefing as to Sarah Grove's right to recover consortium damages following the Oral Argument on December 7, 2007 before Magistrate Smith.[2]

---

[1]  The defendant is referred to as Unocal Corporation in the Limited Motion to Re-Open Discovery.  The defendant, throughout the course of this proceeding, has been referred to by defense counsel under different names, including Unocal Alaska and Union Oil Company of California.  Various pleadings and responses to discovery had different names of the entity that was the defendant.  The defense counsel, at one time, had claimed that the proper entity was not Unocal Corporation.  The parties have reached an agreement of approximately a year ago to agree that the proper entity in this law suit is Union Oil Company of California.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571

A review of defendant's Supplemental Briefing on Adult Child's Right to Maintain Loss of Consortium Claim is misdirected and based on erroneous legal arguments. The Briefing submitted apparently involve cases of adults, who sought for injuries that accrued at the time the individuals were adults, and not involving individuals that sustained the injuries when they were minors. Thus, to the extent that the defendant relies on all these cases in which the accrual of the cause of the action when the individuals were adults, all those cases are inapplicable to this present situation.

The proper analysis would be to determine whether the cases limit the right of recovery of the individual that sustains the injury when they are a minor, and cuts off the damages at the point that they reached adulthood. Defendant apparently does not address that issue. Presumably, since apparently none of the cases cited by defendant makes that point, defendant has been unable to find any cases supporting the position that an individual that sustains an injury when they are a minor is not entitled to recover consortium damages just because at some point they reach adulthood.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

---

[2] The Magistrate gave the parties additional time to provide Supplemental Briefing following the Oral Argument. Plaintiffs are submitting the Supplemental Briefing after the date that the Court had requested the submittal of Supplemental Briefing, and Plaintiffs are filing concurrently a Motion to Accept Supplemental Briefing.

*Grove, et al. v. Unocal, <u>A04-0096 CV</u>*
*Supplemental Briefing re: Loss of Consortium Claim*　　　　　　　　　　　　2

To that effect, the defense points out that Sarah Grove turned 18 in 2003 after her father, Larry Grove's injury, but almost a year before the action was filed in Court. The defense fails to recognize that there is a two year Statute of Limitations in effect for an individual that turns 18 that allows them to file a claim up to the time that they attain their 20th birthday for injuries that occurred to them before they were 18. Therefore, the fact that the claim was filed when Sarah Grove was an adult does not mean the claim is extinguished, if the claim was filed within the Statute of Limitations deadline. In this case, there is no claim made by defense that Sarah Grove's claim is barred by the Statute of Limitations. Therefore, if defense is making an argument that a minor that receives an injury must file the claim while they are a minor for consortium damages, or else they are barred if they wait until after their 18th birthday to file the claim, defendant's argument, again, is misdirected and erroneous legally as a matter of law.

It is only at the end of the defendant's Supplemental Briefing that it finally addresses the issue in this case. It is not whether an adult child can recover for loss of consortium. It is whether an individual that receives an injury when she is a minor is allowed to recover for that injury past the date in which she attained adulthood. In the case of

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

*Grove, et al. v. Unocal, A04-0096 CV*
*Supplemental Briefing re: Loss of Consortium Claim*                              3

<u>Walker, et al. vs. Sowinski, et al.</u>, Alaska Superior Court Case No. 3PA-97-01096 CI, in the Alaska Supreme Court as Case No. S-12114 there is presently pending an issue as to whether there can be recovery for loss of consortium by parents and other family members for the deaths of minors past the point when the minors would have reached the age of 18.  In other words, though the injuries were sustained by the parents when their children were under the age of 18, in that case, the defense is claiming that the damages to the parents are terminated at the time the children would have reached age 18.  The Superior Court disagreed with the contention of the defenses and allowed that issue to go to the jury.

The jury instructions were separated for pre-age 18 damages and consortium damages that are on-going to the parents and other family members after the date the decedents would have obtained age of 18.

