☐ FILE

IN THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| ROSE SOWINSKI and JAMES McGILL d/b/a DELROIS BAR AND LIQUOR,<br><br>        Appellant,<br><br>vs.<br><br>WILLIAM PATRICK WALKER, Personal Representative of the Estate of ROBERT JASON WALKER, et al.,<br><br>        Appellee. | Supreme Court<br>Case No. S-12114<br><br><br><br>Superior Court Case<br>No. 3PA-97-01096 Civil |

APPEAL FROM THE SUPERIOR COURT
THIRD JUDICIAL DISTRICT AT PALMER
THE HONORABLE BEVERLY CUTLER, PRESIDING

**APPELLEES' BRIEF**

WEIDNER & ASSOCIATES, INC.
Attorneys for Walker Appellees
330 "L" Street, Suite 200
Anchorage, AK 99501  (907) 276-1200

By: _____
    Phillip Paul Weidner, #7305032

By: _____
    Michael Cohn, #8506049

LAW OFFICES OF CHARLES W. COE
Attorneys for Vaughn Appellees

By: _____
    Charles W. Coe, #7804002

FILED this 27TH day of December, 2006 in the Supreme Court for the State of Alaska.
Marilyn May, Clerk of the Appellate Courts

By: _____
    Deputy Clerk

of an adult child in making an award: (1) the relationship between the parent and child; (2) the living arrangements; (3) the absence or lack of absence of the child from the parent for extended periods; (4) the harmony of family relations; and (5) human interests and activities. Id. at 797.

7. DELROIS WAIVED ANY OBJECTION TO LOSS OF ENJOYMENT OF LIFE DAMAGES.

DelRois contends incorrectly that only pecuniary damages are awardable for the deaths of Robert Walker and Justin Vaughn. Tr. 1186. DelRois failed to recognize that A.S. 09.55.570, the so-called survival statute, allows non-pecuniary damages, as does A.S. 09.55.580, the wrongful death statute. Tr. 1187. The following exchange occurred:

> MR. WEIDNER: Your Honor, I would just say this, I mean, under the statute, the estate – here is my authority, the statute says all causes of action survive. There [are] two statutes. There is the wrongful death statute and then there is the so-called survival statute, as opposed to the consortium statute.
>
> It's clear and they can't argue that, for instance, pre-impact pain and suffering survives. Post-impact pain and suffering survives. That was our nonpecuniary damages. If you can recover for nonpecuniary damages on pre- and post-impact pain and suffering, you can recover for loss of enjoyment of life.
>
> <u>It is simply not the law in this state that you are restricted to so-called pecuniary damages for an estate.</u>

45

> It is irrelevant that parents are not entitled to the services of their adult children; they continue to enjoy a legitimate and protectible expectation of consortium beyond majority arising from the very bonds of the family relationship. Surely nature recoils from the suggestion that the society, companionship and love which compose filial consortium automatically fade upon emancipation; while common sense and experience teach that the elements of consortium can never be commanded against a child's will at any age. The filial relationship, admittedly intangible, is ill-defined by reference to the ages of the parties and ill-served by arbitrary age distinctions. Some filial relationships will be blessed with mutual caring and love from infancy through death while others will always be bereft of those qualities. <u>Therefore, to suggest as a matter of law that compensable consortium begins at birth and ends at age eighteen is illogical and inconsistent with common sense and experience. Human relationships cannot and should not be so neatly boxed. "The law does not fly in the face of nature, but rather acts in harmony with it."</u> *Harper v. Tipple*, 21 Ariz. 41, 44, 184 P.1005, 1006 (1919) (citation omitted).

*Id.* at 959-960 (emphasis added).

In *Masaki v. General Motors Corp.*, 780 P.2d 566 (Haw. 1989), the court recognized a consortium claim by parents of an <u>adult child</u> who had been rendered a quadriplegic in an accident, following the decision in *Howard Frank*. See also *Harbeson v. Parker Davis, Inc.*, 656 P.2d 483 (Wash. 1983).

In *Sawyer v. Claar*, 766 P.2d 792 (Idaho App. 1988), the court stated, "[I]n recent years, the courts increasingly have held that an emotional loss caused by the death or serious injury of an adult child is no less crippling or compensable than if the child had been a minor." (*Id.* at 796.) The court also adopted the following criteria for the loss of consortium

The court in <u>Reuben</u> and <u>Howard Frank</u> rejected the same argument rejected by the Alaska Supreme Court in <u>Hibpshman</u>.

