

**RECEIVED**

JUN 0 7 2007

WEIDNER & ASSOCIATES



# Lipsitz Green Scime Cambria LLP
ATTORNEYS AT LAW

42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924

Telephone: 716 849 1333

Fax: 716 855 1580 (Not for Service)

WRITER'S TELEPHONE EXTENSION

301

## FACSIMILE TRANSMISSION

TODAY'S DATE:  June 6, 2007

TO: Michael Cohn, Esq.               FROM: William Feigenbaum, Esq.

FAX NO. 907-278-6571                 FAX NO. 716-849-1315

TELEPHONE NO. 907-276-1200           TELEPHONE NO. 716-849-1333

COMMENTS:  Lawrence H. Grove, et al. v. Unocal Corp.;
           Dist Ala Case No. 3:04-cv-0096-TMB; Subpoena in a Civil Case

NUMBER OF PAGES:           (INCLUDING COVER)

FILE NUMBER: 28174.0085

THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY/CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

EXHIBIT 1
PAGE 1 OF 4



# Lipsitz Green Scime Cambria LLP

Attorneys at Law    42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

June 7, 2007

**VIA UPS OVERNIGHT**

Linda J. Johnson, Esq.
Clapp, Peterson, Van Flein, Tiemessen
& Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501

Re:   Lawrence H. Grove, et al. v. Unocal Corp.; D. Ala. Case No.
      3:04-cv-0096-TMB; Subpoena in a Civil Case

Dear Ms. Johnson:

This office represents Puritan International, Ltd.; Funtime Boutique, Inc.; Lead Dog Enterprises, Ltd.; Samuri, Inc.; Puritan Production Videos, Ltd.; and LoJi, Inc., all of which are corporate entities located in Allentown, Pennsylvania. Your office has attempted to serve a Subpoena in a Civil Case on each of these non-party entities in the above-referenced action, including six separate checks payable from your firm to the named entity in the face amount of forty ($40.00) dollars. Said subpoenas were all issued out of the United States District Court for the District of Alaska, seeking the oral deposition of the respective Custodian of Records of each said entity to be taken at your offices in Anchorage, Alaska on June 22, 2007, together with the production of numerous documents from said companies at your office, in an apparent attempt to obtain financial information about plaintiff, Lawrence H. Grove, in the above-referenced matter.

As you should be aware, seeking discovery from non-party witnesses in a federal civil action, whether by oral deposition or by obtaining documents therefrom, is governed by Rule 45 of the Federal Rules of Civil Procedure as to subpoenas. Rule 45(b)(2) authorizes the issuance of such a subpoena, which as relevant may be lawfully served within the district of the court by which it is issued (here the District of Alaska); any place outside that district within one hundred miles of the place of the requested oral deposition, document production, etc. (Anchorage); or any place within the state (Alaska) if a state statute or court rule would permit service of a subpoena issued by a state court of general jurisdiction within the state. Needless to say, the Allentown, Pennsylvania location of the six named entities is not within the state or District of Alaska, and is thousands of miles from Anchorage. Accordingly, the aforesaid subpoenas attempted to be served on my clients are null and void.

EXHIBIT __1__
PAGE __2__ OF __4__

BUFFALO   AMHERST   CHEEKTOWAGA   FREDONIA   NEW YORK CITY   BEVERLY HILLS



Lipsitz Green Scime Cambria LLP

Linda J. Johnson, Esq.
June 7, 2007
Page 2

Even aside from the lack of jurisdiction to serve said subpoenas on my clients in Pennsylvania in this matter, tender of checks for $40.00 simply constitutes the daily fee for each day's attendance at a deposition; it does not begin to cover the witness' expenses of travel or a subsistence allowance, etc., as required by 28 U.S.C. §1821.

