# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA
GROVE, SARAH GROVE, and, MICHAEL
GROVE (DOB 1/21/88) by and through his
father LAWRENCE H. GROVE,

                    Plaintiffs,

          v.

UNOCAL CORPORATION,

                    Defendant.

3:04-CV-00096-TMB-DMS


**DECISION AND ORDER RE:
PLAINTIFFS' MOTION FOR
SANCTIONS
[DOCKET 203]**

## I.  MOTION BACKGROUND

The underlying case stems from an injury sustained by Mr. Larry Grove.  Mr. Grove

worked for Siemens Building Technologies, Inc. (hereafter Siemens).  Siemens had a contract

with Unocal Corporation (hereafter Unocal) to conduct certain maintenance functions in

Unocal's Anchorage building (Doc.2, Tab 1 at 2).  According to the complaint, in September

2002, Mr. Grove was changing the air filters in the mechanical room inside the building.  He was

using a work platform that consisted of a plank that was held up by brackets in the wall.  He fell

from this work platform and suffered ankle injuries (Doc. 2, Tab 1 at 2).

Mr. Grove claims that Unocal's negligence caused him to fall and injure his ankle and

requests damages.  Mr. Grove's family members are also plaintiffs in this matter with distinct

claims. Cynthia, Sarah, and Michael Grove each have a separate consortium claim based on

Mr. Grove's ankle injuries (Doc. 2, Tab 1).

At issue in this motion are over thirty subpoenas Unocal issued during discovery.  Unocal

1

issued these subpoenas to gather information regarding Mr. Grove's recreational and financial activities. The subpoenas were issued from the District of Alaska and were served on the legal departments or registered agents for a variety of corporate entities throughout the country (Doc. 204, Exhibit 1).

Most of the subpoenaed entities were served out of the District of Alaska. For example, Unocal sent subpoenas to Las Vegas casinos, Hilton Grand Vacations, Summit Bank, Bank of America, Aurora Loan Services, E-Trade, Chase Bank, Capital One, Citimortgage, Citibank, Citicards, Wachovia, Sovereign Bank, PNC, Citizens Bank, JP Morgan, Northwest Airlines, Delta Airlines, and Southwest Airlines (Doc. 204, Exhibit 1). Unocal also sent subpoenas to six adult-entertainment companies for which Larry Grove serves as President and to the banks of these companies (Doc. 204, Exhibit 1). The subpoenas sent by Unocal command the record custodian for the subpoenaed company to appear in person at Unocal's counsel's office in Anchorage, Alaska and commands the record custodian to bring the specific records listed on an attached notice (Doc 204, Exhibit 1). Each attached notice set forth a variety of records related to the Groves and scheduled a date, time, and location for the deposition. However, each notice also stated that the deposition would be cancelled if the documents were simply sent to Unocal's counsel (Doc. 204, Exhibit 1). Unocal started issuing these subpoenas in early February of 2007 and continued to send them through July of 2007 (Doc. 204, Exhibit 1; Doc. 222, Exhibit 2). Discovery was closed by June 29, 2007 (Doc. 146), according to the March 15, 2007 order of U.S. District Court Judge Timothy Burgess.

Based on the record before this Court, the only subpoenaed entities that objected to the subpoenas were the six companies affiliated with Mr. Grove. The attorney for these companies

wrote Unocal's counsel a letter objecting to the subpoenas on the basis that they were issued in violation of Rule 45 of the Federal Rules of Civil Procedure (Doc. 204, Exhibit 2; Doc. 222, Exhibit 3). Unocal then correctly re-subpoenaed these entities so that the deposition and document production was scheduled in Pennsylvania rather than in Alaska (Doc. 222, Exhibit 2 at 73-103).

Plaintiffs argue that the subpoenas were served out-of-district in violation of Rule 45(b) of the Federal Rules of Civil Procedure and that they were unreasonable and posed an undue burden on the subpoenaed entities. Also, according to plaintiffs, the subpoenas sent out by Unocal failed to have a copy of Rule 45(c)-(d) attached as required under the rules. These subsections advise recipients about how to determine if electronically stored information must be produced. Plaintiffs assert that Unocal sent these subpoenas in an effort to intimidate the corporate entities into providing documents.

