John B. Thorsness
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9273
jthorsness@cpsattorneys.com
Attorney for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,

Plaintiffs,

vs.

UNOCAL CORPORATION,

Defendant.

Case No. 3:04-cv-0096-TMB

### AFFIDAVIT OF LIAM J. MORAN

STATE OF ALASKA         )
                        ) ss.
THIRD JUDICIAL DISTRICT )

Liam J. Moran, being duly sworn upon oath, deposes and states as follows:

1. I am an attorney licensed to practice law in the State of Alaska. I am employed as an attorney by Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC. I have personal knowledge of the facts stated herein.

2. On February 3, 2006, I appeared for Siemens Building Technologies, Inc. ("Siemens") at a Civil Rule 30(b)(6) deposition noticed by the plaintiff, Lawrence H. Grove ("Grove"), at the request of John B. Thorsness, counsel for Unocal Corporation ("Unocal"). It was my understanding that Grove was an employee of Siemens at the time of the alleged personal injury which is the subject of this proceeding, that Siemens was contractually obligated to defend and indemnify Unocal in connection with claims such as those which are the subject of this litigation and that I was to represent Siemens at its deposition as a courtesy to Siemens.

3. During the February 3, 2006, Siemens deposition, I made one form of the question objection. I made no other objections. The only other issues which arose during the deposition related to the manner in which employment records requested by Grove pertaining to other Siemens employees would be produced and whether Siemens would undertake a further search for documents requested by Grove's attorney. With regard to the employee records, Grove's counsel agreed in accordance with Siemens' request that the names of Siemens' employees other than Grove would be redacted from records produced to Grove. As to counsel's request that Siemens conduct a further search for records, I responded that the request would be taken "under advisement" because I did not have the authority to commit Siemens to undertake a further search for records at Grove's request.

4. With the exception of my brief appearance on behalf of Siemens at its February 3, 2006, records deposition, I have never represented Siemens.

AFFIDAVIT OF LIAM J. MORAN
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 2 of 3

Liam J. Moran
Alaska Bar No. 7910083

SUBSCRIBED AND SWORN to before me, a Notary Public in and for the State of Alaska, this 12th day of February, 2008.

*State of Alaska*
**NOTARY PUBLIC**
Susan L. Warburton
My Commission Expires March 31, 2010

Notary Public in and for Alaska
My commission expires: 3/31/10

### Certificate of Service

I hereby certify that on February 12, 2008, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

s/ Susan L. Warburton

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

AFFIDAVIT OF LIAM J. MORAN
Grove v. Unocal, Case No. 3:04-cv-0096-TMB
Page 3 of 3