Michael Cohn
Weidner & Associates, APC
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>                    Plaintiffs,<br><br>          v.<br><br>UNOCAL CORPORATION<br><br>                    Defendant<br>_____ | )<br>)<br>)<br>)<br>)<br>) Case No. A04-0096 CV (TMB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' SUPPLEMENTAL BRIEFING PURSUANT TO COURT ORDER AT ORAL ARGUMENT ON FEBRUARY 13, 2008**

There were a number of issues that the Court requested additional briefing on at the Oral Argument held on February 13, 2008.  In addition, the parties requested permission to submit additional briefing on a number of issues.  The Court Ordered that Unocal submit supplemental briefing on February 22, 2008, and that the plaintiffs do so as of February 26, 2008. Plaintiffs submit their supplemental pleading herein.

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Unocal has submitted a twenty page supplemental brief. Over half of that brief is devoted to re-addressing matters that should have been addressed in previous briefing. Unocal, for example, selectively quotes from the deposition of plaintiffs' expert, Carmichael. His deposition was taken last July. Unocal simply reargues matters it should have addressed previously. In any event, plaintiffs shall briefly address the points raised by defendant.

1.    Unocal claims that "Grove has not come forth with admissible evidence meeting the 'clear and convincing' burden of proof" (Defendant's Supplement, p. 13, n.6).  In Alakayak v. B.C. Packers, Ltd., 48 P.3d 432, 449 (Alaska 2002) the Alaska Supreme Court held that on summary judgment it would not weigh the evidence incorporating a substantive standard such as clear and convincing and that the non-moving party only must submit some evidence to defect a summary judgment motion.  This standard comports with the oral argument of plaintiffs' counsel on February 13, 2008.

2.    Unocal presented the bizarre argument that it did not know the platform was in the filter room.  In the supplemental pleading at p. 9, it claims "[t]he only admissible evidence shows that Unocal was not aware that the platform even existed in the fan room."  First, Human Resources Manager Archie Cook testified that during orientation, he was taken to the

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

filter room (though he denies seeing the platform).  Archie Cook
Deposition at 20-21 previously referenced.  In addition,
plaintiffs have submitted fire inspection records, including
letters/inspections addressed to/from Dan Akers, Unocal Building
Manager in the early 1990's.

It is interesting that Unocal carefully says "admissible
evidence."  On information and belief, since Unocal has had
access to all Siemens employees, it is aware of Unocal
knowledge.  It is common sense that before a contractor assumes
a contract, he is shown where he is to work.  After Oral
Argument on February 13, 2008, plaintiffs were informed by a
Siemens employee that upon assuming the contract, they were
"given a complete walk through the building" by Unocal Building
Manager Dan Akers, and that the platform was already in the
room.  They would have to be given a tour because otherwise,
they wouldn't know where the equipment was located.  He also
said the room (because it dealt with air ventilation) was an
important room and that "everybody that had anything to do with
building went into the room."  See Affidavit of Michael Cohn.
An affidavit of said witness will be submitted upon receipt.  He
is presently out of state.

3.    Ken Burns' Safety Report shows that he did report
on the penthouse, where the important filter room is located.

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Plaintiffs' expert, Robert J. Carmichael, stated in his

affidavit:

> 19.   It seems difficult for me to accept that
> an area of the building such as this HVAC room, would
> have not been subject to safety inspections for that
> long a period.  Therefore, I would have expected
> someone in the Unocal organization to have known about
> this platform, and that it would then have been subject
> to an appropriate safety inspection;

<u>Affidavit of Robert J. Carmichael, Para. 19</u> (see Exhibit 1
to Affidavit of Michael Cohn).

4.   Unocal quotes from portions of Mr. Carmichael's

July 31, 2007 deposition regarding safety harnesses.  At the

deposition of expert Lin Manning, was the following exchange:

> Q.   Do you know whether or not Mr. Grove was supposed
> to be wearing a safety harness?
>
> MR. COHN:  Objection.  Speculation.
>
> THE WITNESS:  Well, I don't know what good it would
> have done him because there's no place to hook it.  So,
> you know, if he had it strapped around him, it wouldn't
> have done any good; so it's kind of a pointless
> question.  There was no place provided in the building
> that I know of to hook the safety harness.  No one's
> ever said there was.  The few pictures I've seen didn't
> show anything, and it's never come up.  If there were a
> place provided for that of adequate strength, then
> perhaps that would have been the thing to do.  A better
> thing to do would be to have an adequate and properly
> railed platform that wouldn't require a safety harness.
> So ….

