Michael Cohn
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE, <br><br> Plaintiffs, <br><br> v. <br><br> UNOCAL CORPORATION <br><br> Defendant | Case No. A04-0096 CV (TMB) |

**AFFIDAVIT OF ROBERT J. CARMICHAEL, CERTIFIED SAFETY PROFESSIONAL**

STATE OF ALASKA      )
                     ) ss.
THIRD JUDICIAL DISTRICT )

ROBERT J. CARMICHAEL, CSP being first duly sworn under oath, deposes and states as follows:

1. I have personal knowledge of the matters contained herein, and I am competent to testify to same. This Affidavit supplements my Opinion dated July 29, 2006;

EXHIBIT 1
pg. 1 of 7

2. I am currently employed as a Safety Specialist for BP Exploration in Baku, Azerbaijan. This position involves providing safety advice to supervisors, employees, and contractors, as well as coaching for the development of Azeri National staff, and training on a variety of safety topics;

3. My prior work history is set out in my Resume, which is attached hereto as Exhibit 1;

4. I currently hold the following national safety certifications:

    a. CSP - Certified Safety Professional;

    b. OHST - Occupational Health and Safety Technologist; and

    c. CHST - Construction Health and Safety Technologist.

All three of these certifications are current, and in force as of the date of this Affidavit;

5. My experience and training includes general safety, safety processes, safety risk analysis and control, safety inspections, safety record keeping, safety training and accident investigation;

6. Safety quality control includes proper safety design, erection, maintenance, inspection, and repair. It also includes a prompt, complete, and documented investigation of any

Affidavit of Robert J. Carmichael, CSP

EXHIBIT 1

Page pg 2 of 7

accident in order to learn and ensure that such accidents don't happen in the future;

7. I have in my career inspected many buildings and facilities. My opinion, based upon my training and experience is that it is a responsibility of a building owner to provide a reasonably safe environment for its own employees, contractors, visitors and members of the general public who may access said premises;

8. Also in my career, I have reviewed many contracts which contain the requirement for the property owner to provide safe and usable access for performance of work by contractors;

9. I have seen contract documents between Unocal and Siemens Building Technologies, Inc. (see Exhibit 2). Under Article 6.3, Customer Responsibilities, it states:

> Customer will provide SBTI with reasonable means of access to the Equipment and shall make any necessary provisions to reach the Equipment and peripheral devices. Customer [Unocal] will be solely responsible for any removal, replacement or refinishing of the building structure or finishes that may be required to gain access to such Equipment.

It is my opinion, based upon my training and experience, that Unocal had a responsibility to provide Seimens' workers with a safe means of accessing the equipment for which they were contracted to service. The work platform involved in this accident was part of the building structure, and appears

Affidavit of Robert J. Carmichael, CSP

EXHIBIT 1
Page pg. 3 of 7

not to have met the qualifications of a safe access. It also appears, under Article 6.3 to be the responsibility of Unocal;

10. I have seen no evidence of proper design, erection, maintenance, inspection or repair of the work platform;

11. The purpose of a proper safety inspection is to identify hazards, and the risks of those hazards. Once those have been identified, appropriate controls can be developed and implemented. One form of this process is referred to as a quantitative risk assessment;

12. It appears from the deposition testimony of Unocal employee, Ken Burns, that he conducted at least two safety inspections of the Unocal building where the accident occurred, one in 1998 and one in 1999. It appears those safety inspection records have not been found or provided to the plaintiffs. Although I have not been provided with copies of these inspections, it appears that the hazards and risks inherent in this work platform were either not identified or not adequately controlled;

13. It appears that Mr. Burns has claimed that he did not inspect the floor in the building where the incident occurred. It also appears that he claims that Unocal workers did not regularly access that floor, and therefore, his assessment was that there was no, or limited, risk. It is my

Affidavit of Robert J. Carmichael, CSP

EXHIBIT 1
Page pg. 4 of 7

experience that it is impossible to make an appropriate, usable assessment of hazard and risk, without inspecting the area;

14. Unocal cannot fail to undertake safety inspections simply because the risk of encountering hazard will fall primarily on contract employees performing services in Unocal's building;

15. It is my experience that records of safety inspections, and the corrections made as a result of those inspections, must be kept in order to ensure that hazardous and risky conditions are not repeated unnecessarily. Such records are useful to review when conducting subsequent inspections to determine what hazards were previously identified, whether they were remedied, and whether control measures which were implemented are still in place and effective;

16. There appears to be little or no evidence of any investigation of the collapse of the platform to determine the mode of failure and that the platform may have been simply reinstalled without determining the cause of failure. In my experience, this is unacceptable from a safety standpoint. There appears to be no records that Unocal conducted any such inspection;

17. It appears that the components were destroyed by Unocal without any investigation or analysis to determine the cause of the failure.

EXHIBIT 1
pg. 5 of 7

Affidavit of Robert J. Carmichael, CSP                             Page

18. It appears from evidence which I have reviewed that this platform had been in place in the Unocal building for at least 12 years prior to the accident;

19. It seems difficult for me to accept that an area of the building such as this HVAC room, would have not been subject to safety inspections for that long a period. Therefore, I would have expected someone in the Unocal organization to have known about this platform, and that it would then have been subject to an appropriate safety inspection;

20. Lack of records, lack of investigation, and lack of inspection, points to, in my opinion, a systemic failure to manage hazards and risks in a prudent and organized way;

21. In summary, in my expert opinion, I would consider the methods used, or in this case, not used, by Unocal to demonstrate a reckless disregard for standard, generally accepted, safety practices meant to prevent injury to their own employees, as well as to contract employees asked to perform work on the Unocal premises. I have seen no evidence of the application of engineering, or safety standards in the construction, inspection, maintenance, or control of the work platform involved in this incident.

FURTHER AFFIANT SAYETH NAUGHT.

Affidavit of Robert J. Carmichael, CSP

EXHIBIT ___1___

Page

DATED this 3rd day of August, 2007.

_____
ROBERT J. CARMICHAEL, CSP

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned, a Notary Public in and for the State of Alaska, duly commissioned as such, this 3rd day of August, 2007.

_____
Notary Public in and for the
State of Alaska
My Commission Expires: 7-25-09

EXHIBIT 1
pg. 7 of 7

Affidavit of Robert J. Carmichael, CSP                                    Page