John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LAWRENCE H. GROVE, CYNTHIA
GROVE, SARAH GROVE, and MICHAEL
GROVE (DOB 1/21/88) by and through his
father LAWRENCE H. GROVE,

Plaintiffs,

vs.

UNOCAL CORPORATION,

Defendant.

Case No. 3:04-cv-0096-TMB

## UNOCAL CORPORATION'S MEMORANDUM IN RESPONSE TO ORDERS TO SHOW CAUSE

Defendant Unocal Corporation ("Unocal") submits the following memorandum in response to the court's orders to show cause set forth in its Decision And Order Re: Plaintiff's (Renewed) Rule 37 Motion For Order Compelling Disclosure/Discovery [Docket 163], dated February 12, 2008.

**A.    Introduction.**

The Magistrate Judge has ordered Unocal to show cause why it should not be sanctioned under Civil Rules 26, 33 and 37 and the court's inherent power to

1   impose sanctions for discovery abuses for failure to timely verify the answers to the

2   plaintiff's 1st, 3rd, 4th, and 5th interrogatories and disclose the Crapps affidavit

3   prior to the Crapps deposition. The signed verifications have all been provided to

4   plaintiff (see Exhibit A).  No prejudice has even been asserted by plaintiff, let alone

5   proven. There is no trial date even set thus, plaintiff has not been impeded from

6   using the answers. Finally, Plaintiff's substantive briefing on the specific point

7   consists of a few  pages.

8           The questions posed are: 1) What sanctions may be imposed against

9   Unocal, if any, as a result of the aforementioned alleged discovery violations; and

10  2) do the permissible sanctions include informing the jury of Unocal's discovery

11  violations?

12          The only sanction that could be applicable to Unocal's failure to verify its

13  interrogatory answers as required by Civil Rule 33(b) is an award of "reasonable

14  expenses" incurred by plaintiff in connection with his successful motion to compel

15  verified answers to his interrogatories in accordance with Civil Rule 37(a)(4)(A).

16          No sanction can be imposed for Unocal's failure to disclose the Crapps

17  affidavit because Unocal was not obligated under Civil Rule 26(a)(1) to "provide" or

18  "truly disclose" the affidavit to plaintiff prior to the Crapps deposition. Even if such a

19  duty existed, Unocal cannot be sanctioned for failure to furnish plaintiff with a

20  document already in plaintiff's possession. Any sanctions should be levied against

21  plaintiff for their knowing and deliberate withholding of Crapps affidavit and their

22  'ambush ' of him at his deposition.

**B.    Failure to Verify Interrogatory Answers.**

Civil Rule 33(b)(1) requires that "[e]ach interrogatory shall be answered separately and the fully under oath unless it is objected to...." Civil Rule 33(b)(2) further requires that ["[t]he answers are to be signed by the person making them." Civil Rule 33(b) authorizes the party submitting an interrogatory to move for an order under Rule 37(a) with respect to any objection to "or other failure to answer an interrogatory." Civil Rule 33 does not otherwise address the remedies applicable to a party's failure to comply with the requirements of Civil Rules 33(b)(1) and (2).

Civil Rule 37(a)(4)(A) requires the court to award a party who successfully moves for an order compelling discovery the reasonable expenses <u>incurred</u> in making the motion unless an award would be "unjust." Civil Rule 37 does not mention any other remedies available to a litigant who successfully moves for an order compelling verified answers to interrogatories.[1]

Federal courts have inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.</u>, 982 F.2d 363, 368 (9th Cir. 1992). Trial courts have "broad discretion to make discovery and evidentiary rulings

---

[1] The court may impose sanctions under Civil Rule 37(b) for violation of a discovery order and under Civil 37(d) "if a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Civil Rule 37(d) applies solely to the "total noncompliance" with an interrogatory. Advisory Committee Notes to the 1970 amendments; *See also* <u>Sigliano v. Mendoza</u>, 642 F.2d 309, 310 (9th Cir. 1981). Neither Civil Rule 37(b) nor Civil Rule 37(d) are pertinent to Unocal's failure to timely verify its interrogatory answers.

conducive to the conduct of a fair and orderly trial. Id. Under its inherent powers the court may sanction for bad faith, willfulness or fault by the offending party. Unigard Security Ins. Co., 982 F.2d at 368 ["This court has, since Roadway, confirmed the power of the district court to sanction under its inherent powers not only for bad faith, but also for willfulness or fault by the offending party"]. However, inherent powers must be exercised with "restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 45, 111 S.Ct. 2123, 2132 (1991).

