John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | Case No. 3:04-cv-0096-TMB |

**OPPOSITION TO RULE 37 MOTION FOR ORDER COMPELLING DISCLOSURE/DISCOVERY**

Defendant Unocal Corporation, by and through counsel Clapp, Peterson, Van Flein, Tiemessen, and Thorsness LLC, opposes Plaintiffs motion to compel. Plaintiffs motion is a diversionary tactic. Unocal has revealed unsavory aspects of Larry Grove's business dealings and Plaintiffs therefore are attacking Unocal in an attempt to deflect attention from that matter.

OPPOSITION TO MOTION FOR RULE 37 MOTION FOR ORDER COMPELLIGN DISCLOSURE/DISCOVERY
Grove v. Unocal, Case No. 3:04-cv-0096-TMB                                                    Page 1 of 23

EXHIBIT B
PAGE 1 OF 9

1.  **VERIFICATION OF DISCOVERY ANSWERS.**

Plaintiffs claim that they do not have verification for the First, Third, Third (sic), Fifth, Supplemental to the Fifth, Second Supplemental to the Fifth, Ninth and Tenth Discovery Requests. It is interesting that Plaintiffs have continued to demand the verifications even though Plaintiffs have not provided all of their verifications. The allegations are addressed below.

**First, Second and Third Set Verifications.**

Plaintiffs complain about the verifications to the First, Second, and Third discovery responses. It does not appear from the files that a verification of the responses was completed. They will be completed.

**"Fourth" Set Verification.**

Plaintiffs complain about the verification of the Fourth set of discovery, inadvertently labeled "third" by Plaintiffs. This complaint is without merit. The verification has been provided to Plaintiffs in the past and another copy is attached hereto as Ex. A.

**Fifth Set and Supplemental Set Verifications and Seventh Set.**

The Fifth set of discovery has a long history.

The first response to the Fifth Response was a legal objection and no factual verification was required.

The next two supplemental responses to the Fifth Set should be withdrawn based upon the Plaintiffs own discovery failure, as set forth below. No verification should be required for those withdrawn responses. Plaintiffs' complaints stem from

OPPOSITION TO MOTION FOR RULE 37 MOTION FOR ORDER COMPELLIGN DISCLOSURE/DISCOVERY
*Grove v. Unocal*, Case No. 3:04-cv-0096-TMB                                                                 Page 2 of 23

EXHIBIT B
PAGE 2 OF 9

their own duplicitous behavior in failing and refusing to disclose the three OSHA files to Unocal.

Plaintiffs submitted a Freedom of Information Act (FOIA) request to OSHA and received on December 22, 2004 a copy of an OSHA file directly related to Grove's injury. Letter from OSHA dated December 22, 2004, attached hereto as Ex. B, LG 782. The OSHA file discusses OSHA's investigation efforts at Unocal of the platform and the file references statements allegedly made to OSHA investigators by Unocal witnesses. This file was never produced to Unocal nor was its existence disclosed.

On January 7, 2005, Plaintiff received a copy of photographs from OSHA. Letter from OSHA dated January 7, 2005, Ex. B, LG 848.

July 8, 2005, Unocal submitted its own FOIA request to OSHA requesting the entire OSHA file, with witness statements and photographs. Ex. C, attached hereto. OSHA responded on August 8, 2005 to Unocal's FOIA request by stating that only a copy of the complaint existed in the file and they did not have any photos or witness statements. Ex. D, attached hereto.

Unocal responded to the Fifth Set of Discovery, but the answer only consisted of a legal objection by Unocal: no substantive response was made. Therefore, no verification was necessary.

Thereafter, the supplemental responses to the Fifth Set were made without the benefit of the information contained in the OSHA files since Plaintiffs wrongfully kept it from Unocal. Unocal therefore relied upon the memory of its employees,

OPPOSITION TO MOTION FOR RULE 37 MOTION FOR ORDER COMPELLIGN DISCLOSURE/DISCOVERY
Grove v. Unocal, Case No. 3:04-cv-0096-TMB                                Page 3 of 23

EXHIBIT B
PAGE 3 OF 9

who did not have the opportunity to review the OSHA filed to refresh their recollection. Unocal's answers to the discovery request may have been materially different if Unocal had the benefit of reviewing the OSHA documents that Plaintiffs had in their possession.

On December 21, 2005, Plaintiff filed a motion to compel an answer to its Fifth Set of Discovery, Interrogatory #1, without disclosing that they already had the answer to this Interrogatory in the form of OSHA documents. Plaintiffs claimed that Unocal knew the answer but had failed to timely provide it. Actually, Plaintiffs knew the answer and failed to provide the OSHA documents upon which they relied.

