John B. Thorsness, Esq.
Linda J. Johnson, Esq.
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Defendant Unocal Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNOCAL CORPORATION,<br><br>Defendant. | Case No. 3:04-cv-0096-TMB |

### DEFENDANT'S OBJECTIONS TO RECOMMENDED ORDER ON PLAINTIFF'S MOTION IN LIMINE
### [Docket 156]

Defendant Unocal Corporation, by and through counsel Clapp, Peterson, Van Flein, Tiemessen, and Thorsness LLC, pursuant to Fed. R. Civ. P. 72(a) hereby objects to the recommended order on Plaintiffs' Motion In Limine. Of the 31 issues decided, there were several that were decided incorrectly and the Trial Court should not adopt the recommendations. Those that should not be followed are: #13, #14, #20, #24, #25, and #26.

Def's. Rule 72 Objection to Order
*Grove v. Unocal,* Case 3:04-cv-0096-TMB
Page 1 of 9

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

## RECOMMENDATION #13

This recommendation excludes the OSHA inspector's written notes, which Plaintiffs claim constitute "admissions", <u>unless</u> Plaintiffs can prove that the person who made the admissions was an agent.  Plaintiffs claim that the person who made the statement was Charles Arnett, a Peake employee, not a Unocal employee.

The statements are hearsay that cannot be overcome with an exception.  The order fails to take into account the facts cited in Unocal's opposition: the OSHA investigator was directed by his superiors not to identify who was interviewed.  See Opp. To Plaintiff's Motion.  Further, the deposition testimony from the OSHA investigator revealed that he had no idea who he had talked to or who had made which statement.  It will be impossible for Plaintiffs to identify who said what and the hearsay exception does not allow for speculation.

Even if the person who made the statement was Charles Arnett, as Plaintiff claimed, Plaintiffs cannot prove that he was an "agent" when the statements were made.  Arnett was never a Unocal employee, and, even worse, at the time of the OSHA interview, Arnett no longer worked for Peake and no longer worked inside the Unocal building.  "A person or organization does not qualify as the authorized agent of a principal unless the principal controls or has the legal right to control the purported agent."  *State v. Greenpeace, Inc.,* -- P.3d ---, 2008 WL 2609506 (AlaskaApp. 2008) citing *Nicholas v. Moore,* 570 P.2d 174, 176-77 (Alaska 1977).  A former Peake employee, over whom Unocal has no control, especially one who

Def's. Rule 72 Objection to Order
*Grove v. Unocal,* Case 3:04-cv-0096-TMB
Page 2 of 8

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

is no longer employed by Peake, cannot be an agent of Unocal. See Opp. To Plaintiff's Motion. The OSHA statements should have been firmly excluded.

**RECOMMENDATION #14**

In March 9 2002, just months before his injury at Unocal, Grove injured his back and sought treatment from a chiropractor. See Opp. To Plaintiff's Motion. Grove was off work for his injury for several weeks on workers compensation. His restrictions included turning, twisting and bending and climbing ladders. *Id.* Even though allegedly injured, Grove flew to Ketchikan and was photographed and reported by the local paper jumping off a pier into cold ocean water while he was on workers compensation.

The same day that Grove jumped into the water, his chiropractor sent a letter to the workers compensation board stating that Grove was only 50% improved and his doctor stated that Grove was not sufficiently well enough to bend or twist and should remain off work. *Id.* If asked, Grove's treating doctor would have advised Grove not to make the jump, given his injury at the time. *Id.*

The jump into the water definitely had the potential to exacerbate the work injury for which Grove was off work. In addition, Grove took a personal trip to Ketchikan while allegedly too injured to work. The incident demonstrates several patterns of behavior with Grove: 1) Grove did not care for his own well being while injured, 2) Grove took advantage of paid time off work in order to pursue personal recreational activities, and 3) Grove demonstrated activity levels that inconsistent with his alleged injury.

Def's. Rule 72 Objection to Order
*Grove v. Unocal,* Case 3:04-cv-0096-TMB
Page 3 of 8

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Clapp, Peterson, Van Fleur,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

1  Defendants seek to cross examine Grove about the dock jump photo and

2  incident.   Grove has demonstrated after the injury in Unocal the same behavior:

3  hunting bear with his daughter in Kodiak October 31, 2002, just one month after his

4  injury, while allegedly too injured to work.  The evidence of his dock jump while Grove

5  was allegedly injured should be admissible under Evidence Rules 404 and 406.

6  **RECOMMENDATION #20**

7  Recommendation #20 excludes all use of MG's juvenile records because they

8  are "prejudicial."  Michael Grove is a plaintiff in this lawsuit, having brought his own

9  individual consortium claim for his losses due to his father's injury, alleging in the

10  complaint that he should be awarded in excess of $250,000.00 in damages.   In

11  order to evaluate his consortium claim, the jury will be told to consider evidence

12  relating to the nature of the relationship between the parent and child and to evaluate

13  his veracity.

14  MG's 2006 arrest and adjudication is relevant to his credibility and veracity.

15  Fed. R. Evid. 609 allows impeachment by evidence of a conviction of a crime and

16  the purpose of the admission is to allow a party to attack the credibility of the

17  witness.   If MG testifies, Unocal should be allowed to ask him about his

18  adjudication of delinquency.  Whether MG is telling the truth about the amount of

19  time he spends with his father, and the actions that his father can no longer

20  perform, is a critical issue in MG's consortium claim.

