Michael Cohn
Weidner & Associates, APC
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE H. GROVE, CYNTHIA GROVE, SARAH GROVE, and, MICHAEL GROVE (DOB 1/21/88) by and through his father LAWRENCE H. GROVE,<br><br>      Plaintiffs,<br><br>   v.<br><br>UNOCAL CORPORATION<br><br>      Defendant | Case No. A04-0096 CV (TMB) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO RECOMMENDED ORDER ON PLAINTIFFS' MOTION IN LIMINE**

Defendant has objected to the Magistrate's Recommendations # 14, 14, 20, 24, 25 and 26 as to the recommended order on Plaintiffs' Motion in Limine.  The defendant's objections are without merit and should be rejected.

<u>RECOMMENDATION NO. 13</u>

Plaintiffs requested that the Court rule any admissions of defendant Unocal to the OSHA inspector are admissible.  The

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Magistrate <u>denied</u> plaintiffs' request, but added "Plaintiffs may again seek introduction at trial of any statements made to OSHA upon adequate demonstration that an agent of defendant actually made such statements." (Order Re: Plaintiffs' Motion in Limine [Docket No. 309] at p. 16.

Defendant seeks to preclude plaintiffs from any opportunity to demonstrate that any statement made to OSHA inspectors were made by an agent of Unocal. There were many statements made to the OSHA inspector by Unocal employees and agents. The OSHA inspector conducted conferences with Ken Burns, Unocal's Safety person, and the Unocal Building Manager. He interviewed several people. The sole basis for the objection is to claim, incorrectly, that "Plaintiffs claim that the person who made the <u>statement</u> was Charles Arnett, a Peake employee, not a Unocal employee." Defendant's Objections at p. 2 [Docket No. 311] (emphasis added). First there was more than one statement and possibly more than one person who made admissions. Second, defendant misrepresents to the Court that plaintiffs claim "the statement" was made by Charles Arnett. Third, defendants argue that plaintiffs cannot identify who said what. The Magistrate's Recommendation compels the plaintiffs to make an adequate demonstration that an agent of defendant made such statement. Therefore, the Magistrate has already recommended that

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

*Grove, et al. v. Unocal*, Case No. <u>A04-0096 CV</u>

2

plaintiffs make such a demonstration.  The defendants seek to preclude such an opportunity.

As to Charles Arnett, he can testify as to what he himself told the OSHA inspector and what he knew.  Furthermore, Unocal's arguments as to Charles Arnett depend on the facts.  The Magistrate made a reasonable Recommendation.  Defendant's objections should be denied.

RECOMMENDATION NO. 14

On March 9, 2002, six months (not "just months" as incorrectly alleged by defendant) before his injury at Unocal, Larry Grove participated in an event in which he and others would jump off a dock if a certain sum of money was raised for building a children's care facility.  At that time Larry Grove was off work due to a slip on ice where he fractured non-weight bearing bones in his back.  Unocal calls this an "alleged injury" even though there was objective evidence of injury.

Unocal states "[t]he jump into the water definitely had the potential to exacerbate the work injury for which Grove was off work," Unocal objections at P.3.  (Emphasis added)  As Unocal fully knows, it did not exacerbate his injury and Larry Grove recovered in the minimum expected time according to his treating chiropractor.

Unocal claims "[i]n addition, Grove took a personal trip to Ketchikan while allegedly too injured to work."  Unocal

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

objection at P.3.  That statement is bizarre.  Are injured people to remain shut-ins during recovery?

Unocal also contends that if asked, the treating doctor (the same one who testified that Mr. Grove recovered in minimal time), would have advised him not to make the jump.  The jump itself required no turning, bending, or twisting.

Unocal claims the "incident" demonstrates Grove did not care for his own well-being, that Mr. Grove took advantage of paid time off work to pursue personal recreational pursuits (as opposed to sitting in his house) and the straight jump off the dock "demonstrated activity levels that are inconsistent with his alleged injury."  Unocal objection at P.3.

The Magistrate recommended exclusion of this "incident."  The court found the incident of little probative value and the probative value "is substantially outweighed by confusion of issues and efficiency of court time."  Recommended Order at P.17.  The Magistrate's analysis is correct.

Unocal simply rehashes the same old arguments that were considered and rejected by the Magistrate.

Unocal's objection is without merit.

### RECOMMENDATION NO. 20

Unocal wants to utilize Larry Grove's son, Michael Grove's juvenile records and specifically a crime in 2006 which was almost 4 years since Larry Grove's injury.  The Magistrate ruled

*Grove, et al. v. Unocal, Case No. A04-0096 CV*

4

any relevance of the juvenile records are outweighed by prejudice. Unocal refers to Federal Rule of Evidence 609. However, Unocal ignores Federal Rule of Evidence 609(d) which states:

> (d) Juvenile adjudications. Evidence of juvenile adjudications is generally not admissible under this rule.

The incident in question occurring almost four years after Larry Grove's accident and injuries is so far removed in time that any alleged relevance is substantially outweighed by prejudice.

Unocal's objection should be denied.