The issue herein is similar to the issue pending in the Alaska Supreme Court.  The Oral Argument on the <u>Walker</u> case was heard many months ago and a decision is still pending in front of the Alaska Supreme Court.  The Plaintiffs would respectfully request that the Court not rule on this decision when the decision by the Alaska Supreme Court would provide guidance as to Alaska Law in this matter.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

In one area the Plaintiffs do agree with the defense, in that the special verdict form can be separated to differentiate consortium damages before the age of 18 and those damages after the age of 18 for Sarah Grove.

The defense, however, goes a little further and asks this Court to determine, without providing any legal support, that the jury should be instructed that Sarah Grove is entitled to recover non-economic damages after her 18th birthday, only for the time periods in which she was financially dependant upon her parents, or based upon objective evidence of particular closeness between the parent and adult child beyond the normal relationship. There is absolutely no authority cited for this proposition. The defense, again, fails to define what "particular closeness" means. The defense also fails to, again, differentiate cases in which the individual sustains the injury before they are 18. Thus, the defense apparently recognizes that the consortium damages are allowed for the damages to Sarah Grove as a result of the injuries to her father up until 18, but then they are attaching additional requirements after age 18.

While there may be some alleged justification for claiming that an 18 year old may be more mature and able to handle injuries or a death of a parent, such that the consortium claim

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

*Grove, et al. v. Unocal, A04-0096 CV*
***Supplemental Briefing re: Loss of Consortium Claim***                                           5

may not be permitted for adult children in some jurisdictions, it is not universal.[3]

When the injury occurs before an individual turns 18, that is, they are still a minor, there is a presumption of vulnerability of a child, that there can be damages sustained by the child, if provable. If the damages are sustained by a child before age 18, that does not mean that the damages cease at age 18. That is, if you sustained that injury when you were a minor, the injury does not immediately ceases at 18 when it may be deemed that you are mature enough to handle an injury to your parent if you were already an adult when the injury occurred. Thus, when the injury to the child is sustained during the period of vulnerability (under age 18) the injury is on-going and not magically terminated at the age of 18.

The Plaintiffs, herein, are attaching the section of Briefing that was done to the Alaska Supreme Court on the issue of recovery of damages for consortium after the date a child would have obtained the age of 18, or whether said damages are cut off automatically upon the date the deceased child would

---

[3] The law is not as clear as the defense would like, as there are some jurisdictions that have recognized recovery for injuries or death of a parent for adult children. Namely, Alaska has recognized in the case the defense itself cites in their Briefing, that in the death of a parent under the Alaska Wrongful Death Statute, consortium claims are allowed for adult children, and not simply limited to those that were minors at the time of the death. There is other case law in other jurisdictions that have allowed recovery for parents for injuries sustained by a close family member, a parent or child, or sibling, even if the person claiming consortium damages is an adult.

*Grove, et al. v. Unocal, A04-0096 CV*
*Supplemental Briefing re: Loss of Consortium Claim*                                 6

have reached 18, or whether the losses continue onward for the family.  These pages are from 40 to 45 of the Briefing before the Alaska Supreme Court, in the case titled <u>Rose Sowinski, et al, Appellant, vs. William Patrick Walker, et al.</u>, Appellee, Supreme Court Case No. S-12114.

   The Plaintiffs, therefore, respectfully request that the Court consider this Supplemental Briefing.


   RESPECTFULLY SUBMITTED this 29th day of January, 2008.


                              /s/ Michael Cohn
                              WEIDNER & ASSOCIATES, INC.
                              330 L Street, Suite 200
                              Anchorage, AK  99501
                              Phone (907) 276-1200
                              Fax (907) 278-6571
                              E-mail:  nbackes@weidnerjustice.com
                              ABA No. 8506049



CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2008 a copy of the foregoing **PLAINTIFFS' SUPPLEMENTAL BRIEFING ON THE RIGHTS OF SARAH GROVE TO MAINTAIN A LOSS OF CONSORTIUM CLAIM AND THE LOSS OF CONSORTIUM CLAIM BECAME ACTIONABLE WHEN SHE WAS A MINOR** was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC

s/ Michael Cohn

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571