<u>Howard Frank rejected the view that children had worth only for pecuniary services up until the age of majority</u>:

> The most salient legal argument against extending the filial consortium action to adult children is the fact that emancipation frees parents and children from the reciprocal legal obligations of support and obedience. It is argued that parents have some form of legal entitlement to the services and earnings of their children during their children's minority, loss of which is compensable, but that accession to majority expunges this entitlement and the concomitant right to recovery for injury to the children. <u>However, we believe that this argument against extension of a filial consortium action to adults is premised upon an archaic and outmoded pecuniary theory of parental rights and fundamentally misapprehends the modern elements of consortium. Accordingly, we are convinced that the cause of action first recognized in</u> *Reuben v. Ely* <u>should be extended to adult children</u>.
>
> \* \* \*
>
> In striking contrast to the significant changes in spousal consortium actions, however, filial consortium actions continue to be haunted by the common law master-servant heritage despite parallel changes in social status and the death of the economic-services rationale. Even those states which recognize the parents' action for loss of filial consortium of their injured children restrict the action to minor children. Why they do so is puzzling, since <u>the common law master-servant analogy is clearly antiquated and long overdue for judicial burial. We do not believe that an age distinction is justified. The demise of the pecuniary services theory of consortium and subsequent emergence of companionship and society as the primary components of the action has vitiated the legitimacy of any age distinction in filial consortium actions</u>.
>
> \* \* \*

courts had refused to recognize such a cause of action.  "<u>In the past we have not hesitated to adopt novel common law theories concerning injuries to family members</u>."  Id. at 993 (emphasis added).

The recognition of consortium claims has extended to parents' claims for loss of a child's consortium.  <u>United States v. Dempsey</u>, 635 So.2d 961 (Fla. 1994); <u>Gallimore v. Children's Hospital Medical Center</u>, 617 N.E.2d 1052 (Ohio 1993); <u>Boucher v. Dixie Medical Center</u>, 850 P.2d 1179, 1183 n.27 (Utah 1992).  This trend has continued by allowing consortium for the death or injury of an adult child.

In <u>Howard Frank, M.D., P.C. v. Superior Court</u>, 722 P.2d 955 (Ariz. 1986), the court recognized a parental claim for loss of consortium of an <u>adult child</u> who had suffered severe brain damage due to the negligent administration of anesthesia during surgery.  Arizona had previously recognized consortium when the injury was to a minor child.  <u>Reuben v. Ely</u>, 705 P.2d 1360 (Ariz.App. 1985).

In <u>Howard Frank</u>, <u>supra</u>, 722 P.2d at 956, the court stated:

> In both *Reuben v. Ely* and the present case the defendants raised a host of policy arguments against recognizing claims for loss of filial consortium.  . . . [T]he arguments against compensating family <u>members for loss of consortium were lost not today, or in *Reuben*, but during the past two decades</u>.  [Footnote omitted; emphasis added.]

42

position. It has thus waived the issue on appeal. <u>Lewis</u>, 469 P.2d 689; <u>Fairview Development, Inc.</u>, <u>supra</u>, 475 P.2d 35; <u>Kristich</u>, <u>supra</u>, 550 P.2d 796.

The inevitable immense mental anguish, grief and sense of loss over the death of a minor child is well recognized in Alaska. <u>Gillespie</u>, <u>supra</u>, 842 P.2d 1272. That loss continues until the parent dies. The statute, A.S. 09.15.010, <u>does</u> <u>not</u> say that a parent's damages end when the child would have (but never will) reach age 18 or 19 (depending on the age of majority statute). The statute could have done so if the intent were to limit damages for the death of a child up to the age of 18, had the child lived.

Anyone who has lost a child knows that the age of the deceased child is forever frozen at the time of death. The damages are measured by the length of time of the loss of the survivor, not the arbitrary barrier the DelRois parties seek to impose without authority.

The issue has not been adequately briefed by DelRois. Even if it will be considered by the Court, it is without authority and without merit, and should be denied.

The loss of a child is compensable regardless of age. In <u>Hibpshman v. Prudhoe Bay Supply, Inc.</u>, 734 P.2d 991, 992-997 (Alaska 1987), Alaska recognized a child's cause of action based on loss of parental consortium even though a majority of the

DelRois failed to object to the jury instruction. Even under plain error, DelRois must show a high likelihood of affect on the jury verdict. DelRois fails even to attempt to show that the jury verdict would have been different with the addition of the unused instruction.

6.  DAMAGES FOR CONSORTIUM.

DelRois contends that Robert Walker and Justin Vaughn "were nearly 18" at the time of their deaths, as if to imply the families did not suffer much loss from their deaths. (Appellants' Brief at 38.) In Gillespie v. Beta Constr. Co., 842 P.2d 1272 (Alaska 1992), the Court noted that the death of a child inevitably causes immense mental anguish, grief and sense of loss. Since the boys, had they lived, would have reached the age of 18, DelRois contends that this immense mental anguish, grief and sense of loss is not compensable for any period of time after the boys would have reached age 18 but for their deaths.

DelRois did generally object to the award of such damages (unlike the previous five categories of jury instructions discussed supra). (See Appellants' Brief at 38.) However, other than citing to A.S. 09.15.010, which allows a plaintiff to maintain an action for the death of a child below the age of majority, DelRois cites no authority for its