Finally, even if the subpoenas were properly served out of a court with jurisdiction over the witnesses, and proper subpoena fees were tendered, the records requested by defendant Unocal Corp. are well beyond any justifiable need or relevance. For example, for each entity the very first request seeks "Copies of all business and corporate records," without any limiting date or category of records. In the event that new subpoenas are served out of a court of competent jurisdiction, unless the requests are substantially limited, the respective witnesses will have no choice but to move to quash same.

On a related note, and as you may be aware, plaintiff Grove does not possess any relevant records of any of the six companies for whom you seek records, and Mr. Grove was paid a very modest amount of money for his services by said companies. If a reasonable sworn affidavit from the companies attesting to that fact will be sufficient to satisfy your discovery inquiries, please let me know and undoubtedly such a satisfactory sworn document can be produced.

Aside from such a resolution, and as set forth above, my clients formally object to the purported service of the six subject subpoenas as being invalid, and they will not comply with same.

If you have any questions as to the foregoing, and in particular how this matter may be amicably resolved, please contact me so that we can attempt to so resolve our differences.

Sincerely,

**Lipsitz Green Scime Cambria LLP**
Attorneys for Puritan International, Ltd.; Funtime Boutique, Inc.; Lead Dog Enterprises, Ltd.; Samuri, Inc.; Puritan Production Videos, Ltd.; and LoJi, Inc.

By: _William M. Feigenbaum_
    William M. Feigenbaum, Esq.

WMF/pmj

EXHIBIT 1
PAGE 3 OF 4



Lipsitz Green Scime Cambria LLP

Linda J. Johnson, Esq.
June 7, 2007
Page 3

cc: Michael Cohn, Esq., Attorney for Lawrence H. Grove

Writer's Extension: 459
Writer's Direct Fax: 716-849-1315
E-Mail: wfeigenbaum@lglaw.com

F:\ADULT\28174\0085\07c\John0607.doc

EXHIBIT 1
PAGE 4 OF 4

FILE COPY

# Lipsitz Green Scime Cambria LLP

Attorneys at Law

42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

June 29, 2007

Paul J. Cambria, Jr.
James T. Scime
Herbert L. Greenman
Patrick C. O'Reilly
Michael Schiavone
Laraine Kelley
William M. Feigenbaum
Joseph J. Gumkowski
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Christopher S. Mattingly
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
George E. Riedel, Jr.
Michael P. Stuermer
Jeffrey F. Reina
Sharon M. Holm
Cherie L. Peterson
Paul J. Cieslik
Joseph T. Kremer
Michael R. Werembiewski
Gregory P. Krull
Michele A. Smith
Bridget M. O'Connell
Michael S. Deal
Joseph J. Manna
Philip Scaffidi
Amy L. Andrus
Robert E. Ziske
Kevin W. Hourihan
A. Nicholas Falkides
Thomas C. Burnham
William P. Moore
David C. Zimmerman
Karen R. Feger
Patrick B. Shanahan
Bethany A. Solek
Jonathan W. Brown
Amanda M. Warner
Laura A. Myers
Teresa A. Bailey
John M. Lichtenthal
Sarah R. Ranni
Racheal C. Irizarry

OF COUNSEL
Richard Lipsitz
Carl A. Green
Raymond F. Roll, Jr.
Herald Price Fahringer
Eugene W. Salisbury

SPECIAL COUNSEL
James W. Kirkpatrick
Roger W. Wilcox, Jr.
Denis A. Scinta
David G. Henry
Richard D. Furlong
Scott M. Schwartz
John P. Hains

LICENSED WORKERS'
COMPENSATION
REPRESENTATIVE
Keith T. Williams
Patricia N. Lyman

Seymour L. Schuller
1951-1988

Evan E. James
1955-1989

* Also admitted in District of Columbia
* Also admitted in Florida
* Also admitted in California
* Also admitted in New Jersey
* Also admitted in Pennsylvania
* Also admitted in Ohio
* Also admitted in Illinois

**VIA UPS OVERNIGHT (907-272-9272)**

Linda J. Johnson, Esq.
Clapp, Peterson, Van Flein, Tiemessen
& Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501