Unocal argues that these subpoenas were not sent for harassing or coercive purposes. The subpoenas were necessary to gather relevant and admissible information because, according to Unocal, Mr. Grove was not forthcoming and misled Unocal about his travels, activities, and sources of income. Unocal states that it served subpoenas upon large corporations who do business in Alaska but keep their records in another location and the rule only requires the court quash a subpoena if it requires travel more than 100 miles from where the entity does business. Unocal states that "it is immaterial whether the company requires a subpoena directed to the specific office in which the records are stored" because the companies do business within the state. Unocal also states that these corporations voluntarily complied with the subpoenas because they are aware through experience that if they authenticate the documents, no personal deposition

is required.  Unocal therefore asserts that none of these corporations have been intimidated into providing records.

Unocal also argues that the broad sanctions requested by plaintiffs are not authorized by Rule 45 of the Federal Rule of Civil Procedure, and Rule 37 is not applicable to subpoenas. Unocal also argues that this motion for sanctions has blurred into a motion for a protective order.

Indeed, plaintiffs filed a motion for a protective order (Doc. 201).  In that motion, plaintiffs requested a variety of orders relating in part to Unocal's subpoena activities.  At a hearing held on December 7, 2007 this Court ruled on that motion, denying and granting the motion in part.  This Court ordered that all financial records Unocal obtained through its discovery activities must only be disclosed to the court, the parties, and experts retained by the parties (Doc. 268).  This Court also ordered that all financial records attached to non-dispositive motions should be filed under seal and financial records attached to dispositive motions or as trial exhibits must have all account numbers and social security numbers redacted (Doc. 268).

## II.  ANALYSIS

Rule 45 of the Federal Rules of Civil Procedure requires that a subpoena command the person to whom it is directed to attend and give testimony or to produce and permit inspection or copying of documents in the possession, custody or control of that person.  Fed. R. Civ. P. 45(a)(1)(C).[1]  A subpoena that requests the production of documents may or may not be accompanied by command that the person producing those documents also appear in person at a

---

[1] On December 1, 2007 an amended version of Rule 45 of the Federal Rules of Civil Procedure went into effect. The 2007 amendment is mostly stylistic to make the rule more easily understood. Fed. R. Civ. P. 45 (cmt. to Rule 45 2007 Amendments).  Because this motion was brought in June of 2007, all references to Rule 45 of the Federal Rules of Civil Procedure are to the rule that was in effect prior to December 1, 2007.

deposition.  Fed. R. Civ. P. 45(a)(1), 45(c)(2)(A).

Under Rule 45(a)(2), a subpoena has to issue from the district court where the deposition is to be held, or if only documents are requested, from the district where the production is to be made.  Rule 45(b)(2) states that a subpoena may be served at any place within the district where the subpoena was issued or it can be served outside of the district as long as it is served within 100 miles of the place where the deposition will be held or where the production of documents will take place.  Under Rule 45(c)(3)(A)(ii), a subpoena cannot require a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person.  Upon a timely motion, a court must quash a subpoena that violates this travel rule in 45(c)(3)(A)(ii).

Rule 45(c)(1) mandates that a party or an attorney responsible for the issuance and service of a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to that subpoena.  Furthermore, under Rule 45(c)(1), a court must enforce this duty not to impose an undue burden or expense.  The issue in front of this Court is whether or not Unocal's subpoenas were issued in violation of Rule 45 and, if so, whether the violations are sanctionable.

This Court finds that Unocal did not comply with the procedural requirements of Rule 45.  Unocal served these subpoenas outside of the District of Alaska.  Under Rule 45, a party can only serve a subpoena outside of the district if it is served within 100 miles of the place where the deposition will be held.  Unocal argues that a court must quash a motion only if it requires travel more than 100 miles of where the subpoenaed entity regularly transacts business and that most of the entities it subpoenaed regularly transact business in Anchorage.  The rule does not support

this interpretation and Unocal cites no case law to support it.  Further, this argument does not address the problem that the subpoenas were <u>served outside</u> of the District of Alaska and more than 100 miles from where the deposition was to take place.  Furthermore, contrary to Unocal's argument, some of the subpoenaed entities (like the Las Vegas hotels or the smaller banks) do not regularly transact business in Alaska.  Also, plaintiffs are not requesting that the subpoenas be quashed since the documents have already been delivered to Unocal and the time for the scheduled depositions has passed and the depositions were cancelled.