<u>Deposition of Lindley Manning, P.E. of August 14, 2007 at
p.61</u>.  See Exhibit 2 to Affidavit of Michael Cohn.

5.   Unocal attaches as Exhibit B a Safety

Resource Manual.  There is no proof that this Safety

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Resource Manual was seen or used by Larry Grove; no evidence that this manual was intended to be applicable to the Unocal-Siemens contract, or filter room. Unocal refers at p. 8 to requirement of body belts while working on "scaffold." This was a work platform, not a scaffold. Furthermore, it is not established that the Safety Resource Manual attached was applicable to the Unocal work platform that Unocal was required to provide for reasonable access. Furthermore, at p. 127 of the Safety Resource Manual, there are three options applicable, and for example, given the sudden collapse of the platform, whether a guardrail system would have prevented the injury. Mr. Manning only would say a lack of railing may have played a part in the injury, but would not say probably. <u>Deposition of Lindley Manning, P.E. of August 14, 2007 at p.58</u>.

6.    In regard to apportionment of fault, Alaska law has recognized that for an indivisible injury, fault for an injury cannot be apportioned. <u>General Motors v. Farnsworth</u>, 965 P.2d 1209 (Alaska1998). Unless the causation for the injury can be apportioned, under Alaska law Unocal is liable for the whole amount.

7.    Unocal attempts to make an issue as to the 1994 Service Master Services Contract and the subsequent 2000 Unocal Technical Support contract. Unocal conclusorily

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

assumes that there is a conflict between paragraph 6.3 of the 2000 Technical Support Contract, which lists under Customer Responsibilities, that Unocal "will provide SBTI with reasonable means of access to the Equipment." (Emphasis added). There is no conflict. The work platform is not part of the equipment that Siemens was to maintain. Even State OSHA noted the contractual responsibility of Unocal (OSHA did not consider Unocal's responsibility as the premises owner).

8.    Unocal refers to Mr. Brees report. Mr. Brees refers to "Mr. Sprinkle indicates that he needed to place a ladder on the platform to reach the uppermost filters." Brees report at p. 7. This reflects poor critical thinking. The top of the filters was less than 14 feet high. The top of the plenum wall was 86 ½ inches (or 7 feet, 2 ½ inches high). Mr. Sprinkle was at least 6 feet tall. Adding these two together equals 13 feet, 2 ½ inches. In addition, the metal brackets rested on top of the plenum wall and planks of 2 by 12's rested on top. Accordingly, Mr. Sprinkle would be about eye level with the top of the filters without standing on a ladder on top of the platform, and if he indeed did stand on top of same, his head would be above the 14 foot ceiling. Mr. Brees apparently did not understand these basic physical facts. Mr. Grove could easily reach

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

the top of the filters, even at his height without standing on a stepladder on top of the work platform, and so could Mr. Sprinkle. (In an offer of proof, Mr. Sprinkle at his deposition, was testifying about a matter 10-15 years earlier, and will correct any mistaken testimony at trial).

9.    Mr. Brees fails to address Unocal's failure to inspect, failure to adequately build, failure to maintain, failure under paragraph 6.3 of the Technical support Contract, and failure as landowner.

10.    Unocal refers to premises liability law. The problem with the fasteners leading to the collapse of the work platform was a hidden danger to Siemens employees and Larry Grove. Unocal by contract was to provide the means to the equipment. Unocal as a building owner has a duty to maintain its premises safely. It also has a duty under contract. Finally, it assumed an affirmative duty by undertaking safety inspections (which were negligently done).