Because the court ordered Unocal to provide verified answers to plaintiff's interrogatories and Unocal complied and Civil Rule 37(a)(4)(A) stipulates the appropriate sanction for failure to verify interrogatories (an award of expenses following a successful motion to compel), the court should not resort to its "inherent powers" to further sanction Unocal. Chambers, 111 S.Ct. 2136 ["[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power."] Only, "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." Id. Here Civil Rule 37(a) was plainly "up to the task."

Furthermore, the court's inherent powers are intended to promote the "conduct of a fair and orderly trial." Unigard Security Ins. Co., 982 F.2d at 368. Because plaintiff has not been prejudiced by Unocal's tardy verification of its interrogatory answers, there is no need for the court to resort to its inherent powers in order to insure "a fair and orderly trial."

Unocal's research has failed to disclose any decision in which a party was sanctioned for the <u>tardy</u> verification of interrogatory answers (to be distinguished from a party's failure to comply with a court order to supply verification). To the contrary, in <u>Martinez v. Neiman Marcus Group</u>, 2005 WL 2179137 *5 (N.D. Tex.) the court declined to sanction a party for the tardy service of a verification page. "In light of the fact that a verification page has now been submitted and the Court's concerns with the efforts made at conferring before filing this Motion, the Court will not sanction Plaintiff for this technical violation of Fed.R.Civ.P. 33." <u>Id</u>.

In <u>Saria v. Massachusetts Mutual Life Ins. Co</u>., 228 F.R.D 536, (S.D. W.Va. 2005), the defendant moved to compel verified answers to interrogatories. The court condemned the plaintiff's failure to verify her interrogatory answers, but denied the defendant's request for attorney's fees and costs and the court did not otherwise sanction the plaintiff.

In <u>Williams v. Board of County Commissioners</u>, 192 F.R.D. 698, 704 (D. Kansas 2000), the court in ruling upon a motion to compel in which one of the issues was plaintiff's failure to provide verifications to interrogatory answers ordered plaintiff to provide verifications, but refused to impose sanctions.

**C.    Failure to Disclose the Crapps Affidavit.**

A timeline is useful (see Exhibit B, pp. 4-7).

- 8-8-05 Unocal sent a FOIA request to OSHA and they produced nothing (see Exhibit C).

- 12-22-04 Plaintiffs FOIA to OSHA. Plaintiff withholds what they obtain from Unocal

- Unocal responds to interrogatories relying on memory of its employees of an event more than two years past.

- 1-19-06 Plaintiff receives Crapps affidavit from OSHA but doesn't produce it to Unocal. Also gets Unocal's request and OSHA's letter saying they have nothing so <u>knows</u> Unocal doesn't have it.

- 3-3-06 Crapps deposition where he is asked to remember events from four years before and then is surprised with his affidavit. Plaintiff admits they have not produced the affidavit but say "...it is coming." (see Ex. B, pp. 6-7 excerpt from p. 68 of Crapps depo.)

Civil Rule 37(c)(1) lists the sanctions which may be imposed by the court if a party fails "without substantial justification" to disclose information required by Civil Rules 26(a) and (e).[2] Among the sanctions mentioned is "informing the jury of the failure to make the disclosure."[3]

In ordering Unocal to "show cause," the court apparently assumes that Unocal had a duty under Civil Rule 26(a)(1) to "provide" or "truly disclose" the Crapps affidavit. However, Civil Rule 26(a)(1)(B) only requires "a copy of, or a description by category and location of, all documents . . . <u>that the disclosing party</u> <u>may **use** to support its claims or defenses</u>, unless solely for impeachment.[4] Civil

_____

[2] Because the sanctions available for a failure to comply with the disclosure requirements of Civil Rule 26(a) are stipulated by rule, and, as will be shown, no sanction is authorized by Civil Rule 37(c) under the facts of this case, there is no basis for the court to resort to its "inherent powers." <u>Chambers</u>, 111 S.Ct. at 2136.