On January 19, 2006, Plaintiffs received a copy of a third OSHA file. Ex. E, LG 683, attached hereto. The new file contained a copy of Paul Crapps' March 8, 2003 affidavit and the OSHA investigator's notes regarding its alleged conversations with Unocal employees. This file was even more material than the first.

Contained within the new file were copies of the Unocal request to OSHA and the response back to Unocal indicating that OSHA had no documents or photographs. See Ex. F, LG 726-727, attached hereto. Therefore, Plaintiffs <u>knew</u> that Unocal did not have the OSHA documents and Plaintiffs <u>knew</u> Unocal did not have the knowledge about the platform Plaintiffs requested.

Plaintiffs' Seventh Set of Discovery was propounded on December 15, 2005, and answered on January 26, 2006. Ex. G, attached hereto. Interrogatory #1 was answered by Unocal, again without the benefit of the OSHA files. The answer may

OPPOSITION TO MOTION FOR RULE 37 MOTION FOR ORDER COMPELLIGN DISCLOSURE/DISCOVERY
Grove v. Unocal, Case No. 3:04-cv-0096-TMB                                Page 4 of 23

EXHIBIT B
PAGE 4 OF 9

have been materially different if Unocal had the benefit of reviewing the OSHA files that were already in Plaintiffs possession.

Paul Crapps' deposition was noticed for February 15, 2006. Due to notice deficiencies, Mr. Crapps' deposition was postponed and rescheduled. On March 3, 2006, Mr. Crapps testified under oath at a videotaped deposition consistent with the earlier answers provided by Unocal, which were based upon Mr. Crapps' recollection of events that had occurred more than three years prior to the deposition. See generally Crapps deposition, Ex. H, attached hereto.

Prior to disclosing the existence of the affidavit or the OSHA documents during the deposition, Plaintiffs questioned Mr. Crapps about his memory of events. Mr. Crapps answered based on his best memory that he dismantled the platform at issue about "a couple of days" after Grove reported that he had fallen. *Id.* at 29. Mr. Crapps testified that his supervisor, Charles Arnett, had instructed him to dismantle the platform. *Id.*

He confirmed under oath that he had provided the answer for the last supplement to Plaintiff's Fifth Discovery Request and to the Seventh Discovery request. *Id.* at 58-59, 61. Plaintiff's counsel asked Mr. Crapps if he had taken the platform down after OSHA came in, and Mr. Crapps answered no. *Id.* at 36. No affidavit or OSHA photographs were offered to refresh Mr. Crapps memory. Plaintiffs asked if the platform was present when OSHA inspected Unocal. *Id.* at 38. Mr. Crapps responded no without the benefit of seeing the OSHA investigator's statements in the OSHA files. Again, Plaintiff asked a question that

OPPOSITION TO MOTION FOR RULE 37 MOTION FOR ORDER COMPELLIGN DISCLOSURE/DISCOVERY
Grove v. Unocal, Case No. 3:04-cv-0096-TMB                                           Page 5 of 23

EXHIBIT B
PAGE 5 OF 9

could only have come from the OSHA documents: Did Roxanne Sinz direct you to do anything in the filter room? *Id.* at 39. Mr. Crapps responded no. *Id.*

At each of these points, Plaintiffs knew that the OSHA files containing the investigator statements, the photographs, and the Crapps affidavit were different from Mr. Crapps' recollection. However, instead of providing Mr. Crapps a copy of the OSHA files and photographs, Plaintiffs' waited for that "ah-ha, gotcha" moment.[1] Plaintiffs **knowingly withheld** the documents and photographs that would have allowed Mr. Crapps the ability to recall the incidents contained within.

It was only after Plaintiffs forced Mr. Crapps to testify as to his best memory regarding an event that occurred more than three years earlier, that Plaintiffs revealed for the first time that they had an affidavit wherein Paul Crapps stated that he had dismantled the platform as an abatement action in response to the OSHA investigation. *Id.* at 68 and 69.

On the record, when asked if the affidavit had been disclosed to Unocal, Plaintiffs' attorney admitted he had not yet done so.

> Q. Mr. Crapps, I want to show you what's been marked as Exhibit No. 9. And, first, do you recognize that document?
> A. I must have. I signed it, but not off the top of my head, but yeah.
> Q. So that is your signature on the document?
> A. Yes.
> MR. THORSNESS: What's the Bates number at the bottom here?
> MR. COHN: It's LG00739. That's Larry Grove. That will be supplemental --
> MR. THORSNESS: **Has been this been produced yet**?
> MR. COHN: **It is going to be produced**, but this is a document that I would assume that Unocal would have possession of.

---

[1] Reciprocal discovery was created to do away with "ambush" litigation.