21  The records also directly reflect upon the substance of MS's consortium

22  claim.  The crime, its effect on the family and the effect on MG's relationship to his

Def's. Rule 72 Objection to Order
*Grove v. Unocal,* Case 3:04-cv-0096-TMB
Page 4 of 8

father, are all legitimate areas of exploration to defend against a consortium claim. If the alleged change in the relationship between Larry Grove and his son was due not to Larry Grove's injury, but instead due to bad behavior by MG, then Unocal is entitled to present that evidence to the jury.

The records should be admitted as evidence if MG testifies.

**RECOMMENDATION #24**

The recommendation at #24 excludes evidence that Grove took credit with Fish and Game for a moose that he testified under oath that he did not kill.  See Opp. To Plaintiff's Motion.  The magistrate's exclusion improperly relies on a determination of factual issues in deciding the hunting activities are not relevant.

The magistrate states that "there is no evidence" that Grove knew he was wrongfully taking credit for a moose he did not kill.  But Unocal brought forth deposition testimony, admissions and records in its brief that show that Grove did know.  The magistrate had to weigh the evidence in order to determine a question of credibility and that question should be left to the jury.

Further, the magistrate noted in her order that the record shows a inconsistency between Grove's Alaska Fish and Game records and Grove's statements in his sworn depositions, and therefore the magistrate agreed that the prior statements may be inquired about.  However, the magistrate held that Unocal is prohibited from inquiring into the incident itself, which leaves Unocal without the inability to explore the inconsistency in his sworn deposition.  All the evidence about the moose hunt, tags, and taking credit for a moose kill that he did not make, should be admissible.

Def's. Rule 72 Objection to Order
*Grove v. Unocal*, Case 3:04-cv-0096-TMB
Page 5 of 8

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

## RECOMMENDATION #25

The recommendation at #25 excludes evidence that Grove filed for a personal use fishing permit more than one time, listing his 32 year old son who has never visited Alaska as part of Grove's "household."[1]  See Opp. To Plaintiff's Motion.  The permit clearly states that fish may only be taken for household members **and that the household member must be present while fishing**.  *Id*.  Grove's inclusion of his adult Pennsylvania son garnered Grove the right to take 10 more fish than he would have otherwise had the opportunity to fish for.  The magistrate ruled that "there was no evidence" that Grove lied on the applications.  The court made a finding of fact by weighing credibility, a job that was better left to the jury.

The jury should decide whether Grove's actions amounted to lying.  The evidence of lying is strong. The common usage of the word "household" is someone who lives with you.  Further, Grove knew quite well that his son would not be present during the fishing because, as he admitted, his son has never lived with him in Alaska and had only visited him in Alaska 15 years ago.  Grove knew or should have known[2] that it was wrong to list his son and the jury should decide whether it is indicative of lying.

The personal use fishery records should be admissible as part of impeachment of Grove credibility and veracity.

---

[1] Clearly, the application did not say Grove could list "family members" – it says household members.
[2] Although the court ruled them inadmissible, Grove has prior convictions for false statements to Fish and Game.

Def's. Rule 72 Objection to Order
*Grove v. Unocal,* Case 3:04-cv-0096-TMB
Page 6 of 8

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

**RECOMMENDATION #26**

Grove went gambling multiple times in Reno and Las Vegas after his accident in 2002. The magistrate has excluded evidence of Grove's gambling unless he was gambling with school tuition money. This restriction is too broad.

The gambling records are relevant to disprove that the consortium claims of Cynthia and Sarah Grove. Mrs. Grove state in her deposition that her daughter was very concerned about money for college. See Opp. To Plaintiff's Motion. Further Cynthia Grove stated that she was worried about paying her bills. *Id.* The fears expressed about money are inconsistent with Larry Grove's gambling activities as seen in his casino records.

The magistrate stated that the amount of money gambled was relevant to her decision. But whether Grove gambles $1000 or $100,000 should not matter, since the family clamed that it needed money and did not have it because of the Unocal fall.

It should not matter if the money was specifically set aside for college tuition or not. If Grove was selfish enough to use money for his own entertainment, when his family is in need of the money for other family purposes, then the defense to the consortium claims is that Grove himself caused the problems, not Unocal. Unocal should not be prevented from defending itself against false fears expressed by Cynthia and Sarah Grove.

Def's. Rule 72 Objection to Order
*Grove v. Unocal,* Case 3:04-cv-0096-TMB
Page 7 of 8

## CONCLUSION

For all the reasons set for above, the Trial Court should not adopt the recommendations of the Magistrate in the order on Plaintiff's motion in limine.

DATED at Anchorage, Alaska, this 4th day of August 2008.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Attorneys for Defendant Unocal

s/ Linda J. Johnson
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK  99501-3454
Phone:  (907) 272-9631
Fax:  (907) 272-9586
Direct email:  ljj@cplawak.com
Alaska Bar No. 8911070

### Certificate of Service

I hereby certify that on August 4, 2008, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq.

s/ Linda J. Johnson

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Def's. Rule 72 Objection to Order
*Grove v. Unocal,* Case 3:04-cv-0096-TMB
Page 8 of 8