## RECOMMENDATION N0. 24

Larry Grove's friend John Yenason shot a moose. Larry Grove turned in the wrong tag and thus unbeknownst to Mr. Grove, he was credited under the Alaska Fish and Game records with the moose kill. The records have since been corrected, but at the time of his deposition, Mr. Grove truthfully answered that he had not shot a moose at that time. Since both Mr. Yenason and Mr. Grove had moose hunting tags, there was no reason to conceal the truth. It was a mistake.

Unocal wants to claim Larry Grove deliberately lied. The Magistrate ruled there is no clear evidentiary basis to suggest Mr. Grove deliberately lied. Therefore, the incident is not

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

*Grove, et al. v. Unocal, Case No. A04-0096 CV*

5

clearly probative of credibility, and any probative value is substantially outweighed by prejudice.  Unocal misrepresents to this court that it brought forth deposition testimony, admissions and records to show Mr. Grove did know without any citation to the alleged proof.

The Magistrate did say that Unocal could inquire into an inconsistency between Alaska Fish and Game records (now corrected) and Mr. Grove's deposition depending on how the questions are framed and that the specific incident and claim of deliberate lying could not be raised.  Thus the defendant must submit the proposed questions outside the presence of the jury to the Court before presenting the question to Mr. Grove on cross-examination.

Mr. Grove and Mr. Yenason can testify about the circumstances, but it is a waste of the Court's time and diversion from the real issues before the Court.

### RECOMMENDATION NO. 25

Unocal opposes the Magistrate's Recommendation No. 25 wherein in 2005, when applying for a personal use fishing permit, his adult son, Brian, was listed as part of the household.  Mr. Grove explained what happened and the Magistrate stated there is no adequate basis of deliberate lying, that the record does not indicate Mr. Grove gave inconsistent information

*Grove, et al. v. Unocal, Case No. A04-0096 CV*

6

in depositions or sworn answers, and thus the personal use fishing records were excluded.

Unocal claims <u>falsely</u> that "the permit clearly states that fish may only be taken for household members and that the household member must be present while fishing." Exhibit L, p. 3 of 3 to Unocal's Opposition to Plaintiffs' Motion in Limine is the fishing permit and is attached hereto. It does <u>not</u> state "the household member must be present." Thus, the permit holder can fish for the family/household <u>without</u> requiring the permit holder to bring children or other household members. Furthermore, the permit states how many additional fish for household members; but does not define household members, and does not state clearly fish may be taken for only household members.

Unocal throws around the word "lying" rather loosely and the tone of the pleading, the misrepresentations in the pleadings are discourteous.

The Magistrate correctly recommended that the information is not relevant to Mr. Grove's credibility and any possible relevance is outweighed by prejudice.

<u>RECOMMENDATION NO. 26</u>

Unocal seeks to persuade the trial Court not to adopt the Magistrate's Recommendation No. 26 lacking any sense of propriety, personally maligning Larry Grove by stating "[i]f

*Grove, et al. v. Unocal, Case No. <u>A04-0096 CV</u>*

7

Grove was selfish enough to use money for his own entertainment, when his family is in need of the money for other family purposes, then the defense to the consortium claims is that Grove himself caused the problems, not Unocal." Unocal Objections, p. 7.

The Magistrate stated:

> … the relevancy of Mr. Grove's gambling is questionable, as such conduct does not depend on Mr. Grove's physical abilities. … Defendant argues that Mr. Grove's recent gambling activities are inconsistent with Cynthia's and Sarah's stated financial concerns. This Court has not been presented with information to determine how much, if anything, Mr. Grove lost with his gambling and therefore cannot determine whether it really would be relevant to these consortium claims. The relevancy for this evidence appears speculative and marginal at best and would likely be substantially outweighed by the danger of undue prejudice. However, this Court cannot make a definitive determination without knowing more information about the content and context of the evidence Defendant seeks to introduce. If the evidence indicates that Mr. Grove gambled with college education savings or other savings, such evidence may be admissible to show that the accident was not the cause of the family's financial worries. However, short of these large sums of money being gambled and lost, this Court finds that the relevance of these gambling activities would be outweighed by the danger of undue prejudice towards Plaintiffs.
> … Evidence about Mr. Grove's gambling is inadmissible at this time.

Unocal has not produced more information. Instead, Unocal states "But whether Grove gambles $100 or $100,000 should not matter … it should not matter if the money was specifically set aside for college tuition or not." Objection at p. 7.

*Grove, et al. v. Unocal, Case No. A04-0096 CV*

8

Unocal fails to respond to the Magistrate's comments and shows that its true purpose is to malign Larry Grove. The Magistrate's Recommendation should be adopted.

## CONCLUSION

The intemperate pejorative language used by Unocal's counsel as to Larry Grove, coupled with the incorrect or exaggerated "factual" statements by Unocal, and the absence of any new evidence as arguments in objections to the Magistrate's Recommendations are all reasons to adopt the Magistrate's Recommendations Nos. 13, 14, 20, 24, 25 and 26.

RESPECTFULLY SUBMITTED this 13th day of August, 2008.

/s/ Michael Cohn
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail:  nbackes@weidnerjustice.com
ABA No. 8506049

CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2008 a copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO RECOMMENDED ORDER ON PLAINTIFFS' MOTION IN LIMINE** was served electronically on John B. Thorsness at Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC

s/ Michael Cohn

*Grove, et al. v. Unocal, Case No. A04-0096 CV*

9