RECEIVED
JUN 2 9 2007
WEIDNER & ASSOCIATES

Re:   Lawrence H. Grove, et al. v. Unocal Corp.; D. Ala. Case No.
      3:04-cv-0096-TMB; Out of State Civil Subpoenas

Dear Ms. Johnson:

I am writing to you for a second time, since my earlier letter of June 7, 2007 in this matter. As I earlier stated, this office represents Puritan International, Ltd; Funtime Boutique, Inc.; Led Dog Enterprises, Ltd.; Samuri, Inc.; Puritan Production Videos, Ltd.; and LoJi, Inc., which entities are located in Allentown, Pennsylvania.

Your office previously attempted to directly serve subpoenas in a civil case on each of the above-mentioned clients located in Allentown, Pennsylvania, seeking corporate records and testimony. In the earlier letter to you, I noted that pursuant to Rule 45 of the Federal Rules of Civil Procedure, subpoenas issued under said Rule from the Alaska federal court may be served within the District of Alaska; any place within Alaska if authorized by state statute or court rule; or within 100 miles of the location of the place of deposition in Anchorage, Alaska. Clearly, none of those Rule 45 requirements applied to service of a subpoena in Pennsylvania. I accordingly informed you that my clients would not cooperate with the subpoenas which you purported to serve, as they were invalid.

Instead, I am now informed that you have apparently attempted to do an end-run around the Rule by attempting to serve various custodians of records for banks in Delaware and Pennsylvania.

While I may not be aware of all of your efforts in this regard, I have received copies of papers attempting to obtain detailed banking records from Sovereign Bank locations in Delaware and Pennsylvania for my client Puritan Production Videos, Ltd; for Wachovia Bank locations in Delaware and Pennsylvania for records pertaining to my client Funtime Boutique, Inc.; for records from the PNC Banks in Delaware and Pennsylvania for my client LoJi, Inc.; and for records of the Citizens Banks in Delaware and Pennsylvania for my client Samuri, Inc. Moreover, notwithstanding that you knew my firm represented said entities, it was only fortuitously that I even learned of your attempts. As before, your attempts to serve subpoenas issued from the federal court in Alaska on banks located in Delaware and Pennsylvania are entirely outside the authorization of Federal Rule 45, and are invalid. Moreover, if any of said banks inadvertently complied with your client's improper requests, if would constitute a substantial invasion of my clients' privacy rights.

EXHIBIT 2
PAGE 1 OF 2



## Lipsitz Green Scime Cambria LLP

Linda J. Johnson, Esq.
June 29, 2007
Page 2

Accordingly, my clients demand that you cease your unauthorized attempts to obtain such documents. If your client believes that such records are relevant to its defense of the subject lawsuit by Mr. Grove, it may seek to obtain appropriate relevant documents in a proper fashion pursuant to Rule 45.

Moreover, and as I previously informed you in the June 7th letter, plaintiff Lawrence Grove does not possess any relevant records for any of the aforesaid companies as to which you seek information. Such records are in the custody of the principal of said companies, located in Allentown. Notwithstanding any position with said companies that Mr. Grove may hold, he does not have the custody, possession or control over the corporate records of my aforesaid clients; nor does he have the right to possession or custody thereof.

Your client, like other federal litigants, is required to obey the requirements of Rule 45 as to service of subpoenas in foreign locations.

Sincerely,

**Lipsitz Green Scime Cambria LLP**
Attorneys for Puritan International, Ltd.; Funtime Boutique, Inc.; Lead Dog Enterprises, Ltd.; Samuri, Inc.; Puritan Production Videos, Ltd.; and LoJi, Inc

By: _____
William M. Feigenbaum, Esq.

WMF/pmj

cc:   Michael Cohn, Esq. (via facsimile)
      Attorney for Lawrence H. Grove

Writer's Extension: 459
Writer's Direct Fax: 716-849-1315
E-Mail: wfeigenbaum@lglaw.com

EXHIBIT 2
PAGE 2 OF 2