Unocal also argues that this subpoena practice is common and expected by corporate entities.  While it might be common practice for corporate entities to comply with subpoenas of this nature, Unocal provides no legal support or authority for this practice.  Furthermore, Unocal could have simply sent a subpoena for document production without scheduling a deposition.  Unocal counsel could provide no explanation why deposition subpoenas were utilized instead of appropriate document subpoenas.  The reason appears clear to the Court.  Utilization of deposition subpoenas often speeds the production of the documents– recipients rush to produce the records to avoid the necessity and expense of either traveling to Alaska or retaining counsel to file a motion to quash.  The threat of travel serves as leverage to speed production.  This is a clear violation of Rule 45 and an abuse of the subpoena power of the U.S. District Court for the District of Alaska, which is entrusted to the parties during litigation.  Unocal also violated Rule 45 because, as required under Rule 45(a)(1)(D), not all the subpoenas had a copy of Rule 45(c)-(d) attached (Doc. 274, Exhibit B).

The remaining question is whether these violations are sanctionable.  This Court finds that they are not.  The only place in Rule 45 that provides for sanctions is 45(c)(1) and those

sanctions are for violations of the duty not to impose undue burden or expense on a person subject to the subpoena.  Furthermore, the sanctions set forth in Rule 37 do not cover violations of Rule 45.

The plaintiffs have brought this motion for sanctions.  However, the plaintiffs were not the parties subject to the subpoenas.  There is no evidence in the record to establish that the entities subpoenaed were unduly burdened or subjected to undue expense.  The only entities objecting to the subpoenas were the six companies that Mr. Grove is affiliated with, and those subpoenas were cancelled after the attorney for the companies objected.  No motion for sanctions was filed by any of the six corporations.  Unocal stated that it paid for all copying costs, allowed for extra time for compliance, and cancelled the depositions when the documents were provided (Doc. 274-3).

Furthermore, the plaintiffs filed this motion at the end of June, 2007, approximately five months after the first subpoenas were issued and served by Unocal.  Plaintiffs did not object to these procedural violations until June.  Any entity subject to a subpoena has fourteen days after service object to the subpoena.  Fed. R. Civ. P. 45(c)(2)(B).  If the party subpoenaed waives its right to object after fourteen days, the plaintiffs have certainly waived their right to object after waiting five months to raise these procedural violations with the Court.[2]

The court has inherent power to impose sanctions for discovery abuses.  See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363 (9th Cir. 1992) (stating that courts are

---

[2] Plaintiffs' counsel complained that Unocal's counsel gave very brief notice and in some instances, no notice, when the depositions were cancelled, thus creating havoc with the schedule of plaintiffs' counsel.  Such a lack of consideration for opposing counsel is of concern to the Court but is not the basis for sanctions in this context.

invested with inherent powers that are governed not by rule or statue but by control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases).  In order to issue sanctions under its inherent authority, a district court must make a specific finding that the attorney acted in bad faith.  Tuttle v. Combined Ins. Co., 222 F.R.D. 424 (E.D. Cal 2004) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Primus Auto. Fin. Serv., Inc. v. Batarse, 115 F.3d 644, 650 (9th Cir. 1997)).  This Court cannot make such a finding.  This Court does not find that Unocal acted in bad faith.  Should Unocal's counsel continue the practice in light of this Court's finding that it constitutes a violation of Rule 45, then sanctions will be considered in the future.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Sanctions is **HEREBY DENIED.**


DATED this 12th day of February, 2008, at Anchorage, Alaska.

/s/ Deborah M. Smith
DEBORAH M. SMITH
United States Magistrate Judge