11.    Spoliation of Evidence. Unocal cites Ninth Circuit authority Transue v. Aethetech Corp., 341 F.3d 911 (9th Cir. 2003) and Glover v. BIC Corp., 6 F.3d 1318 (9th Cir. 1993) as to spoliation of evidence and appropriate sanctions. In Glover, the court noted that "a trial court has broad discretionary power to permit a jury to draw an

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

adverse inference from the destruction or spoliation against the party or witness responsible for that behavior" <u>Id</u>. at 1329.  Furthermore, a finding of bad faith is not a prerequisite – simple notice of relevance is sufficient. <u>Id</u>.

　　　　12.  <u>OSHA</u>.  Unocal cites law to the effect that <u>if</u> the Court makes a finding of trustworthiness that OSHA records are admissible.  From that, Unocal leaps to the conclusive that therefore the OSHA records are admissible, leaving out an important step.  The OSHA investigative files and the OSHA depositions have not been presented to the Court for such a determination.  There has been little briefing on the trustworthiness of the "investigative files" or what is meant by Unocal as to investigative files.  As to citations, Unocal wishes apparently to present that Siemens was issued two citations, one for $525 and one with no penalty.  The fact that Siemens may have paid a small fine and/or did not contest  a small penalty is not sufficient indicia of trustworthiness.  The OSHA citations against Siemens presumably will be offered as evidence of Siemens fault, i.e., as to the truth of matters asserted.  Since the consequences to Siemens were minimal, the citations lack indicia of relativity such as occurs when one faces serious civil or criminal penalties and had incentive to litigate such penalties.

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

*Grove, et al. v. Unocal, Case No. <u>A04-0096 CV</u>*
***Plaintiffs' Supplemental Briefing Pursuant to Court Order at Oral Argument on February 13, 2008***

13. <u>Siemens – Unocal Relationship</u>. Shortly after
5:00 p.m. the day before Oral Argument, Unocal counsel faxed
a supplemental pleading in which it attempted to explain
away evidence that counsel was claiming to represent
Siemens. It is undisputed that Siemens is paying Unocal
counsel. It is undisputed that Siemens has cooperated with
Unocal in defense against plaintiffs. It is undisputed that
before Siemens documents were produced to plaintiffs, that
Unocal counsel was allowed to first review the evidence (un-
redacted). It is also undisputed that Unocal counsel told
plaintiffs' counsel not to contact Siemens employees (later
Unocal counsel directed plaintiffs' counsel to Siemens
corporate counsel who, not surprisingly, attempted to
prohibit such contact).

It was not a mistake that Unocal counsel informed
others they represent Siemens. The mistake was apparently
to make it public.

14. <u>Corporate Status of Larry Grove.</u> Unocal has
no evidence that Larry Grove does anything for businesses
located in Pennsylvania or other locations, or the East
Coast, while he resides in Anchorage, Alaska, other than he
signed, or his stamp was used, on checks and he received
approximately $1,500 per year. Without evidence that he
actually works for the companies, his title is irrelevant.

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Unocal counsel claims Larry Grove has "access" to the funds of the companies.  Even if true, that does not make it his money.  The statement is simply nonsense.

      15.  Plaintiffs wish to make some brief comments as to Unocal counsel's arguments on the plaintiffs' Motions in Limine as the day was ending and plaintiffs did not have time for rebuttal.  Many of the statements by Unocal counsel are gross exaggerations, or unsupported by the facts, but made to support oppositions to numerous matters that are simply irrelevant or where the relevance is outweighed by the prejudice.

      RESPECTFULLY SUBMITTED this 26th day of February, 2008.

              /s/ Michael Cohn
              WEIDNER & ASSOCIATES, INC.
              330 L Street, Suite 200
              Anchorage, AK  99501
              Phone (907) 276-1200
              Fax (907) 278-6571
              E-mail:  nbackes@weidnerjustice.com
              ABA No. 8506049

**CERTIFICATE OF SERVICE**
I hereby certify that on February 26, 2008 a copy of the foregoing **PLAINTIFFS' SUPPLEMENTAL BRIEFING PURSUANT TO COURT ORDER AT ORAL ARGUMENT ON FEBRUARY 13, 2008** was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC

s/ Michael Cohn

*Weidner & Associates*
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571