[3] Notably, however, Unocal's research failed to uncover any case in which the court informed the jury of a failure to disclose as a sanction for failure to comply with Civil Rule 26(a)(1)(B).

[4] Civil Rule 26(a) does not require the disclosure of "witness statements" and documents "that are relevant to disputed facts alleged with particularity in the pleadings." The rule was amended in 2000 to require only "a copy of, or a description by category and location of, all documents . . . that the disclosing party may use to support its claims or defenses, unless solely for impeachment." 2000 Advisory Committee Notes.

Rule 26(a)(1) did not require Unocal to "provide" or "truly disclose" the Crapps affidavit to plaintiff. A description by category ("OSHA records") would have been sufficient and an itemized listing was not required. 1993 Advisory Committee Notes ["[A]n itemized listing of each exhibit is not required, the disclosure should describe and categorize, to the extent identified during the initial investigation...."]. Furthermore, Unocal would only have had to disclose the affidavit if it then intended to use it to support its defenses.

Even if Unocal had a duty under Civil Rule 26(a)(1)(B) to furnish plaintiff with a copy of the Crapps affidavit and failed to do so, sanctions under Civil Rule 37(c)(1) are not available if the failure to disclose was "harmless." Manning v. Washington, 2006 WL 3342211 *2 (W.D. Wash.) ["The party may avoid the consequences of nondisclosure if it demonstrates that the failure to disclose was substantially justified or harmless"]. The failure to disclose a document already in the possession of the opposing party is "harmless." Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 846 (9th Cir. 2004) ["Fonseca's late disclosure was substantially justified because it was made shortly after he learned of the discrimination against Mendoza, as well as harmless, because Sysco had a copy of the Mendoza declaration months before Fonseca's disclosure. It was error to exclude the Mendoza declaration"].

Further support for the proposition that a party need not disclose documents already in the possession of an opposing party is found in Civil Rule 26(e) which requires the supplementation of disclosures only "if the party learns that in some

1   material respect the information [previously] disclosed is incomplete or incorrect

2   and if the additional or corrective information has not otherwise been made known

3   to the other parties during the discovery process or in writing."

4        Notably, under Civil Rule 26(a)(1)(B) plaintiff was required to disclose the

5   Crapps affidavit to Unocal before the Crapps deposition "unless solely for

6   impeachment." The Rule requires the disclosure of documents "that the disclosing

7   party may use to support its claims or defenses." The 2000 Advisory Commentary

8   Notes provide: "The disclosure obligation is also triggered by intended use in

9   discovery, apart from use to respond to a discovery request; use of a document to

10  question a witness during a deposition is a common example."

11

12       D.    **Conclusion.**

13       The remedy established by rule for failure to verify an interrogatory answer is

14  a motion to compel which, if granted, may entitle the movant to an award of

15  reasonable expenses incurred in making the motion. Given the adequacy of the

16  aforementioned remedy, the court should not rely upon its inherent powers to

17  impose a further sanction. Furthermore, a review of the case law demonstrates that

18  courts are not inclined to impose sanctions for tardy interrogatory verifications.

19  Plaintiffs have not been prejudiced, therefore no sanctions are appropriate.

20

21       Unocal was not required to make any disclosure regarding the Crapps

22  affidavit unless it knew of and intended to use the affidavit to support its defenses.

23  Even if Unocal intended to use affidavit to support its defenses, Unocal was not

24  required to "provide" or "truly disclose" the Crapps affidavit before or after the

25

26

Crapps deposition. All that was required was a description "by category and location."

Even if Unocal had an affirmative duty to furnish the affidavit to plaintiff, plaintiff was already in possession of the affidavit before the Crapps deposition and Unocal's failure to disclose the affidavit was "harmless." Plaintiff knowingly concealed the affidavit from Unocal and Paul Crapps. Therefore, sanctions cannot be imposed against Unocal for failure to disclose the Crapps affidavit as a matter of law.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

s/ Linda J. Johnson
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK  99501-3454
Phone:  (907) 272-9631
Fax:  (907) 272-9586
Direct email:  ljj@cplawak.com
Alaska Bar No. 8911070

Certificate of Service

I hereby certify that on March 27, 2008, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.  (A courtesy copy was also hand-delivered.)

s/ Linda J. Johnson