EXHIBIT B
PAGE 6 OF 9

      MR. THORSNESS: Right, **but you have not produced it yet**?
      MR. COHN: **No, but it is coming.**

Deposition of Paul Crapps, at 68, emphasis added. Plaintiffs were fully aware that the affidavit and OSHA documents had not been produced to Unocal. They intentionally used the affidavit to "sandbag" Paul Crapps. Paul Crapps deposition was taken March 3, 2006. Plaintiffs had possession of the affidavit for months and the full OSHA file for years.

      After the deposition, Unocal sent a letter to Plaintiffs demanding:

> a copy of any document that you intend to use with [deponents scheduled for the next week] that you have not already produced. Indeed, we demand that you produce any document relevant to this case that you have not yet produced or are intentionally withholding.

Letter dated March 3, 2006, attached as Ex. I, attached hereto. In response to the letter, Plaintiffs produced the OSHA files, which included the affidavit used at the deposition.

      Plaintiffs amended their witness list on March 8, 2006 and added descriptions of witnesses they expect to call, finally disclosing that Plaintiffs intend to rely upon the OSHA investigation documents. Plaintiffs' witness list, filed with the court as Document #41 stated Plaintiffs' rationale for amending their witness list:

> **In light of the state of discovery at the present time**, including the responses to discovery requests of plaintiffs, and information revealed in State of Alaska OSHA records, plaintiffs herein, by and through counsel, Phillip Paul Weidner & Associates, APC, hereby supplement their preliminary witness [sic] with the following individuals, including any and all individuals listed in the State of Alaska OSHA investigative reports, including State of Alaska OSHA investigators, and any and all individuals from defendant Unocal and Siemens Building

OPPOSITION TO MOTION FOR RULE 37 MOTION FOR ORDER COMPELLIGN DISCLOSURE/DISCOVERY
*Grove v. Unocal,* Case No. 3:04-cv-0096-TMB       Page 7 of 23

EXHIBIT B
PAGE 7 OF 9

Technologies, Inc., who are listed in the OSHA records as having participated in the investigation and/or were interviewed as well as other individuals revealed during discovery . . .

*Id.* The "state of discovery" was that Plaintiffs' deception about the OSHA files had been revealed.

Because Unocal did not have the OSHA photographs or the OSHA investigator statements, it answered the discovery based on the information it did have at the time. The OSHA files were critical to Unocal's ability to completely respond to Plaintiffs' motion to compel and otherwise properly defend against this litigation.

Based upon Plaintiffs' duplicitous discovery actions, Unocal should be allowed to withdraw all it's responses to the Fifth and Seventh Set of discovery regarding the platform and replace the answers with updated responses. The updated responses will be verified.

**Ninth Set Verification**

Finally, only one Interrogatory was answered in the Ninth response because Plaintiffs had already asked 25 interrogatories. 25 interrogatories is the limit imposed in Fed. R. Civ. P. 33. The remaining interrogatories posed beyond the limit were not answered. From a review of the file, it does not appear that the one interrogatory was verified, which was an oversight. This will be produced.

**Tenth Set Verification**

OPPOSITION TO MOTION FOR RULE 37 MOTION FOR ORDER COMPELLIGN DISCLOSURE/DISCOVERY
Grove v. Unocal, Case No. 3:04-cv-0096-TMB                                              Page 8 of 23

EXHIBIT  B
PAGE  8  OF  9

No Interrogatory was answered in the Tenth Request because Plaintiffs had asked more than 25 interrogatories. No verification for the interrogatories was necessary. The Court should deny the motion for sanctions against Unocal.

**Plaintiffs Have Failed To Provide Verifications For Discovery Answers.**

It appears that Plaintiffs have failed to provide verifications for discovery answers. They did not provide a verification for

1) Response To Second Discovery Requests to Plaintiff Sarah Grove, dated February 6, 2006;

2) Response to Second Discovery Requests to Plaintiff Michael Grove, dated May 11, 2006.

Plaintiffs should provide the proper verifications for their own discovery responses.

2.   **RELATIONSHIP BETWEEN UNOCAL AND SIEMENS.**

Plaintiffs are aware that Unocal tendered defense of this case to Siemens. The tender letter was produced to Plaintiffs long ago. See Letter at Ex. J, attached hereto. No formal letter was issued by Siemens to accept the tender of defense. Plaintiffs refuse to believe that no agreement outside the initial work contract exists, and therefore they are frustrated by Unocal's response.

The Siemens-Unocal[2] work contract contained a "knock for knock" indemnity agreement that is commonplace in the oil business. The contract was produced to

---

[2] The contract is between Landis Gyr and Unocal. Siemens acquired Landis Gyr and with it acquired its work contracts.

EXHIBIT  B
PAGE  9  OF  9